JUDGE COPY US Dist Court-UT
AUG 15 '25 AM09:49

MAX WARREN BARBER, Pro Se
1028 S. 1900 E.
Salt Lake City, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801) 518-1821
*Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Trustee of the MSB TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; JARED L. ANDERSON, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; and DOES 1-10,<br><br>Defendants. | **VERIFIED COMPLAINT**<br><br>Case: 2:25-cv-00681<br>Assigned To : Nielson, Howard C., Jr<br>Assign. Date : 8/15/2025<br>Description: Barber v. Knudson et al. |

**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES (Jurisdiction: 28 U.S.C. § 1331; 15 U.S.C. §§ 1601 et seq., 1692 et seq.; 15 U.S.C. § 1)**

Plaintiff Max Warren Barber, appearing pro se individually and as Trustee of the MSB Trust ("Plaintiff"), brings this action against Defendants Jamis Melwood Johnson, David

Knudson, Jared L. Anderson, Gravity Capital, LLC, Gravity Funding, LLC (collectively, the "Gravity Defendants"), and Does 1-10 ("Defendants"), and alleges as follows.

As a pro se litigant, Plaintiff's pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## **INTRODUCTION**

1. This action arises from Defendants' willful contempt of a federal bankruptcy court order, fraudulent foreclosure practices, predatory lending, unfair debt collection, and anticompetitive conduct. These actions were undertaken in connection with a sham nonjudicial foreclosure sale of two real properties in which Plaintiff holds interests, located at 1028 South 1900 East and 1836 East Yale Avenue, Salt Lake City, Utah (the "Properties").

2. Defendants inflated a lien amount, disregarded a court order mandating correction of the lien, deliberately misled potential bidders to suppress competition at the sale, and ultimately sold the Properties to an insider—a convicted felon. Defendants then engaged in subsequent insider lending schemes to perpetuate the fraud, which culminated in forcible entry and trespass at one of the Properties, documented in Salt Lake City Police Report No. SL25-168227.

3. The actions described herein were not isolated errors but were part of a deliberate and systematic scheme to defraud Plaintiff and unlawfully divest him of his property. Plaintiff seeks a declaratory judgment that the foreclosure sale is void, damages for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f; the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692–1692p; the Sherman Antitrust Act, 15 U.S.C. § 1; and referral for criminal contempt pursuant to 18 U.S.C. § 401. A separate motion for injunctive relief under Federal Rule of Civil Procedure 65 is filed contemporaneously with this Complaint.

## THE PARTIES

4. Plaintiff Max Warren Barber is an individual residing in Salt Lake County, Utah. He is the Trustee of the MSB Trust, signatory on agreements and trust deeds, warrantee deeds.

5. Defendant Jamis Melwood Johnson is an individual residing in Utah. He is a convicted felon, with federal convictions for mail fraud, wire fraud, and money laundering. He is an insider associated with the Gravity Defendants who purportedly purchased the Properties at the sham foreclosure auction.

6. Defendant David Knudson is an individual residing in Utah and the principal architect of the fraudulent scheme alleged herein. Knudson's career is defined by a decades-long pattern of predatory lending and gross operational negligence. (a) In 1999, the Federal Trade Commission (FTC) obtained a permanent injunction against Defendant David Knudson for predatory and unlawful lending practices in *FTC v. Wasatch Credit Corp., et al.*, No. 2:99-cv-00579-JTG (D. Utah). The Stipulated Final Judgment and Order filed in that case (hereinafter "FTC Order") permanently restrained and enjoined Knudson from, among other things: (i) "Directing a consumer to falsely state the purpose of an extension of credit... when, in fact, it is primarily for a personal, family or household purpose" (FTC Order, ECF No. 3, at 9); (ii) "Falsifying or altering material information in any document relating to a credit transaction,

including... the purpose of the extension of credit" (*id.*); and (iii) "Engaging in a pattern or practice of extending credit to a consumer based on the consumer's collateral if... the consumer will be unable to make the scheduled payments to repay the obligation" (*id.* at 5). (b) The fraudulent scheme alleged herein, which involves forcing Plaintiff into a sham "business loan" for a consumer purpose, is a direct continuation of the exact conduct the 1999 permanent injunction was designed to stop. (c) This pattern of fraudulent conduct continues, as evidenced by his and Gravity Funding's involvement as defendants in ongoing litigation in Texas, styled *Alba Angulo, et al. v. David Knudson, Gravity Funding, LLC*, Case No. D-1-GN-22-002599, which involves similar allegations of wrongful foreclosure and fraudulent inducement. (d) Knudson's operational practices are marked by a stunning carelessness that calls into question the legitimacy of all his corporate dealings. In the United *States v. Davis*, an ancillary forfeiture proceeding in the Fifth Circuit, Knudson's companies permanently forfeited a ~$360,000 asset due to a "fatal drafting error" where his attorneys admittedly used a "copy-and-paste" pleading with the wrong company name. This history of regulatory sanction, ongoing fraud litigation, and catastrophic mismanagement is admissible under Fed. R. Evid. 404(b) to prove Knudson's intent, plan, knowledge, and absence of mistake in the present matter.

