# EXHIBIT A

MAX WARREN BARBER, Pro Se
1028 S. 1900 E.
Salt Lake City, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801) 518-1821
*Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Trustee of the MSB TRUST, <br><br>Plaintiff, <br><br>V. <br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; JARED L. ANDERSON, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; and DOES 1-10, <br><br>Defendants. | AMENDED DECLARATION OF MAX W. BARBER IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER <br><br>Case: 2:25-cv-00681 <br><br>Judge: Hon. Nielson, Howard C., Jr. |

Plaintiff, Max Warren Barber, appearing pro se, submits to this Honorable Court, with the following Amended Declaration of Max W. Barber in Support of 2:25-cv-00681 ECF No 1, 1-11, 2, and 2-1. The official hearing Transcript details the terms and conditions related to the Stipulation as agreed to in the hearing. *See* Exhibit 1 attached (*case 25-21749 ECF No. 50*),

1 of 7

defining the conditions required of Gravity Capital LLC to amend wrongful liens and provide detailed accounting, or the in rem relief is void. These in-hearing agreements form the core foundation of the Court Order breached by Gravity Capital LLC.

I, **Max W. Barber,** declare under penalty of perjury as follows: I am the Plaintiff in this action, appearing pro se, and was the Debtor in the related bankruptcy case, *In re Barber*, No. 25-21749. I am over the age of 18 and have direct, personal knowledge of the facts set forth in this declaration. If called as a witness, I would and could competently testify to the following facts.

### I. The Binding and Conditional Federal Court Order

1. Following negotiations with counsel for Gravity Capital, LLC ("Gravity"), Kenyon Dove, we reached a binding agreement to resolve Gravity's motion in my bankruptcy case.

2. We memorialized this agreement in open court during a hearing before the Honorable Kevin R. Anderson of the U.S. Bankruptcy Court on May 21st, 2025, and further on June 2, 2025.

3. At that hearing, I placed on the record the explicitly conditional nature of my agreement. I stated under oath that Gravity's performance of its duties was a prerequisite for the agreement to be effective. My sworn statement was:

> "*. . . upon the creditor performing his obligations, everything would go forward. If he didn't perform his obligations, then the rem relief would not be granted, if he didn't provide, for example, the lien correction and give an accounting of the*

*pay-off.*"[1]

4. Gravity's counsel, Mr. Dove, acknowledged and accepted this conditional structure on the record, stating his understanding that if Gravity were to fail to perform its obligations, the relief it received would be terminated. His on-record statement was:

5. "But in the event we were then to fail later to provide the accounting and and the other requirements, then in rem would would be terminated I guess at that point."[2]  Judge Anderson then ratified the entire conditional agreement, transforming it into a lawful order of the court. He stated unequivocally:

*"Yes, I'm going to put in the order granting in rem relief that that it is pursuant to the terms and conditions of the stipulation . . ."*[3]

6. This agreement was formalized in the Stipulation and Order entered on June 11, 2025 (the "Order"). The Order mandated that Gravity: (a) amend its recorded lien to reflect the correct principal balance; (b) provide a detailed accounting of the debt; and (c) forbear from any foreclosure action until after July 7, 2025.

## II. Defendants' Willful Contempt of the Court Order

7. Gravity willfully disobeyed this lawful court order. It failed to correct its inflated lien and failed to provide the detailed accounting within the agreed-upon timeframe, or at any time thereafter.

8. On June 13, 2025, I sent a formal notice of default via email to Gravity's counsel, Mr. Dove, informing him that Gravity was in breach of the Order. In that email, I reiterated my

---

[1] Exhibit 1 page 4 of 9 (line 12-16)
[2] Exhibit 1 Page 5 of 9 (line 4-7)
[3] Exhibit 1 Page 6 of 9 (line 9-12)

good faith willingness to close the sales of the Properties as soon as Gravity fulfilled its court-ordered obligations.[4]

9. Gravity's refusal to correct its inflated $1.2 million lien was a deliberate act to sabotage the pending sales of the Properties (at 1028 S. 1900 E. SLC Utah 84108 and 1836 E. Yale Avenue SLC Utah 84108) The buyer's lender could not close on its loan with the improper lien clouding the title, which directly prevented the sales from closing.

10. As of August 6, 2025, the Salt Lake County Recorder's official records confirmed that Gravity's inflated and improper lien remained on the title to the Properties, demonstrating their ongoing and willful violation of the federal court's Order.

