# EXHIBIT K

 **Gmail**                                    **Max Barber <23blackbee@gmail.com>**

---

# Case No. 250906343 EV Defendant Barber Motion NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY, AND MOTION TO DISMISS (PURSUANT TO 11 U.S.C. § 362 AND UTAH R. CIV . P. 12(b))

3 messages

---

**Max Barber** <23blackbee@gmail.com>                    Thu, Aug 28, 2025 at 11:48 AM
To: 3rddaynesteam@utcourts.gov, Max Barber <23blackbee@gmail.com>

Dear Hon Judge Richard Daynes Chambers,

I am the defendant in case No. 250906343 EV,

Attached is my Motion NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY, AND MOTION TO DISMISS (PURSUANT TO 11 U.S.C. § 362 AND UTAH R. CIV . P. 12(b))

Have attached the PDF of the Motion, Exhibits, Proposed Motion in PDF and Word format per local rules.

Given the time restraint of receiving notice of Plaintiff's complaint today, I will supplement with notarized documents filed with the clerk later today.

Thank you and please confirm receipt of this email.

Kind regards,

Max. Barbrer

1 801 518 1821
23blackbee@gmail.com

---

**4 attachments**

📄 **Proposed Order Case 250906343 EV Judge Richard Daynes.docx**
12K

📄 **Case No. 250906343 EV - Defendant Motion of NOTICE OF AUTOMATIC STAY, SUGGESTION OF...D UTAH R. CIV. P. 12(b)) - Google Docs copy 2.pdf**
271K

📄 **Proposed Order Case 250906343 EV Judge Richard Daynes.pdf**
153K

📄 **Exhibits Case 250906343 EV.pdf**
18025K

---

**Leah Ryan** <leahr@utcourts.gov>                           Thu, Aug 28, 2025 at 2:45 PM

To: Max Barber <23blackbee@gmail.com>
Cc: 3rddaynesteam@utcourts.gov

Received, thank you.
[Quoted text hidden]

--

 Leah Ryan
Judicial Assistant
8012339700
leahr@utcourts.gov

---

**Max Barber** <23blackbee@gmail.com>                          Thu, Aug 28, 2025 at 6:08 PM
To: Leah Ryan <leahr@utcourts.gov>
Cc: 3rddaynesteam@utcourts.gov

Thank you!
[Quoted text hidden]

The Order of the Court is stated below:
**Dated:** September 03, 2025        **/s/** RICHARD DAYNES
11:13:38 AM                District Court Judge

DAVID R. GARDNER (USB 14974)
JEREMY M. SHORTS (USB 10983)
LAW OFFICES OF JEREMY M. SHORTS, LLC
P.O. Box 971233, Orem, Utah 84097
Telephone: 801-610-9879
E-Mail: info@utahevictionlaw.com
Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH, SALT LAKE CITY DEPARTMENT

| | |
|---|---|
| 1028 S 1900 E LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>MAX BARBER; and SARAH NAVARRA aka<br>SARAH G BARBER,<br><br>    Defendants. | **DEFAULT JUDGMENT**<br>**AND ORDER**<br><br>Civil No. 250906343 EV<br><br>Judge Richard Daynes |

IT IS ORDERED that, pursuant to a default certificate entered by the court, Plaintiffs are

granted a judgment and order against Defendant Max Barber and Sarah Navarra aka Sarah G

Barber (hereinafter "Defendants") in the amount of $11,360.96, which consists of:

1.      $10,370.96 for treble damages pursuant to Utah Code Ann. § 78B-6-811 (2)(d) and (3)).

This amount was calculated by the fair market monthly rent of $3,505.00 x 12 / 365 x 3 x 30

days) for the days beginning July 29, 2025 (the day after the eviction notice expired) until

August 27, 2025.

2.      $850.00 in Attorney fees as prayed for in the Complaint and stated by declaration

(pursuant to written contract or Utah Code Ann. § 78B-6-811).

3.      $90.00, as prayed for in the Complaint, in filing fees to this court.

4.      $50.00, as prayed for in the Complaint, in service fees.

IT IS FURTHER ORDERED that any security deposit paid by Defendants shall be held

by Plaintiffs pending a move-out inspection after Defendants have vacated the Property. The

security deposit shall first be applied to any waste/damages committed against the property or

other charges allowed by the Lease Agreement. The balance of the security deposit, if any, shall be applied to this Judgment. Any remaining amount, if any, shall be returned to Defendants.

IT IS FURTHER ORDERED, the total judgment shall incur interest at the rate of 6.23% per annum  from the date of judgment until paid plus after-accruing costs. Plaintiff may request post-judgment costs by filing an affidavit or declaration and seeking a subsequent court order.

