# EXHIBIT N

**From:** Max B <max.msb.llc@gmail.com>
**Date:** March 21, 2022 at 1:25:14 PM MDT
**To:** Gene Parrish <gene@newfreedomfunding.com>
**Subject: Re: Closing documents**

Hi Gene,

Please find attached the insurance coverage for 1028 South 1900 East

Regards,

Max

On Sat, Mar 19, 2022 at 6:59 AM Gene Parrish <gene@newfreedomfunding.com> wrote:
Max.

Thanks for the documents.

1. The closing statements are the HUD Statements from the you bought the houses. They are helpful in preparing loan documents.
2. Are the house titles in your personal name or in the name of the company?
3. Do you have a copy of the Dec Page for the insurance on the property at 1028 S 1900 South? We need to document there is insurance on both homes.

Please contact the insurance agent and have him add the lender as an "Additional Insured"

Gravity Capital, LLC
531 E 770 N
Orem, UT 84097

4. If the homes are titled in the name of MSB International we need a copy of the Operating Agreement. It will show who has authority to sign documents.

Thanks. Please call with any questions.

Gene Parrish

Case 2:25-cv-00681-HCN-DBP Document 36-3 Filed 09/17/25 PageID.617 Page 3 of 4

Case 25-21749 Doc 16-1 Filed 04/30/25 Entered 04/30/25 13:39:16 Desc
Exhibits for Motion for Claim Relief from the Automatic Stay and Co-Debtor Stay Page 22 of 40

## Loan Guaranty

Max W. Barber, an individual (the "Guarantor") whose social security number is XXX-XX-0340 and whose date of birth is ▓▓/▓▓/20▓▓ and whose home address is 1028 South 1900 East SLC UT 84108 1985, hereby guarantees to Gravity Capital, LLC, a Utah limited liability company, its successors and assigns ("Lender"), the full performance and observance of all of the covenants, conditions, obligations, and agreements to be performed and observed by Max W. Barber and Sara G. Navarra, Trustees of the MSB Trust dated December 12, 2017, and any amendments thereto ("Borrower") under each and every obligation or agreement of Borrower to or in favor of Lender, whether now existing or arising hereafter, including without limitation under a Promissory Note in the principal amount of $1,200,000.00 and dated on or about the date of this Guaranty executed by each Borrower in favor of Lender and all other documents executed by each Borrower in connection with that Promissory Note (collectively, the "Obligations"), as follows:

1. This Guaranty is an absolute guaranty of payment and performance of all obligations, of any kind, of Borrower to Lender under or relating to the Obligations. This is not a guaranty of collection only. Guarantor has given this Guaranty to Lender in order to induce Lender to enter into the Obligations with Borrower, which Obligations will be of benefit to Guarantor.

2. The validity of this Guaranty and the obligations of the Guarantor hereunder shall in no way be terminated, affected or impaired by reason of the assertion by the Lender of any of the rights or remedies reserved to the Lender pursuant to the provisions of the documents or agreements evidencing the Obligations (the "Obligation(s) Agreements"), or by reason of the waiver by or the failure of the Lender to enforce any of the terms, covenants or conditions of said Obligations, all of which may be given or done without notice to Guarantor.

3. Guarantor further agrees that liability under this Guaranty shall be primary, and that in any right of action which shall accrue to the Lender under any of the Obligation(s) Agreements, Lender may proceed against Guarantor without having commenced any action against or having obtained any judgment against Borrower or any other guarantor. The Lender shall not be required to make any demand on Borrower or any other guarantor or otherwise pursue or exhaust its remedies against Borrower or any other guarantor before, simultaneously with, or after enforcing its rights and remedies hereunder against Guarantor.

4. Guarantor waives notice of default in the payment of any amount contained or reserved in any of the Obligation(s) Agreements or notice of the breach or non-performance of any of the covenants, conditions or agreements contained in any of the Obligation(s) Agreements.

5. Guarantor further covenants and agrees that this Guaranty shall remain and continue in full force and effect as to renewal, extension, amendment or modification of any of the Obligation(s) Agreements, provided that Guarantor's obligations under the Obligation(s) Agreements shall not be materially increased by any such renewal, extension, amendment or modification. No assignment or transfer any of the Obligations or the Obligation(s) Agreements shall operate to extinguish or diminish the liability of Guarantor.

Guarantor Initials: 

Loan Guaranty - Page 1 of 2

Case 2:25-cv-00681-HCN-DBP   Document 36-3   Filed 09/17/25   PageID.618   Page 4 of 4

Case 25-21749   Doc 16-1   Filed 04/30/25   Entered 04/30/25 13:39:16   Desc
Exhibit Safe Motion for Claim Relief from the Automatic Stay and Co-Debtor Stay   Page 23 of 40

6. Guarantor agrees that in the event the Borrower shall become insolvent or shall be adjudicated as bankrupt, or shall file a petition for reorganization, arrangement or similar relief under any present or future provision of the Bankruptcy Code, or if such petition filed by creditors of the Borrower shall be approved by a court, or if the Borrower shall seek a judicial readjustment of the rights of its creditors under any present or future Federal or State law, or if a receiver of all or part of its property and assets is appointed by any State or Federal Court, and in any such proceeding the Obligations shall be terminated or rejected, or the obligations of Borrower thereunder shall be modified, Guarantor shall immediately pay to the Lender or its successors or assigns an amount equal to all amounts due under the Obligations.

7. Neither Guarantor's obligation to make payment in accordance with the terms of this agreement nor any remedy for the enforcement thereof shall be impaired, modified, changed, released or limited in any manner whatsoever by any filing of Borrower or its estate in bankruptcy or of any remedy for the enforcement thereof, resulting from the operation of any present or future provision of the Bankruptcy Code or other statute, or from the decision of any court.

8. This Guaranty shall be governed by and construed in accordance with the laws of the State of Utah applicable to agreements made and to be wholly performed within the State of Utah (without regard to conflicts of laws principles). Venue for any action arising out of or related to this agreement shall be in any court sitting in or serving Utah County, Utah.

9. Guarantor agrees to pay all costs and expenses incurred by the Lender in enforcing this Guaranty, including without limitation, court costs, legal fees and expert witness costs. This Guaranty binds Guarantor and Guarantor's heirs, successors, and assigns, and it benefits and may be enforced by Lender and Lender's successors in interest and assigns. If a court of competent jurisdiction finds that any provision of this Guaranty is unenforceable, then the remaining provisions will remain in effect without the unenforceable parts.

10. This Guaranty, together with the documents referenced herein, contains all of the agreements of the parties hereto with respect to the matters contained herein and no prior or contemporaneous agreement or understanding, oral or written, pertaining to any such matters shall be effective for any purpose. No provision of this Guaranty may be amended or added to except by an agreement in writing signed by the parties hereto or their respective successors in interest and expressly stating that it is an amendment of this Agreement.

This Loan Guaranty is dated effective as of March 22, 2022, by:

Max W. Barber, an individual: _____