MAX WARREN BARBER, Pro Se
1028 S. 1900 E. SLC, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801) 518-1821
Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB TRUST, <br><br> Plaintiff, <br><br> V. <br><br> DAVID KNUDSON, et al <br><br> Defendants. | **PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM** <br> (Fed. R. Civ. P. 65) <br><br> Case No. 2:25-cv-00681-HCN-DBP <br><br> **District Judge Howard C. Nielson, Jr.** <br><br> **Magistrate Judge Dustin B. Pead** |

Plaintiff Max W. Barber ("Plaintiff"), appearing *pro se*, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 and DUCivR 65-1 for a Temporary Restraining Order ("TRO") and an Order to Show Cause why a preliminary injunction should not issue. This TRO is urgently needed to halt the enforcement of a void state court judgment and prevent the immediate and catastrophic irreparable harm of Plaintiff and his family being wrongfully removed from their home. An eviction hearing is scheduled for **tomorrow, September 19, 2025**.

## I. INTRODUCTION

This is an ongoing fraud culminating in a wrongful eviction based on a void state court

1

judgment. Defendants are on the verge of succeeding in state court based entirely on a foreclosure that is void *ab initio* under federal law. Despite being formally notified that a federal automatic bankruptcy stay was in effect, the state court entered a Default Judgment against Plaintiff on September 3, 2025. (Ex. K, Default J., Case No. 250906343 EV (Third Jud. Dist. Ct. Utah Sept. 3, 2025)). Defendants are now weaponizing this void judgment to execute an illegal eviction. This crisis has inflicted such severe distress that it has prevented Plaintiff's children, including his special needs daughter, from commencing the school year. (Barber Decl. 12). This Court's immediate intervention is required to enjoin the enforcement of the void state court judgment and uphold the supremacy of federal law.

## II. FACTUAL BACKGROUND

The facts supporting this motion are detailed in the concurrently filed Verified Complaint ("VC") and the Renewed Declaration of Max W. Barber ("Barber Decl."). In summary:

1. **Conditional Bankruptcy Order and Breach.** On June 11, 2025, the U.S. Bankruptcy Court entered a Stipulation and Order ("Bankruptcy Order") granting Defendants *in rem* relief, conditioned on their performance of certain obligations, including that "[t]he recorded lien shall be amended to reflect the correct principal and/or balance owed." (Ex. T, at 59, 8). Defendants willfully breached this core condition. (Barber Decl. 6).

2. **Void Foreclosure Sale During a New Automatic Stay.** On July 8, 2025, the MSB Trust, which holds title to the property, filed for bankruptcy, triggering a new automatic stay under 11 U.S.C. § 362(a). (Ex. T, Sched. D, Case No. 25-23863). In brazen defiance of this new stay, Defendants conducted a sham foreclosure sale of the property on July 22, 2025. (VC

22).

3. **State Court Notified of Void Action.** On August 28, 2025, Plaintiff formally notified the state court of the bankruptcy by filing a "NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY, AND MOTION TO DISMISS" in the eviction action. (Ex. K, at 2). This motion argued that the eviction was "void as a willful violation of the automatic stay." (Ex. K, at 16).

4. **Void Default Judgment and Imminent Threat.** Despite receiving this notice, the state court entered a Default Judgment against Plaintiff on September 3, 2025, ordering treble damages and declaring "the forfeiture of the Lease Agreement." (Ex. K, at 4–5). Plaintiff now faces the imminent threat of a writ of restitution being executed based on this void judgment.

### III. LEGAL STANDARD FOR A TEMPORARY RESTRAINING ORDER

A party seeking a TRO must establish that: (1) they are substantially likely to succeed on the merits; (2) they will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs the harm the injunction may cause the opposing party; and (4) the injunction will not be adverse to the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). As a *pro se* litigant, Plaintiff's pleadings are liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 191).

