Steven R. Skirvin (#7626)
SKIRVIN LAW PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, UT 84043
T: 801.449.0364
E: steve@srslawpc.com
*Attorney for Defendants*
*Gravity Segregation, LLC dba Gravity*
*Capital, LLC and David Knudson*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, et al., | **DEFENDANTS DAVID KNUDSON AND GRAVITY SEGREGATION, LLC dba GRAVITY CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Plaintiffs, | |
| v. | |
| DAVID KNUDSON, et al., | |
| Defendants. | Case Number 2:25-cv-00681 |
| | Judge Howard C. Nielson, Jr. |
| | Magistrate Judge Dustin B. Pead |

Defendants Gravity Segregation, LLC dba Gravity Capital, LLC **("**Gravity Capital") and

David Knudson ("Gravity Defendants") hereby respond to Plaintiff's Renewed Emergency

Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency Motion") as

follows:

1

## INTRODUCTION

The Emergency Motion, original Complaint and First Amended Complaint were taped to the front door of Gravity Capital, LLC's place of business on November 3, 2025.  The Gravity Defendants will consider this service for purposes of this litigation.  The Emergency Motion and First Amended Complaint had not been previously served upon the Gravity Defendants.

The Emergency Motion seeks relief in an unlawful detainer action in which the Gravity Defendants are not parties.  Given the date the Emergency Motion was originally filed and the September 19, 2025 hearing date in the unlawful detainer action it referenced, the Emergency Motion appears to be moot.  In his reply, Plaintiff should explain why the Emergency Motion is not moot. The Emergency Motion is incorrect about certain actions by Gravity Capital, which are addressed below.

## I.

## GRAVITY CAPITAL COMPLIED WITH THE BANKRUPTCY COURT ORDER

The Emergency Motion states that the Stipulation and Order required that certain acts be performed by the parties.  One of these required Gravity Capital to do the following: the "recorded lien [Deed of Trust] shall be amended to reflect the correct principal and/or balance owed." Emergency Motion, page 2.  The Deed of Trust, signed by Mr. Barber before a notary public at the loan closing, clearly stated it was a line of credit, and the amount reflected in the Deed of Trust was for the maximum amount of the line of credit, a routine lending practice. Nevertheless, on June 17, 2025, Gravity Capital recorded a Scrivener's Affidavit in the office of the Salt Lake County Recorder, as entry no. 14398969, book 11579, pages 5965-5966.  The Scrivener's Affidavit clarified the Deed of Trust securing the Note (a line of credit) by stating

"The initial principal draw of this Loan is $332,000.00."  A true and correct copy of the

Scrivener's Affidavit is attached hereto as Exhibit "1" and incorporated herein by reference.  *See*

Decl. of David Knudson, para. 3, filed concurrently herewith ("Knudson Decl."). The only draw

against principal, due to Plaintiff's default, was the initial principal draw of $332,000.  Knudson

Decl. para. 5. Of course, if there was a qualified buyer willing to buy, or a lender willing to

refinance, Gravity Capital would have received a request for a payoff.  No such request was ever

received from any prospective buyer, lender or title company.  Knudson Decl., para. 6.

## II.

## THE TRUSTEE'S SALE DID NOT VIOLATE THE AUTOMATIC STAY

Plaintiff claims the trustee's sale of the properties violated the automatic stay.  This is not

correct.  Exhibit B to Plaintiff's Emergency Motion, [Doc 35-1] is a **pending** Order Re: Motion

for In Rem Relief from the Automatic Stay and Co-Debtor Stay ("Proposed In Rem Order").

The Proposed In Rem Order was never signed by Judge Anderson.  The docket entry of the filing

of the Proposed In Rem Order reads:

| | | |
|---|---|---|
| 05/30/2025 | 48<br>(11 pgs) | Pending Order Re: 16 Motion for Relief From Stay and Motion for Relief from Co-Debtor Stay. (Dove, Kenyon) [Order# 463892] (EOD: 05/30/2025) |

A June 11 entry on the bankruptcy court docket states:

| | | |
|---|---|---|
| 06/11/2025 | | Unsigned Order (related document(s):48 Pending Order filed by Kenyon D. Dove). Reason Order Was Unsigned: Alternate order to be entered by the Court. (gci) (EOD: 06/11/2025) |

On June 11, 2025, Judge Anderson entered the Order Granting *In Rem* Relief Pursuant to

Stipulation (Docket No. 47) ("Entered In Rem Order").  The Entered In Rem Order was recorded

3

in the office of the Salt Lake County Recorder on June 17, 2025 as Entry No. 14398970, book

11579, pages 5967-5969.  A true and correct copy of the recorded Entered In Rem Order is

attached hereto as Exhibit 2 and incorporated herein by reference.

