FILED
2025 DEC 12 AM 3:49
CLERK
U.S. DISTRICT COURT

STACY ROBERTS JOHNSON
*Specially Appearing Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **MAX WARREN BARBER**, an individual;<br><br>Plaintiff(s),<br><br>vs.<br><br>**DAVID KNUDSON**, et al.,<br><br>Defendants. | **DEFENDANT STACY ROBERTS JOHNSON'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>Case No. 2:25-cv-00681-HCN-DBP<br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Defendant Stacy Roberts Johnson specially appears, solely for the purpose of challenging service of process and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) and hereby opposes Plaintiff's Request for Entry of Default (Doc. 80). Defendant expressly preserves and does not waive any defenses or objections, including but not limited to lack of personal jurisdiction and insufficient service of process.

## I. INTRODUCTION

Plaintiff's Request for Entry of Default should be denied because service of process was never properly effected upon Defendant. The purported service described in Plaintiff's Proof of Service (Doc. 58) fails to satisfy the requirements of Federal Rule of Civil Procedure 4(e) and Utah Rule of Civil Procedure 4(d). Without proper service, the Court lacks personal jurisdiction over Defendant, and entry of default would be improper.

## II. FACTUAL BACKGROUND

According to Plaintiff's Proof of Service (Doc. 58), Plaintiff claims to have served Defendant on October 21, 2025, via "Substitute Service" at the Pace Johnson Law Firm, 231

E 400 S Suite 345, Salt Lake City, Utah 84111. The documents were allegedly left with "Mr. Pablo C.," described as an "Associate / Agent Accepted Service."

Defendant was never personally served with the summons and complaint. Defendant does not reside there. Defendant has never retained the Pace Johnson Law Firm or any attorney at that firm to represent her in this matter, or any other brought by Plaintiff. Defendant has never authorized Mr. Pablo C., the Pace Johnson Law Firm, or anyone else to accept service of process on Defendant's behalf.

## III. ARGUMENT

### A. Default Should Not Be Entered Because Service Was Defective

Entry of default under Rule 55(a) is proper only when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, a party's obligation to respond does not arise until that party has been properly served. *See* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons."). Without proper service, there is no obligation to respond, and default cannot properly be entered.

### B. The Purported Service Does Not Satisfy Federal Rule 4(e)

Federal Rule of Civil Procedure 4(e) provides three methods for serving an individual within a judicial district of the United States:

> (1) following state law for serving a summons; or
> (2)(A) delivering a copy of the summons and complaint to the individual personally;
> (2)(B) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (2)(C) delivering a copy to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). The purported service here fails under each method.

#### 1. Not Personal Service Under Rule 4(e)(2)(A)

The Proof of Service does not claim personal service on Defendant. Defendant was not personally handed the summons and complaint. The documents were left with a third party at a law firm.

**2. Not Valid Substitute Service Under Rule 4(e)(2)(B)**

Although the Proof of Service indicates "Substituted Service" was used, the service fails to satisfy the requirements for substitute service under Rule 4(e)(2)(B). Substitute service requires leaving the documents "at the individual's dwelling or usual place of abode with someone of suitable age and discretion *who resides there*." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added).

The Pace Johnson Law Firm is a commercial law office—not a dwelling or place of abode. Defendant does not "reside" there. Mr. Pablo C. does not "reside" at the law firm. This defect is fatal to the claimed substitute service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) (substitute service at defendant's place of business invalid because it was not defendant's dwelling or usual place of abode).

**3. Not Valid Service on an Agent Under Rule 4(e)(2)(C)**

Service on an agent requires that the agent be "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). The description "Associate / Agent Accepted Service" in the Proof of Service is legally insufficient. The mere act of accepting papers does not create agency authority—the authorization must exist *before* service is attempted.

Defendant has never authorized Mr. Pablo C., the Pace Johnson Law Firm, or any other person or entity to accept service of process on Defendant's behalf. There is no evidence in the record of any such authorization. Absent such proof, service under Rule 4(e)(2)(C) is defective. *See National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) (agent for service must be "actually authorized to receive process").

### C. Utah State Law Is Also Not Satisfied

Under Rule 4(e)(1), service may be made by following state law. Utah Rule of Civil Procedure 4(d)(1) uses nearly identical language to the federal rule, requiring either personal delivery, leaving copies at the individual's "dwelling house or usual place of abode with some person of suitable age and discretion there residing," or delivery to "an agent authorized by appointment or by law to receive service of process." Utah R. Civ. P. 4(d)(1)(A). For the same reasons discussed above, the purported service fails under Utah law as well.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Request for Entry of Default.

DATED December 12th 2025,

Respectfully submitted,

*/s/Stacy Roberts Johnson/*
STACY ROBERTS JOHNSON
*Specially Appearing Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12th 2025, I caused a true and correct copy of the foregoing to be served upon the following through CM/ECF notice of electronic filing:

Max Warren Barber, individually and as
Trustee of the MSB Trust
1028 S. 1900 E.
Salt Lake City, UT 84108

*/s/Stacy Roberts Johnson*