FILED
2025 DEC 22 PM 2:25
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON et al.,<br>Defendants. | **PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS' COORDINATED MOTIONS TO QUASH SERVICE AND MOTION FOR SANCTIONS**<br><br>**Case No. 2:25-cv-00681-HCN-DBP**<br><br>**District Judge: Hon. Howard C. Nielson, Jr.**<br><br>**Magistrate Judge: Hon. Dustin B. Pead** |

**COMES NOW** Plaintiff Max Warren Barber, appearing *pro se*[1] individually and as Sole Trustee of the MSB Trust, and hereby files this **Omnibus Opposition to Defendants' Coordinated Motions to Quash Service and Motion for Sanctions**. This Opposition is supported by the Memorandum of Points and Authorities below, the pleadings on file in this action, and the Supplemental Evidentiary Exhibits filed contemporaneously herewith.

[1] A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court should read the pleadings to state a valid claim despite "poor syntax" or "unfamiliarity with pleading requirements." *Id.*

## I. INTRODUCTION AND RELIEF REQUESTED

This Court confronts a coordinated effort by six defendants, claiming to be unrepresented, to evade service through the simultaneous filing of identical motions containing materially false statements. The evidence demonstrates that the Defendants are utilizing the **Pace Johnson Law Group** as a central hub for their litigation strategy while misrepresenting their relationship to the firm and each other.

The Defendants' bad faith is evidenced by: (1) identical filings submitted within a narrow timeframe (*See* **ECF 93**, **96**, **99**, **101**, **108**, **111**); (2) sophisticated legal arguments inconsistent with their *pro se* status; and (3) simultaneous denials of authority regarding service agents that are contradicted by the firm's own records.

**Most significant are the material contradictions Defendants have created in the record:**

1) **Reliance on Inaccurate Templates:** Defendants **Karen Salas** (**ECF 93**) and **Stephanie Strasnick Johnson** (**ECF 96**) filed motions claiming they were served at the Pace Johnson Law Firm and arguing that service was invalid. However, the Court's record confirms they were actually served at **1028 South 1900 East**. This discrepancy indicates they signed identical templates without verifying the facts of their own service.
2) **Perjury Regarding Counsel Status: Dastan D'O** swore to this Court that he has "**no legal relationship**" with Pace Johnson Law Firm (**ECF 86-1 at 4**). This is demonstrable perjury, as he filed pleadings in state court on October 10, 2025, identifying himself as "**Of-Counsel**" to that very firm (**Exhibit G**).

3) **False Denial of Relationship: Pace Johnson** swore he has "**not retained, hired, or engaged**" the Pace Johnson Law Firm (**ECF 108-1 at 4**), despite the firm bearing his name and evidence showing he actively coordinates litigation using a firm email address (pace@pacejohnson.com) (**Exhibit H**).

4) **Concealed Relationship: Taytum Jorgensen** swore she has "**no legal relationship**" with the firm (**ECF 99-1 at 4**), yet email records show her using the firm email address taytum@pacejohnson.com to conduct business (**Exhibit H**).

5) **Falsified Address: Stacy Roberts Johnson** swore she "**does not reside**" at the firm (**ECF 111-1 at 7**), yet listed the firm's address as her own in her ECF Registration (**Exhibit A**; **ECF 109**).

Plaintiff requests this Court: (1) **DENY** all Motions to Quash; (2) **ENTER DEFAULT JUDGMENT** against the moving defendants for bad-faith conduct; (3) **IMPOSE SANCTIONS** under the Court's inherent authority; and (4) **REFER** this matter for investigation regarding the unauthorized practice of law.

## II. UNDISPUTED FACTS

**A. Service Was Properly Effectuated in Two Groups** On October 21, 2025, all defendants were served via substitute service pursuant to Fed. R. Civ. P. 4(e).

**1. The "Law Firm Hub" Group** Defendants **Dastan D'O, Taytum Jorgensen, Stacy Roberts Johnson, and Pace Johnson** were served at their place of business: **Pace Johnson Law Firm, 231 E 400 S #345**.

