# EXHIBIT A

Declaration of Max Warren Barber in Support of Plaintiffs Memorandum in Opposition to ECF 88

MAX WARREN BARBER
*Pro Se Plaintiff*
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>**v.**<br><br>DAVID KNUDSON et al.,<br>Defendants. | **DECLARATION OF MAX WARREN BARBER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT ANDERSON'S MOTION TO DISMISS**<br><br>**Case No. 2:25-cv-00681-HCN-DBP**<br><br>**District Judge: Hon. Howard C. Nielson, Jr.**<br>**Magistrate Judge: Hon. Dustin B. Pead** |

## DECLARATION OF MAX WARREN BARBER

I, **MAX WARREN BARBER**, pursuant to **28 U.S.C. § 1746**, declare under penalty of perjury that the following is true and correct:

### I. BACKGROUND AND PERSONAL KNOWLEDGE

1. I am the Plaintiff in the above-captioned action. I am over 18 years of age and competent to testify to the matters stated herein. I make this Declaration based on my personal knowledge.
2. I am the sole Trustee of the MSB Trust dated December 12, 2017. The MSB Trust held legal title to the properties located at 1028 South 1900 East, Salt Lake City, Utah 84108 ("1028 Property") and 1836 East Yale Avenue, Salt Lake City, Utah 84108 ("Yale Property").
3. I resided at the 1028 Property as my primary family residence.

### II. THE LOAN AND FRAUDULENT LIENS

4. On or about March 22, 2022, the MSB Trust obtained a loan from Gravity Capital, LLC in the principal amount of $332,000.00.

5. Despite receiving written notice that the 1028 Property was a primary residence, Defendants recorded deeds of trust claiming $1,200,000 against each property—totaling $2,400,000 in liens for a $332,000 loan. (See ECF No. 35-3).

## III. THE STIPULATION AND CONDITIONS PRECEDENT

6. On June 11, 2025, the Bankruptcy Court approved a Stipulation (Docket No. 47, Case No. 25-21749).

7. I was present at the June 11, 2025, hearing. The parties agreed on the record that Gravity Capital would: (1) amend the recorded liens to reflect the correct principal amount; and (2) provide a detailed accounting.

8. Gravity Capital failed to perform both conditions. Salt Lake County Recorder records confirm the $1.2 million liens remained on title as of the foreclosure date. (See ECF No. 35-3).

## IV. THE MSB TRUST BANKRUPTCY AND AUTOMATIC STAY

9. On July 8, 2025, the MSB Trust filed for Chapter 11 bankruptcy (Case No. 25-23863), triggering an automatic stay under 11 U.S.C. § 362(a).

10. On July 21, 2025, a Warranty Deed was recorded (Entry No. 1435678) conveying the Properties to me as Trustee of the MSB Trust.

## V. DEFENDANT ANDERSON'S KNOWLEDGE OF THE STAY

11. On July 21, 2025, at 6:06 PM MDT, my counsel, Adam Ford, emailed Defendant Jared Anderson warning him: "These properties are covered by the automatic stay..." Anderson's own exhibit confirms receipt. (See ECF No. 88-22 at PageID.1703).

12. Anderson did not verify the stay on PACER but instead forwarded the warning to Steve Skirvin and David Knudson. (See ECF No. 88-22 at PageID.1702).

## VI. NON-RELIANCE ON COUNSEL

13. Per David Knudson's declaration (ECF No. 103-1 4), Steve Skirvin ceased serving as counsel for Gravity Capital on July 15, 2025.

14. On July 21, 2025, Skirvin (writing from a non-legal corporate email) directed Anderson to "proceed with the sale tomorrow." Anderson followed this business directive from a non-lawyer, rather than legal advice or the requirements of the automatic stay.

VII. EVIDENCE OF MISLEADING CONDUCT AND THE VOID AUCTION

15. On July 22, 2025, Anderson conducted the sale despite notice of the stay.

16. Authentication of Text Message (ECF No. 35-5): I have personal knowledge of the communications involving potential bidders. Exhibit [X] at ECF No. 35-5 is a true and correct copy of a text message sent by Defendant David Knudson to potential bidder Larry Horton.

17. In said text, Knudson affirmatively stated the sale date was "August 15th," despite the sale being scheduled for July 22nd. This statement constitutes an admission by an opposing party under Fed. R. Evid. 801(d)(2) and demonstrates that the bidding process was chilled and rigged.

## VIII. AUTHENTICATION OF OFFICIAL AUDIO (EXHIBIT H)

18. Authentication under Fed. R. Evid. 901: I have personal knowledge of the voices of Adrian Johnson and Judge Daynes, having participated in the proceedings in Case No. 250902638.

19. I declare that Exhibit H is a true and correct copy of the official audio recording of the October 14, 2025, proceedings in the aforementioned case.

20. I certify the accuracy of the following verbatim transcriptions from Exhibit H:

a. Adrian Johnson: "Let's see if David Knudsen, who does foreclosures, has anything. And I called him probably that evening." (01:06:00).

b. Judge Daynes: "Gravity Capital breached the conditions of the stipulation... Salt Lake County Recorder's records reflect no amendment to the liens." (00:37:00).

## IX. CONCLUSION

21. Defendant Anderson acted as a controlled agent, not a neutral fiduciary, and willfully violated the automatic stay. As a result, I have lost equity and my primary residence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: December 23, 2025.

Location: Salt Lake City, Utah.

/s/ Max Warren Barber

MAX WARREN BARBER

Plaintiff, Pro Se