ANDREW R. WELCH, #14028
ANDREW J. SCHUMAN, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Telephone: 801.562.5555
Facsimile: 801.562.5510
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant Jared L. Anderson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S. 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10,<br><br>Defendants. | **MOTION TO DISQUALIFY NON-ATTORNEY MAX WARREN BARBER FROM REPRESENTING PLAINTIFF MSB TRUST AND TO STRIKE ALL PLEADINGS ASSERTING RIGHTS ON BEHALF OF THE MSB TRUST FILED BY A NON ATTORNEY**<br><br>Case No. 2:25-cv-00681-HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Defendant Jared L. Anderson ("Anderson"), by and through his counsel of record, Andrew R. Welch and Andrew J. Schuman of the law firm Lewis Brisbois Bisgaard & Smith LLP, hereby submits this Motion to Disqualify Non-Attorney Max Warren Barber from Representing the Plaintiff MSB Trust and to Strike All Pleadings asserting Rights on Behalf of the MSB Trust Filed by a Non Attorney (the "Motion").

RELIEF REQUESTED AND GROUNDS

Anderson respectfully requests an order from the Court that (1) prohibits Non-Attorney Max Warren Barber from the unlawful practice of law; (2) disqualifies Non-Attorney Max Warren Barber from representing the MSB Trust, a separate, distinct, and legal entity; and (3) strikes all pleadings and documents filed in the instant action by Max Warren Barber, a non-attorney, as having no effect.

The First Amended Complaint for Injunctive and Other Relief (the "FAC") is premised on the allegation that certain Properties (defined herein) owned by the MSB Trust were wrongfully foreclosed upon. The FAC relies upon, among other things, a bankruptcy filed by the MSB Trust to claim that the foreclosures were conducted in violation of an automatic stay. The FAC seeks, among other things, a "Decree Quieting Title to the Properties in the name of the MSB Trust."

Non-Attorney Max Warren Barber conflates his individual legal status with that of the separate and distinct legal status of the MSB Trust. The Court should grant this Motion pursuant to 28 U.S.C.A. § 1654 (West), DUCivR 83-1.3(c)(2), and additional applicable federal law discussed in more detail herein because Plaintiff's claims are based on allegations that can only be brought by an attorney on behalf of the MSB Trust.

STATEMENT OF RELEVANT FACTS

1. Plaintiff Max Warren Barber, individually and as Trustee of the MSB Trust filed the instant action in this Court on August 15, 2025. Dkt. No. 1.

2. Plaintiff filed the FAC on September 17, 2025. *Id.* at 17.

3. Plaintiff alleges, in part, that "*the MSB Trust,* [] *holds legal title* to the Properties." *Id*. at 17, ¶ 16 (emphasis added).

4. Plaintiff alleges, in part, that the defendants sought to "unlawfully divest Plaintiff of more than $3.1 million in equity from his two residential properties located at 1028 South 1900 East and 1836 East Yale Avenue, Salt Lake City, Utah (the "Properties"). *Id.* at 17, ¶ 2.

5. The FAC refers to "Plaintiff's first bankruptcy proceeding." *Id.* at 17, ¶¶ 6 & 44.

6. Plaintiff's so-called "first bankruptcy proceeding" was filed on or about April 2, 2025, in the United States Bankruptcy Court, District of Utah, under bankruptcy petition # 25-21749, before the Honorable Judge Kevin R. Anderson.[1]

7. The FAC refers to "a second bankruptcy petition" filed by the MSB Trust (Case No. 25-23863) on July 8, 2025, which invoked a new automatic stay." *Id.* at 17, ¶ 7.

8. The FAC's Prayer for Relief seeks, among other things, "For a Decree Quieting Title to the Properties in the name of the MSB Trust." *Id.* at Prayer, ¶ B.

[1] Anderson respectfully requests the Court to take judicial notice of the adjudicative facts of bankruptcy petitions #25-21749 and #25-23863. These bankruptcy petitions are within the Court's territorial jurisdiction. Fed. R. Evid. 201(b)(1); 28 U.S.C.A. § 1334 (West). Alternatively, the Court could take judicial notice of the bankruptcy petition because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(2).

9. Plaintiff's first bankruptcy proceeding was dismissed by order dated June 11, 2025. (*In re: Max Warren Barber*, 2:25-BK-21749, 57, Bankr. D. Utah)

10. A foreclosure sale of the Properties occurred on July 22, 2025. Dkt. No. 75, ¶ 7.

11. Plaintiff alleges, in part, that a "foreclosure sale [was] conducted in knowing and willful violation of the automatic stay under 11 U.S.C. § 362(a), rendering the sale void *ab initio*." *Id.* at 17, ¶ 3.

