# EXHIBIT B

# UNITED STATES v LAIN

773 Fed.Appx. 476 (Mem)
This case was not selected for publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S.Ct. of App. 10th Cir. Rule 32.1.
United States Court of Appeals, Tenth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Robert F. LAIN; Amelia Lain;
September Liberty Trust, Defendants.
Douglas J. Carpa, Trustee, Movant-Appellant.

No. 19-8012
|
FILED July 10, 2019

(D.C. No. 2:17-CV-00113-ABJ) (D. Wyoming)

**Attorneys and Law Firms**

Teresa E. McLaughlin, Sherra Tinyi Wong, U.S. Department of Justice, Tax Division, Appellate Section, Washington, DC, for Plaintiff - Appellee

Douglas J. Carpa, Pro Se

Before MATHESON, MCKAY, and BACHARACH, Circuit Judges.

**ORDER AND JUDGMENT** [*]

Robert E. Bacharach, Circuit Judge

This appeal arises from an action to enforce federal tax liens and sell real property. The defendant, September Liberty Trust, purportedly holds this property in trust. The movant-appellant, Mr. Douglas Carpa, moved to intervene as a matter of ***477** right under Fed. R. Civ. P. 24(a), seeking to represent September Liberty Trust pro se as its trustee. [1] Mr. Carpa also moved to dismiss the claims against September Liberty Trust. The district court denied Mr. Carpa's motions, concluding that a non-attorney cannot represent a trust pro se in federal court.

Mr. Carpa appeals, arguing that denying him the right to intervene pro se violates his right to due process. The government requested leave to file a motion to dismiss the appeal out of time. We grant leave and sustain the motion to dismiss.

**I. Leave to File a Motion to Dismiss an Appeal Out of Time**

Absent good cause, a motion to dismiss an appeal is due fourteen days from the notice of appeal. 10th Cir. R. 27.3(A)(3)(a). The government missed this deadline by thirteen days, but we exercise our discretion and find good cause to file the motion out of time. Good cause stems from the fact (discussed below) that third parties could be adversely affected by an order allowing Mr. Carpa to represent the trust. *See Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (unpublished) (per curiam) ("The rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005))). In light of our finding of good cause, we grant leave to file the motion to dismiss out of time.

**II. Dismissal of the Appeal**

We also grant the motion to dismiss.

Federal law authorizes parties to "plead and conduct *their own cases* personally or by counsel." 28 U.S.C. § 1654 (emphasis added). Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (noting the longstanding rule that corporations must be represented by licensed counsel and holding that this rule "applies equally to all artificial entities"); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (noting that corporations and business entities cannot be represented in court "through a non-attorney corporate officer appearing pro se").

Trusts are artificial entities that exist independently of their trustee or trustees. *Conagra Foods v. Americold Logistics*, 776 F.3d 1175, 1176 (10th Cir. 2015), *aff'd sub nom.*, —— U.S. ——, 136 S. Ct. 1012, 194 L.Ed.2d 71 (2016). So if the trustee is not a licensed attorney, he or she cannot represent the trust. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.").

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

Mr. Carpa is not a licensed attorney. He can certainly appear pro se on his own behalf. But he is not purporting to advocate on behalf of his own interest; he is instead purporting to represent the interests of a separate entity (the trust itself). He cannot represent the trust's interests because he lacks the authority to practice law, and appealing on behalf of a separate entity involves the practice of law.

***478** Rather than seek counsel, Mr. Carpa argues that he has a right to prosecute the appeal for the trust based on

• various international treaties and agreements,

• the Citizens Protection Act (28 U.S.C. § 530B), and

• Executive Order 13107.

Mr. Carpa primarily focuses on treaty provisions guaranteeing equal protection to those suffering discrimination, arguing that international authorities supersede federal statutes and procedural rules. Mr. Carpa's cited authorities are inapplicable and do not undermine the basic principle limiting the practice of law to licensed attorneys.

Mr. Carpa also argues that we are preventing him from fulfilling his legal duty to defend the trust. But fiduciary duties do not entitle a trustee to practice law. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) ("[A trustee] may not claim that his status as trustee includes the right to present arguments pro se in federal court."). If Mr. Carpa believes that he must represent the trust in court, he must engage a licensed attorney to undertake the representation.

* * *

Mr. Carpa can act pro se in representing himself. But he is not a licensed attorney, so he cannot prosecute the appeal for another party. The trust is a separate party, so Mr. Carpa needs a licensed attorney to represent the trust in the appeal. Given the absence of a licensed attorney, we grant the government's motion to dismiss this appeal.

**All Citations**

773 Fed.Appx. 476 (Mem), 124 A.F.T.R.2d 2019-5096

## Footnotes

* Oral argument would not materially help us to decide this appeal, so we have decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1 Like the district court, we assume the truth of Mr. Carpa's allegation that he is a trustee of September Liberty Trust. *See* R. at 62.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.