# EXHIBIT C

# KLEIN v SCOGIN

2012 WL 5503540
Only the Westlaw citation is currently available.
United States District Court, D. Utah, Northern Division.

R. Wayne KLEIN, the Court Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway, Plaintiff,
v.
Lewis S. SCOGIN, and Covenant Family Trust, Defendants.

No. 2:12–cv–00121.
|
Oct. 10, 2012.

**Attorneys and Law Firms**

David C. Castleberry, Aaron C. Garrett, Manning Curtis Bradshaw & Bednar LLC, Salt Lake City, UT, for Plaintiff.

Lewis S. Scogin, Huntsville, AL, pro se.

**REPORT & RECOMMENDATION**

DUSTIN PEAD, United States Magistrate Judge.

***1** On May 30, 2012, Defendant Lewis Scogin (Scogin) filed a pro se Motion To Dismiss on his behalf and on behalf of Defendant Covenant Family Trust (the Family Trust).[1] Defendants seek dismissal of Court Appointed Receiver Wayne Klein's (Receiver) claims for relief.[2] The Receiver's response to the Defendants' Motion To Dismiss is two-fold. First, the Receiver filed a Motion To Strike the request for dismissal as to the Family Trust.[3] Second, the Receiver filed an opposition to the Motion To Dismiss.[4]

As an initial matter, local rule DUCivR 83–1.3 states that "[n]o corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this Court."[5] Thus, as a business entity, the Family Trust may only act through a licensed attorney.[6] The Family Trust's Motion To Dismiss, was filed by Scogin, an individual who is not admitted to practice law before this court and who has not entered an appearance as a licensed attorney.[7] Accordingly, because the Family Trust is a business entity, Scogin may not file pleadings on its behalf and the Motion To Strike the Family Trust's Motion To Dismiss should be granted. The Family Trust is required to obtain legal representation and may not appear pro se.[8]

Scogin's Motion To Dismiss[9] seeks dismissal of the Receiver's first cause of action for "Avoidance and Recovery of Fraudulent Transfers" and second cause of action for "Constructive Trust and Other Provisional Remedies."[10] Scogin claims that the Receiver fails to state viable claims because the transfer of funds was a "legitimate investment" and the defendants are "innocent victims" who "have not been unjustly enriched."[11]

When evaluating the propriety of a dismissal for failure to state a claim, "all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party."[12] Dismissal is only appropriate when viewing the facts as true, plaintiff does not pose any "plausible" right to relief.[13]

To state a claim for fraudulent transfer, a party must allege that a transfer was made with an "actual intent to hinder, delay or defraud any creditor of the debtor."[14] Further, under Utah's Fraudulent Transfer Act (UFTA), a "debtor's actual intent to hinder, delay, or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme."[15] Here, the Receiver explains the nature of the U.S. Ventures and Winsome Ponzi schemes,[16] gives details of payments made for the benefit of Scogin[17] and alleges that the payments were made with an actual intent to hinder, delay or defraud investors.[18] Accordingly, the complaint states a plausible claim for fraudulent transfer against Scogin.

To state a claim for constructive fraudulent transfer, a plaintiff must allege that a transfer was made "without receiving a reasonably equivalent value in exchange for the transfer or obligation," and that the transferor "was insolvent at the time or became insolvent as a result of the transfer or obligation."[19] The Receiver alleges that the transfers were made for the benefit of Scogin[20] and that U.S. Ventures and Winsome did not receive reasonably equivalent value in exchange for the payments made.[21] Additionally, the Receiver claims that U.S. Ventures and Winsome were insolvent at the time they made the payments.[22] Accordingly,

the Receiver states a plausible claim for constructive fraudulent transfer.

***2** Finally, the Receiver states a proper claim for constructive trust even though Scogin disputes the amounts received. A constructive trust is an equitable remedy available to the court when there is a "(1) wrongful act, (2) unjust enrichment, and (3) specific property that can be traced to the wrongful behavior."[23] Here, the Receiver alleges wrongful acts by Winsome and U.S. Ventures by defrauding investors for the unjust enrichment of defendants.[24] Furthermore, the Receiver traces the specific property at issue in the form of wrongful payments to Scogin.[25]

For the reasons stated herein, the court concludes that the complaint is well plead and states plausible claims against defendant for actual and constructive transfers and constructive trust. Accordingly it is hereby recommended:

The Receiver's Motion To Strike as to Defendant Covenant Family Trust be GRANTED.

Defendant Lewis Scogin's Motion To Dismiss be DENIED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[26] Failure to object may constitute a waiver of objections upon subsequent review.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 5503540

## Footnotes

1 Docket Number 7.

2 *Id.*

3 Docket Number 9.

4 Docket Number 10.

5 *See* DUCivR83–1.3(c).

6 *See Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir.2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Alpha Land Company v. Little,* 238 F.R.D. 497 (E.D.Cal.2006) ("[A] trust can only be represented by an attorney in federal court.").

7 *See* DUCivR 83–1.3(a).

8 *See* DUCivR 83–1.3(c).

9 Because the Court has stricken the Motion To Dismiss as to the Family Trust, it shall only refer to Scogin in its analysis of the Motion To Dismiss.

10 Docket Number 2.

11 Docket Number 7. "Defendants' Motion To Dismiss For Failure To State A Claim" pgs. 2–3.

12 *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F .3d 1381, 1384 (10th Cir.1997); *Ridge at Red Hawk L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007).

13 *See* *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma,* 519 F.3d 1242, 1247–48 (10th Cir.2008).

14 *See* Utah Code Ann. § 25–6–5(1)(a).

15 *SEC v. Madison Real Estate Group, LLC,* 647 F.Supp.2d 1271, 1279 (D.Utah 2009) (quotation omitted).

16 *See* Complaint ¶¶ 13–48.

17 *See* Complaint ¶¶ 49–52.

18 *See* Complaint ¶ 56.

19 Utah Code Ann. § 25–6–6.

20 *See* Complaint ¶¶ 49–52.

21 *See* Complaint ¶ 56.

22 *Id.*

23 *Wilcox v. Anchor Wate, Co.,* 2007 UT 39, ¶ 34, 164 P.3d 353.

24 *See* Complaint ¶¶ 60–61.

25 *See* Complaint ¶¶ 6, 49–51.

26 *See* Fed.R.Civ.P. 72(b)(2).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.