ANDREW R. WELCH, #14028
ANDREW J. SCHUMAN, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Telephone: 801.562.5555
Facsimile: 801.562.5510
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant Jared L. Anderson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S. 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10, | **DEFENDANT JARED ANDERSON'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:25-cv-00681-HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| Defendants. | |

Pursuant to Fed. R. Civ. P. 7, 8, 12, and 56, as well as DUCivR 7-1 and 56-1, Defendant Jared L. Anderson ("Defendant"), by and through his counsel of record, Andrew R. Welch and Andrew J. Schuman of the law firm Lewis Brisbois Bisgaard & Smith LLP, hereby submits this reply in support of his Motion to Dismiss, or Alternatively, for Summary Judgment (the "Motion").

**CONCISE STATEMENT OF NEW ISSUES RAISED IN OPPOSITION**

Plaintiff Max Barber's ("Plaintiff") Opposition to Defendant's Motion ("Opposition") should be wholly disregarded for the reasons set forth in Anderson's Motion to Disqualify Non-Attorney Max Warren Barber from Representing Plaintiff MSB Trust and to Strike All Pleadings Asserting Rights on Behalf of the MSB Trust Filed by a Non Attorney (filed January 5, 2026 at Docket No. 122).

Should the Court consider the Opposition, the Court will notice that it fails to address the Motion and primarily contains red herrings based on misinterpretation of the law.[1] The first such red herring is Plaintiff's incorrect claim that Anderson was required to be a "neutral fiduciary." Next, Plaintiff argues that this Court has jurisdiction to adjudicate Counts II and III alleging Defendant violated an automatic bankruptcy stay. Third, Plaintiff incorrectly argues that the "Stipulation Re: Motion for In Rem Relief from the Automatic Stay and the Co-Debtor Stay (Docket No. 47)" (hereafter, the "Stipulation") between the parties was conditioned on Gravity

[1] While pro se pleadings are construed liberally, "pro se parties must follow the same rules of procedure as other litigants and we will not supply additional factual allegations or construct legal theories on their behalf." *McDonald v. Nationwide Title Clearing, Inc.*, 661 F. App'x 518, 520 (10th Cir. 2016) (internal citations omitted).

Capital providing an accounting to Plaintiff and amending the liens. Plaintiff argues that Defendant did not comply with the condition precedent and therefore breached the Stipulation.

Finally, Plaintiff does not provide any reason why Counts IV, V, X, XI, XII, and XVII should not fail on independent grounds. Thus, Plaintiff has waived any argument that these Counts should not be dismiss. *Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived.") (quoting *In re W. Pac. Airlines, Inc.*, 273 F.3d 1288, 1293 (10th Cir. 2001)).

## ARGUMENT

### I. Whether a trustee of a trust deed must be a neutral fiduciary is inapposite to the Motion. Further Plaintiff misunderstands the law regarding a trustee's obligations to a trustor.

Plaintiff's first argument that Anderson, as the trustee of a trust deed, was to be a "neutral fiduciary" does not address the reasons presented in the Motion for why the First Amended Complaint should be dismissed and should be disregarded. Opp., 1.

Plaintiff's argument is nonetheless incorrect as Utah law does not create any such duty. Utah Code Ann. §§ 57-1-21 (setting forth the qualifications of a trustee), 57-1-21.5 (setting forth duties and prohibited conduct of a trustee), and 57-1-25 (duty to "not defraud, or conspire or scheme to defraud, the trustor"); *see Obduskey v. Wells Fargo*, 879 F.3d 1216, 1223 (10th Cir. 2018), *aff'd sub nom. Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019) (mortgage foreclosure is "an essential state interest."). Utah state courts have made it clear that a "trustee's primary obligation is to assure the payment of the debt secured by the trust deed." *Russell v. Lundberg*, 2005 UT App 315, ¶ 19, 120 P.3d 541, 545. "Foreclosure is therefore a circumstance in which the duties and interests of the trustee align with the interests of

the beneficiary and not with the trustor property owner." *Hansen v. Bank of New York Mellon*, 2013 UT App 132, ¶ 9, 303 P.3d 1025, 1028.

