# THE UNITED STATE DISTRICT COURT

# STATE OF UTAH

| | |
|---|---|
| MAX WARREN BARBER,<br><br>                           Plaintiff,<br><br>vs.<br><br>DAVID KNUDSON, et. al.,<br><br>                          Defendants. | **RULING & ORDER**<br><br>**Case No. 2:25-cv-00681**<br><br>**District Court Judge Howard C. Nielson Jr.**<br><br>**Magistrate Judge Dustin B. Pead** |

This case is referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons explained below, the court concludes that pro se Plaintiff Max Warren Barber ("Plaintiff" or "Mr. Barber") has failed to properly served Defendants Dastan M. D'O, Karen Salas, Stephanie Strasnick Johnson, Taytum Jorgensen, Adrian Issac Johnson, Pace William Johnson and Stacy Roberts Johnson (collectively "Defendants").[2] As a result, pursuant to Federal Rule of Civil Procedure 4(m), the court: (1) grants Defendants' motions and quashes Plaintiff's improper service attempts; and (2) sua sponte extends the deadline for service of the Amended Complaint on Defendants to February 3, 2026.[3] Relatedly, the court denies Plaintiff's Motion for Sanctions.[4]

---

[1] ECF No. 15, Order Referring Case.

[2] Defendants David Knudson, Gravity Capital, Gravity Segregation LLC, Gravity Segregation II LLC, Jared L. Anderson, David Gardner and Jeremy Short have filed answers or other responsive pleadings and therefore waived the issue of service. *See,* ECF No. 68, ECF No. 69, ECF No. 71, ECF No. 88.

[3] Fed. R. Civ. P. 4(m) (requiring service within ninety days after the complaint is filed. "But if the

## BACKGROUND

Mr. Barber initiated this action against Defendants on August 15, 2025.[5] Plaintiff filed an Amended Complaint on September 17, 2025.[6] On October 21, 2026, Plaintiff filed "Proof of Service" forms as to Defendants Adrian Issac Johnson, Karen Salas, Stacy Roberts Johnson, Stephanie Strasnick Johnson, Pace William Johnson, Taytum Jorgensen and Dastan M. D'O.[7]

The Proof of Service filings for Defendants Dastan M. D'O, Taytum Jorgensen and Pace Johnson are identical to the extent they indicate Defendants were served via "Substitute Service" at the Pace Johnson Law Firm located at 231 East 400 South, Suite 345, Salt Lake City, Utah, 84111[8] According to the Proofs of Service, service documents were left with "Mr. Pablo C." who is described as an "Associate/Agent Accepted Service."[9]

The Proof of Service documents for Defendants Karen Salas, Stephanie Strasnick Johnson, Adrian Issac Johnson and Stacy Roberts Johnson are also identical to each other to the extent they indicate that these Defendants were served via "Substitute Service" at 1028 East

---

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

[4] ECF No. 115, Plaintiff's Motion for Sanctions.

[5] ECF No. 1, Complaint.

[6] ECF No. 17, Amended Complaint.

[7] ECF No. 56, Summons Returned Executed Adrian Isaac Johnson; ECF No. 57, Summons Returned Executed as to Karen Salas; ECF No. 58, Summons Returned Executed as to Stacy Roberts Johnson; ECF No. 59, Summons Returned Executed as to Stephanie Strasnick Johnson; ECF No. 60, Summons Returned Executed as to Pace William Johnson; ECF No. 61, Summons Returned Executed as to Taytum Jorgensen; ECF No. 62, Summons Returned Executed as to Dastan M. D'O.

[8] ECF No. 62; ECF No. 61; ECF No. 60.

[9] *Id.*

1900 South, Salt Lake City Utah, 84108[10] Service on these Defendants was achieved by delivering documents at the 1028 East 1900 South location to an individual named "Mr. Jamis Melwood Johnson" who is identified as "Father of Adrian I. Johnson".[11]

Each of the Defendants separately filed a Motion to Quash Service of Process asserting Plaintiff's Proof of Service documents are defective and fail to comply with state and federal rules of civil procedure.[12] Defendants appear *pro se* solely for the purpose of challenging service of process and personal jurisdiction, and in so appearing do not waive any defenses or objections.[13]

## STANDARD OF REVIEW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[14] In order to effect proper service, a court issued summons must be served on each Defendant along with a copy of the complaint.[15] It is Plaintiff's responsibility to have the complaint and summons timely served.[16]

---

[10] ECF No. 57; ECF No. 59; ECF No. 56; ECF No. 58.

