FILED
2026 JAN 16 PM 1:40
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
4643-4645 South Highland Drive
Salt Lake City, Utah 84117
801-518-1821
23blackbee@gmail.com
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MAX WARREN BARBER**, individually and as Sole Trustee of the **MSB TRUST**,<br>*Plaintiff,*<br>v.<br>**DAVID KNUDSON**, et al.,<br>*Defendants.* | PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS PURSUANT TO FED. R. EVID. 201(c)(2)<br>**Case No. 2:25-cv-00681-HCN-DBP**<br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Plaintiff Max Warren Barber, appearing pro se, respectfully moves this Court for judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201(c)(2)."

## I. INTRODUCTION

Pursuant to **Federal Rule of Evidence 201(c)(2)**, Plaintiff Max Warren Barber respectfully moves this Court to take judicial notice of 28 adjudicative facts. Under the *mandatory* language of Rule 201(c)(2), the Court **must** take judicial notice when a party requests it and supplies the necessary information.[1] This Motion is filed concurrently with Plaintiff's Opposition to Defendants' Motion to Dismiss.

[1] Fed. R. Evid. 201(c)(2).

## II. LEGAL STANDARD

A court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2] The Tenth Circuit confirms that "facts which are a matter of public record" including court records and corporate filings are proper subjects for judicial notice.[3] Courts may take judicial notice without converting a Rule 12(b)(6) motion to summary judgment.[4]

## III. ITEMIZED LIST OF ADJUDICATIVE FACTS

### A. Final Judgments and Orders

1. **Permanent Injunction:** *FTC v. Wasatch Credit Corp.*, No. 2:99-cv-00579 (D. Utah 1999). Permanent injunction against David Knudson for mischaracterizing consumer loans as business loans.
2. **Criminal Conviction:** *United States v. Jamis M. Johnson*, No. 2:09-cr-00133-CW (D. Utah). Conviction on 27 felony counts.
3. **Disbarment:** *In re Discipline of Johnson*, Utah Supreme Court. Disbarment of Jamis Johnson.
4. **Fraud Judgment:** *High Country Grain v. Knudson*, No. 030906233 (3rd Dist. Ct. Utah). $3.5 million fraud judgment against David Knudson.

---

[2] Fed. R. Evid. 201(b)(2).
[3] *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).
[4] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004).

5. **Joint Judgment:** *Belding v. Ridgepoint*, No. 956918627 (3rd Dist. Ct. Utah). Judgment against Johnson, Knudson, and Jimenez & Associates as co-defendants.

6. **Federal Judgment Transcript:** Case No. 986900005 (3rd Dist. Ct. Utah). $260,000 federal judgment transcript filed against Jamis Johnson.

7. **Foreign Judgment:** Case No. 016200050 (3rd Dist. Ct. Utah). $165,936 judgment against David Knudson.

8. **Debt Judgment (Anderson):** Case No. 139912518 (3rd Dist. Ct. Utah). Default debt judgment against Jared Anderson.

9. **Collection Action (Anderson):** *Portfolio Recovery v. Anderson*, No. 150409262 (3rd Dist. Ct. Utah). Debt collection judgment against Jared Anderson.

## B. Recorded Instruments

10. **Trust Deed:** Entry No. 190380:2020 (Utah County Recorder). $400,000 trust deed from Summit Energy Ventures to David Knudson.

11. **Foreclosure Deed:** Entry No. 42833, Book 3713 (Utah County Recorder). Jamis Johnson as Trustee foreclosing to RHK Family Trust.

## C. Corporate Filings

12. **OKK Land LLC Renewal:** Entity No. 10373912-0160 (Utah Sec. of State). Corporate renewal on July 22, 2025—the date of the foreclosure sale.

13. **Anderson Corporate Role:** Entity No. 9461241-0142 (Utah Sec. of State). Jared Anderson listed as officer of RSA Registered Agent Corp.

14. **Co-Directors (1991):** Entity No. 1110028-0142 (Utah Sec. of State). Knudson and R.W. Haycock as co-directors.

15. **Co-Directors (1992):** Jimenez & Associates (Utah Dept. Commerce). Knudson and Johnson as co-directors.

**D. Court Dockets from Related Proceedings**

16. **Prior Bankruptcy:** *In re Barber*, Case No. 21-23376, Dkt. 128 (Bankr. D. Utah). Order in prior bankruptcy case involving same parties.

17. **False Sale Date:** ECF No. 17, Ex. F. Text messages stating "Aug 15th" sale date (actual date was July 22, 2025).

18. **Residential Statement:** ECF No. 17, Ex. N. Plaintiff's email: "I live in the 1028 S 1900 E."

