AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

MAX WARREN BARBER, an individual;
and MAX WARREN BARBER as Trustee of
the MSB TRUST,

*Plaintiff(s)*

v.

DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10,

*Defendant(s)*

Civil Action No. Case 2:25-cv-00681-HCN-DBP

JUDGE: District Judge Howard C. Nielson, Jr.
Magistrate Judge Dustin B. Pead

FILED
2026 JAN 25 PM 9:42
CLERK
U.S. DISTRICT COURT

## SUMMONS IN A CIVIL ACTION

To: **KAREN SALAS**
357 S 200 E, Ste 303,
Salt Lake City, UT 84111

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Gary P Serdar
CLERK OF COURT

Date: 18th September 2025

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:25-CV-00681-HCN-DBP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* KARAN SALAS

was received by me on *(date)* 1/15/26.

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)* JAMIS JOHNSON co-resident and Husband at 1028 S. 1900 E, SLC UT, 84108 , a person of suitable age and discretion who resides there, on *(date)* 01/24/26 , ~~and mailed a copy to the individual's last known address;~~ or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 01/24/26

*Server's signature*

JULIAN DOTSON
*Printed name and title*

Julian Dotson c/o Onyx Black LLC 633 N 400 W SLC, UT 84113
*Server's address*

Additional information regarding attempted service, etc:

SERVED: Summons in a Civil Action AND First Amended Complaint.
MANNER OF SERVICE: Substituted Service on JAMIS JOHNSON a person of suitable age and discretion residing at the premises and Husband of defendant

SEE ATTACHED: Declaration of Service of Julian Dotson (Jamis Johnson refused to accept service and subsequently threw papers out of a moving vehicle)

Print   Save As...   Reset

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust<br>Plaintiff,<br><br>v.<br><br>DAVID L, KNUDSON, et al.,<br>Defendants | DECLARATION OF SERVICE (SUBSTITUTED SERVICE) DEFENDANT KAREN SALAS<br><br>Case No. 2:25-cv-00681-HCN-DBP<br><br>Judge: Howard C. Nielson, Jr.<br>Magistrate Judge: Dustin B. Pead |

I, **JULIAN DOTSON**, declare under penalty of perjury as follows:

1. I am over the age of eighteen years and I am not a party to this action.

2. I was requested by Plaintiff Max Barber to effect service of the Summons and Complaint upon Defendant **Karan Salas**.

**ATTEMPTS AT DEFENDANT'S LISTED MAILING ADDRESS**

3. I first attempted to serve the Defendant at the address she explicitly designated as her "Mailing Address" in her *Email Filing and Electronic Notification Form* filed with this Court on December 1, 2025 (Dkt 92): **357 S 200 E #303, Salt Lake City, UT 84111**.

4. **Attempt 1:** On **January 15, 2026**, at **1:15 PM**, I attempted service at this address. Upon arrival, I observed that the building appeared to be a corporate office and not a residential address. A true and correct photograph of said location is attached hereto as **Exhibit A.** There

was no answer at the designated suite.

5. **Attempt 2:** On **January 24, 2026**, at **3:30 PM**, I subsequently returned to this address. I found the building to be **locked and inaccessible**.

6. Having determined that service at her self-designated mailing address was impracticable, I proceeded to the Defendant's actual dwelling place.

## II. CONFIRMATION OF "USUAL PLACE OF ABODE"

7. On **January 24, 2026**, at **3:43 PM**, I proceeded to **1028 S. 1900 E., Salt Lake City, UT 84108**.

8. I verified that this location is the dwelling house or usual place of abode of Defendant Karen Salas by reviewing a sworn **Declaration of Pace Johnson** filed in the Third Judicial District Court of Utah in the matter of *1028 S. 1900 E LLC v. Max Barber*, Case No. 250906343. In said filing, Mr. Johnson certifies under penalty of perjury that: *"my father [Jamis Johnson] and his wife... are moving into the 1028 Home."*

9. The Defendant's residency at this address was further confirmed by the presence of her husband ( Jamis Johnson) at the location during the service attempt described below.

## III. ENCOUNTER WITH CO-RESIDENT AND ATTORNEY

10. Upon arriving at the residence, I first attempted service at the front door.

11. Subsequently, I observed two individuals walking from the house toward a vehicle in the driveway.

12. I positively identified one individual as **Jamis Johnson** (Defendant's husband/co-resident). I was able to positively identify Mr. Johnson because I have personally effectuated service of process upon him at this exact address on a prior occasion. I identified the second individual as his son, Pace Johnson.

13. I approached them and explicitly stated that I had legal service of process for **Karen Salas (Johnson)**.

14. Jamis Johnson verbally stated that he was **"not authorized"** to accept service for Karen Salas. He then pointed to Pace Johnson and stated that the person standing next to him was his attorney.

## IV. HOSTILE REFUSAL AND ATTEMPTED INJURY

15. Both individuals entered the vehicle. Pace Johnson positioned himself in the driver's seat, and Jamis Johnson entered the passenger side.

16. I approached the open vehicle door to effectuate service on Jamis Johnson (as co-resident) and informed them that because they were over the age of 18, I was leaving the documents with them.

17. As I reached forward to place the legal documents (Summons and Complaint) inside the vehicle, Pace Johnson aggressively attempted to slam the car door shut on my arm.

18. Despite this physical aggression, I successfully deposited the documents inside the vehicle onto the driver's side, within the immediate reach, view, and control of the passenger, Jamis Johnson.

19. Jamis Johnson and Pace Johnson then physically **grabbed the documents and threw them out of the moving vehicle** onto the ground as they drove away.

20. Based on the sworn statement described in Paragraph 8, I knew that Jamis Johnson is the husband of Defendant Karen Salas. Observing that he is a person of suitable age and discretion who resides at the dwelling, I determined that I could legally leave the documents in his immediate presence. By depositing the documents in the shared compartment of the vehicle occupied by him, valid substituted service was effected under Federal Rule 4(e)(2)(B).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2026.

*Julian Dotson* (signature)

Julian Dotson

**EXHIBIT A**

Photo of 357 S 200 E #303, Salt Lake City, UT 84111

