IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| MAX WARREN BARBER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DAVID KNUDSON, et. al.<br><br>　　　　　　Defendants. | **RULING & ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No.  2:25-cv-00681<br><br>**District Court Judge Howard C. Nielson**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff Max Warren Barber ("Plaintiff"), proceeding pro se, filed this action alleging "a sham nonjudicial foreclosure sale of two real properties in which Plaintiff holds interests."[1] Currently Plaintiff moves for leave to serve Defendants Adrian Issac Johnson and Stephanie Strasnyck Johnson ("Defendants"), through alternative means ("Motion").[2] Because Plaintiff has not shown reasonable diligence in attempting to locate and serve Defendants, the Motion is denied.[3]

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that service upon an individual may be completed by "following state law for serving a summons in an action brought in courts

---

[1] ECF No. 1 at ¶ 1

[2] ECF No. 142, Motion for Alternative Service and Extension of Time to Serve Defendants.

[3] *Id.*

1

of general jurisdiction in the state where the district court is located or where service is made."[4] Because Plaintiff filed this action in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[5] But "[i]f the identity of whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[6] The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate and serve the party."[7]

## DISCUSSION

As discussed, Utah's Rules of Civil Procedure permit alternative service where the movant shows reasonable diligence in attempting to locate and serve the Defendants, but is unable to do so.[8]

As described in Plaintiff's Motion and the attached "Declaration of Attempted Service", Julian Dotson ("Dotson") attempted to serve Defendants at the address Defendants provided to the court in their Electronic Notification Forms: 150 South 200 East, Apt. 6305, Salt Lake City,

---

[4] Fed. R. Civ. P. 4(e)(1) (providing for service of an individual).

[5] Utah R. Civ. P. 4(d)(5)(A).

[6] Utah R. Civ. P. 4(d)(5)(B).

[7] *Id.*

[8] *See* Utah. R. Civ. P. 4(d)(5)(A)-(B).

Utah 84111.[9] When attempting to serve Defendants at this address, the building's "Community Manager" refused to provide Dotson access and Dotson was unable to reach Defendants' apartment on his own.[10] While Plaintiff's attempt to serve Defendants at the apartment's address was prudent, this single, isolated effort fails to evidence the reasonable diligence necessary for alternative service.

Reasonable diligence does not require Plaintiff to "exhaust all possibilities to locate and serve" Defendants.[11] It does, however, require more than "perfunctory performance."[12] If the end sought is to serve individual Defendants, then reasonable diligence must encompass steps that are most likely to achieve that result.[13] For purposes of service, Plaintiff relies on the address provided on Defendants' Electronic Notification Forms. But Plaintiff has not corroborated that that address listed on the forms is the location of Defendants' "dwelling house or usual place of abode."[14] The court's form requests a "mailing address," not the address at which the party resides. And, while these addresses may be the same---they need not necessarily be so. A mailing address is where an individual's mail is received, and may differ from an individual's place of residence. Moreover, Dotson's Declaration does not indicate that he confirmed with the Manager

---

[9] ECF No. 142-3, Exhibit C, Adrian Johnson Email Filing and Electronic Notification Form; ECF No. 142-4, Exhibit D, Stephanie Strasnyck Johnson's Email Filing and Electronic Notification Form.

[10] ECF No. 142-1 at ¶¶ 5-10.

[11] *Jackson Construction Co. v. Marrs,* 2004 UT 89, ¶19 (internal citation and quotation omitted).

[12] *Id.*

[13] Fed. R. Civ. P. 4(e)(1); Utah R. Civ. P. 4(d)(5)(A)-(B).

[14] *Id.*

whether the 150 South 200 East, Apt. 6305 address was actually Defendants' place of residence.[15]

Similarly, other than a singular attempt to serve Defendants at the 150 South 200 East address, Plaintiff provides no evidence of any additional attempts to serve Defendants personally. In a case such as this, Plaintiff might reasonably attempt to locate Defendants at a place of work or other frequented locations and the court is not persuaded that further attempts would be of no avail.[16]

For these reasons, the court concludes Plaintiff has not shown reasonable diligence in attempting to locate and serve Defendants and denies Plaintiff's Motion for Alternative Service.[17] Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's request for an extension of time to serve Adrian Issac Johnson and Stephanie Strasnyck Johnson is granted.[18] The deadline to serve these Defendants is extended to February 18, 2026.

## ORDER

For the reasons stated, Plaintiff's motion for alternative service is DENIED.[19] Pursuant to Federal Rule of Civil Procedure 4(m), the time within which Plaintiff is required to effect service

---

[15] ECF No. 142-1.

[16] *Id.* at ¶20 ("Advances in technology, such as the Internet, have made nationwide searches for known individuals relatively quick and inexpensive").

[17] ECF No. 142.

[18] Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period.").

[19] ECF No. 142.

on Adrian Issac Johnson and Stephanie Strasnyck Johnson is extended an additional twenty-one (21) days to **February 18, 2026**.[20]

DATED 28th day of January, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[20] Fed. R. Civ. P. 4(m).