ANDREW R. WELCH, #14028
ANDREW J. SCHUMAN, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Telephone: 801.562.5555
Facsimile: 801.562.5510
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant Jared L. Anderson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB Trust,

Plaintiff,

v.

DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S. 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10,

Defendants.

**DEFENDANT JARED ANDERSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS**

Case No. 2:25-cv-00681-HCN

District Judge Howard C. Nielson, Jr.

Magistrate Judge Dustin B. Pead

Defendant Jared L. Anderson ("Defendant"), by and through his counsel of record, Andrew R. Welch and Andrew J. Schuman of the law firm Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum in opposition to the Motion for Judicial Notice of Adjudicative Facts ("Motion") [Dkt. 137] filed by Plaintiff Max Barber ("Plaintiff").

**RELIEF REQUESTED**

Defendant respectfully requests that this Court deny Plaintiff's Motion in full for failure to satisfy Federal Rules of Evidence 201(b)(2) and 201(c)(2). Plaintiff's Motion requests this Court to take judicial notice of a proposed bullet-point list of facts. Article III of Plaintiff's Motion is titled, "Itemized List of Adjudicative Facts" which is broken into categories A through F, each of which have numbered paragraphs (28 in total). These categories include: "Final Judgments and Orders", "Recorded Instruments," "Corporate Filings," "Court Dockets from Related Proceedings," "Party Admissions from this Case," and "Video Testimony Admissions." While Plaintiff's Motion relies on Federal Rule of Evidence 201(b)(2) and 201(c)(2), Plaintiff is unable to satisfy the requirements of either.

Plaintiff's Motion should also be denied on the grounds that Plaintiff admits that he seeks to use the so-called adjudicative facts for their legal effect. *See* Section IV.B, "Offered for Legal Effect, Not Hearsay," Plaintiff's Mot. 5. As discussed in more detail below, the law does not require this Court to take judicial notice of Plaintiff's legal interpretations guised as adjudicative facts.

Defendant further draws the attention of the Court to Defendant's Motion to Disqualify Non-Attorney Max Warren Barber from Representing Plaintiff MSB Trust and to Strike All Pleadings Asserting Rights on Behalf of the MSB Trust Filed by a Non Attorney (the "Motion to

Disqualify and Strike"), which is hereby incorporated. [Dkt. 122]. Plaintiff's Motion should also be denied for the reasons set forth in the Motion to Disqualify and Strike because Plaintiff, as a non-attorney, is not authorized to practice law or to represent the interests of a third party and by filing Plaintiff's Motion has once again committed the unlawful practice of law.

**ARGUMENT**

Under Fed. R. Evid. 201(b)(2), the Court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it [ ] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1265, n.10 (10th Cir. 2006) (quotation marks omitted) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002).

A. Judicial Notice is Improper Here Because Plaintiff Cannot Show that the Proposed 28 Facts are Indisputable.

A high degree of indisputability of the adjudicative facts in question is an essential prerequisite to judicial notice. Fed. R. Evid. 201(a) advisory committee note. The law requires certainty before judicial notice is taken of adjudicative facts because judicial notice serves as a "substitute for the conventional method of taking evidence to establish facts." *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996) (citation and quotation marks omitted).

While not binding on this Court, the *Donaldson v. United States Dep't of Treasury* is instructive here due to the similar issues before this Court. *Donaldson v. United States Dep't of Treasury*, No. 17-1213-EFM-GEB, 2018 WL 1116675 at *2 (D. Kan. Mar. 1, 2018) (unpublished) *Id*. The plaintiff in *Donaldson* asked the court to take "mandatory judicial notice" of 35 numbered paragraphs. *Id*. at *1. The content of the 35 numbered paragraphs ranged from statutory excerpts

to various statutes, dictionary definitions, and various publications. *Id.* The *Donaldson* court found that the plaintiff's "random, bullet-point recitation of the information included both in his Motion and Reply makes the information difficult to comprehend, at best. Plaintiff's submissions are more akin to arguments, in support of his own legal theories, rather than indisputable facts." *Id*. The *Donaldson* court noted that the plaintiff's interpretations of law in support of the facts for which he sought judicial notice were more appropriately suited for a dispositive motion, and not a request for judicial notice. *Id*. The court denied Plaintiff's request for judicial notice on the basis that the *Donaldson* plaintiff did not establish that the facts in question were "not subject to reasonable dispute." *Id* at *3.

Here, Plaintiff provides 28 so-called adjudicative facts that he demands this Court judicially notice. These proposed facts come from a variety of sources including judgments, recorded instruments, various court filings, various dockets of other cases, and alleged party admissions. Just like in *Donaldson*, the Plaintiff's bullet-point recitation of information is more akin to legal arguments than a list of facts. With each fact, Plaintiff provides commentary regarding what the document or fact proves. Plaintiff's commentary are legal arguments and legal conclusions disguised as factual assertions, and every single numbered fact is subject to reasonable dispute. Even if this Court were to judicially notice some of the documents within Plaintiff's list, the Court should not find that the noticed documents prove the matters asserted therein. *See Tal v. Hogan*, 453 F.3d at 1265, n.10.

