ANDREW R. WELCH, #14028
ANDREW J. SCHUMAN, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Telephone: 801.562.5555
Facsimile: 801.562.5510
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant Jared L. Anderson*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S. 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10, | **DEFENDANT JARED ANDERSON'S REPLY IN SUPPORT OF HIS MOTION TO DISQUALIFY NON-ATTORNEY MAX BARBER FROM REPRESENTING PLAINTIFF MSB TRUST AND TO STRIKE ALL PLEADINGS ASSERTING RIGHTS ON BEHALF OF THE MSB TRUST FILED BY A NON ATTORNEY**<br><br>Case No. 2:25-cv-00681-HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

|  |  |
|---|---|
| Defendants. |  |

Defendant Jared L. Anderson ("Anderson"), by and through his counsel of record, Andrew R. Welch and Andrew J. Schuman of the law firm Lewis Brisbois Bisgaard & Smith LLP, hereby submits this Reply in Support of his Motion to Disqualify Non-Attorney Max Warren Barber from Representing the Plaintiff MSB Trust and to Strike All Pleadings asserting Rights on Behalf of the MSB Trust Filed by a Non Attorney (the "Motion") (Dkt. 122).

## CONCISE STATEMENT OF NEW ISSUES RAISED IN OPPOSITION

Anderson's Motion is very simple and supported by black-letter law: One must have a license to practice law before this Court in order to represent another's interest. Plaintiff Max Barber's ("Plaintiff" or "Barber") Opposition (the "Opposition") is nothing but red herrings and erroneous arguments.

Plaintiff raises seven arguments, each of which is either irrelevant and/or blatantly erroneous. Plaintiff's first argument—that Anderson waived the opportunity to file this Motion under Fed. R. Civ. P. 12(g)(2)—is nonsensical for at least three reasons: this argument of Plaintiff's wholly fails to address the Motion; the fact that Plaintiff is not an attorney was not raised as a defense as misstated by Plaintiff; and the fact that Plaintiff is not an attorney is not something that can be waived by Anderson, as Plaintiff mistakenly attempts to argue. Plaintiff's second argument—the business registration was created after the foreclosure sale—is equally unconvincing as it also fails to address the black-letter law that prohibits Barber from representing the interests of the MSB Trust, seeks to construe the relevant timeline, and is not supported by any law.

170872670.1

Plaintiff's third argument—that Barber is permitted to represent the MSB Trust under an exception Barber has deemed the "sole trustee-beneficiary" exception—completely fails because no such exception exists in Utah and even if it did, Barber has not presented any evidence that he is the sole beneficiary of the MSB Trust.  Plaintiff's fourth argument—that Anderson is barred from filing this Motion under judicial estoppel—not only wholly fails to address the Motion but it demonstrates Barber's lack of understanding as it relates to judicial estoppel and is based on Barber's misrepresentations of Anderson's filings in this matter.

Plaintiff's fifth argument—that Plaintiff is the real party in interest under Fed. R. Civ. P. 17(a)—misapplies the Federal Rules of Civil Procedure.  Plaintiff's sixth argument—that alleged "admissions" constitute binding judicial admissions—is another misrepresentation made by Barber relating to Anderson's filings and is also not supported by law.  Finally, Plaintiff's seventh argument—that Barber should be permitted to cure before striking his filings—is a legal impossibility because Barber cannot correct the defect of unlawfully practicing law before this Court and the rule cited by Barber does not support his argument.

Throughout the Opposition, Plaintiff misstates the arguments and defenses raised by Anderson and misapplies or simply creates legal authority. Plaintiff's Opposition begins by quoting language from *Koch v. Koch Indus., Inc.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992). The exact language that Plaintiff quotes cannot be found anywhere in the *Koch* opinion. Plaintiff misstates authority throughout his Opposition and these misstatements are further support for prohibiting his representation of the MSB Trust entity. For the reasons set forth in the Motion and herein, the Motion should be granted.

170872670.1

3

A. <u>Rule 12(g)(2) is Inapplicable to Defendant's Motion to Disqualify.</u>

Plaintiff misconstrues Federal Rule of Civil Procedure 12(g)(2), which states, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under *this rule* must not make another motion under *this rule* raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added).

Plaintiff's reliance upon Rule 12 in the Opposition is misplaced. Simply put, Plaintiff's interpretation of the law is incorrect and is a distraction from the main issue: Plaintiff is not authorized to practice law and is therefore not qualified to file pleadings in this Court seeking to enforce the alleged rights of a distinct, separate entity. Furthermore, Plaintiff's Rule 12(g)(2) argument does nothing to defeat Anderson's Motion because Anderson's Motion does not arise from Rule 12. The Motion arises pursuant to 28 U.S.C.A. § 1654 (West), DUCivR 83-1.3(c)(2) and the other legal authority raised in the Motion which Barber fells to address. To be clear, Anderson has not argued the fact that Barber is not a licensed attorney authorized to practice law before this Court as a defense to the alleged claims. Therefore, Plaintiff's waiver argument fails.

