Steven R. Skirvin (#7626)
SKIRVIN LAW PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, UT 84043
T: 801.449.0364
E: steve@srslawpc.com
*Attorney for Defendants*
*Gravity Segregation II, LLC,*
*Gravity Segregation, LLC, dba*
*Gravity Capital, LLC and David Knudson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Trustee of the MSB TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, et al.,<br><br>Defendants. | **DEFENDANTS DAVID KNUDSON, GRAVITY SEGREGATION, LLC dba GRAVITY CAPITAL, LLC AND GRAVITY SEGREGATION II, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case Number 2:25-cv-00681-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1 and Fed. R. Civ. P. 12, Defendants David Knudson, Gravity Segregation II, LLC, and Gravity Segregation dba Gravity Capital, LLC ("Gravity Capital" and collectively the "Gravity Defendants") submit this Reply in support of their Motion to Dismiss the First Amended Complaint (ECF 17) ("FAC") of Plaintiff Max Warren Barber, individually and as

Trustee of the MSB Trust ("Plaintiff") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss").

## I.

## PROCEDURAL MATTERS

The Opposition to the Motion to Dismiss filed by Plaintiff should be disregarded for the reasons set forth in Anderson's Motion to Disqualify Non-Attorney Max Warren Barber from Representing Plaintiff MSB Trust and to Strike All Pleadings Asserting Rights on Behalf of the MSB Trust Filed by a Non Attorney (ECF 122).

The Opposition should also be disregarded because it was filed late. The Opposition was originally due on December 22, 2025. Plaintiff filed a motion for an extension of time on December 31, 2025, which was granted by the Court by Docket Text Order dated January 7, 2026 (ECF 127). The Court granted Plaintiff until January 14, 2026 to file his Opposition. Nevertheless, the Opposition was not filed until January 21, 2026 (ECF 138).

Several appendices are referenced in the Opposition that are not attached to the Opposition and do not appear to be in the docket. Some audio files have been filed with the Court physically and not served upon by the Gravity Defendants. Any document/file referenced in the Opposition and not filed with the Opposition or properly served should be disregarded. To the extent Plaintiff requests judicial notice of such documents, the Gravity Defendants object and incorporate by reference their Memorandum in Opposition to Plaintiff's Motion for Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201(c)(2) (ECF 150) and Defendant Anderson's Opposition to Plaintiff's Motion for Judicial Notice of Adjudicative Facts (ECF 151).

In the Opposition, citations to exhibits are misstated. For example, at p. 15, Plaintiff references Exhibit D to his Complaint as a specific type of appraisal form. In reality, Exhibit D (ECF 35-3) is screenshots of the Salt Lake County Recorder's website for parcel data searches. At least one citation to the text of the Complaint is also false. On page 11 of the Opposition, Plaintiff purports to quote the Complaint as follows: "First, centralized management. David Knudson serves as the controlling principal across all entities, with Shelly Skirvin providing consistent administrative support. FAC ¶¶ 8-12." This statement is not located in the Complaint.

## II.

## INCORPORATION OF CO-DEFENDANT'S ARGUMENTS

The Gravity Defendants join and incorporate by reference all relevant arguments (with accompanying evidence) made by co-Defendant Jared Anderson in his Motion to Dismiss, or Alternatively, for Summary Judgment (ECF 88) ("Anderson Motion"), and Reply in Support of his Motion to Dismiss First Amended Complaint (ECF 132) ("Anderson Reply"). These arguments include, without limitation, in the Anderson Motion, Argument II: This Court lacks jurisdiction over alleged violation of the automatic bankruptcy stay; Argument III: The Automatic Stay was never in effect as to the subject properties, and the foreclosure was lawful; Argument IV: All remaining claims fail as a matter of law; Argument V, Counts IV, V, VIII, XI, XII, XV and XVII constitute improper collective pleading and do not give Mr. Anderson [or any other defendant] fair notice of the grounds upon which they rest; and Argument VII.A. Plaintiffs' RICO Claims Fail (Counts IV and V). In the Anderson Reply, Arguments II: Plaintiff's 11 U.S.C. § 362(k) claims should be dismissed for lack of subject matter jurisdiction; Argument III: Plaintiff's 362(k) claims are barred by issue preclusion; Argument IV: The Stipulation does not include any

language to suggest it was conditional. The Gravity Defendants further join and incorporate by reference all other arguments, evidence and authorities cited by Defendant Anderson that support dismissal.