7. Defendant Jared L. Anderson is an individual residing in Salt Lake County, Utah, and is the Successor Trustee for Defendant Gravity Capital, LLC who conducted the foreclosure sale of the Properties.

8. Defendant Gravity Capital, LLC is a Utah limited liability company with its principal place of business in Utah. It is engaged in the business of lending and debt collection.

9. Defendant Gravity Funding, LLC is a Utah limited liability company with its principal place of business in Utah. It is engaged in the business of lending and debt collection.

10. Defendants Does 1-10 are individuals or entities whose identities are currently unknown but who were involved in the unlawful scheme described herein. Plaintiff will seek to amend this Complaint to name them once their identities are ascertained through discovery.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including TILA, 15 U.S.C. §§ 1601 et seq.; the FDCPA, 15 U.S.C. §§ 1692 et seq.; and the Sherman Act, 15 U.S.C. § 1. The Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201.

12. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

13. This Court has personal jurisdiction over all Defendants because they reside and conduct substantial business in Utah, the events giving rise to this action occurred in Utah, and they have purposefully availed themselves of the laws and markets of this state.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Salt Lake County, Utah, where the Properties are also located.

## FACTUAL ALLEGATIONS

### A. The Illegal Loan and Willful Contempt of a Federal Court Order

15. On or about March 22, 2022, Plaintiff entered into a loan transaction with Gravity Capital, LLC, evidenced by an Open-End Promissory Note, Business Loan Agreement, and Deed of Trust, for $332,000 at 15% interest, secured by the Properties. (See Exhibit J, Gravity Capital Loan Documents).

16. The Gravity Defendants, acting through Defendant David Knudson, knowingly and intentionally mischaracterized this transaction as a "business loan." This was not a clerical error but a deliberate pretext to evade the permanent injunction entered against Knudson in *FTC v. Wasatch Credit Corp.* That Order permanently restrained and enjoined Knudson from offering or extending any consumer credit, unless he first obtained a performance bond in the principal amount of $250,000 (FTC Order, ECF No. 3, at 9). Upon information and belief, Defendant Knudson never obtained the required bond, rendering this consumer loan transaction a direct and willful violation of a federal court order from its inception.

17. In reality, the loan was a consumer transaction subject to TILA and the FTC injunction. The loan proceeds were used for personal, family, or household purposes, namely remodeling and improvements to the Properties, one of which was Plaintiff's primary residence. The loan contract was therefore illegal and unenforceable from its inception.

18. Defendants' knowledge that the loan was for a consumer purpose is proven by their own loan documents. The "Loan Guaranty" executed by Plaintiff as part of the transaction explicitly lists Plaintiff's "home address" as "1028 South 1900 East SLC UT 84108"—one of the

properties securing the loan (*See* Ex. J, Loan Guaranty, at 1). Despite documenting this fact, Defendants directed Plaintiff to sign a "Business Loan Agreement" that contained a clause falsely stating, "The entire, proceeds of the Loan will be used solely and exclusively for business and commercial purposes, and no portion of the proceeds will be used for any personal, consumer, family, household, or similar purpose" (*See* Ex. J, Business Loan Agreement, at 6). This was reinforced in the Promissory Note, which forced Plaintiff to state the loan was "solely for business, commercial and/or Investment purposes and not for personal, family or household purposes" (*See* Ex. J, Note, at 3). This direct contradiction demonstrates that the business-loan characterization was a deliberate and fraudulent pretext from the outset.

19. On June 11, 2025, the U.S. Bankruptcy Court for the District of Utah entered a Stipulation and Order in *In re Barber*, No. 25-21749 (Bankr. D. Utah), which required the Gravity Defendants to: (a) amend their recorded lien to reflect the correct balance; (b) provide a detailed accounting of the debt; (c) cooperate in good faith with Plaintiff's efforts to sell the properties; and (d) forbear from any foreclosure action until after July 8, 2025 (Ex. B at 3, 8, 10).

20. The Gravity Defendants willfully disobeyed this lawful court order. As of August 6, 2025, Salt Lake County records confirmed that the Gravity Defendants had not corrected their inflated lien (Ex. D).