### III.    The Predatory Loan and Pattern of Deception

11. The entire foreclosure is predicated on an illegal loan. The loan was a consumer transaction, not a business loan. During the May 12, 2025, bankruptcy hearing, I testified under oath that one of the properties securing the loan was my home, stating:

> "... *my correct residential address is 1028 South 1900 East. That's clearly listed on the petition filing ....*"

12. Defendants knew this was a consumer loan. Their own "Loan Guaranty" document, which I was required to sign, explicitly lists my "home address" as "1028 South 1900 East". Despite documenting this fact, Defendants directed me to sign a "Business Loan Agreement" containing a clause that falsely stated, "The entire proceeds of the Loan will be used solely and exclusively for business and commercial purposes, and no portion of the proceeds will

---

[4] See 2:25-cv-00681-HCN ECF No.1-3 page 2 of 3 " Email confirmation of gravity' s default of agreed stipulation

be used for any personal, consumer, family, household, or similar purpose". This direct contradiction demonstrates that the business-loan characterization was a deliberate and fraudulent pretext from the outset.

13. This conduct is part of a decades-long pattern by Defendant David Knudson. In 1999, the Federal Trade Commission (FTC) obtained a permanent injunction against him for the exact same predatory practice. That order permanently enjoined Knudson from "\[d\]irecting a consumer to falsely state the purpose of an extension of credit... when, in fact, it is primarily for a personal, family or household purpose". The loan made to me is a direct continuation of this federally sanctioned, illegal business model.

14. This pattern of fraudulent conduct continues in other jurisdictions. Knudson and Gravity Funding are currently defendants in ongoing litigation in Texas, *Angulo, et al. v. David Knudson, Gravity Funding, LLC*, which involves similar allegations of wrongful foreclosure and fraudulent inducement.

### IV. The Fraudulent Foreclosure and Bid-Rigging Conspiracy

15. In defiance of the Court Order, Gravity proceeded with a wrongful foreclosure sale on July 22, 2025. This sale was conducted fraudulently. As part of their scheme, Defendants' agents actively suppressed competition by falsely informing potential bidders that the sale was scheduled for August 15, 2025, not July 22.

16. The only bidder present at the July 22 sale was Defendant Jamis Melwood Johnson, a now known insider of Gravity and a convicted felon with federal convictions for mortgage fraud, mail fraud, wire fraud, and money laundering related to complex mortgage straw

buyer fraud schemes.

17. Defendants' actions were motivated by a scheme to unlawfully capture the massive equity in my Properties. During the May 12, 2025, hearing, I testified under oath as to the immense value of the Properties, a value known directly to Gravity:

*". . . the property is valued at 1.6 million dollars. That's just one property . . . And then the other property . . . I actually received an offer from the creditor, Gravity Capital, that they procured for me. They had an offer come in for 1.2 million dollars. So I total, Your Honor, that's you know, we're talking about 2.8 million dollars . . ."*[5]

18. Against a loan of approximately $332,000, this represents over $2.4 million in equity. Defendants' knowledge of this value, proven by the fact that they procured one of the offers themselves, provides the clear motive for their conspiracy to violate a Court Order, suppress bidding, and orchestrate an insider sale to capture that surplus

### V. Immediate and Irreparable Harm

19. The day after the sham trustee sale, on July 23, 2025, Mr. Johnson and his associates Trespassed and forcibly broke into the home located at: 1836 E. Yale Avenue, SLC Utah 84108 property. Their aggressive actions caused significant alarm and required police intervention, Jamis Melwood Johnson asserted to police officers that he owned the property, claiming to have purchased it the previous day at the trustee sale. This assertion was made despite his knowledge that he had only acquired the second lien position, had not purchased the first lien position, and had neither recorded any title nor provided the requisite notices. Following

---

[5] Declaration of Barber Case 25-21749

this exchange, the police ordered Johnson and his associates to vacate the premises until a signed court order was obtained..

20. In contravention of police directives, Mr. Johnson and his associates returned to the property on or about July 24 and 25, 2025. They again trespassed, illegally rekeyed the doors, installed a camera, posted a "no trespassing" sign, and displayed a fraudulent eviction notice demanding I vacate within days.

21. The Defendants' actions have inflicted immediate and irreparable harm upon my wife, three young daughters, and myself. This harm includes the loss of property sales, direct financial damages, and severe emotional distress resulting from the threats of unlawful eviction and the trespass and intimidation perpetrated by Defendants and their agents. We are currently under imminent threat of forcible and unlawful removal from our home.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2025.

x _____
MAX W. BARBER

State of Utah, County of Salt Lake

The foregoing instrument was acknowledged before me on this 21 day of August, 2025.

By _Chrisy Fife_
Notary Public

7 of 7



CHRISY FIFE
Notary Public State of Utah
My Commission Expires on:
April 04, 2028
Comm. Number: 736504