IT IS ALSO ORDERED, pursuant to the relief prayed for in the Complaint as well as Utah Code Ann. § 78B-6-811(1)(c), that this court declares the forfeiture of the Lease Agreement as well as any contracts between Plaintiffs and Defendants. Defendants are not released from any obligation for payments owed to Plaintiffs for the remainder of the Lease's term.



−−−−−−−−−−−−−−−−−−END OF ORDER – SIGNATURE AT TOP−−−−−−−−−−−−−−−−−

 Gmail

**Max Barber <23blackbee@gmail.com>**

---

## Urgent Matter
5 messages

---

**Max Barber** <23blackbee@gmail.com>                                        Fri, Sep 5, 2025 at 3:18 PM
To: 3rdcorumteam@utcourts.gov

Dear 3rdcorumteam,

Please see the attached as I see it has not been uploaded on to the docket. I have not received any official notice of service regarding this case to proceed and see that the plaintiff has provided an old bankruptcy case that is not correct  " 25-21749 "

Active bankruptcy case number
**"Bankruptcy Docket for Case No.
2:25-bk-23863"**

**Please confirm receipt of this email.**

📄 Case No. 250906343 EV - Defendant Motion of NOTICE OF AUTOMATIC STAY, SUGGESTION OF...D UTAH R. CIV. P. 12(b)) - Google Docs copy 2.pdf
    271K

---

**Bobbie Webster** <bobbiew@utcourts.gov>                                    Fri, Sep 5, 2025 at 3:24 PM
To: Max Barber <23blackbee@gmail.com>, 3rd Daynes Team <3rddaynesteam@utcourts.gov>
Cc: 3rdcorumteam@utcourts.gov

Good afternoon.
This needs to be sent to Judge Daynes team, not Judge Corums.

3rddaynesteam@utcourts.gov
[Quoted text hidden]
--

UTAH
**JUDICIARY**     **Bobbie Webster**
                  Judicial Assistant
                  801-238-7378
                  bobbiew@utcourts.gov

*I am not an attorney and can not give legal advice. Please note that neither the court, nor court staff can provide legal advice on how to proceed, or what to file. You may find information at our self-help center on the court's website at* **www.utcourts.gov**

---

**Max Barber** <23blackbee@gmail.com>                                        Fri, Sep 5, 2025 at 3:31 PM
To: Bobbie Webster <bobbiew@utcourts.gov>

Thank you so much
[Quoted text hidden]

---

**Max Barber** <23blackbee@gmail.com>                                        Fri, Sep 5, 2025 at 3:33 PM
To: 3rddaynesteam@utcourts.gov

Dear Judge Daynes team,

Please see the below email and Emergency Motion to Stay Action.

Kind regards,

Max Barber

Please see the attached as I see it has not been uploaded on to the docket. I have not received any official notice of service regarding this case to proceed and see that the plaintiff has provided an old bankruptcy case that is not correct  " 25-21749 "

Active bankruptcy case number
**"Bankruptcy Docket for Case No.
2:25-bk-23863"**

**Please confirm receipt of this email.**

[Quoted text hidden]

📄 Case No. 250906343 EV - Defendant Motion of NOTICE OF AUTOMATIC STAY, SUGGESTION OF...D UTAH R. CIV. P. 12(b)) - Google Docs copy 2.pdf
271K

---

**Kaelee Leavitt** <kaeleel@utcourts.gov>                                    Fri, Sep 5, 2025 at 4:36 PM
To: Max Barber <23blackbee@gmail.com>
Cc: 3rddaynesteam@utcourts.gov

Received.

[Quoted text hidden]
--



Kaelee
Judicial Assistant
Judge Daynes
801-233-9768
3rddaynesteam@utcourts.gov

*"For information on free or inexpensive legal resources, please see below:"*
*Utah Self Help Center:*
*https://www.utcourts.gov/en/self-help/services/contact.html*
*SLC Legal Aid:*
*https://www.legalaidsocietyofsaltlake.org/*
*Expungements:*
*https://www.cleanslateutah.org/process*
*Evictions:*
*https://saltlakedsa.org/resources/housing-justice/*
*https://www.utahlegalservices.org/node/12/getting-eviction-notice*
*Pro Se (self-represented):*
*https://www.legalaidsocietyofsaltlake.org/assisted-pro-se*
*Victim Resources:*
*https://uovc.concerncenter.utah.gov/*
*https://police.slc.gov/resources/victim-services/*
*Protective Order Information:*
*https://www.utcourts.gov/en/self-help/categories/protect-order.html*