### IV. ARGUMENT

A. **Plaintiff Has a Substantial Likelihood of Success on the Merits.**

Plaintiff's success on the merits is virtually guaranteed because the state court's Default

3

Judgment, and the foreclosure sale it is based on, are both void as a matter of controlling federal law. An action taken in violation of the automatic stay imposed by 11 U.S.C. § 362(a) is "void and of no effect." *In re Calder*, 907 F.2d 953, 956 (10th Cir. 1990). This includes state court judgments. *See Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372–73 (10th Cir. 1990) (holding that a default judgment entered by a district court in violation of the stay was void). Here, the evidence is dispositive. The MSB Trust's bankruptcy filing on July 8, 2025, created an automatic stay. (Ex. T, at 2). The subsequent foreclosure on July 22 was a legal nullity. The state court eviction action, predicated on that void sale, was also void. As Plaintiff argued to the state court, "Plaintiff's claim to the property originates from a post-bankruptcy foreclosure sale that was unequivocally void. Because Plaintiff's standing is based on a void action, this Court lacks jurisdiction to hear the unlawful detainer claim." (Ex. K, at 10–11). The Default Judgment entered on September 3, 2025, after the court was notified of the stay, is likewise void and cannot be enforced.

**B.      Plaintiff Will Suffer Immediate and Irreparable Harm Without Injunctive Relief.**

The loss of an interest in real property is the quintessential form of irreparable harm. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). The harm here is not speculative; it is mandated by the void state court judgment, which orders "the forfeiture of the Lease Agreement." (Ex. K, at 5, ¶ 5). Without an immediate stay from this Court, Defendants can obtain a writ of restitution and execute a forcible eviction based on this void judgment, rendering Plaintiff and his family homeless **tomorrow**.

**C.      The Balance of Hardships Tips Sharply in Plaintiff's Favor.**

The harm to Plaintiff—the loss of his home based on a void judgment—is catastrophic. The only "harm" to Defendants from a TRO is a delay in their ability to profit from an illegal foreclosure. As their claim is based on a void sale, they have no legitimate interest in the property. The balance of equities overwhelmingly favors granting the TRO. *See Fish v. Kobach*, 840 F.3d 710, 754 (10th Cir. 2016).

### D. The Public Interest Strongly Favors Granting the TRO.

The public has a profound interest in upholding the integrity of federal court orders and the automatic stay, which is "a fundamental protection for debtors." *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Allowing a state court judgment entered in violation of the stay to be enforced would undermine the rule of law and the supremacy of federal bankruptcy jurisdiction.

## V. THE BOND REQUIREMENT SHOULD BE WAIVED

Under Fed. R. Civ. P. 65(c), the court has discretion to waive the security bond. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003). Here, the likelihood that Defendants have been wrongfully enjoined is virtually zero. Their claim to the property is based on a foreclosure sale that is void *ab initio*. As they have no legitimate claim, they cannot suffer any cognizable damages from an injunction.

## VI. CERTIFICATION OF NOTICE AND CONSULTATION (DUCivR 65-1)

Pursuant to DUCivR 65-1(a) and Fed. R. Civ. P. 65(b), Plaintiff certifies as follows:

1. **Consultation Regarding State Court Action:** On September 18, 2025, at approximately 4:15 PM, Plaintiff provided notice of this Renewed Emergency Motion to David R.

Gardner, counsel for the plaintiff in the related state court eviction proceeding (Case No. 250906343 EV). Notice was provided via email and telephone. Mr. Gardner acknowledged receipt and indicated his client opposes the motion. This consultation was undertaken because the state court action is the source of the immediate irreparable harm.

2. **Status of Federal Action:** This motion is filed at the inception of this case. As of the time of filing, Plaintiff has not yet confirmed service upon all named Defendants in this federal action, and no Defendant has yet appeared or filed an answer. Plaintiff will serve this motion on all Defendants concurrently with the summons and complaint. For these reasons, consultation with all opposing parties in this matter has not been possible.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and enter an Order:

    A.    Immediately issuing a Temporary Restraining Order enjoining Defendants, their agents, and all parties in active concert with them from:

    1.    Enforcing, or taking any action to enforce, the Default Judgment entered on September 3, 2025, in Case No. 250906343 EV in the Third Judicial District Court for Salt Lake County, including seeking or executing a writ of restitution;

    2.    Continuing with any proceedings in Case No. 250906343 EV, including the hearing scheduled for September 19, 2025;

    3.    Taking any action to trespass upon, encumber, sell, transfer, or otherwise dispose of or cloud the title to the real properties located at 1028 South 1900 East and 1836 East

Yale Avenue, Salt Lake City, Utah;

B.      Issuing an Order to Show Cause requiring Defendants to appear and show cause why a Preliminary Injunction should not be entered granting the same relief pending a final determination on the merits; and

C.      Awarding Plaintiff such further relief as the Court deems necessary and just.

Dated: September 18, 2025

Respectfully submitted,

/s/ Max W. Barber
Max W. Barber, Pro Se