      11 U.S.C. § 362(d)(4) states:

      (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
      (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
      (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
      (B) multiple bankruptcy filings affecting such real property.

      If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

      According to the foregoing statute, an order of relief from the automatic stay that is

recorded in compliance with state laws governing recording of liens against real property (in this

state, recording with the applicable county recorder), is binding in any other bankruptcy case

filed within the next 2 years.  "An order entered under § 362(d)(4) binds any party asserting an

interest in the affected property, including every non-debtor, co-owner, and subsequent owner of

the property." *Alakozai v. Citizens Equity First Credit Union*, 499 B.R. 698, 704 (9th Cir. BAP 2013) (citation omitted).

There is no bankruptcy that Plaintiff or any other person or entity could have filed, or caused to be filed, that would have reinstated the automatic stay as to these properties. Therefore, the trustee's sale was valid.

## CONCLUSION

The relief requested by Plaintiff in his Emergency Motion does not affect the Gravity Defendants. Nevertheless, the Gravity Defendants object to any relief that is not warranted by the facts.

DATE: November 6, 2025                     SKIRVIN LAW PLLC


                                            */s/ Steven R. Skirvin*
                                            Attorney for Defendants
                                            Gravity Segregation, LLC dba Gravity Capital, LLC
                                            and David Knudson

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2025, I caused a true and correct copy of the **DEFENDANTS DAVID KNUDSON AND GRAVITY SEGREGATION, LLC dba GRAVITY CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** to be served upon the following served in the manner indicated below:

Max Warren Barber, individually and as
Trustee of the MSB Trust
1028 S. 1900 E.
Salt Lake City, UT 84108

( ) U.S. first class mail, postage pre-paid
( ) Hand delivery
( ) Overnight mail
( ) E-mail
(X) Notice of electronic filing


*/s/ Steven R. Skirvin*

6

**EXHIBIT 1**

**14398969  B: 11579 P: 5965  Total Pages: 2**
**06/17/2025 04:18 PM By: csummers Fees: $40.00**
**Rashelle Hobbs, Recorder, Salt Lake County, Utah**
**Return To: DEEDS.COM, INC.**
**2711 W MARKET ST 5264FAIRLAWN, OH 44333**

RECORDING REQUESTED BY,
WHEN RECORDED RETURN TO:
Gravity Capital, LLC
531 E 770 N
Orem, UT 84097

**SCRIVENER'S AFFIDAVIT**

**STATE OF UTAH**
**COUNTY OF UTAH**

David Knudson, of lawful age, being first duly sworn, deposes and states as follows:

1. Affiant is President of Gravity Capital, LLC, a Utah limited liability company.

2. This Affidavit is made for the purpose of clarifying certain terms contained in that certain **Deed of Trust**, recorded on **March 23, 2022**, as **Entry No. 13917256**, in **Book 11320 at Page 2591**, in the office of the Recorder of **Salt Lake County, State of Utah** ("Deed of Trust").

3. As indicated by the accompanying Note, the Deed of Trust secures a revolving line of credit loan (an open-end loan) with a **maximum loan amount of $1,200,000.00**. The initial draw made under this line of credit was **$332,000.00**.

4. This was not a drafting error or mistake. The Deed of Trust properly secures the line of credit up to the stated maximum. However, to provide further clarity and assist in accurate abstracting, the sole purpose of this affidavit is to state that the initial advance under the Note was in the amount of **$332,000.00**.