- Service was accepted by "Mr. Pablo C." as "Associate/Agent Accepted Service" (*See* **ECF 61**, **58**, **60**).
- Documents confirm this individual is **Pablo Darelli**, the firm's Paralegal (**Exhibit D**; **Exhibit F**).

**2. The "Residential" Group** Defendants **Karen Salas, Stephanie Johnson, and Adrian Johnson** were served at the residential property at issue: **1028 S 1900 E**.

- Service was accepted by Jamis Melwood Johnson—**the husband of Defendant Karen Salas and father of Defendant Adrian Johnson and father-in-law of Stephanie Johnson**—who is a person of suitable age and discretion residing therein..(*See* **ECF 57** [Salas], **ECF 56** [Adrian], **ECF 59** [Stephanie]).

**B. The "Johnsons" Enterprise** Regardless of service location, the Defendants are not independent litigants; they are a self-identified enterprise. In a sworn Declaration, Pace Johnson defined the group: "**I, my brother, Adrian Johnson and his wife Stephanie, and my father, Jamis Johnson ('Johnsons')**..." (**Exhibit C at 3**). They operate as a single unit to acquire properties and conduct litigation.

**C. Admissions of Residency and Ownership** Defendants have admitted under oath that they are the owners and residents of the service addresses:

1) **Joint Ownership Admission:** Codefendant Pace Johnson swore under oath that the "Johnsons" enterprise—specifically defined as **"Adrian**

**Johnson and his wife Stephanie, and my father, Jamis Johnson"**—collectively **"purchased at foreclosure"** the properties at issue (**Exhibit C at 3**). This is corroborated by the recorded **Trust Deed** (**Exhibit I**) which confirms Adrian Johnson's status as a purchaser.

2) **Adrian Johnson's Residency:** Adrian swore: "**We entered the property [1836 Yale] on July 23 to begin moving in...**" (*See* **Exhibit B at 3**).

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### POINT I

### THIS COURT HAS INHERENT AUTHORITY TO SANCTION COORDINATED LITIGATION FRAUD

Federal courts possess inherent authority to sanction bad-faith conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). When parties engage in "fraud on the court" through coordinated false statements, courts must act decisively to preserve judicial integrity. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944).

The Tenth Circuit recognizes that "a fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996). Here, defendants' scheme—filing coordinated false statements about their residence and employment to evade jurisdiction—meets this standard precisely.

**POINT II**

**DEFENDANT DASTAN D'O IS JUDICIALLY ESTOPPED FROM DENYING HIS CONNECTION TO PACE JOHNSON**

Defendant Dastan D'O is judicially estopped from claiming he has "no legal connection" to Pace Johnson Law Group. Under controlling 10th Circuit precedent, judicial estoppel prevents parties from "playing fast and loose with the courts" by asserting inconsistent positions. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005).

The contradiction here is absolute:

1) **Position A (Federal Court):** In his Declaration supporting his Motion to Quash, D'O swore under penalty of perjury: "**I have no legal relationship with Pace Johnson Law Firm... I have never retained, hired, or engaged the Pace Johnson Law Firm.**" (**ECF 86-1 at ¶¶ 4-5**).
2) **Position B (State Court):** In the *Plaintiff's Opposition to Emergency Motion* filed in state court on October 10, 2025, the legal header explicitly identifies the attorney as: "**Dastan D'o... (Of-Counsel) PACE JOHNSON LAW GROUP**" (*See* **Exhibit G**). Furthermore, email records show him sending legal correspondence from dastan@pacejohnson.com on October 1, 2025 (*See* **Exhibit H**).

D'O cannot utilize the firm's banner to litigate in state court and then deny that connection to avoid service in federal court. His sworn declaration to this Court (**ECF 86-1**) is demonstrably false. He is estopped from denying the agency relationship, rendering service upon the firm valid.