12. On November 25, 2025, Anderson filed a Motion to Dismiss, or Alternatively, for Summary Judgment (the "Motion to Dismiss"). *Id.* at 88.

13. The Motion to Dismiss argues, in part, that the Properties were never part of the bankruptcy estate. *Id*., 1.

14. The Motion to Dismiss argues, in part, that the foreclosure and Trustee's Deeds were authorized by a recorded *in rem* stay relief order and binding stipulations. *Id.*

15. On December 24, 2025, Plaintiff filed Plaintiff's Memorandum in Opposition to Defendant Jared L. Anderson's Motion to Dismiss, or Alternatively, for Summary Judgment ("Plaintiff's Opposition to the Motion to Dismiss"). *Id.* at 116.

16. Plaintiff's Opposition to the Motion to Dismiss argues, in relevant part, that "Anderson's reliance on the in rem order fails because (1) that order applied to a different bankruptcy case (Max Barber individually, Case No. 25-21749), not the MSB Trust's Chapter 11 (Case No. 25-23863)." *Id.* at 116, 3.

17. Plaintiff's Opposition to the Motion to Dismiss argues, in relevant part, "The MSB Trust's July 8, 2025 filing (Case No. 25-23863) was an independent action by a **separate legal entity**." *Id.* at 116, Response to Fact 12. (Emphasis in original)

18. Plaintiff's Opposition to the Motion to Dismiss argues, in relevant part, "The Trust is a **separate legal entity** that filed its own independent petition." *Id.* at 116, Response to Fact 34. (Emphasis in original)

19. Plaintiff's Opposition to the Motion to Dismiss argues, in relevant part, "The Trust is a **separate legal entity** with its own automatic stay rights." *Id.* at 116, Response to Fact 41. (Emphasis in original)

20. Plaintiff's Opposition to the Motion to Dismiss argues, in relevant part, "Adam Ford wrote Anderson: 'These properties are covered by the automatic stay in the case [MSB Trust, Case No. 25-23863].'" *Id.* at 116, 25.

21. Plaintiff's Opposition to the Motion to Dismiss argues, in relevant part, "The In Rem Order was: 1. Entered in **Case No. 25-21749** (Max Barber individually)—not Case No. 25-23863 (MSB Trust)." *Id.* at 116, 26.

22. On July 29, 2025, the MSB Trust filed a Domestic Business Trust - Certificate of Registration ("Certificate of Registration") with the State of Utah identifying itself as a domestic business trust and provided the following Purpose Statement: "Business Investment, Commercial Real Estate Investment and Management for Profit." Attached hereto as Exhibit A. Submitted to the Court pursuant to Fed. R. Evid. 902(1)(A).

**ARGUMENT**

Plaintiff adamantly and in bold typeface reminds the Court that the MSB Trust is a separate legal entity. Because the MSB Trust is a separate legal entity, Plaintiff, a non-lawyer, is not authorized to represent MSB Trust's interests in this Court.

A. Plaintiff's Unlawful Practice of Law

Federal law allows a party to "plead and conduct their *own cases personally* or by counsel." 28 U.S.C. § 1654 (emphasis added). "Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel. *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (not selected for publication) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (noting the longstanding rule that corporations must be represented by licensed counsel and holding that this rule "applies equally to all artificial entities"); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (noting that corporations and business entities cannot be represented in court "through a non-attorney corporate officer appearing pro se"). The local rules of this Court provide, "A corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1." DUCivR 83-1.3

In *Lain*, certain property, held in trust, was sold at a foreclosure. *Lain*, 773 F. App'x at 476 (attached hereto as Exhibit B). A *pro se* non-attorney trustee sought to represent the trust *pro se* as its trustee and dismiss claims against the trust. *Id.* at 477. The district court denied the non-attorney trustee's motions, concluding that a non-attorney cannot represent a trust *pro se* in federal court. *Id.* Affirming the district court, the Tenth Circuit Court of Appeals held the following:

> Trusts are artificial entities that exist independently of their trustee or trustees. So if the trustee is not a licensed attorney, he or she cannot represent the trust.
>
> Mr. Carpa is not a licensed attorney. He can certainly appear pro se on his own behalf. But he is not purporting to advocate on behalf of his own interest; he is instead purporting to represent the interests of a separate entity (the trust itself). He cannot represent the trust's interests because he lacks the authority to practice law, and appealing on behalf of a separate entity involves the practice of law.