Thus, any argument by Plaintiff that Anderson was to be a neutral fiduciary is not only inapposite to the arguments raised in the Motion but is an incorrect statement of the law.

## II. <u>Plaintiff's 11 U.S.C. § 362(k) claims should be dismissed for lack of subject matter jurisdiction.</u>

Plaintiff's argument regarding subject matter jurisdiction misunderstands the definition of "core proceeding" as it pertains to bankruptcy. Generally, "[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009) (quoting *Gardner v. United States* (*In re Gardner*), 913 F.2d 1515, 1518 (10th Cir.1990)). A 11 U.S.C. Section 362(k)(1) proceeding is a core proceeding because it "derive[s] directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir.2006); see also *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir.1991); *In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009). Although § 362(k) claims are title 11 claims, they arise directly from the Bankruptcy Code, which means they may only be brought in bankruptcy cases. *See id*.

The Tenth Circuit has held that a court must dismiss an action once it is clear that subject matter jurisdiction is lacking. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Id*.

Plaintiff argues that all federal courts have original jurisdiction over any Title 11 claim. This assertion is in direct conflict with Tenth Circuit precedent. Plaintiff cites *Stern v. Marshall*

in support of his argument that federal district courts and bankruptcy courts have concurrent jurisdiction over all Title 11 claims. 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). However, *Stern* is distinguishable from the present case because it contains no discussion of Section 362(k) claims. *See id*. Additionally, *Stern* did not hold that all federal courts have jurisdiction over core proceedings; instead, the Court recognized that some Title 11 claims are core proceedings and may only be brought in bankruptcy court. *See id*.

Here, Plaintiff alleges that Defendant violated an automatic bankruptcy stay. This is a textbook example of a core proceeding that can only be brought in a bankruptcy case. As Plaintiff can point to no authority suggesting otherwise, this Court lacks subject matter jurisdiction to adjudicate Counts II and III of Plaintiff's First Amended Complaint. Both claims assert that Defendant violated an automatic bankruptcy stay under Section 362(k).[2] Therefore, on the basis that this Court lacks subject matter jurisdiction, Counts II and III alleging Defendant violated an automatic bankruptcy stay should be dismissed with prejudice.

## III. <u>Plaintiff's 362(k) claims are barred by issue preclusion.</u>

Even if this Court has jurisdiction over Plaintiff's Section 362(k) claims for violation of an automatic bankruptcy stay, Plaintiff is barred by issue preclusion from raising those claims here. In the action commenced in the Third Judicial Court, styled *1028 S 1900 E LLC v. Max Barber et al.*, Civil No. 250906343, before the Honorable Richard Daynes (the "Eviction Suit"), Plaintiff raised the exact same arguments he is now raising in his Opposition. Namely, Plaintiff argued that

[2] Plaintiff is not permitted by law to make an argument on behalf of a separate and distinct entity or that he is entitled to recover based on an alleged violation of that entity's bankruptcy rights. *See* Anderson's Motion to Strike and Memorandum in Support filed at Docket 122.

Defendant violated an automatic stay and the foreclosure sale was void *ab initio*. *See* Ex. A.4, p. 14 of 20 of Defendant's Motion to Dismiss. The court held that Defendant did not violate the automatic stay. *See id*. Notably, the court concludes that Plaintiff acted in bad faith by attempting to trigger a second automatic stay via the July 21, 2025, deed of the property to MSB Trust. *See* Ex. A.4, p. 15 of 20 of Defendant's Motion to Dismiss. Additionally, the court took note of harsh condemnation of Plaintiff by Judge Kevin Anderson:

> Over the past two years, Barber has filed three bankruptcy cases… The apparent intent of these cases has been to use the Bankruptcy Code to forestall adverse, non-bankruptcy proceedings… Barber's use of the Bankruptcy Code does not appear to be for reorganizing his finances and repaying his debts but to stymie and subject creditors to a multitude of unmerited delays.

*See* Ex. A.4, p. 11 of 20 of Defendant's Motion to Dismiss.