[11] *Id.*

[12] ECF No. 86, Dastan M. D'O's Motion to Quash; ECF No. 93, Karan Salas' Motion to Quash; ECF No. 96, Stephanie Strasnick Johnson's Motion to Quash; ECF No. 99, Taytum Jorgensen's Motion to Quash; ECF No. 101, Adrian Issac Johnson's Motion to Quash; ECF No. 108, Pace William Johnson's Motion to Quash; ECF No. 111, Stacy Roberts Johnson's Motion to Quash.

[13] *Id.*

[14] *Doran Law Office v. Stonehouse Rentals Inc.,* 678 Fed. Appx. 733, 735 (10th Cir. 2017) (unpublished) (citing *Omni Capital,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (Adequate service of a summons must occur "[b]efore a federal court may exercise personal jurisdiction over a defendant.")).

[15] Fed. R. Civ. P. 4(b) and (c)(1).

[16] *Id.*

Although Plaintiff is appearing *pro* se he must "follow the same rules of procedure" as all other litigants.[17]

When service of process is challenged, the burden is on plaintiff to establish that service was proper.[18]

## DISCUSSION

Federal Rule of Civil Procedure 4(e) governs service of process upon individuals located within the United States. It provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[19]

Consistent with Federal Rule 4(e)(1), under state law, Utah Rule of Civil Procedure 4(d)(1)(a) provides that service may be made upon an individual:

> by delivering a copy of the summons and/or the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing, or by delivering a copy of the summons and/or the complaint to an agent authorized by appointment or by law to receive service of process.[20]

For the following reasons, the court concludes that Mr. Barber has not properly served

---

[17] *Garrett v Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

[18] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir. 1992).

[19] Fed. R. Civ. P. 4(e).

[20] URCP 4(d)(1)(A).

4

the Defendants.

I. **Defendants Dastan M., Taytum Jorgensen and Pace William Johnson**

    A. **Plaintiff Did Not Personally Serve Defendants**

Pursuant to Federal Rule 4(e)(2)(A) and Utah Rule 4(d)(1)(a), the Proof of Service does not indicate that Plaintiff personally handed these Defendants a copy of the summons and complaint.[21]

    B. **Service Was Not Made At Defendants' Dwelling or Abode**

Pursuant to Federal Rule 4(e)(2)(B) and Utah Rule 4(d)(1)(a), Plaintiff may serve Defendants by leaving a copy of the summons and complaint at each Defendant's dwelling or usual place of abode, with an individual of suitable age who resides there.[22] The Tenth Circuit has defined an individual's usual place of abode as "the place where he or she is actually living, except for temporary absences, at the time service is made."[23]

Plaintiff served Defendants Dastan M., Taytum Jorgensen and Pace William Johnson at the Pace Johnson Law Firm which is a commercial office building, not a dwelling or usual place of abode for any of the Defendants.[24] Further, the recipient of the summonses, Mr. Pablo C., is described as an "Associate" at the law firm, and there is no indication that he resides at the law firm address.

---

[21] Fed. R. Civ. P. 4(e)(2)(A); URCP 4(d)(1)(a); ECF No. 86-1, Declaration of Dastan M. D'O; ECF No. 99-1 at ¶3, Declaration of Taytum Jorgensen; ECF No. 108-1 at ¶3, Declaration of Pace Johnson.

[22] Fed. R. Civ. P. 4(e)(2)(B); URCP 4(d)(1)(a).

[23] *SEC v. Marino,* 29 Fed. Appx. 538, 540 (10th Cir. 2002) (unpublished) (citing *Rosa v. Cantrell,* 705 F.2d 1208, 1214) (10th Cir. 1982) (citation and internal quotation omitted)).

[24] *See* ECF No. 86-1 at ¶8, Declaration of Dastan M. D'O; ECF No. 99-1 at ¶8, Declaration of Taytum Jorgensen; ECF No. 108-1 at ¶8, Declaration of Pace Johnson.