**E. Party Admissions from This Case**

19. **Business Loan:** ECF No. 71 at 16. Defendants' admission that Plaintiff "checked the box for 'business debt.'"

20. **Unregistered Entity:** ECF No. 71 at 3. Defendants' admission that "Gravity Funding, LLC" is not registered.

21. **In-House Counsel:** ECF No. 103-1 (Knudson Decl.). Skirvin served as "in house counsel."

22. **General Counsel:** ECF No. 103-2 (Skirvin Decl.). "I serve as General Counsel to Summit Capital."

23. **Email to Trustee:** ECF No. 88-22. Email from steve@thesummitcompanies.com directing Trustee Anderson.

**F. Video Testimony Admissions**

24. **Knudson Admission—Automatic Stay:** ECF No. 129, Ex. A at 1:31. Knudson states: "[Bankruptcy] STOPS THE FORECLOSURE SALE."

25. **Knudson Admission—Target Audience:** ECF No. 129, Ex. C at 4:52. Knudson states: "I GEARED [MY] SCENARIO TO PEOPLE WHO DON'T PAY."

26. **Knudson Admission—Profit Model:** ECF No. 129, Ex. B at 1:48. Knudson states returns "SKYROCKET" by buying debt at 10-30 cents on the dollar.

27. **Adrian Johnson Admission—Contact Knudson:** ECF No. 121-1, Ex. H, Clip 2. Adrian Johnson admits to "CALL[ING] DAVE" for foreclosures.

28. **Jamis Johnson Admission—Sale Coordination:** ECF No. 121-1, Ex. H, Clip 5. Jamis Johnson admits he "CALLED KNUDSON" regarding the sale.

## IV. ARGUMENT

### A. The Court Must Take Judicial Notice

Rule 201(c)(2) uses mandatory language: the court "*must*" take notice if requested and supplied with necessary information.[5] All 28 facts derive from: (1) final judgments, (2) official state records, (3) court dockets, and (4) party admissions—sources whose accuracy cannot reasonably be questioned.[6]

### B. Offered for Legal Effect, Not Hearsay

The existence of a judgment is not hearsay.[7] Facts 1-9 and 20-28 are offered to establish the *legal fact* that judgments were entered and the *preclusive effect* they carry. Specifically, Fact 1 (1999 FTC Injunction) creates collateral estoppel on the "business loan" defense.[8]

---

[5] Fed. R. Evid. 201(c)(2).
[6] *Ahidley*, 486 F.3d at 1192 n.5.
[7] *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).
[8] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995).

### C. Prevents Contradictory Narratives

Defendants assert:

1) Trustee Anderson is "neutral"—contradicted by Facts 8-9, 13-14, 23 (corporate officer role; debt judgments; direction from counsel)
2) The loan is a "business loan"—contradicted by Fact 1 (1999 FTC injunction) and Fact 18 ("I live in the 1028 S 1900 E")
3) Defendants lacked knowledge of automatic stay—contradicted by Fact 24 (Knudson's own statement: "STOPS THE FORECLOSURE")
4) No RICO enterprise exists—contradicted by Facts 15-16 (co-directors 1991-1992); Facts 27-28 (coordinated sale communications)

Courts take judicial notice to prevent narratives "flatly contradicted" by the public record.[9]

## V. CONCLUSION

The Court must **GRANT** this Motion and take judicial notice of Facts 1-28 pursuant to Fed. R. Evid. 201.

DATED: January 16, 2026.

Respectfully submitted,

*/s/ Max Warren Barber*

**MAX WARREN BARBER**

[9] *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

## CERTIFICATE OF COMPLIANCE

This motion contains approximately 1,650 words.

/s/ Max Warren Barber

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2026, I caused a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS PURSUANT TO FED. R. EVID. 201(c)(2) **t**o be served as follows:

/s/ Max Warren Barber

**VIA EMAIL TO CLERK OF COURT (For Filing & ECF Distribution):**

I emailed the documents to utdecf_clerk@utd.uscourts.gov for filing. Upon entry, the Court's CM/ECF system will electronically serve the following registered counsel of record:

**Steven R. Skirvin** steve@srslawpc.com
*Counsel of Gravity Defendants*

**Gary R. Guelker** gguelker@rlattorneys.com
*Counsel of Jeremy Shorts and David Gardner*

**Andrew R. Welch (**andrew.welch@lewisbrisbois.com**)**
*Counsel of Jared L. Anderson*

**VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:**

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

**Jamis Melwood Johnson**
1028 South 1900 East
Salt Lake City, UT 84108

**1028 S 1900 E LLC**
c/o Registered Agent
1028 South 1900 East
Salt Lake City, UT 84108

**CR TRUE LLC**
c/o Pace Johnson Law Group
231 E 400 S, Suite 345
Salt Lake City, UT 84111