This Court should deny Plaintiff's Motion for the same reasons that the court in *Donaldson* denied the request for judicial notice there.

B. Plaintiff's Motion Should be Denied Because His Cited Law Does Not Support His Arguments, and in a Certain Case, Does Not Exist

Plaintiff can point to no authority in support of his argument that this Court should judicially notice his bullet-point list of proposed adjudicative facts. Three of the cases Plaintiff cites in favor of his argument do not actually contain the language Plaintiff relies on. First, Plaintiff cites to *United States v. Ahidley* 486 F.3d 1184 (10th Cir. 2007) to support his argument that party admissions may be judicially noticed when their accuracy cannot reasonably be questioned. However, *Ahidley*, a case involving a discussion of the Mandatory Victims Restitution Act in a criminal case, contains no discussion whatsoever of party admissions; in fact, the only discussion of judicial notices is found in the footnotes.

Second, Plaintiff cites to *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169 (10th Cir. 1979) to support his assertion that the existence of a judgment is not hearsay. The word "hearsay" does not appear anywhere in the *St. Louis Baptist Temple* opinion. Plaintiff has no basis for using this case to support his assertion. Third, Plaintiff purports to quote from *Pace v. Swerdlow*, 519 F.3d 1067 (10th Cir. 2008) to support his assertion that courts take judicial notice to prevent narratives flatly contradicted by the public record. Again, no such language appears in *Pace*.[1]

[1] The undersigned counsel is concerned that Plaintiff is either relying on faulty artificial intelligence for his arguments or he is misrepresenting the contents of the cases he cites to this Court.

C. Judicial Notice is Improper Here Because Plaintiff Has Failed to Provide the Necessary Information Required For Judicial Notice to be Taken.

Before judicial notice of an adjudicative fact may be taken on motion by a party, the requesting party must provide the necessary information needed to accurately and readily determine the adjudicative facts from a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2) & 201(c)(2).

Plaintiff's Motion seeking judicial notice of Plaintiff's 28-bullet-point list of proposed facts is further flawed on the grounds that Plaintiff has not attached his proposed documents as exhibits. In reviewing Plaintiff's Motion, Defendant is unable to determine exactly what documents Plaintiff is requesting judicial notice on. Without knowledge of the exact documents and facts that will be judicially noticed, Defendant is prevented from raising arguments that the documents are subject to reasonable dispute. Granting such judicial notice to Plaintiff without giving Defendant an opportunity to raise these arguments would be severely prejudicial to Defendant.

D. Judicial Notice is Improper Here Because Plaintiff's Request is Really Not a Request for Judicial Notice of Adjudicative Facts but is Plaintiff's Request to Accept His Flawed Interpretations of Law.

Plaintiff's Motion should additionally be denied on the basis that it seeks to improperly alleviate Plaintiff's burden of proof. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 2585065 (D. Kan. June 23, 2021) (holding that the plaintiff bears the burden of proving a RICO claim). The proposed list of facts offered by Plaintiff are central to this litigation including facts regarding the existence of a RICO enterprise, the validity of the automatic stay, and whether Defendant Anderson acted as a neutral trustee. Plaintiff bears the burden of proving his claims and he cannot rely on a judicial notice to alleviate his burden. *See id*.

This Motion seeks to take disputed factual matters and judicially notice them in favor of Plaintiff when in fact, Plaintiff has not proven that these matters are verifiable with certainty or are not subject to reasonable dispute. Therefore, on the basis that every fact offered in Plaintiff's bullet-point list is either a legal argument, legal conclusion, the subject of reasonable dispute, or irrelevant, this Court should deny Plaintiff's Motion in full.

## CONCLUSION

Plaintiff's Motion should be denied because Plaintiff cannot meet his burden to show that his proposed facts for judicial notice are not the subject of reasonable dispute. Furthermore, Plaintiff's Motion is a request for judicial notice disguised as a mechanism to alleviate Plaintiff's burden of proving these disputed facts in support of his legal claims. Based on the foregoing, the Motion should be denied.

DATED: January 30, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew R. Welch*
ANDREW R. WELCH
ANDREW J. SCHUMAN
*Attorneys for Defendant Jared L. Anderson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2026, I caused a true and correct copy of the foregoing **DEFENDANT JARED ANDERSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS** to be electronically filed through the Court's CM/ECF system which will send notification of such filing to the following:

Max Warren Barber
1028 South 1900 East
Salt Lake City, Utah 84108
Tel. No.: 801.518.1821
23blackbee@gmail.com
*Pro Se Plaintiff*

Steven R. Skirvin
Skirvin Law PLLC
3450 North Triumph Boulevard
Suite 102
Lehi, Utah 84043
steve@srslawpc.com
*Attorney for Defendant David Knudson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Tel. No.: 801.960.3655
gguelker@rlattorneys.com
*Attorney for Defendants*
*Jeremy Shorts and David Gardner*

*/s/ Cynthia Worne*