B. <u>The Date of the MSB Trust's Business Registration Does Not Grant Barber the Right to Unlawfully Practice Law.</u>

Barber attempts to further distract this Court from the issue at hand—that he is unlawfully practicing law—with the incoherent argument that "Defendant cannot rely on the Trust's subsequent registration to retroactively characterize the entity's state at the time of the foreclosure." Opp., 6. This argument wholly fails to address the Motion and is inapposite to determining whether a non-lawyer can represent the interests of a separate entity.

As discussed in the Motion, because the MSB Trust is a separate, legal entity who Barber seeks to bring claims on behalf, the MSB Trust must, as a matter of law, be represented by a

170872670.1

4

licensed attorney Plaintiff does not refute Defendant's argument, and instead argues that the timing of the MSB Trust's registration does not impact an alleged stay violation under 11 U.S.C. § 362(k). Plaintiff provides no authority on why he should be permitted to represent a domestic business trust as a non-attorney, and his argument regarding the alleged stay violation is irrelevant to the arguments raised in the Motion.

C. Barber's Cited California State Law is Factually and Legally Distinguishable and Barber has Presented No Evidence to Support His Representation of the MSB Trust as a Non-Licensed Attorney.

Barber cites to a California state law case and to the Ninth Circuit Court of Appeals to argue that as a sole trustee-beneficiary, he should be permitted to represent the MSB Trust's alleged bankruptcy rights. Opp., 7. However, the cases cited by Barber to not support his proposition.

Plaintiff cites *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 179 Cal. Rptr. 3d 408 (2014). However, *Aulisio* is distinguishable on the facts. There, the trial court ruled that the trust could not participate in the proceedings with the trustee appearing in propria persona as the trust's sole trustee and sole beneficiary. *Id.* at 1519. On appeal, the California Court of Appeals set strict parameters to its ruling: "[W]e conclude that a sole trustee of a revocable living trust who is also the sole settlor and beneficiary of the trust assets he or she is charged to protect does not appear in court proceedings concerning the trust in a representative capacity." *Id.* at 1519-1520.

Here, Barber has presented no evidence that he is the sole trustee of a revocable living trust who is the sole settlor and beneficiary of the trust's assets. *See United States v. Cram*, No. 2:97-CV-502 K, 1998 WL 919871, at *7 (D. Utah Dec. 3, 1998) (not reported) (rejecting trustee's argument that he was real party in interest or sole beneficiary for failure to present evidence of same aside from

170872670.1

5

the Trustee's own statements). On the contrary, Exhibit D to Plaintiff's First Amended Complaint purports to represent screenshots of the Salt Lake County Recorder's website reflecting Max Barber is not the sole trustee but that there is another trustee by the name of Sarah G. Navarra. (Dkt. 35-3). Additionally, Exhibit B to Anderson's Motion to Dismiss, or Alternatively, for Summary Judgment reflects a Deed of Trust given by "Max W. Barber and Sarah G. Navarra, Trustees of the MSB Trust." (Dkt. 88-8, 2). A Certification of Trust for the MSB Trust dated December 12, 2017, was attached as Exhibit B to the recorded Deed of Trust and explicitly states, "The Trustmakers (*sic*) are Max W. Barber and Sarah G. Navarra" and that the "Trustees of the trust are Max W. Barber and Sarah G. Navarra." (Dkt. 88-8, 14). Thus, Barber's reliance on the *Aulsio* case is misplaced.

Even if the facts was analogous to the present case, which they clearly are not as demonstrated herein, Plaintiff has offered no reason why this Court should follow the California Court of Appeal's case interpreting California trust law in this case involving a Utah business trust. *Compare* Cal. Prob. Code § 15209 (West) (permitting under certain circumstances one settlor to be sole trustee and sole beneficiary) *with* Utah Code Ann. § 75B-2-402 (West) (prohibiting the same person to act as the sole trustee and sole beneficiary).

As Plaintiff's argument relies on distinguishable facts and law, Barber's sole trustee-beneficiary exception argument fails.