## III.

## PLAINTIFF'S CLAIMS ARE BARRED BY ISSUE PRECLUSION

The elements of issue preclusion are: (1) the issue decided in the prior adjudication is identical to the one presented in the instant action; (2) the party against whom issue preclusion is asserted was a party, or in privity with a party, to the prior adjudication; (3) the issue in the first action was completely, fully, and fairly litigated; and (4) the first suit resulted in a final judgment on the merits. *Kuhar v. Thompson Mfg., Inc.*, 552 P.3d 174, 178, reh'g denied (June 21, 2024) (citation omitted).

In what is called the "Eviction Suit" in this matter, *1028 S 1900 E LLC v. Max Barber, et al.*, Third District Court Case No. 250906343, the Hon. Richard Daynes entered Findings of Fact and Conclusions of Law on October 28, 2025. A true and correct copy of this Findings of Fact and Conclusions of Law ("Findings") is attached hereto as Exhibit 14 and incorporated herein by reference.[1] The Gravity Defendants are not parties to the Eviction Suit. The Plaintiff in the Eviction Suit, 1028 S 1900 E LLC, is a named defendant in this action.

In the Findings, Judge Daynes held 1) that the foreclosure sale conducted on July 22, 2025 was valid and enforceable, 2) the In Rem Order entered in Bankruptcy Case No. 25-21749 is

[1] The Gravity Defendants respectfully request the Court take judicial notice of the adjudicative facts in Exhibits 1-13 attached to their Motion to Dismiss First Amended Complaint and Exhibits 14-15 attached hereto pursuant to Fed. R. Evid. 201.

binding upon MSB Trust and Max Barber, and authorized the foreclosure sale, 3) The automatic stay had no effect upon the foreclosure sale; and 4) 1028 S 1900 E LLC is a bona fide purchase for value. Further, Judge Daynes found that Barber's actions as set forth in the Findings of Fact constituted "abuse of the bankruptcy system to defraud creditors—a federal crime under 18 U.S.C. § 152." Exh. 14, p. 2, para. 28.

In the Opposition at p. 6, Plaintiff contends that Judge Daynes found that "Gravity" breached the stipulation. However, this alleged statement is not included in the Findings, and since Gravity is not a party to the Eviction Suit, such a statement would not be binding upon Gravity in any event. Nor does an alleged breach of the actual Stipulation affect relief from stay. There is nothing conditional about the In Rem Order. See In Rem Order, Motion to Dismiss, Exh. 7.

Plaintiff also raised other arguments in the Eviction Suit that he seeks to re-litigate here. A true and correct copy of the Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Complaint for Unlawful Detainer ("UD Opposition") filed in the Eviction Suit on or about October 13, 2025 is attached hereto as Exhibit 15 and incorporated herein by reference.

Plaintiff made the following arguments in the UD Opposition, with the relevant causes of action in his First Amended Complaint referenced (Counts XV and XVII are based on all allegations below):

1. Gravity's allegation violation of the Stipulation for relief from stay and the alleged conditional nature of relief from stay, rendering the trustee's sale void ab initio. FAC Counts I, II, III, IX, X, XI
2. The trustee's sale was the result of collusion, an insider relationship, and a "larger, ongoing scheme." FAC Counts IV, V, VI

3. There was an absence of competitive bidding at the trustee's sale, indicating a collusive sale. FAC Counts IV, V, VI, XII

4. The underlying note with Gravity Capital is void and unenforceable because it violated the FTC Injunction. FAC Count VII, VIII

5. He was forced to declare the loan was a business loan to circumvent consumer protection laws. FAC Count VII, VIII

Judge Daynes stated in his Conclusions of Law contained in the Findings at p. 18, para. 5: "The Court concludes that a stay pending appeal must be denied because it is an extraordinary and equitable remedy reserved for good-faith litigants—a standard Defendant cannot meet. Defendant's request is a bad-faith attempt to unlawfully regain possession of property he lost in a lawful foreclosure by misrepresenting the facts, law, and public record."