21. On June 13, 2025, Plaintiff, through counsel, sent a formal notice of default to the Gravity Defendants' counsel, putting them on notice of their non-compliance with the Bankruptcy Court's order (Ex. C).

### B.     The Fraudulent Foreclosure and Bid-Rigging Scheme

22.     In defiance of the court order, the Gravity Defendants proceeded with a sham foreclosure sale on July 22, 2025. As part of their fraudulent scheme, Defendants' agents actively suppressed competition by falsely informing potential bidders that the sale was scheduled for August 15, 2025 (Ex. F).

23.     The only bidder at the sale was Defendant Johnson, an insider and convicted felon (Ex. G at 1–2).

24.     The day after the sham sale, on July 23, 2025, Defendant Johnson forcibly entered the 1836 East Yale Avenue property, prompting police intervention. He trespassed again the following day, rekeying the doors and posting a fraudulent eviction notice. These events are documented in Salt Lake City Police Report No. SL25-168227 (Ex. E ¶¶ 4–7).

25.     Defendants' scheme included arranging insider lending to facilitate Johnson's purported purchase and a subsequent mortgage buyout, all designed to defraud Plaintiff of his interests in the Properties.

### C.     Defendants' Decades-Long Pattern of Predatory Conduct and Gross Negligence

26.     The fraudulent conduct described above is not an isolated incident but is the direct result of a consistent modus operandi of predatory lending, cynical disregard for court orders, and gross corporate negligence that Defendant Knudson has employed for over two decades.

27.     The 1999 FTC Enforcement Action: In *FTC v. Wasatch Credit Corp.*, the FTC sued Knudson for a "pattern or practice of extending credit... based on the consumer's collateral"

without regard for their ability to repay—the very definition of predatory asset-based lending. The FTC's complaint explicitly states that Knudson directed consumers to sign false "business purpose affidavits" to evade TILA. The resulting permanent injunction was meant to stop this exact conduct. The loan made to Plaintiff is a direct continuation of this federally sanctioned, illegal business model.

28. The Angulo Lawsuit: This pattern of fraud continues. In the Angulo Lawsuit filed in 2022, Knudson and Gravity Funding are accused of a strikingly similar scheme involving wrongful foreclosure and inducing the borrowers into a settlement where they were allegedly defrauded with a worthless and illegal parcel of land.

29. The *U.S. v. Davis* Forfeiture: Defendants' operational incompetence matches their predatory intent. In *U.S. v. Davis*, Knudson's companies permanently forfeited a ~$360,000 asset to the government because their lawyers filed a petition with the wrong company name, an error counsel admitted resulted from a "copy-and-paste" mistake. This incident reveals a systemic disregard for legal and corporate formalities that pervades all of Defendants' operations, including the foreclosure at issue here, and supports piercing the corporate veil to hold Knudson personally liable.

## CAUSES OF ACTION

COUNT I (Declaratory Judgment – 28 U.S.C. § 2201)

30. Plaintiff incorporates paragraphs 1 through 29 by reference.

31. An actual and justiciable controversy exists between Plaintiff and Defendants concerning the legal validity of the July 22, 2025, foreclosure sale. The sale is void as a matter of

law due to Defendants' contempt of a court order, fraud, and violations of federal and state statutes, including the illegality of the underlying loan contract.

32.     Plaintiff seeks a declaration from this Court, pursuant to 28 U.S.C. § 2201(a), that: (a) the foreclosure sale is null and void ab initio; (b) the underlying loan contract is illegal and unenforceable; (c) legal title to the Properties remains with Plaintiff's trust; and (d) Defendants have no legally enforceable rights or interests in the Properties arising from the sale.

### COUNT II (Civil Contempt and Referral for Criminal Contempt

(18 U.S.C. § 401)

33.     Plaintiff incorporates paragraphs 1 through 32 by reference.

34.     Defendants willfully violated the clear and unambiguous June 11, 2025, order of the U.S. Bankruptcy Court. This conduct constitutes disobedience to a lawful court order in violation of 18 U.S.C. § 401(3).

35.     Plaintiff requests that the Court find Defendants in civil contempt, impose appropriate sanctions to compel compliance and compensate for damages, and refer this matter to the United States Attorney's Office for criminal prosecution.

### COUNT III (Violations of the Truth in Lending Act

(15 U.S.C. §§ 1601 et seq.)

36.     Plaintiff incorporates paragraphs 1 through 35 by reference.

37. The loan was a "consumer credit transaction" under TILA because it was for personal, family, or household purposes, and the Properties served as Plaintiff's principal dwelling.