Max Warren Barber

1028 South 1900 East

Salt Lake City, Utah 84108

+1 801 518 1821

23blackbee@gmail.com

*Defendant Pro Se*

IN THE THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| 1028 S 1900 E LLC, | **DEFENDANT'S EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT AND MOTION TO SET ASIDE DEFAULT JUDGMENT; REQUEST FOR EXPEDITED HEARING** |
|---|---|
| **Plaintiff,** | |
| **v.** | **Case No. 250906343 EV** |
| **MAX WARREN BARBER, and SARAH NAVARRA aka SARAH G. BARBER,** | |
| **Defendants.** | **Judge: Richard Daynes** |

Defendant Max Warren Barber ("Defendant"), appearing *pro se*, respectfully moves this Court for an emergency order to stay the enforcement of the Default Judgment entered on September 3, 2025. Defendant further moves to set aside the Default Judgment pursuant to Utah Rule of Civil Procedure 60(b). This motion is based on the fact that Defendant made a timely, good-faith effort to file a dispositive motion that was never docketed by the Court, resulting in a

default judgment being entered without Defendant's knowledge or participation.

## I. RELIEF SOUGHT

Defendant urgently requests that the Court:

1. Enter an immediate, *ex parte* order staying all proceedings and enforcement of the September 3, 2025 Default Judgment, including any writs of restitution or eviction actions.
2. Set aside the Default Judgment as void and/or on the grounds of mistake and excusable neglect.
3. Deem Defendant's previously submitted "Motion to Dismiss" as timely filed, or grant Defendant a brief period to re-file it.
4. Schedule an expedited hearing on this emergency motion.

## II. STATEMENT OF UNDISPUTED FACTS

1. On July 8, 2025, the MSB Trust, the legal owner of the real property at 1028 S 1900 E, Salt Lake City, Utah ("the Property"), filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code, initiating an automatic stay pursuant to 11 U.S.C. § 362. (*See Exhibit E to Defendant's Motion to Dismiss*).
2. On July 22, 2025, a non-judicial foreclosure sale of the Property was conducted in direct violation of the automatic stay.
3. This unlawful detainer action, which is premised entirely on the void foreclosure sale, was filed on August 1, 2025.
4. On August 28, 2025, Defendant submitted a comprehensive "NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY, AND MOTION TO DISMISS" ("Motion to Dismiss") with supporting exhibits. Defendant, acting in good faith as a pro se litigant, delivered the motion by two methods:

   a. Via email directly to Judge Daynes's chamber at 3rddaynesteam@utcourts.gov.

   b. Via hand-delivery of a physical copy to the clerk's office at the Matheson Courthouse in downtown Salt Lake City.

5. Defendant believed these actions constituted a proper filing and a formal response in this matter.

6. For reasons unknown to the Defendant, the Motion to Dismiss was never entered onto the official court docket for this case. A review of the docket as of September 5, 2025, confirms its absence.

7. Having received no notice of a hearing or further action, and believing his Motion to Dismiss was pending before the Court, Defendant was unaware that a Default Judgment was entered against him on **September 3, 2025**.

8. Defendant was not served with a notice of the hearing that resulted in the default judgment and had no opportunity to present his meritorious defenses. This lack of notice constitutes a fundamental violation of due process.


## III. ARGUMENT AND AUTHORITIES

This Court should grant an emergency stay and set aside the default judgment because (A) the judgment is void as the court lacks subject-matter jurisdiction due to the bankruptcy stay, and (B) the judgment was entered due to a procedural mistake and Defendant's excusable neglect, not any willful failure to participate.


### A. The Default Judgment Must Be Set Aside as Void Under Rule 60(b)(4).

A judgment is void if the court that rendered it lacked jurisdiction. Utah R. Civ. P. 60(b)(4). The filing of a bankruptcy petition imposes a broad automatic stay that divests state courts of jurisdiction over actions affecting property of the bankruptcy estate. 11 U.S.C. § 362(a). Actions taken in violation of the stay are *void ab initio* (void from the beginning). *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990).

Here, Plaintiff's claim to the property originates from a post-bankruptcy foreclosure sale that was unequivocally void. Because Plaintiff's standing is based on a void action, this Court lacks

jurisdiction to hear the unlawful detainer claim. A judgment entered by a court without jurisdiction is void and must be set aside.

**B.     The Judgment Must Be Set Aside for Mistake and Excusable Neglect Under Rule 60(b)(1).**

Utah Rule of Civil Procedure 60(b)(1) permits a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The Utah Supreme Court has directed that district courts should be "generally indulgent" toward granting such motions. *Menzies v. Galetka*, 2006 UT 81, ¶ 64.