   Accordingly, **Paragraph 1.3** of the Deed of Trust is clarified to read as follows:

   **"Loan" means an open-ended loan from Beneficiary to Trustor having a maximum principal loan amount of $1,200,000.00, plus interest, fees, and costs as evidenced by the Note and other Loan Documents (as each are defined in Sections 1.5 and 1.4, respectively, in this Deed of Trust). The initial principal draw of this Loan is $332,000.00 (see Note).**

   This Scrivener's Affidavit pertains to the Deed of Trust recorded as set forth above against the following described real property located in **Salt Lake County, State of Utah**:

**PARCEL 1:**
Lot 12, Block 2, YALECREST HEIGHTS, according to the official plat thereof as recorded in the office of the Salt Lake County Recorder.
**Parcel No. 16-09-427-010-0000**

**PARCEL 2:**
Lot 8, UPPER YALE THIRD ADDITION, according to the official plat thereof as recorded in the office of the Salt Lake County Recorder, and also commencing at the Southeast corner of said Lot 8; thence South 40.5 feet; thence West 60 feet; thence North 40.5 feet; thence East 60 feet to the point of beginning.
**Parcel No. 16-09-429-005-0000**

The properties are commonly known as:
**1028 South 1900 East, Salt Lake City, Utah**
**1836 East Yale Avenue, Salt Lake City, Utah 84108**

Witness the hand of Affiant this 10th day of **June, 2025.**

**David Knudson**
President, Gravity Capital, LLC

---

## ACKNOWLEDGMENT

STATE OF UTAH

              : ss

COUNTY OF UTAH

On this 10th day of June, 2025, before me, the undersigned, a Notary Public in and for said State, personally appeared David Knudson, known to me (or satisfactorily proven) to be the President of Gravity Capital, LLC, and who acknowledged that he executed the foregoing instrument for and on behalf of said company by authority of a duly adopted resolution of its governing body.

**RACHELLE ELLIE PEHRSON**
Notary Public - State of Utah
My Commission Expires on
March 15, 2028
Commission #736147

_____
**Notary Public**

**EXHIBIT 2**

14398970 B: 11579 P: 5967  Total Pages: 3
06/17/2025 04:18 PM By: csummers Fees: $40.00
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: DEEDS.COM INC.
271 W MARKET ST 5264 FAIRLAWN, OH 44333

Case 25-21749   Doc 56   Filed 06/11/25   Entered 06/11/25 15:53:45   Desc Main
Document   Page 1 of 3

**This order is SIGNED.**

**Dated: June 11, 2025**

Tax Parcel No. 16-09-427-010
Tax Parcel No. 16-09-429-005

_Kevin R. Anderson_
**KEVIN R. ANDERSON**
**U.S. Bankruptcy Judge**

s/o

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>MAX WARREN BARBER,<br><br>Debtor. | Bankruptcy Number: 25-21749<br><br>Chapter 13<br><br>Hon. Kevin R. Anderson |

### ORDER GRANTING *IN REM* RELIEF
### PURSUANT TO STIPULATION (DOCKET NO. 47)

On June 2, 2025 the Court held a hearing on the Motion for *In Rem* Relief from the Automatic Stay and the Co-Debtor Stay (Docket No. 16) filed by Gravity Capital, LLC. Max Warren Barber appeared on his own behalf as Debtor in the above-captioned Chapter 13 case. Kenyon D. Dove appeared on behalf of Gravity Capital, LLC. Darwin H. Bingham appeared on behalf of Canyon View Federal Credit Union. Tami Gadd appeared on behalf of the Chapter 13 Trustee. Mark A. Nickel appeared on behalf of Hybrid International, LLC. The Court heard argument from the parties and reviewed the relevant documents on file with the Court, before

making findings of fact and conclusions of law on the record, which are incorporated herein.

Therefore, based on the foregoing and for good cause appearing, the Court **HEREBY ORDERS**:

      1.     Pursuant to the Stipulation between Gravity Capital, LLC and Max Warren Barber

(Docket No. 47), *in rem* relief under 11 U.S.C. § 362(d)(4) is granted with respect to the real

properties at 1028 South 1900 East, Salt Lake City, Utah and 1836 East Yale, Salt Lake City, Utah

84108.

----------------------------------END OF DOCUMENT----------------------------------

_____oo00oo0_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER GRANTING *IN REM* RELIEF**
will be effected to the parties and in the manner designated below:

**By Electronic Service:**

- Darwin H. Bingham     dbingham@scalleyreading.net, cat@scalleyreading.net
- Kenyon D. Dove     defaultservices@smithknowles.com
- Lon Jenkins tr     ecfmail@ch13ut.org, lneebling@ch13ut.org
- Jonathan D. Kirk     ecf@kirklawutah.com, jonathan@kirklawutah.com
- Mark A. Nickel     mnickel@grsm.com,
  sgomez@grsm.com,VLS_SLCSupport@grsm.com,mstevens@grsm.com
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov
- Aaron M. Waite     aaronmwaite@agutah.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

All parties on the Court's official mailing matrix.