**POINT III**

**STACY ROBERTS JOHNSON IS ESTOPPED BY HER OWN ECF REGISTRATION**

Stacy Roberts Johnson’s Motion to Quash is predicated on a factual assertion that is contradicted by the record.

1) **Sworn Declaration:** In her Declaration, she swears: "I do not reside at 231 E 400 S Suite 345... or any other office of the Pace Johnson Law Firm" and "I have never authorized... the Pace Johnson Law Firm... to accept service" (**ECF 111-1 at ¶¶ 5, 7**).
2) **Contradictory ECF Filing:** In her *Email Filing and Electronic Notification Form* filed November 29, 2025 (**ECF 109**), she explicitly lists her **"Mailing Address"** as: "**231 E 400 S #345, Salt Lake City, UT, 84111**" (*See* **Exhibit A**).

She designated the Pace Johnson office as her official address for receiving Court orders. She cannot simultaneously claim it is invalid for receiving Plaintiff's service. By listing this address in **ECF 109**, she has invested the staff at that location ("Mr. Pablo C.") with apparent authority to handle her legal documents.

**POINT IV**

**PACE JOHNSON IS ESTOPPED FROM DENYING HIS RELATIONSHIP TO THE FIRM**

Defendant Pace Johnson swears he has "not retained, hired, or engaged" the Pace Johnson Law Firm (ECF 108-1). This declaration is estopped by the objective reality of his operations.

- **Operations:** Pace Johnson lends his name to the firm and utilizes the email address pace@pacejohnson.com to coordinate the "Johnsons" litigation strategy **(Exhibit H).**
- **Contradiction:** He claims no connection to the firm to invalidate service accepted by the firm's paralegal.

An individual whose name is on the door and who uses the firm's email server to conduct business cannot credibly claim he has "not retained" the firm. He *is* the firm for all practical purposes regarding service, and he is estopped from denying this visible agency relationship.

**POINT V**

**ADRIAN JOHNSON'S DEFENSE IS BARRED BY THE "BROAD ABODE" STANDARD, JUDICIAL ESTOPPEL, AND EVIDENCE OF CALCULATED EVASION**

Defendant Adrian Johnson attempts to quash service at 1028 South 1900 East by claiming it is not his "dwelling or usual place of abode" (ECF 101-1). This argument fails under the controlling legal standard and reveals a calculated attempt to obfuscate his residence.

**A. Legal Standard: 1028 South is Adrian's Abode Under Rule 4** Federal Rule of Civil Procedure 4(e)(2)(B) permits service at a defendant's "dwelling or usual place of abode." While

the Tenth Circuit has not strictly defined the term, it has recognized that Rule 4 is a "flexible rule that should be liberally construed to effectuate service" when a defendant has actual notice. *S.E.C. v. Marino*, 29 F. App'x 538, 540 (10th Cir. 2002). Furthermore, courts within this Circuit look to the "broad abode" standard to prevent defendants from creating a "residential shell game" to evade service. *See National Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) (persuasive authority frequently cited for the proposition that a person can have multiple abodes for service purposes).

Under this broad standard, 1028 South is undeniably Adrian's abode for service purposes because:

1) **He is a Record Owner:** A recorded Trust Deed **(Exhibit I)** definitively identifies Adrian Johnson as a purchaser and owner of the property. He cannot claim to be a stranger to a home he legally owns.
2) **He is a State Court Litigant:** Adrian Johnson is actively appearing in the State Court action concerning 1028 South 1900 East. He cannot be an active litigant asserting rights to a property in State Court while claiming he is a "stranger" to it in Federal Court.

**B. Judicial Estoppel: He Claims Possession in State Court** Furthermore, Adrian Johnson is judicially estopped from denying residency.

1) **State Court (Claim of Ownership):** In the eviction proceeding, Pace Johnson swore under penalty of perjury that **"Adrian Johnson and his wife Stephanie... purchased at foreclosure"** the properties at issue **(Exhibit C at 3)**
2) **Federal Court:** To avoid service, he claims to be a non-resident. Having asserted possession to protect his interest in State Court, he is judicially estopped from denying it here.