*Id.* (internal citations omitted).

Plaintiff's pleadings do not present a license to practice law. As an officer of this Court, the undersigned counsel represents that he searched but was unable to locate Max Warren Barber in the attorney director for the District of Utah but was unable to locate any licensed attorney by that name. Notwithstanding not being a licensed attorney, Plaintiff's claims are based entirely on the allegations that the MSB Trust held title to the Properties; that the MSB Trust is a separate legal entity with its own automatic stay rights; and that defendants disregarding MSB Trust's automatic stay rights by foreclosing on the MSB Trust's Property. It is apparently lost on Plaintiff that only the MSB Trust can challenge any alleged violation of the automatic stay afforded debtors under the United States Bankruptcy Code.

Because Plaintiff is not a licensed attorney authorized to practice law in this Court, Plaintiff should be prohibited from filing any pleadings or other documents asserting the rights of another.

B. <u>All Pleadings filed by Max Warren Barber Should be Stricken</u>

Pleadings and papers filed by non-attorney's that seek to enforce rights of separate legal entities are stricken as a matter of law. *Klein v. Scogin*, No. 2:12-CV-00121, 2012 WL 5503540, at *1 (D. Utah Oct. 10, 2012), *report and recommendation approved*, No. 2:12-CV-121 CW-DBP, 2012 WL 5498013 (D. Utah Nov. 13, 2012) (not reported); *United States v. Cram*, No. 2:97-CV-502 K, 1998 WL 919871, at *1 (D. Utah Dec. 3, 1998) (not reported).

In *United States v. Cram*, natural person defendants owed federal income tax that the government reduced to a judgment upon which they sought to foreclose the defendants' interest in certain real property that was held in a trust. *Cram*, 1998 WL 919871, at *3-4. Attached hereto as Exhibit C. The non-lawyer trustee, *pro se*, filed an answer that the government moved to dismiss on the grounds that the trustee was not an attorney and had no standing or authority to represent the trust pro se. *Id.* at 5. After a review of other cases discussing a trustee's authority to appear pro se, this Court struck the trustee's answer on the grounds that allowing the trustee to appear pro se on behalf of the trust "not only violates 28 U.S.C. § 1654, but it would also result in the unlicensed practice of law." *Id.* at 7; *see also*

Plaintiff, a non-lawyer, has filed a complaint and other papers alleging the wrongful foreclosure of Property to which he was not in title. He further argues that the automatic stay stemming from a trust's bankruptcy—whose purpose is business investment, commercial real estate investment and management for profit—was violated as a result of the sale of the trust's property. The cases of *Klien* and *Cram*, are instructive here and the Court should similarly strike the pleadings and papers filed by Plaintiff in their entirety because they have been filed in violation of 28 U.S.C. § 1654, DUCivR 83-1.3(c)(2), and result in the unlicensed practice of law.

## CONCLUSION

Max Warren Barber, a non-attorney, has filed claims in this Court in violation of well-established federal law. Thus, Anderson respectfully requests that the Court grant this Motion.

DATED: January 5, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew R. Welch*
ANDREW R. WELCH
ANDREW J. SCHUMAN
*Attorneys for Defendant Jared L. Anderson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2026, I caused a true and correct copy of the foregoing **MOTION TO DISQUALIFY NON-ATTORNEY MAX WARREN BARBER FROM REPRESENTING PLAINTIFF MSB TRUST AND TO STRIKE ALL PLEADINGS ASSERTING RIGHTS ON BEHALF OF THE MSB TRUST FILED BY A NON ATTORNEY** to be electronically filed through the Court's CM/ECF system which will send notification of such filing to the following:

Max Warren Barber
1028 South 1900 East
Salt Lake City, Utah 84108
Tel. No.: 801.518.1821
23blackbee@gmail.com
*Pro Se Plaintiff*

Steven R. Skirvin
Skirvin Law PLLC
3450 North Triumph Boulevard
Suite 102
Lehi, Utah 84043
steve@srslawpc.com
*Attorney for Defendant David Knudson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Tel. No.: 801.960.3655
gguelker@rlattorneys.com
*Attorney for Defendants*
*Jeremy Shorts and David Gardner*

*/s/ Cynthia Worne*