In the present case, Plaintiff raises no novel argument in regards to the automatic stay that Defendant allegedly violated. Plaintiff asserts in his Opposition that the Eviction Suit did not include an adjudication of Plaintiff's Section 362(k) claims. However, the court's Findings of Fact and Conclusion of Law as to the Order Denying Defendant's Emergency Motions ("FOF & COL") do not support Plaintiff's assertion. Instead, the FOF & COL explicitly reject Plaintiff's arguments regarding the willful violation of an automatic bankruptcy stay by Defendant. *See* Ex. A.4, p. 14 of 20 of Defendant's Motion to Dismiss. Because Plaintiff's 362(k) claims are identical to his claims in the Eviction Suit, were fully and fairly litigated, and received a judgment on the merits, Plaintiff's 362(k) claims are barred by issue preclusion in the present suit. Therefore, this Court should dismiss Counts II and III of Plaintiff's First Amended Complaint.

## IV. **The Stipulation does not include any language to suggest it was conditional.**

Plaintiff's argument that the Stipulation was conditional fails based on the plain text of the

Stipulation. The Stipulation speaks for itself; and there is no provision that creates a condition precedent within the Stipulation. Plaintiff's argument is based on a proposed order, which was not entered by the court in the April 2025 Chapter 13 bankruptcy action, which provided that "[t]he recorded lien shall be amended to reflect the correct principal and/or balance owed." *See* Ex. J of Defendant's Motion to Dismiss. This language within the proposed order is irrelevant because the Stipulation entered by Judge Kevin Anderson in the April 2025 Chapter 13 bankruptcy action contains no such language. Plaintiff asserts that Judge Daynes in the Eviction Suit mentioned that the Stipulation was conditional. However, no such finding was recorded in the FOF & COL of the Eviction Suit. In the present case, the Stipulation speaks for itself, and the language within the proposed order is not binding on the parties. Additionally, Plaintiff does not contend that the parties maintained any other agreements outside of the Stipulation. Therefore, Count I of Plaintiff's First Amended Complaint should be dismissed.

**V. <u>Plaintiff's Opposition offers no basis in which Counts IV, V, X, XI, XII, and XVII should survive dismissal.</u>**

Defendant argues in the Motion that Counts IV, V, X, XI, XII, and XVII are collectively plead and fail on independent grounds as a matter of law. Plaintiff does not address Defendant's arguments regarding these claims in his Opposition. Plaintiff bears the burden of proving each individual claim; and Plaintiff's Opposition provides no basis for this Court to rule against the arguments raised in the Motion. Plaintiff's Opposition contains no new facts in support of Counts IV, V, X, XI, XII, or XVII. The Opposition contains hardly any mention of these claims or Defendant's arguments in favor of dismissal. Therefore, based on the arguments raised in Defendant's Motion and Plaintiff's lack of objection, Counts IV, V, X, XI, XII, and XVII should be dismissed with prejudice. *Burke*, 935 F.3d at 1014; *In re W. Pac. Airlines, Inc.*, 273 F.3d at

1293.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, and dismiss Plaintiff's First Amended Complaint and award Defendant his reasonable attorney fees and costs incurred herein.

DATED: January 7, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew R. Welch*
ANDREW R. WELCH
ANDREW J. SCHUMAN
*Attorneys for Defendant Jared L. Anderson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this January 7, 2026, I caused a true and correct copy of the foregoing **DEFENDANT JARED ANDERSON'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT** to be electronically filed through the Court's CM/ECF system which will send notification of such filing to the following:

Max Warren Barber
1028 South 1900 East
Salt Lake City, Utah 84108
Tel. No.: 801.518.1821
23blackbee@gmail.com
*Pro Se Plaintiff*

Steven R. Skirvin
Skirvin Law PLLC
3450 North Triumph Boulevard
Suite 102
Lehi, Utah 84043
steve@srslawpc.com
*Attorney for Defendant David Knudson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Tel. No.: 801.960.3655
gguelker@rlattorneys.com
*Attorney for Defendants*
*Jeremy Shorts and David Gardner*

*/s/ Andrew R. Welch*