    **C.**    **Service Was Not Made On An Authorized Agent**

Service on an agent is valid if the agent is "authorized by appointment or by law to receive service of process."[25] There is no indication that Mr. Pablo C. of the Pace Johnson Law Firm is an agent authorized to accept service on behalf of Defendants Dastan M., Taytum Jorgensen and Pace William Johnson, and Plaintiff has not shown otherwise.[26]

**II.**    **Defendants Karen Salas, Stephanie Strasnick Johnson, Adrian Issac Johnson and Stacy Roberts Johnson**

    **A**.    **Plaintiff Did Not Personally Serve Defendants**

Pursuant to Federal Rule 4(e)(2)(A) and Utah Rule 4(d)(1)(a), the Proof of Service does not indicate that Plaintiff personally handed any of these Defendants a copy of the summons and complaint.[27]

    **B.**    **Service Was Not Made At Defendants' Dwelling Or Abode**

Plaintiff served Defendants through James Melwood Johnson at 1028 South 1900 East, Salt Lake City, Utah, 84108. According to Plaintiff, this address is for Defendants' dwelling or usual place of abode. However, there is no information in the Proofs of Service indicating how the process served confirmed that any of the Defendants dwell or reside at this address.[28]

---

[25] Fed. R. Civ. P. 4(e)(2)(C); URCP 4(d)(1)(a).

[26] ECF No. 86-1 at ¶¶6-7, Declaration of Dastan M. D'O; ECF No. 93-1 at ¶¶6-7; ECF No. 99-1 at ¶¶6-7, Declaration of Taytum Jorgensen; ECF No. 108-1 at ¶¶6-7, Declaration of Pace William Johnson.

[27] Fed. R. Civ. P. 4(e)(2)(A); URCP 4(d)(1)(a); ECF No. 93-1 at ¶3, Declaration of Karen Salas; ECF No. 96-1 at ¶3, Declaration of Stephanie Strasnick Johnson; ECF No. 101-1 at ¶3, Declaration of Adrian Isaac Johnson; ECF No. 111-1 at ¶3, Declaration of Stacy Roberts Johnson.

[28] The Declarations of Defendants Karen Salas, Stephanie Strasnick Johnson, Adrian Issac Johnson and Stacy Roberts Johnson reference the Pace Johnson Law Firm address, but do not provided detailed information about the 1028 South 1900 East, Salt Lake City, Utah address where service on these

### C. Service Was Not Made On An Authorized Agent

Plaintiff states service was made on Defendants through James Melwood Johnson, whom Plaintiff identifies as the father of Adrian I. Johnson. Yet, there is no indication that James Johnson is an agent authorized by appointment or law to receive service on behalf of these Defendants, and Plaintiff has not shown otherwise.

### III. Plaintiff's Motion For Sanctions

Mr. Barber moves for sanctions against Defendants based on Defendants "coordinated deception to evade jurisdiction" and manipulation of the judicial process through the filing of false declarations.[29] While Plaintiff raises issue with Defendants' relationships, Defendants' connections to the Pace Johnson Law Firm, trust deeds, ownership of the 1028 South 1900 East property and Mr. Pablo C's status as a paralegal, he fails to establish that service was accomplished consistent with the requirements of Rule 4 as stated above. Accordingly, the court denies Plaintiff's Motion for Sanctions.[30]

### CONCLUSION

For the above stated reasons, Mr. Barber has failed to properly serve Defendants and the court lacks personal jurisdiction. Consistent therewith, Defendants' Motions to Quash Service of Process are granted and Plaintiff's Motion for Sanctions is denied. Nonetheless, the court sua sponte extends the deadline for Plaintiff to complete proper service on Defendants to February 3, 2026. Thus, on or before February 3, 2026, Plaintiff must either obtain waiver of service or properly serve Defendants. If Mr. Barber elects to pursue a waiver of service from Defendants,

---

Defendants was actually attempted.

[29] ECF No. 115 at 16.

7

he must comply with all requirements of Federal Rule of Civil Procedure 4(d).[31] On the other hand, if Plaintiff elects to complete service, he must comply with the specific service requirements set forth under the law and as discussed above.

## ORDER

Plaintiff has not effected proper service on Defendants consistent with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Accordingly Defendants' pending Motions to Quash are GRANTED[32] and Plaintiff's Motion for Sanctions is DENIED.[33]

Moving forward, Plaintiff must either obtain a waiver of service from Defendants under Federal Rule of Civil Procedure 4(d) or no later than February 3, 2026, properly serve Defendants consistent with federal service requirements .

DATED this 12th day of January 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[30] ECF No. 115.

[31] Fed. R. Civ. P. 4(d).

[32] ECF No. 86, Dastan M. D'O's Motion to Quash; ECF No. 93, Karan Salas' Motion to Quash; ECF No. 96, Stephanie Strasnick Johnson's Motion to Quash; ECF No. 99, Taytum Jorgensen's Motion to Quash; ECF No. 101, Adrian Issac Johnson's Motion to Quash; ECF No. 108, Pace William Johnson's Motion to Quash; ECF No. 111, Stacy Roberts Johnson's Motion to Quash.

[33] ECF No. 115.