D. <u>Barber's Judicial Estoppel Argument is Ironic, Based on Barber's Misunderstanding of Judicial Estoppel, and Premised on the Deliberate Misconstruction of Anderson's Motion to Dismiss</u>

To effectively judicial estoppel, one must establish three factors: (1) a party's subsequent position must be "clearly inconsistent" with its former position; (2) "whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance

170872670.1

6

of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled; and (3) "whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

Ironically, Barber contends that Anderson is judicially estopped from arguing that Barber may not represent the MSB Trust in this action. First, Anderson has never taken such a position. While Barber mischaracterizes the Statement of Facts section of Anderson's Motion to Dismiss, or Alternatively, for Summary Judgment, Barber can point to nothing that would support his baseless claim that Anderson ever argued that Barber, as a non-lawyer, is authorized to represent the interests of a separate, legal entity before this Court.  Second, in addition to there being nothing to support Barber's incredulous argument that Anderson argued that Barber could practice law, Barber is unable to identify a court that Anderson persuaded to accept Barber representing the MSB Trust notwithstanding Barber not being a licensed attorney.  Third, Barber cannot establish that Anderson would gain an unfair advantage if the Court were to grant the Motion.  There certainly is no advantage, let along an unfair advantage, for Anderson to take the position that the MSB Trust's claims must be presented by a licensed attorney.

It won't be lost on the Court that Barber filed bankruptcy in his personal capacity only to then cause the MSB Trust to file bankruptcy when he realized that his personal bankruptcy would not stop the subject foreclosure sale.  To the extent that judicial estoppel applies to any party in this case, it should be applied to Barber who seeks to claim that the MSB Trust had separate bankruptcy rights that were violated but who now claims that he is the real party in interest. Barber's attempt to play both sides of the coin should be rejected.

170872670.1

7

E.     <u>Federal Rule of Civil Procedure 17(a) Does Not Save Barber's Pleadings Asserting Claims on Behalf of the MSB Trust.</u>

Barber argues that "Defendant's Motion seeks to strike *all* pleadings." Opp., 10. Anderson has not argued that Barber cannot appear *pro se* to assert his own individual rights. As is directly in the name of the Motion, the Motion seeks to prohibit Barber from representing the MSB Trust and strike all pleadings asserting rights on behalf of the MSB Trust filed by a non-attorney. However, the practical effect of the Court granting the Motion would be to strike Plaintiff's First Amended Complaint because it seeks to assert alleged rights of the MSB Trust: the MSB Trust owns certain real property (Compl., 17); collateral for a loan made to the MSB Trust consisted of the MSB Trust's real property (Compl., ¶ 36; *Id.*, Ex. J (Dkt. 35-9)); and the MSB Trust's real property was foreclosed upon in violation of the automatic stay in the MSB Trust's bankruptcy (*Id.*, ¶ 7); the prayer for relief seeks a "Decree Quieting Title to the Properties in the name of the MSB Trust (*Id.*, ¶ B)

Barber also incorrectly argues that striking the pleadings asserting rights on behalf of MSB Trust filed by a non-attorney violates Federal Rule of Civil Procedure 17(a)(3). The text from the rule states:

> (3) *Joinder of the Real Party in Interest*. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest. *Id.*

Fed.R.Civ.P. 17(a)(3) does not prohibit a court from striking pleadings filed on behalf of a trust by a non-attorney. Striking the pleadings asserted on behalf of a trust by a non-attorney does not violate the Federal Rules of Civil Procedure, or any other rule, and Plaintiff can point to no authority to the contrary.

170872670.1

## CONCLUSION

Plaintiff's First Amended Complaint seeks to assert alleged rights of the MSB Trust and quiet title to the subject real property in the name of the MSB Trust. The laws of the United States and the State of Utah do not support Barber's argument that he, as a non-licensed attorney, should be permitted to represent the MSB Trust. For the reasons stated herein and in the Motion, the Motion should be granted and Non-Attorney Max Barber should be prohibited from representing the Plaintiff MSB Trust and all pleadings filed by a non-attorney on behalf of the MSB Trust should be stricken.

DATED: February 3, 2026    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew R. Welch*
ANDREW R. WELCH
ANDREW J. SCHUMAN
*Attorneys for Defendant Jared L. Anderson*

170872670.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this February 3, 2026, I caused a true and correct copy of the foregoing **DEFENDANT JARED ANDERSON'S REPLY IN SUPPORT OF HIS MOTION TO DISQUALIFY NON-ATTORNEY MAX BARBER FROM REPRESENTING PLAINTIFF MSB TRUST AND TO STRIKE ALL PLEADINGS ASSERTING RIGHTS ON BEHALF OF THE MSB TRUST FILED BY A NON ATTORNEY** to be electronically filed through the Court's CM/ECF system which will send notification of such filing to the following:

Max Warren Barber
1028 South 1900 East
Salt Lake City, Utah 84108
Tel. No.: 801.518.1821
23blackbee@gmail.com
*Pro Se Plaintiff*

Steven R. Skirvin
Skirvin Law PLLC
3450 North Triumph Boulevard
Suite 102
Lehi, Utah 84043
steve@srslawpc.com
*Attorney for Defendant David Knudson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Tel. No.: 801.960.3655
gguelker@rlattorneys.com
*Attorney for Defendants*
*Jeremy Shorts and David Gardner*

/s/ Andrew R. Welch