After fully and fairly litigating these issues in the Eviction Suit, Plaintiff should be prohibited from re-litigating them in this Court.

**II.**

**PLAINTIFF FAILS TO PROVIDE ANY BASIS IN WHICH THE CAUSES OF ACTION ALLEGED AGAINST THE GRAVITY DEFENDANTS SHOULD SURVIVE DISMISSAL**

1. Count I: Plaintiff fails to acknowledge that the purported Order on which he relies for this cause of action was never entered by the Court. His arguments regarding conditions precedent are not supported by any entered Order.

2. Counts II, III, IX, X, XI and XII: The In Rem Order is dispositive. It is not conditional. Regardless of what person or entity owned these properties, there is no bankruptcy

filing that would have reinstated the automatic stay. Plaintiff has provided no authority to the contrary. These causes of action must be dismissed with prejudice.

3. Counts IV and V: The Opposition is just as void of specific allegations as the Complaint. This cause of action fails due in part to failing to satisfy Fed. R. Civ. P. 9(b). The mere former existence of entities that were administratively dissolved more than 20 years ago does not support any allegation of RICO violations or any other misconduct. There is no allegation in FAC of any other alleged wrongful foreclosure.

4. Count VI: "Calling Dave [Knudson]" does not state a prima facie cause of action for Sherman Act violations. The allegation that "David Knudson was directing everything" is meaningless. He is the president of Gravity Capital. Directing foreclosures is a normal function of his role. There is no law requiring that he not speak to prospective bidders. If there was any evidence of bid rigging, Judge Dayne could not have ruled the trustee's sale was lawful, nor that the buyer was a bona fide purchaser.

5. Count VII: Plaintiff makes no argument that this cause of action is not barred by the applicable statutes of limitations, conceding that this cause of action should be dismissed with prejudice. Further, Plaintiff ignores his representation in bankruptcy schedules under penalty of perjury that the subject loan was a business loan. This alone defeats this cause of action.

6. Count VIII: Plaintiff ignores his voluntary statement under penalty of perjury that the Gravity loan was a business loan. See Motion to Dismiss, Exh. 12. Plaintiff fails to refute that Gravity is not a debt collector under the FDCPA. The only alleged violations of the FDCPA are: "breach of the peace and prosecuting a fraudulent lawsuit for treble monetary damages…to effect

dispossession…" FAC para. 95-96. These are alleged actions of other defendants, not the Gravity Defendants.

7. No specific allegation is alleged against defendant Gravity Segregation II, LLC.

**CONCLUSION**

The Gravity Defendants request the Court grant this Motion to Dismiss in its entirety, dismiss the First Amended Complaint with prejudice and grant the Gravity Defendants their reasonable attorneys' fees and costs. If the Court is inclined to grant leave to amend, the Gravity Defendants request that leave be granted to amend existing causes of action only, and Plaintiff be required to seek leave to amend by noticed motion in order to add additional parties or causes of action.

DATE: February 4, 2026

SKIRVIN LAW PLLC

*/s/ Steven R. Skirvin*
Attorney for Defendants
Gravity Segregation, LLC dba Gravity Capital, LLC
David Knudson and Gravity Segregation II, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2026, I caused a true and correct copy of the **DEFENDANTS DAVID KNUDSON, GRAVITY SEGREGATION, LLC dba GRAVITY CAPITAL, LLC AND GRAVITY SEGREGATION II, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** to be served upon the following served in the manner indicated below:

Max Warren Barber, individually and as
Trustee of the MSB Trust
1028 S. 1900 E.
Salt Lake City, UT 84108
23blackbee@gmail.com
*Pro Se Plaintiff*

Andrew R. Welch
Andrew J. Schuman
Lewis Brisbois Bisgaard & Smith LLP
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant*
*Jared L. Anderson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
gguelker@rlattorneys.com
*Attorneys for Defendants*
*Jeremy Shorts and David Gardner*

*/s/ Steven R. Skirvin*