38. Defendants' mischaracterization of the loan as a "business loan" was a fraudulent artifice to evade the law. This is proven by the loan documents themselves, which list Plaintiff's "home address" as one of the properties used as collateral (*See* Ex. J, Loan Guaranty, at 1), while simultaneously including a "Commercial Purpose" clause that falsely disclaims any personal, family, or household use (*See* Ex. J, Business Loan Agreement, at 6). This conduct is not only a violation of TILA but also a direct and willful violation of the Permanent Injunction entered against Defendant Knudson in *FTC v. Wasatch Credit Corp.*, which specifically enjoined him from "[d]irecting a consumer to falsely state the purpose of an extension of credit... when, in fact, it is primarily for a personal, family or household purpose" (FTC Order, ECF No. 3, at 9).

39. The Gravity Defendants violated TILA by, inter alia: (a) Failing to provide clear and conspicuous disclosures, in violation of 15 U.S.C. § 1631(a); (b) Failing to accurately disclose the finance charge, annual percentage rate, and other material terms, in violation of 15 U.S.C. § 1638(a); and (c) Failing to provide Plaintiff with notice of his right to rescind the transaction, in violation of 15 U.S.C. § 1635(a).

40. The loan was also a "high-cost mortgage" subject to the protections of 15 U.S.C. § 1639, which Defendants violated.

41. Plaintiff is entitled to rescind the transaction, *see Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015), and to recover actual damages, statutory damages, costs,

and attorney's fees.

### COUNT IV (Violations of the Fair Debt Collection Practices Act

(15 U.S.C. §§ 1692 et seq.)

42. Plaintiff incorporates paragraphs 1 through 41 by reference.

43. Defendants are "debt collectors" under the FDCPA. Their actions in connection with the foreclosure constitute an attempt to collect a debt.

44. Defendants' conduct constituted "something more" than the mere ministerial enforcement of a security interest. By actively making false representations to third parties to suppress bidding, Defendants engaged in deceptive practices beyond the scope of state foreclosure law, subjecting them to the full prohibitions of the FDCPA. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019).

45. Defendants violated the FDCPA by: (a) Using false, deceptive, or misleading representations, including misrepresenting the character and legal status of the debt and threatening to take action that could not legally be taken, in violation of 15 U.S.C. § 1692e; and (b) Using unfair or unconscionable means to collect a debt, including collecting an amount not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f.

46. Further, because the foreclosure was wrongful and Defendants had no present right to possession of the property, their actions to dispossess Plaintiff constitute a standalone violation of 15 U.S.C. § 1692f(6).

47.    Plaintiff is entitled to actual damages, statutory damages, costs, and attorney's fees under 15 U.S.C. § 1692k(a).

## COUNT V (Violations of the Sherman Antitrust Act

(15 U.S.C. § 1)

48.    Plaintiff incorporates paragraphs 1 through 47 by reference.

49.    Defendants entered into a contract, combination, or conspiracy to unreasonably restrain trade in the market for foreclosed residential properties in Salt Lake County.

50.    Their conduct, including the scheme to suppress bidding and orchestrate an insider sale, constitutes a per se violation of Section 1 of the Sherman Act. *See, e.g., United States v. Metro. Enters., Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) (bid rigging is a per se violation).

51.    Plaintiff has suffered antitrust injury because the conspiracy prevented a competitive sale, causing him to lose over $2,000,000 in equity in the Properties. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977).

52.    Plaintiff is entitled to treble damages, costs, and attorney's fees.

## COUNT VI

(Breach of Contract – Stipulation and Order)

53.    Plaintiff incorporates paragraphs 1 through 52 by reference.

54. The court-approved Stipulation and Order is a binding contract.

55. The Gravity Defendants breached their material obligations under the Stipulation by failing to correct the lien, provide an accounting, and cooperate in good faith.

56. Plaintiff has been damaged as a direct result of this breach and is entitled to damages and/or rescission.

## COUNT VII

(Wrongful Foreclosure – Utah State Law)

57. Plaintiff incorporates paragraphs 1 through 56 by reference.

58. Defendants owed Plaintiff a duty to conduct the foreclosure sale fairly and in accordance with the law.

59. Defendants breached this duty by proceeding with the sale based on a willfully inflated and incorrect lien amount, actively suppressing bids, and engaging in insider collusion. The fraudulent intent behind this breach is further evidenced by Defendants' own loan documents, which prove they knowingly mischaracterized a consumer loan secured by Plaintiff's documented "home address" as a "business loan" to circumvent consumer protection laws (*See* Ex. J, Loan Guaranty, at 1).