Defendant, as a *pro se* litigant, made a diligent and good-faith attempt to defend this action by preparing and submitting a substantive Motion to Dismiss. His belief that emailing the judge's chambers and hand-delivering the motion to the courthouse constituted a formal filing was, at most, a procedural mistake born of his unfamiliarity with court filing systems. It was not a willful or strategic failure to act. The failure of the court to receive and docket this motion is precisely the kind of "mistake" or "excusable neglect" that Rule 60(b) is designed to remedy.

Furthermore, Defendant has a meritorious defense. The arguments and exhibits contained within the un-filed Motion to Dismiss—namely, the violation of the federal bankruptcy stay—are dispositive and would almost certainly result in the dismissal of this case.

**C. An Emergency Stay is Necessary to Prevent Irreparable Harm.**

Pursuant to Utah Rule of Civil Procedure 62, the Court may stay the execution of a judgment pending the disposition of a motion made under Rule 60. A stay is imperative here. Without an immediate stay, Plaintiff could obtain a writ of restitution and execute a forcible eviction based on a void judgment. This would cause irreparable harm to the Defendant and would constitute a miscarriage of justice, particularly when the underlying action itself is a violation of federal law.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Defendant Max Warren Barber respectfully prays for an Order that:

1. **IMMEDIATELY STAYS** the enforcement of the Default Judgment dated September 3, 2025, and quashes any writ of restitution that may have been issued.

2. **SETS ASIDE** the Default Judgment as void and/or on the basis of excusable neglect.

3. **ORDERS** that Defendant's Motion to Dismiss, submitted on August 28, 2025, be deemed timely filed.

4. **SETS** an expedited hearing on this motion and on the merits of Defendant's Motion to Dismiss.

*/s/ Max Warren Barber*
*Max Warren Barber,*
*Pro Se*
**1028 South 1900 East**
*Salt Lake City Utah*
*84108*
*+1 801 518 1821*
*23blackbee@gmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2025, I caused a true and correct copy of the foregoing **DEFENDANT'S EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT AND MOTION TO SET ASIDE DEFAULT JUDGMENT** to be served upon Plaintiff's counsel via the method indicated:

*/s/ Max Warren Barber*

*Max Warren Barber,*
*Pro Se*
***1028 South 1900 East***
*Salt Lake City Utah*
*84108*
*+1 801 518 1821*
*23blackbee@gmail.com*

David R. Gardner

Jeremy M. Shorts

LAW OFFICES OF JEREMY M. SHORTS, LLC

P.O. Box 971233

Orem, Utah 84097

info@utahevictionlaw.com

[ ] U.S. Mail, Postage Prepaid

[X] Email

[ ] Hand Delivery

Max Warren Barber

Max Warren Barber,
1028 South 1900 East
Salt Lake City Utah 84108
+1 801 518 1821
23blackbee@gmail.com

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **1028 S 1900 E LLC,**<br>**Plaintiff,** | **NOTICE OF AUTOMATIC STAY,**<br>**SUGGESTION OF BANKRUPTCY, AND**<br>**MOTION TO DISMISS (PURSUANT TO 11**<br>**U.S.C. § 362 AND UTAH R. CIV. P. 12(b))**<br>~~& ANSWER~~ |
| **v.** | **Case No. 250906343 EV** |
| **MAX WARREN BARBER,**<br>**and SARAH NAVARRA aka**<br>**SARAH G. BARBER,**<br>Defendants. | **Judge: Richard Daynes** |

Defendant Max Warren Barber ("Defendant"), appearing pro se as trustee of the MSB

Trust, hereby files this Notice of Automatic Stay and Suggestion of Bankruptcy, and moves to

dismiss this unlawful detainer action with prejudice pursuant to Utah Rule of Civil Procedure

12(b)(1) (lack of jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim).

This motion is supported by the attached exhibits and affidavits, which render the underlying

actions void under federal law and make dismissal straightforward.

### I. SUMMARY OF RELIEF SOUGHT

This action violates the automatic bankruptcy stay and must be dismissed as void *ab*

*initio*. The MSB Trust's Chapter 11 filing on July 8, 2025, protects the Property at 1028 S 1900 E, Salt Lake City, Utah ("Property"). The July 22, 2025, foreclosure sale and this August 1, 2025, lawsuit are nullities. Plaintiff, a shell entity tied to convicted felons, is forum-shopping to evade federal jurisdiction. The attached evidence confirms notice, violations, and underlying illegality, compelling dismissal with prejudice, a bad-faith finding, and sanctions.