**C. The "Moving Target": Calculated Evasion** Adrian Johnson has deliberately obfuscated his residence to make service impossible. He has created a "shell game" of three different addresses to frustrate the judicial process:

1) **Address 1 (Yale):** In State Court, he swore he was "moving into" the Yale property to assert possession rights **(See Exhibit B at 3).**
2) **Address 2 (Downtown Apartment):** In this Court, he registered his address as "150 S 200 E, Apt 6305" to receive electronic notices (ECF 100).
3) **Address 3 (1028 South):** He seeks to quash service at 1028 South, despite owning it **(Exhibit I).** By claiming different residences in different courts when it suits his tactical needs, Adrian has rendered his true abode a moving target.

**D. Service on Co-Owner is Valid** Given this evasion, service on his confirmed co-owner and father, Jamis Johnson **(Exhibit C),** at the property they mutually own and litigate over, constitutes valid service reasonably calculated to provide notice.

**POINT VI**

**DEFENDANTS SALAS AND STRASNICK JOHNSON RELIED ON DEMONSTRABLY FALSE REPRESENTATIONS OF THE RECORD**

The Motions to Quash filed by the "Residential Group" rely on factual assertions that are directly impeached by the Court's own docket, exposing the Defendants' reliance on unverified templates.

**A. Karen Salas Misrepresented the Record of Service** Defendant Karen Salas argues in her Motion to Quash that "Plaintiff filed a Proof of Service (Doc. 57) claiming that Defendant was served... at the Pace Johnson Law Firm" (**ECF 93 at 2**). **This statement is materially false.** The Proof of Service (**ECF 57**) clearly states:

1) **Address of Service:** "1028 S 1900 E, SLC, UT 84108"
2) **Service was accepted by Jamis Melwood Johnson, the Defendant's husband.** Salas invented a fictional service event to attack this reality. She was validly served at her residence via her spouse, a suitable co-resident of proper age and discretion.

**B. Stephanie Strasnick Johnson Repeated the Same Material Falsehood:** Defendant Stephanie Johnson repeats this exact misrepresentation. In her Motion, she claims: "Plaintiff filed a Proof of Service (Doc. 59) claiming that Defendant was served... at the Pace Johnson Law Firm" (**ECF 96 at 2**). In reality, the record reflects she was served at **1028 South 1900 East**. Stephanie Johnson merely signed a copy-pasted motion without reading it or verifying the facts of her own case. Her arguments about the law firm not being her "abode" are irrelevant because she was not served there.

**POINT VII**

**SERVICE ON TAYTUM JORGENSEN WAS VALID VIA AUTHORIZED AGENT "PABLO"**

Service on Jorgensen at Pace Johnson Law Firm satisfies Rule 4(e)(2)(C). Defendants claim "Mr. Pablo C." was not authorized to accept service and that Jorgensen has "no legal relationship" with the firm (*See* ECF 99-1 at  4).

**A.** The "No Legal Relationship" Defense is Perjury Jorgensen's sworn denial of a relationship with the firm is demonstrably false. **Exhibit H** confirms that she actively conducts business using the firm-issued email address taytum@pacejohnson.com and is included in high-level litigation strategy correspondence (e.g., "MEET AND CONFER REQUEST").

One cannot utilize a law firm's digital infrastructure and confidential communication channels while simultaneously claiming to be a stranger to that firm. She is effectively operating as an agent or employee of the firm.

**B.** Service on the Firm's Paralegal is Valid Under *Schwenke* because Jorgensen is operating from within the firm's infrastructure, service on the firm's front-desk staff is valid. Under Utah law, applied via Fed. R. Civ. P. 4(e)(1), service is proper when made upon a person sufficiently "integrated" into the organization such that it is fair to assume the defendant will receive notice. *In re Schwenke*, 2004 UT 17,  24.