60. The sale was not merely procedurally defective but was fundamentally tainted by fraud, rendering it void ab initio. *Cf. Bank of Am. v. Adamson*, 2017 UT 2, ¶ 25, 391 P.3d 196, 203 (distinguishing voidable sales from those that are void due to fraud).

61. As a direct result of this wrongful foreclosure, Plaintiff suffered substantial prejudice, including the loss of all equity in the Properties. This harm was directly and causally linked to Defendants' fraudulent and unlawful conduct, which prevented a fair and competitive sale.

## COUNT VIII

(Civil Conspiracy)

62. Plaintiff incorporates paragraphs 1 through 61 by reference.

63. Defendants, and each of them, formed a combination of two or more persons who agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means.

64. The object of the conspiracy was to unlawfully divest Plaintiff of his equity in the Properties through a fraudulent, collusive, and illegal foreclosure sale.

65. Defendants committed one or more unlawful, overt acts in furtherance of the conspiracy, including but not limited to violating a bankruptcy court order, engaging in bid-rigging, and committing fraud. Their agreement and intent to conspire is further evidenced by their pattern of similar collusive conduct in other matters, including the Angulo Lawsuit.

66. As a direct and proximate result of the conspiracy, Plaintiff has suffered substantial damages.

## COUNT IX

(Intentional Infliction of Emotional Distress)

67. Plaintiff incorporates paragraphs 1 through 66 by reference.

68. Defendants' conduct, including the forcible entry, trespass, and fraudulent attempts at self-help eviction at Plaintiff's property, was outrageous and intolerable in that it offended generally accepted standards of decency and morality.

69. Defendants acted intentionally or with reckless disregard of the probability of causing emotional distress.

70. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress.

## COUNT X

(Unjust Enrichment)

71. Plaintiff incorporates paragraphs 1 through 70 by reference.

72. Defendants have been enriched by the receipt of benefits, including the purported acquisition of title to the Properties and the receipt of all payments made by Plaintiff under the loan agreement.

73. Said enrichment is unjust because it was obtained through fraudulent, illegal, and unconscionable conduct. Specifically, because the underlying loan was a consumer credit transaction—a fact known to Defendants as proven by their own documentation of Plaintiff's "home address" (*See* Ex. J, Loan Guaranty, at 1)—its issuance by Defendant Knudson without first obtaining the court-mandated $250,000 performance bond constituted a direct violation of the permanent injunction in *FTC v. Wasatch Credit Corp.* (FTC Order, ECF No. 3, at 9). The

loan agreement was therefore illegal ab initio and is void and unenforceable as a matter of law and public policy.

74. Consequently, all payments made by Plaintiff to Defendants under this illegal contract, including all principal, interest, and fees, constitute unjust enrichment. It would be inequitable under these circumstances for Defendants to retain these benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

A. A declaratory judgment that the July 22, 2025, foreclosure sale is void and that title to the Properties remains with Plaintiff's trust;

B. An order rescinding the loan transaction and awarding actual and statutory damages under TILA;

C. An award of actual and statutory damages under the FDCPA;

D. An award of treble damages for Defendants' violations of the Sherman Act;

E. An award of compensatory and punitive damages for wrongful foreclosure, breach of contract, civil conspiracy, and intentional infliction of emotional distress;

F. Disgorgement of all unjust enrichment, including the return of all payments made by Plaintiff under the illegal loan agreement and the return of the Properties or their value;

G. A finding that Defendants are in civil contempt of the Bankruptcy Court's order

and an award of appropriate sanctions;

H. A referral of this matter to the United States Attorney's Office for investigation and prosecution for criminal contempt;

I. A referral to the Federal Trade Commission and the Department of Justice for investigation and enforcement action regarding Defendants' violations of the permanent injunction in *FTC v. Wasatch Credit Corp.*, No. 2:99-cv-00579-JTG (D. Utah);

J. An award of compensatory damages of not less than $3,200,000 and punitive damages of not less than $2,000,000;

K. An award of costs of suit and reasonable attorney's fees as permitted by law; and

L. Any other and further relief that the Court deems just and proper.

Pro Se Plaintiff invokes the rule of liberal construction under Haines v. Kerner, 404 U.S. 519 (1972), and Plaintiff demands a trial by jury on all issues so triable in this action.

Dated: August 14, 2025

Respectfully submitted,

/s/ Max Warren Barber
Max Warren Barber, Pro Se
1028 South 1900 East
Salt Lake City, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801) 518-1821

## VERIFICATION

I, <u>Max Warren Barber</u>, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed on August 14, 2025.

/s/ Max Warren Barber
Max Warren Barber, Pro Se
1028 South 1900 East
Salt Lake City, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801) 518-1821