## II. DEFINITION OF THE PARTIES

1.   **Defendant:** Max Warren Barber is the trustee of the MSB Trust, the legal owner of the Property and debtor-in-possession in Chapter 11 Case No. 2:25-bk-23863 (Bankr. D. Utah). *(See attached Affidavit of Max Warren Barber (Exhibit D) and Bankruptcy Case (Exhibit E)).*

2.   **Plaintiff:** 1028 S 1900 E LLC is a Utah LLC formed on or about the date of the foreclosure sale 22 July 2025, acting as a nominal plaintiff.

3.   **Alleged Beneficial Owners and Co-Conspirators:** The true controller is Jamis Melwood Johnson, a debarred Utah Attorney and convicted felon, engaged in money laundering through shell companies and straw buyers. The bidder, Adrian Johnson, is his son and alleged straw buyer. *(See Johnson's Conviction Judgment (Exhibit F)).*

## III. FACTUAL BACKGROUND

1.   **Wrongful Lien:** On March 23, 2022, Gravity Capital, LLC (controlled by David Knudson) recorded a $1,200,000 trust deed against (2) Two  Property(s), *(See SLC County*

*Record (Exhibit I* )) which was inflated from the $332,000 actual consideration. Knudson is permanently enjoined from such lending practices. *(See FTC Injunction Order (Exhibit G)).*

2.  **Bankruptcy Filing and Automatic Stay:** The MSB Trust filed Chapter 11 on July 8, 2025, invoking the 11 U.S.C. § 362 stay. *(See Bankruptcy Docket (Exhibit H)).*

3.  **Void Foreclosure and Notice:** Despite the stay, a foreclosure occurred on July 22, 2025. Gravity Capital, Jamis Johnson, and Adrian Johnson received notice that day. *(See Proof of Service Exhibit D); Photo Evidence (Exhibit A)).*

4.  **Forcible Entry:** On July 23, 2025, Jamis Johnson broke into the property at 1836 E Yale Ave, claiming ownership. Police intervened, ordering him not to return without a court order Salt Lake City Police Report No. SL25-168227. *(See Declaration of Nathan Barron (Exhibit B); Break-In Photos (Exhibit C)).*

5.  **Bad-Faith Filing:** Adrian Johnson assigned his rights to Plaintiff LLC (Jamis Melwood Johnson's alleged shell), which filed this action on August 1, 2025.

### IV. SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

### Pursuant to Utah R. Civ. P. 7(c).

**Argument I:  The Action is Void as a Willful Violation of the Automatic Stay Under 11 U.S.C. § 362(a)(3)**, the stay halts any act to obtain possession of estate property. Violations are void ab initio. Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371, 372–73 (10th Cir. 1990); In re C.W. Mining Co., 488 B.R. 715, 728 (Bankr. D. Utah 2013) (confirming foreclosure sales

conducted post-stay are void). The attached proofs confirm the parties received notice, making their subsequent actions willful and indisputable violations.

**Argument II:  This Court is the Improper Venue and the Claim is Barred by Illegality..** The bankruptcy court has exclusive jurisdiction over property of the estate. 28 U.S.C. § 1334(e)(1). Unlawful detainer actions cannot be used to resolve complex title or fraud disputes, particularly those intertwined with a bankruptcy. U-Beva Roberts v. C.R. England, Inc., 2012 UT App 359, ¶ 6; Swayne v. Beebles Invs., Inc., 2009 UT App 201 (affirming dismissal of an eviction action tied to a bankruptcy). Plaintiff's claim is rooted in a fraudulent scheme involving Knudson's enjoined lending practices and Johnson's criminal enterprise, which violates the express terms of his federal sentence. See U.S. v. Johnson, No. 2:09-cr-00133 (D. Utah 2014), aff'd, No. 15-4123 (10th Cir. 2016).

**Argument III: The Bad-Faith Filing Warrants Sanctions** This lawsuit was filed with knowledge that it was void and in an improper venue, abusing the judicial process to launder a void title. This conduct warrants sanctions under Utah R. Civ. P. 11(b) for filing a frivolous and bad-faith action. Defendant has incurred costs of $5,483.00 in responding to this improper lawsuit. *(See Affidavit of Max Warren Barber (Exhibit D)).*

## V. PRAYER FOR RELIEF

Defendant respectfully requests that this Court enter an order:

A.      Dismissing this action with prejudice as void ab initio;

B.      Alternatively, dismissing this action for improper venue, lack of jurisdiction, and

failure to state a claim upon which relief can be granted;

C.      If not dismissed, Staying it pending resolution of the bankruptcy case;

D.      Making a specific finding that this action was brought in bad faith and awarding

sanctions, including costs incurred; and

E.      Granting such other relief as is just and proper.


Dated: August 28, 2025                              Respectfully submitted

                                                    /s/ Max Warren Barber
                                                    Max Warren Barber, Pro Se
                                                    **1028 South 1900 East**
                                                    Salt Lake City Utah 84108
                                                    +1 801 518 1821
                                                    23blackbee@gmail.com