The record proves Mr. Darelli is sufficiently integrated. **Exhibit F** identifies him as the firm's Paralegal and **Exhibit D** shows Pablo Darelli himself signing the Certificate of Service for

the firm's state court filings. Furthermore, by utilizing the Pace Johnson Law Group's ECF registration and professional email infrastructure to conduct this specific litigation, the Defendants have cloaked the firm's staff with **apparent authority** to receive documents. It is legally inconsistent to allow a defendant to designate an office address for Court-issued electronic service while simultaneously claiming that same office is a "stranger" for purposes of Plaintiff-issued physical service. As the designated hand for legal documents at the firm where Jorgensen conducts her business, service upon Mr. Darelli constitutes valid service upon her.

**POINT VIII**

**THE RECORD REVEALS A SYSTEMIC PATTERN OF UNAUTHORIZED PRACTICE AND INCONSISTENT REPRESENTATION**

The Motions to Quash are not merely isolated defensive filings; they demonstrate a systemic misuse of the Pace Johnson Law Firm's infrastructure to obscure the true nature of the Defendants' representation.

**A. The "Patrick Sullivan" Precedent:** This is not the first time the Pace Johnson Law Group has been implicated in allowing individuals to operate under its banner without clear oversight **(Exhibit J)**. The firm previously permitted Patrick Sullivan—an individual with a documented history of fraud convictions—to practice law without a license. This establishes a troubling pattern where the firm serves as a shield for individuals who are otherwise barred from the legal profession.

**B. The "Jamis Johnson" Involvement: Improper Use of Firm Resources**

The evidence suggests that the firm is currently facilitating similar unauthorized conduct regarding Jamis Melwood Johnson.

1) **Status of Licensure:** Jamis Johnson is not licensed to practice law and has a documented history of federal fraud convictions (2011).
2) **Operational Integration:** Despite his lack of licensure, new evidence **(Exhibit H)** confirms that Jamis Johnson actively utilizes the firm's professional infrastructure, specifically the email address jamis@pacejohnson.com.
3) **Legal Strategy:** He is included on high-level legal correspondence (e.g., Subject: "MEET AND CONFER REQUEST, Motion to Strike"), indicating he is not merely a client, but an active participant in the litigation strategy utilizing firm resources.

**POINT IX**

**ALL DEFENDANTS HAVE ACTUAL NOTICE AND WAIVED DEFECTS**

Even if technical defects existed, the Motions to Quash must be denied because all Defendants have demonstrated actual notice. "Due process requires notice reasonably calculated... to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Technical defects become irrelevant when defendants have actual notice and appear to defend. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 946 (10th Cir. 1987).

**A. Voluntary ECF Registration Proves Actual Notice** The moving Defendants have voluntarily registered for the Court's Electronic Case Filing (ECF) system, thereby

consenting to electronic service and proving they are fully apprised of the litigation. A party cannot claim they "had no actual notice" of a lawsuit while simultaneously logging into the Court's system to receive filings.

1) **Dastan D'O:** Registered on Nov 24, 2025 (**ECF 85**), contradicting his claim of no notice.
2) **Karen Salas:** Registered via **ECF 92**.
3) **Stephanie Strasnick (Johnson):** Registered via **ECF 95**.
4) **Adrian Johnson:** Registered via **ECF 100**.
5) **Stacy Roberts Johnson:** Registered via **ECF 109** (**Exhibit A**)

**B. Remedy for Defects (Espinoza Standard)** Even if this Court finds service was technically defective, dismissal is not the appropriate remedy. The Tenth Circuit has held that "Rule 4(m) broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause." *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). Given the Defendants' evasive conduct and admitted actual notice, the Court should, at most, order re-service rather than dismissal.

## POINT X

## THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO SANCTION BAD FAITH CONDUCT AND ENTER DEFAULT JUDGMENT

Federal courts possess broad inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This authority includes the power to sanction conduct that abuses the judicial

process, even if procedural rules like Rule 11 do not directly apply. *Id.* at 44-46. Because the Defendants' conduct constitutes a coordinated attempt to deceive the Court regarding their residence and legal representation, sanctions under this inherent power are necessary to preserve the integrity of these proceedings.