# EXHIBIT LIST

| Exhibit | Description | Purpose |
|---------|-------------|---------|
| A | Photo Evidence | To prove that notice of the bankruptcy stay was provided to the relevant parties at the foreclosure sale on July 22, 2025. |
| B | Declaration of Nathan Barron | To provide a firsthand witness account of the forcible entry into the property at 1836 E Yale Ave by Jamis Johnson on July 23, 2025. |
| C | Break-In Photos | To provide visual evidence of the forcible entry and property damage that occurred on July 23, 2025. |
| D | Affidavit of Max Warren Barber | To establish Defendant's standing as trustee of the MSB Trust and to attest to the costs incurred in responding to this lawsuit. |
| E | Bankruptcy Case Filing Documents | To prove that the MSB Trust is the debtor-in-possession in Chapter 11 Case No. 2:25-bk-23863, filed in the U.S. Bankruptcy Court for the District of Utah. |
| F | Judgment of Conviction for Jamis Melwood Johnson | To support the allegation that the Plaintiff LLC is controlled by a convicted felon with a history of using shell companies for illicit purposes. |
| G | FTC Permanent Injunction Order | To provide evidence that the lender who originated the lien, David Knudson of Gravity Capital, LLC, is enjoined from such lending practices. |
| H | Bankruptcy Docket for Case No. 2:25-bk-23863 | To confirm the official date of the Chapter 11 filing (July 8, 2025) and establish that the automatic stay was in effect prior to the foreclosure sale. |
| I | History of ownership "MSB Trust"/ Senior Liens "Ufirst" to Gravity secondary lien/ for the Properties 1028 South and 1836 E Yale Ave | Salt Lake County Recorder Office affirming: 1.) Properties genealogy of ownership to MSB Trust 2.) The fact is a Senior Lien Ufirst 1st Mortgage Holder on the Property and 3.) inflated wrongful lien from Gravity Capital LLC on Bother Properties for $1,200,000.00 USD |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of AUGUST, 2025, I caused a true and correct copy of the

foregoing **NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY, AND**

**MOTION TO DISMISS (PURSUANT TO 11 U.S.C. § 362 AND UTAH R. CIV. P. 12(b))** to

be served upon the following Parties, via the method indicated:

Respectfully submitted

/s/ Max Warren Barber
Max Warren Barber, Pro Se
**1028 South 1900 East**
Salt Lake City Utah 84108
+1 801 518 1821
23blackbee@gmail.com

Third District Honorable Judge **Richard Daynes Chamber:**

Email: 3rddaynesteam@utcourts.gov

Plaintiff Counsil
David R. Gardner
Law Offices of Jeremy M. Shorts, LLC
P.O. Box 971233, Orem Utah 84097

| | |
|---|---|
| Email | [  ] |
| U.S. Mail, Postage Prepaid | [X] |
| Hand Delivery | [  ] |

[---PROPOSED ORDER–]

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **1028 S 1900 E LLC,**<br>**Plaintiff,** | **NOTICE OF AUTOMATIC STAY,**<br>**SUGGESTION OF BANKRUPTCY, AND**<br>**MOTION TO DISMISS <br> (PURSUANT TO**<br>**11 U.S.C. § 362 AND UTAH R. CIV. P. 12(b))** |
| **v.** | **Case No. 250906343 EV** |
| **MAX WARREN BARBER,**<br>**and SARAH NAVARRA aka**<br>**SARAH G. BARBER,**<br>Defendants. | **Judge: Richard Daynes** |

*Automatic Stay, Suggestion of Bankruptcy, and Motion to Dismiss* filed by Defendant

Max Warren Barber ("Defendant"). The Court, having reviewed the motion, the supporting

memorandum, the attached exhibits, and the record in this case, and being otherwise fully

advised in the premises, finds as follows:

1. The property at issue, located at 1028 S 1900 E, Salt Lake City, Utah ("Property"), is property of the MSB Trust bankruptcy estate.

2. The MSB Trust filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Utah on July 8, 2025, Case No. 2:25-bk-23863.

3. The bankruptcy filing invoked the automatic stay provisions of 11 U.S.C. § 362, which prohibits, among other things, any act to obtain possession of, or exercise control over, property of the estate.

4. The foreclosure sale of the Property, which occurred on July 22, 2025, was conducted after the automatic stay was in effect.

5. This unlawful detainer action, filed on August 1, 2025, is an act to obtain possession of property of the bankruptcy estate and is predicated upon the aforementioned foreclosure

sale.