**A. Bad Faith Conduct Warrants Default Judgment** The Tenth Circuit has established that "a fraud on the court occurs where it can be demonstrated... that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996).

The Defendants here have engaged in exactly such a scheme by:

1) **Falsifying the Record:** Filing motions containing objectively false statements about where they were served (specifically Defendants Salas and Stephanie Johnson);
2) **Denying Verified Relationships:** Swearing to have "no legal relationship" with the Pace Johnson Law Firm despite public records and email evidence proving otherwise (Defendants Pace Johnson and D'O); and
3) **Calculated Evasion:** Obfuscating their true addresses to create a "shell game" that frustrates valid service of process.

When a party engages in coordinated deception to evade jurisdiction, lesser sanctions are insufficient. By attempting to manipulate the judicial process through false declarations, the

moving Defendants have forfeited their right to defend on the merits. Plaintiff respectfully requests that the Motions to Quash be denied and Default Judgment be entered against the moving Defendants.

**B. Disqualification is Required to Protect Judicial Integrity** The Court's inherent power also extends to controlling the conduct of those who appear before it to ensure ethical standards are maintained. The evidence demonstrates that the Pace Johnson Law Group is facilitating this pattern of inconsistent representation—specifically by permitting Dastan D'O to assert inconsistent professional relationships with the firm, and by enabling individuals such as Jamis Johnson to utilize firm resources for legal strategy without clear oversight. To prevent further abuse of the Court's process, Plaintiff requests this Court disqualify the firm from this matter and refer the record to the United States Attorney's Office for investigation into the unauthorized practice of law

## IV. CONCLUSION

Six defendants have filed identical motions relying on factual assertions that are directly contradicted by the record. Dastan D'O appeared as "Of Counsel" in state court but denied the connection here. Stacy Roberts Johnson listed the law firm as her mailing address while swearing she had no connection to it. Karen Salas and Stephanie Johnson falsified the service record to attack a service event that never happened. Adrian Johnson claimed to be a stranger to a house he bought and is litigating over. Taytum Jorgensen denied a legal relationship with the firm while using its email system. Pace Johnson denied retaining the firm that bears his name.

This pattern of coordinated contradictions constitutes a systemic abuse of the judicial process. Defendants cannot utilize the infrastructure of the Pace Johnson Law Group to litigate offensively while denying their connection to the firm to evade service. The Motions to Quash lack merit and should be denied, and default judgment entered.

**DATED** this 22nd day of December, 2025.

Respectfully Submitted,

/s/ Max W. Barber
Max W. Barber,

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the word limit of DUCivR 7-1, excluding the caption and table of contents. This document contains approximately 1,976 words.

/s/ Max W. Barber
Max W. Barber,

## CERTIFICATE OF SERVICE

hereby certify that on December 22nd, 2025, I caused a true and correct copy of the foregoing **PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS' COORDINATED MOTIONS TO QUASH SERVICE AND MOTION FOR SANCTIONS** (along with all accompanying Exhibits) to be served as follows: **VIA THE COURT'S CM/ECF SYSTEM:** Service was made electronically upon all counsel of record and the following *pro se* defendants who have registered for electronic filing and consented to email service:

| | |
|---|---|
| **Steven R. Skirvin** steve@srslawpc.com<br>*Counsel of Gravity Defendants* | **Gary R. Guelker** gguelker@rlattorneys.com<br>*Counsel of Jeremy Shorts and David Gardner* |
| **Andrew R. Welch** (andrew.welch@lewisbrisbois.com)<br>*Counsel of Jared L. Anderson* | |