6. Actions taken in violation of the automatic stay are void *ab initio*. *See Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372–73 (10th Cir. 1990).

7. The Court finds that the foreclosure sale on July 22, 2025, and this subsequent unlawful detainer action are void as a matter of federal law.

8. The Court further finds that this action was filed with knowledge of the bankruptcy stay and was therefore brought in bad faith.

Based on the foregoing findings, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendant's Motion to Dismiss is **GRANTED**.

2. This action, Case No. 250906343 EV, is **DISMISSED WITH PREJUDICE** as void *ab initio*.

3. The Court makes a specific finding that this action was brought in bad faith as a willful violation of the automatic stay under 11 U.S.C. § 362.

4. Defendant is awarded sanctions against Plaintiff, 1028 S 1900 E LLC, in the amount of $5,483.00 for the costs and fees incurred in defending this void action.

5. The Clerk of the Court is directed to close this case.

6.

DATED this _____ day of _____, 2025.

**BY THE COURT**

_____

The Honorable Richard Daynes

Third Judicial District Court Judge

## CERTIFICATE OF MAILING

I hereby certify that on this 28th day of August, 2025, I caused a true and correct copy of the foregoing **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** to be served upon the following party via U.S. Mail, postage prepaid:

David R. Gardner
Law Offices of Jeremy M. Shorts, LLC
P.O. Box 971233
Orem, Utah 84097

*/s/ Max Warren Barber*
Max Warren Barber
1028 S. 1900 E.
Salt Lake City Utah 84108
801 518 1821
23blackbee@gmail.com

3 of 3

Max Warren Barber,
1028 South 1900 East
Salt Lake City Utah 84108
+1 801 518 1821
23blackbee@gmail.com

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **1028 S 1900 E LLC,**<br>**Plaintiff,** | **NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY, AND MOTION TO DISMISS (PURSUANT TO 11 U.S.C. § 362 AND UTAH R. CIV. P. 12(b))** |
| **v.** | **Case No. 250906343 EV** |
| **MAX WARREN BARBER,**<br>**and SARAH NAVARRA aka**<br>**SARAH G. BARBER,**<br>Defendants. | **Judge: Richard Daynes** |

### DECLARATION OF MAX WARREN BARBER

I, Max Warren Barber, being first duly sworn, depose and state as follows:

1. I am a Defendant in the above-captioned matter. I am over the age of eighteen, of sound mind, and competent to testify to the matters set forth herein. The following statements are based on my personal knowledge.

2. I am the trustee for the MSB Trust. The MSB Trust is the legal owner of the real property located at 1028 S 1900 E, Salt Lake City, Utah 84108 ("the Property").

3. On July 8, 2025, I Max Warren Barber as Trustee, caused the MSB Trust to file a petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The case is filed in the United States Bankruptcy Court for the District of Utah, Case No. 2:25-bk-23863. As trustee, I am acting as the debtor-in-possession.

4. On July 22, 2025—fourteen (14) days after the bankruptcy petition was filed and the automatic stay under 11 U.S.C. § 362 went into effect—a non-judicial foreclosure sale of

the Property was conducted.

5. I affirm and declare notice of the bankruptcy filing and automatic stay was provided to the auctioneer, Gravity Capital, LLC, Jamis Melwood Johnson, and Adrian Johnson on the day and other unknown members of the Johnson Party, the purported foreclosure sale.

6. As a direct result of the Plaintiff's filing of this unlawful detainer action, which was filed with the direct first hand knowledge of the bankruptcy stay, I have been forced to expend significant time and resources to defend this void action. I have incurred necessary costs totaling **$5,483.00** related to legal research, document preparation, filing fees, and other expenses required to prepare and file the Motion to Dismiss.

7. The exhibits attached to the Motion to Dismiss, marked as Exhibits A through I, are true and correct copies of the documents as they purport to be, to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct. Dated this **28th day of August, 2025.**

/s/ Max Warren Barber
Max Warren Barber
1028 S. 1900 E.
Salt Lake City Utah 84108
801 518 1821
23blackbee@gmail.com

**ACKNOWLEDGEMENT**

State of Utah            )
                         §
County of _Saltlake_

On this _28_ day of _Aug_, in the year _2025_, before me _Kathryn Smith_
a notary public, personally appeared _Max Barber_, proved on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are) subscribed to this instrument, and acknowledged (he/she/they) executed the same.

Witness my hand and official seal.