### PRO SE DEFENDANT(s) CM/ECF SYSTEM / EMAIL

| | |
|---|---|
| **Adrian Isaac Johnson:**<br>adrian.isaac.johnson@gmail.com | **Dastan M. D'O:**<br>D_0001@icloud.com |
| **Karen Salas:**<br>Karensalasutah@gmail.com | **Stacy Roberts Johnson**<br>stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:**<br>stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen**<br>taytumannjorge@gmail.com |
| **Pace William Johnson**<br>pace@pacejohnson.com | |

### VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

**Jamis Melwood Johnson**
1028 South 1900 East
Salt Lake City, UT 84108

**1028 S 1900 E LLC**
c/o Registered Agent
1231 E 400 S, Suite 345
Salt Lake City, UT 84111

**CR TRUE LLC**
c/o Pace Johnson Law Group
231 E 400 S, Suite 345
Salt Lake City, UT 84111

/s/ Max W. Barber

Max W. Barber,

**TAKE NOTICE that Plaintiff submits the following evidentiary exhibits in support of his Omnibus Opposition to Defendants' Coordinated Motions to Quash Service:**

| Exhibit | Description | Relevance to Motion |
|---|---|---|
| A | **ECF Registration Form** (Stacy Roberts Johnson) *Filed Nov. 29, 2025 (ECF No. 109)* | **Impeachment:** Contradicts Stacy Roberts Johnson's sworn declaration that she does not reside at the Pace Johnson Law Firm. She voluntarily listed **"231 E 400 S #345"** as her mailing address in this official court filing. |
| B | **Declaration of Adrian Johnson** (State Court Case No. 250906343) | **Judicial Admission:** Adrian Johnson swears under oath: **"We entered the property on July 23 to begin moving in."** This refutes his claim that he is a "stranger" to the service addresses. |
| C | **Declaration of Pace Johnson** (State Court Case No. 250906343) | **Proof of Ownership:** Pace Johnson swears under oath (¶ 3) that **"Adrian Johnson and his wife Stephanie, and my father, Jamis Johnson... purchased at foreclosure"** the properties. This proves they are all owners of the service location. |
| D | **Certificate of Service** (Signed by "Pablo Darelli") | **Proof of Agency:** Shows **Pablo Darelli** signing legal documents for the Pace Johnson Law Firm, proving "Mr. Pablo C." is an authorized employee/paralegal of the firm. |
| E | **Proofs of Service** (Karen Salas & Stephanie Johnson) *ECF No. 57 & ECF No. 59* | **Proof of Perjury:** These documents prove Karen Salas and Stephanie Johnson were served at **1028 South 1900 East**, contradicting their sworn motions which falsely claim they were served at the Law Firm. |
| F | **Email Correspondence** (Pablo Darelli) | **Employment Status:** Email signature block explicitly identifies Pablo Darelli as a **"Paralegal"** at Pace Johnson Law Group, confirming his status to receive service under Rule 4. |
| G | **Plaintiff's Opposition to Emergency Motion** (State Court Case No. 250906343) | **Judicial Estoppel:** The legal header lists **"Dastan D'O"** as **"Of-Counsel"** to **PACE JOHNSON LAW GROUP**, contradicting his federal declaration that he has "no connection" to the firm. |

| | | |
|---|---|---|
| **H** | **Email Correspondence** (The "Hub" Chain) | **Proof of Enterprise:** Shows **Jamis Johnson**, **Taytum Jorgensen**, **Dastan D'O**, and **Pace Johnson** coordinating legal strategy via Pace Johnson Law Firm email addresses (@pacejohnson.com). |
| **I** | **Trust Deed** (1028 S 1900 E) | **Conclusive Proof of Ownership:** Recorded Trust Deed identifying **Adrian Johnson** as the purchaser and owner of 1028 South 1900 E, proving it is his property. |
| **J** | **Statement from Pace Johnson Law Firm Regarding Patrick Sullivan** | **Admission of Pattern:** The firm admits that Patrick Sullivan "worked with our firm" and engaged in "unauthorised practice of law" using their credentials. This establishes a pattern of the firm allowing non lawyers to utilize its infrastructure to file fraudulent documents, supporting the claim that current defendants are doing the same |