_____
Notary Public

KATHRYN ELIZABETH SMITH
Notary Public State of Utah
My Commission Expires on:
April 05, 2026
Comm. Number: 723926

2 of 2

**Fill in this information to identify the case:**

Debtor name ___MSB TRUST___

United States Bankruptcy Court for the: _____ District of __UTAH__
(State)

Case number (If known): ___25-23863___

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **Creditor's name**<br>___CANYON VIEW CREDIT UNION___<br><br>**Creditor's mailing address**<br>___PO BOX 58025 SLC UT 84158___<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred**  27 SEP 2013<br>**Last 4 digits of account number**  2  0  1  1<br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes. Specify each creditor, including this creditor, and its relative priority.<br>   Disputed 2nd Position Hard Money<br>   Gravity Capital LLC | **Describe debtor's property that is subject to a lien**<br>1028 South 1900 East SLC UT 84108<br><br><br><br>**Describe the lien**<br>FIRST MORTGAGE LIEN Secured Creditor<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ 348,000.00 | $ 1,800,000.00 |
| **2.2** **Creditor's name**<br>___CANYON VIEW CREDIT UNION___<br><br>**Creditor's mailing address**<br>PO BOX 58025 SLC UT 84158<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred**  12 October 2018<br>**Last 4 digits of account number**  5  9  9  3<br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes. Have you already specified the relative priority?<br>   ☐ No. Specify each creditor, including this creditor, and its relative priority.<br>      Disputed 2nd Position Hard Money<br>      Gravity Capital LLC<br>   ☐ Yes. The relative priority of creditors is specified on lines | **Describe debtor's property that is subject to a lien**<br>1836 East Yale Ave SLC UT 84108<br><br><br><br>**Describe the lien**<br>FIRST MORTGAGE LIEN Secured Creditor<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed | $ 428,938.00 | $ 1,500,000.00 |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ 776,938.00

Debtor    MSB TRUST
      Name

Case number (if known)  25 - 23863

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|
| **Part 1:** | **Additional Page** | |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.3** Creditor's name

Canyon View Credit Union

Describe debtor's property that is subject to a lien

4643 -4645 South Highland Drive Holladay UT 84117

$ 1,542,000.00        $ 3,200,000.00

**Creditor's mailing address**

PO BOX 58025 SLC UT 84158

Describe the lien
 First Lien  Mortgage, Secured Creditor

**Creditor's email address, if known**

2500 N. University Ave.

Is the creditor an insider or related party?
☐ No
☐ Yes

**Date debt was incurred**    14 January 2021

**Last 4 digits of account number**    9  6  9  6

Is anyone else liable on this claim?
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

    ☐ No. Specify each creditor, including this creditor, and its relative priority.
      Lis Pendens - Unsecured - Hybrid LLC

    ☐ Yes. The relative priority of creditors is specified on lines _____

**2.4** Creditor's name

Gravity Capital LLC

Describe debtor's property that is subject to a lien

1028 S 1900 E. Salt Lake City UT 84108

$ 161,500.00        $ 1,800,000.00

**Creditor's mailing address**

531 E 770 N. Orem, UT 84097

Describe the lien
 Business Loan  (Second Position)

**Creditor's email address, if known**

Is the creditor an insider or related party?
☐ No
☐ Yes

**Date debt was incurred**    22 March 2022

**Last 4 digits of account number**    ___ ___ ___ ___

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

    ☐ No. Specify each creditor, including this creditor, and its relative priority.
      Canyon CFC - First Lien Holder (Secured Creditor)
      Hybrid Intl LLC - Lis-pendens  (Unsecured Creditor)

    ☐ Yes. The relative priority of creditors is specified on lines _____

Page Total Column A: $ 1,703,500.00

| Debtor | MSB TRUST | | Case number (if known) | 25 - 23863 |
|---|---|---|---|---|
| | Name | | | |

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|
| | | Amount of claim | Value of collateral that supports this claim |
| | | Do not deduct the value of collateral. | |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.5** Creditor's name

Gravity Capital LLC

**Describe debtor's property that is subject to a lien**

1836 East Yale Ave, Salt Lake City UT 84108      $ 161,500.00      $ 1,500,000.00

**Creditor's mailing address**

531 E 770 N, Orem, UT 84097

**Describe the lien**

Business Loan  (SECOND Position )

**Creditor's email address, if known**

2500 N. University Ave.

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**  22 March 2022

**Last 4 digits of account number**  ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
    Canyon View - First Lien Holder (Secured Creditor)
    Lis Pendens - Unsecured - Hybrid LLC
  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

**2.__** Creditor's name

**Describe debtor's property that is subject to a lien**

$_____      $_____

**Creditor's mailing address**

**Describe the lien**
Mortgage

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**  _____

**Last 4 digits of account number**  ___ ___ ___ ___

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Page Total Column A: $ 161,500.00