**EXHIBIT 14**

The Order of the Court is stated below:
**Dated:** October 28, 2025 04:14:40 PM /s/ RICHARD DAYNES District Court Judge

David R. Gardner (14974)
Jeremy M. Shorts (10983)
**LAW OFFICES OF JEREMY M. SHORTS, LLC**
P.O. Box 971233, Orem, Utah 84097
T: 801-610-9879
info@utahevictionlaw.com

Dastan M. Dio (17201)(*Of-Counsel)*
**PACE JOHNSON LAW GROUP**
231 E 400 S #345
Salt Lake City, UT 84111
T: (385) 347-3111
Dastan@pacejohnson.com

*Attorney(s) for Plaintiff(s)*

| IN THE THIRD JUDICIAL DISTRICT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH, SALT LAKE CITY DEPARTMENT | |
|---|---|
| **1028 S 1900 E LLC**,<br><br>Plaintiffs,<br><br>vs.<br><br>**MAX BARBER**; and **SARAH NAVARRA** aka **SARAH G BARBER**,<br><br>Defendants. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE ORDER DENYING DEFENDANT'S EMERGENCY MOTIONS:**<br><br>(1) **FOR RECONSIDERATION AND TO QUASH AMENDED ORDER OF RESTITUTION (DKT. 61)**[1]<br><br>(2) **FOR STAY PENDING APPEAL AND FOR IMMEDIATE INJUNCTIVE RELIEF RESTORING POSSESSION (DKT. 63)**[2]<br><br>(3) **NOTICE OF BANKRUPTCY, AUTOMATIC STAY; MEMORANDUM ON VOIDNESS OF SALE AND LACK OF BONA FIDE PURCHASER STATUS;** |

[1] Filed 09/30/2025
[2] Filed 09/30/2025

| | |
|---|---|
| | **NOTICE OF IMMINENT ADVERSARY PROCEEDING; AND MOTION FOR STAY (DKT. 95)**[3]<br><br>(4) **NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY AND MOTION TO DISMISS (DKT. 98)**[4]<br><br>(5) **TO STAY ENFORCEMENT OF JUDGMENT AND MOTION TO SET ASIDE DEFAULT JUDGMENT; REQUEST FOR EXPEDITED HEARING (DKT. 101)**[5]<br><br>Civil No. 250906343 EV<br>Judge Richard Daynes |

This matter came before the Court on October 14, 2025, at 10 a.m., for an in-person evidentiary hearing ("Hearing") on Defendant's, Max Barber's, Emergency Motions (the "Motions"):

(1) FOR RECONSIDERATION AND TO QUASH AMENDED ORDER OF RESTITUTION (DKT. 61)

(2) FOR STAY PENDING APPEAL AND FOR IMMEDIATE INJUNCTIVE RELIEF RESTORING POSSESSION (DKT. 63)

[3] Filed 10/14/2025
[4] Filed 10/14/2025
[5] Filed 10/14/2025

(3) NOTICE OF BANKRUPTCY, AUTOMATIC STAY; MEMORANDUM ON VOIDNESS OF SALE AND LACK OF BONA FIDE PURCHASER STATUS; NOTICE OF IMMINENT ADVERSARY PROCEEDING; AND MOTION FOR STAY (DKT. 95)

(4) NOTICE OF AUTOMATIC STAY, SUGGESTION OF BANKRUPTCY AND MOTION TO DISMISS (DKT. 98)

(5) TO STAY ENFORCEMENT OF JUDGMENT AND MOTION TO SET ASIDE DEFAULT JUDGMENT; REQUEST FOR EXPEDITED HEARING (DKT. 101)

The Hearing was originally set to be in-person on October 10th at 10 a.m., which the parties appeared for, but was continued to October 14th at Mr. Barber's last-minute request during the Oct 10th hearing, referencing yet another 'emergency' motion to continue[6] filed just hours prior. The Court reluctantly continued the hearing over Plaintiff's objection, but informed the Defendants there would be no more continuances. The Court also instructed the Defendants that they must disclose all evidence and witnesses they intended to present at the Oct 14th Hearing before noon the day before[7]. Defendants emailed their disclosures to the Court's clerk at approximately 1 p.m. on October 13th, who filed them the following morning–the day of the Hearing.[8]

The Court conducted the Hearing with all parties present, including newly appointed counsel[9] for Defendant Sarah Navarra, James A. Sorenson. The Hearing lasted the entire day, concluding at 5 p.m.

The Court notes that Defendant, Max Barber, included three more motions along with his

[6] Dkt. 84: Emergency Motion To Continue Evidentiary Hearing, filed 10/10/2025
[7] I.e. Mon, 10/13/25 at 12 nn
[8] *See* Dkt. Nos. 92–102
[9] Dkt. 90, Notice of Appearance, filed 10/13/2025

Hearing disclosures.[10] **Two of these[11] appear to be identical copies of prior motions[12]** he filed in this case, which the Court ultimately denied following briefing, and oral argument.[13]

The third[14] is yet another "Notice of Bankruptcy, Automatic Stay, and Motion for Stay" on behalf of "MSB TRUST" "by and through its Trustee, Max Warren Barber." *Id.* It is substantively identical (same facts, same arguments) to those filed by Defendant Barber twice now[15]. The Court notes that the last Notice of Bankruptcy and Automatic Stay filed by Mr. Barber[16] included MSB Trust, and states: "Defendant Max Warren Barber, appearing pro se as an individual **and as Sole Trustee of the MSB Trust**, and hereby gives notice to this Court, Plaintiff, and all parties in interest of the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code **by the MSB Trust** (dated December 12, 2017)[.]"

Based upon the Findings of Fact and Conclusions of Law set forth hereinafter, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Defendant's Emergency Motions for Stay Pending Appeal and Emergency Motion for Reconsideration are DENIED in their entirety.

---

[10] *See* Dkt. Nos. 95, 98, 101
[11] Dkt. 98, Notice of Automatic Stay, Suggestion of Bankruptcy and Motion to Dismiss [& Answer], filed 10/14/25; and Dkt. 101, Emergency Motion to Stay Enforcement of Judgment and Motion to Set aside Default Judgment: Request for Expedited hearing, filed 10/14/2025;
[12] Dkt. 22, Notice of Automatic Stay, Suggestion of Bankruptcy, and Motion to Dismiss & Answer, filed 08/28/25; Dkt. 32, Emergency Motion to Stay Enforcement of Judgment and Motion to Set aside Default Judgment: Request for Expedited hearing, filed 9/5/25;
[13] Dkt. 33, Order Staying Default Judgment and Order of Restitution, filed 9/05/25; superseded by Dkt. 49, Order of Restitution, Amended Order of Restitution [Following 9/19/25 Unlawful Detainer Hearing], filed 9/22/25
[14] Dkt. 95, Notice Of Bankruptcy, Automatic Stay; Memorandum On Voidness Of Sale And Lack Of Bona Fide Purchaser Status; Notice Of Imminent Adversary Proceeding; And Motion For Stay, filed 10/14/25
[15] Dkt. Nos. 22 and 53
[16] Dkt. 53, filed 9/25/25

2. The Order of Restitution[17] and the lawful eviction of Defendants are AFFIRMED.

3. The foreclosure sale conducted on July 22, 2025, is VALID and ENFORCEABLE.

4. Plaintiff 1028 S 1900 E, LLC, is confirmed as a bona fide purchaser for value without notice of the subject properties.

5. The transfer of property from GSE Global, LLC to MSB Trust on July 21, 2025, is declared VOID as a fraudulent conveyance.

6. The In Rem Order entered in Bankruptcy Case No. 25-21749 is binding upon MSB Trust and Defendant Max Barber and authorized the foreclosure sale.

7. The automatic stay in Bankruptcy Case No. 25-23863 had no effect on the foreclosure sale as the property was not property of the bankruptcy estate at the time of filing.

8. This Order shall be recorded with the Salt Lake County Recorder to provide notice of the Court's rulings regarding title to the properties.

9. Plaintiff is AWARDED its costs and fees incurred responding to the Defendants' Motions, **to be paid by Defendant Max Barber**, as follows;

    - Within 7 calendar days following entry of this Order, Plaintiff shall submit a detailed Declaration of Costs and Fees for the Court to evaluate for reasonableness.

NOW THEREFORE, in support of the rulings and orders set forth herein, the Court issues the following Findings of Fact, and Conclusions of Law:

## FINDINGS OF FACT

### I. FINDINGS OF FACT REGARDING THE IN REM STIPULATION AND ORDER

[17] Dkt. 49, Order of Restitution Amended Order of Restitution, entered 09/22/2025

1. This case arises from the foreclosure and sheriff's sale of two properties (the "Properties"), with addresses:

   - 1028 South 1900 East, Salt Lake City, Utah 84108
   - 1836 East Yale, Salt Lake City, Utah, 84108

2. There are two bankruptcy cases relevant to this matter. The first, case no. 25-21749, is a Chapter 13 filed April 2, 2025, for both Max Barber and MSB Trust, as co-debtor ("Ch. 13" or "In Rem Order Bankruptcy"). It is this case that the In Rem Order was issued by Judge Kevin Anderson.

3. At the time the first bankruptcy petition was filed, neither MSB Trust nor Mr. Barber owned either of the Properties.

4. A second bankruptcy, case no. 25-23863, was filed on behalf of MSB Trust on July 8, 2025, ("MSB Trust Bankruptcy").

5. In the Ch 13 Bankruptcy, Mr. Barber lists MSB Trust as the "debtor" and himself as "co-debtor." (**Exhibit A**, Voluntary Petition, Bankruptcy case no. 25-21749).

6. In the *Stipulation Re: Motion For In Rem Relief From The Automatic Stay And The Co-Debtor Stay* ("In Rem Stipulation")(Dkt 47, **Exhibit B**), the In Rem Stipulation was executed by Max Barber as trustee of MSB Trust and himself individually.

7. In the In Rem Stipulation, Max Barber and MSB Trust stipulated as follows:

   "Gravity Capital, LLC ("Creditor"), a secured creditor of the Debtor, **Max Warren Barber as Trustee of the MSB Trust dated December 12, 2017 ("Debtor"), and Co-Debtor, Max Warren Barber (Debtor and Co-Debtor collectively referred to herein as the "Debtors")**, having presented its Motion for in rem Relief from the Automatic Stay and the Co-Debtor Stay, and Debtors, based upon an agreement

between the parties, by and through their respective attorneys of record, agree the Motion should be granted pursuant to the terms outlined in this Stipulation..." *Id.*

8. The Addendum to the Stipulation states: "**Debtor Identification**: The Debtor identified herein is Max W. Barber and the MSB Trust." Id.

9. The MSB Trust specifically agreed to the foreclosure in the In Rem Stipulation, paragraph 2: "Debtor stipulates to immediate in rem Relief from the Automatic Stay and Co-Debtor Stay in favor (of) Gravity Capital, LLC." Id.

10. The In Rem Order applies specifically to the MSB Trust by its own stipulation and allows Gravity Capital to foreclose on both Properties.

11. Defendant Barber has falsely argued that the In Rem Order must be recorded to be effective under Bankruptcy Code 11 U.S.C. § 362(d)(4). Not so.

12. Regardless, the In Rem Order was in fact recorded on the Properties on June 11, 2025, as Entry no. 14398970. (Exhibit D).

## II. FINDINGS REGARDING THE AUTOMATIC STAY OF THE MSB TRUST BANKRUPTCY

13. On July 8, 2025, the MSB Trust filed (again) for bankruptcy in case no. 25-23863.

14. At the time MSB Trust filed its bankruptcy petition on July 8, 2025, it did not own either of the Properties. Mr. Barber's testimony given at the Hearing confirmed this.

15. On July 21, 2025, at 3:17 p.m.—the afternoon before the 9:00 a.m. foreclosure sale the next morning—GSE Global, LLC, deeded the properties to the MSB Trust by warranty deed, recorded as Entry no. 14413121 in the Salt Lake County Recorder's Office. (Exhibit E).

16. During Barber's cross-examination at the October 10th evidentiary Hearing in this case, he admitted to owning an interest in GSE Global, LLC, and directing its manager to draft and execute the warranty deed to MSB Trust. Id. He also admitted that the handwriting on the warranty deed belonged to him.
17. The foreclosure sale occurred on July 22, 2025.
18. Under 11 U.S.C. § 541(a)(1), properties subject to an automatic stay are "all legal or equitable interests of the debtor in property as of the commencement of the case."
19. Title reports for both Properties, Barber's own testimony, and the July 21, 2025, warranty deed from GSE Global, LLC, to MSB Trust, indisputably show the Properties were not owned by MSB Trust or Barber "as of the commencement" of its bankruptcy case.
20. Notwithstanding, and despite the In Rem Stipulation, after the foreclosure sale Barber filed lis pendens on both the Properties on behalf of MSB Trust.
21. He concurrently filed an Ex Parte Motion for a Temporary Restraining Order, Reopening of Case, Order to Show Cause re: Contempt, and Emergency Hearing to Void Trustee's Sale attempting to reverse the foreclosure. **Exhibit C** (The TRO Motion and Order Denying, Docket No. 67)
22. Judge Kevin Anderson entered an Order Denying Barber's Motion stating:

> **"Over the past two years, Barber has filed three bankruptcy cases**... **The apparent intent of these cases has been to use the Bankruptcy Code to forestall adverse, non-bankruptcy proceedings...** Barber's use of the Bankruptcy Code does not appear to be for reorganizing his finances and repaying his debts but to stymie and subject creditors to a multitude of unmerited delays." *Id.*

23. This Court adopts and incorporates herein all findings contained in Judge Anderson's Order. See *Id.*

III. **FINDINGS REGARDING JULY 21, 2025, CONVEYANCE FROM GSE GLOBAL TO MSB TRUST**

24. The warranty deed by GSE Global, LLC, to the MSB Trust was conveyed 18 hours before the foreclosure sale.

25. The Court finds the conveyance was made to a bankrupt debtor (MSB Trust) so Barber could argue the foreclosure sale was barred by the automatic stay, which is consistent with his actions in this case. Barber has attempted, either personally or via proxy[18], to bar, enjoin, stay, quash, dismiss, and/or void the foreclosure sale, to interrupt or terminate the Plaintiff's interests, and restore the Properties to MSB Trust no less than eight times in this case without success.

26. This meets the requirement of a fraudulent conveyance under 11 U.S.C. § 548.

27. The Court finds this transfer was made with the "actual intent to hinder, delay, or defraud creditors," the standard prohibited by 11 U.S.C. § 548 and Utah's fraudulent transfer laws.

28. Consistent with Judge Kevin Anderson's specific finding that Barber was using bankruptcy to "stymie and subject creditors to a multitude of unmerited delays" (**Exhibit D**), this Court finds Barber's actions in this case consistent with Judge Anderson's findings. Moreover, due to these and other factual findings set forth in Subsection V (*infra.*), this Court finds Barber's actions constitute abuse of the bankruptcy system to defraud creditors–a federal crime under 18 U.S.C. § 152.

[18] E.g. co-defendant and wife Sarah Barber, and/or the MSB Trust

## IV. FINDINGS REGARDING BONA FIDE PURCHASER STATUS

29. The purchasers at the foreclosure sale of the two houses include the Plaintiff, 1028 S 1900 E, LLC, ("1028 LLC"), and Pace Johnson, Adrian and Stephanie Johnson, and Jamis Johnson (collectively "Johnsons").
30. This Court previously found Plaintiff, 1028 LLC, to be a bona fide purchaser without notice of the 1028 Property. Dkt. 49, Amended Order of Restitution, filed 9/22/25.
31. In its Order Denying Motion To Stay; Order of Restitution dated September 29, 2025, this Court previously found: "The second bankruptcy filing by the trust did not alter the previous order of relief from the stay or change the status of Plaintiff as a bona fide purchaser."
32. Under Utah Code Anno. 57-1-28(2)(c)(ii), there is a prima facie presumption that Plaintiff is a bona fide purchaser. The statute states that recitals in a trustee's deed "are conclusive evidence in favor of bona fide purchasers and encumbrancers for value and without notice."
33. The Trustee's Deed to 1028, LLC, after foreclosure (Exhibit E) contains the requisite recitals for a prima facie case that Plaintiff is a bona fide purchaser.
34. Defendants have not rebutted this prima facie status.
35. Plaintiff's principals, including Jamis Johnson and Adrian Johnson, and the other Johnsons who attended the sale, did not have actual or constructive notice of the MSB Trust bankruptcy prior to the sale.[19]

[19] Though, if they had, because the Court finds the July 21st warranty deed to MSB Trust constituted a fraudulent conveyance, the outcome would be the same.

36. Both Jamis and Adrian Johnson offered credible testimony during the evidentiary Hearing that they had no knowledge of either the MSB Trust bankruptcy or the fraudulent conveyance recorded just 18 hours before the foreclosure sale.

37. Plaintiff and Adrian Johnson (who purchased the Yale Property) paid a total of $1,450,000 to pay the Gravity Capital trust deed and to pay the first mortgages at University First Federal Credit Union for the Properties.

38. Mr. Barber, who is not a real estate expert and does not claim to be, argues still that the amount Plaintiff paid for the Properties was unreasonably low, and that based on this fact alone should compel the Court void the foreclosure sale. The Court does not find this persuasive or consistent with Utah precedent. See *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545 (1994).

39. The Court finds the holding in *BFP v. Resolution Trust Corp.* binding in this case, which states, "It is black letter foreclosure law that when a state's procedures are followed, the mere inadequacy of a foreclosure sale price is no basis for setting the sale aside." Id.

40. Plaintiff's Opposition to Max Barber's Emergency Motion for Stay Pending Appeal and Emergency Motion for Reconsideration in Their Entirety (Dkt. 80) presents detailed, compelling evidence establishing Barber has a long history of bad-faith bankruptcies, fraudulent transfers, and frivolous lawsuits designed to obstruct justice and avoid creditors' reach.

41. The Court's analysis in this regard picks up where Judge Kevin Anderson left off:

**"Over the past two years, Barber has filed three bankruptcy cases... The apparent intent of these cases has been to use the Bankruptcy Code to**

**forestall adverse, non-bankruptcy proceedings...** Barber's use of the Bankruptcy Code does not appear to be for reorganizing his finances and repaying his debts but to stymie and subject creditors to a multitude of unmerited delays."

**Exhibit C** (The TRO Motion and Order Denying, Docket No. 67)

42. This Court cannot ignore such a strong condemnation of Barber by a federal judge. See **Exhibit F**[20].

43. The Ch.13 bankruptcy Trustee's Motion lays bare for all to see a detailed, exhaustive chronology of events dating as far back as December of 2023, summarized here:

- **December 14, 2023**: Barber filed Chapter 13 bankruptcy (Case No. 23-25756), which was dismissed January 30, 2024 for failure to comply with filing requirements.
- **February 1, 2024**: Barber filed Chapter 11 bankruptcy (Case No. 24-20418), dismissed March 25, 2024.
- **September 23, 2024**: GSE Global LLC filed Chapter 11 bankruptcy (Case No. 24-24810), dismissed February 20, 2025 with 180-day bar to refiling.
- **April 2, 2025**: Barber filed current Chapter 13 bankruptcy (Case No. 25-21749), listing both MSB Trust and GSE Global LLC as names used in past 8 years.
- **May 29, 2025**: Barber entered into Stipulation with Gravity Capital LLC granting in rem relief from automatic stay, agreeing to foreclosure after July 7, 2025.

[20] In Re: Max Warren Barber, Chapter 13, Case No. 25-21749, Dkt. 31, "TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 109(e) –EXCEEDING THE UNSECURED AND SECURED DEBT LIMIT AND MOTION TO DISMISS WITH PREJUDICE UNDER 11 U.S.C. § 105(a) and 109(g) – WILLFUL FAILURE TO APPEAR IN PROPER PROSECUTION OF THE CASE AND PARTICIPATION IN A SCHEME TO DELAY, HINDER OR DEFRAUD CREDITORS UNDER 11 U.S.C. § 362(d)(4) BY MULTIPLE FILINGS AFFECTING REAL PROPERTIES, filed 5/15/25, which the bankruptcy court granted June 11, 2025 (Dkt. 30 in this case)

- **June 11, 2025**: Court entered Order Approving Stipulation and Order Granting In Rem Relief, which was recorded against the properties.
- **July 8, 2025**: MSB Trust filed Chapter 11 bankruptcy (Case No. 25-23863).
- **July 21, 2025, 3:17 PM**: GSE Global LLC conveyed properties to MSB Trust via warranty deed (less than 18 hours before foreclosure).
- **July 22, 2025, 9:00 AM**: Gravity Capital conducted foreclosure sale; properties purchased by Adrian Johnson and 1028 S 1900 E LLC.
- **August 8, 2025**: Barber filed 131-page Emergency Motion for TRO seeking to void foreclosure sale.
- **August 15, 2025**: Court denied Barber's TRO Motion, finding lack of jurisdiction and characterizing filings as attempts to "stymie and subject creditors to a multitude of unmerited delays."

44. This Court incorporates the foregoing facts, found in Barber's bankruptcy court documents, which Plaintiff admitted into the record as "Exhibit F" during the evidentiary Hearing, and without objection from Barber. Accordingly, the Court makes the following additional key finding:

- Gravity Capital scheduled at least five trustee's sales, each delayed by bankruptcy filings;
- Barber's debts exceed Chapter 13 limits ($526,700 unsecured/$1,580,125 secured);
- U-Be-Living-Smart Inc. holds judgment against Barber for $2,952,174.52;
- Barber personally guaranteed Gravity Capital debt of at least $565,507.31;

- Judge Anderson found Barber's bankruptcy filings were not for reorganization but to delay creditors;
- The last-minute transfer of properties to MSB Trust appears to be fraudulent conveyance under 11 U.S.C. § 548;

## CONCLUSIONS OF LAW

1. **The In Rem Stipulation and Order Binds MSB Trust.** The Court concludes that the In Rem Order applies specifically to MSB Trust by its own stipulation and allowed Gravity Capital to foreclose the Properties–which Plaintiff and the Johnsons lawfully purchased. The stipulation was clear and unambiguous, executed by Max Barber both individually and on behalf of MSB Trust. The MSB Trust specifically agreed to "immediate in rem Relief from the Automatic Stay and Co-Debtor Stay in favor (of) Gravity Capital, LLC." Defendant's argument to the contrary is without merit and made in bad faith. Whether or not the In Rem Order was recorded is irrelevant to the Plaintiff's purchase of the Properties.
2. **The Automatic Stay Did Not Apply to Properties.** The Court concludes that the automatic stay of the MSB Trust Bankruptcy, filed July 8, 2025, had no effect on the foreclosure sale for several reasons:
   (A) Automatic stays only apply to property owned by the debtor at the time of filing, and MSB Trust did not own the Properties, at any time. The Properties were indisputably not owned by MSB Trust "as of the commencement" of either bankruptcy. The chronology is dispositive:

(i) **July 8, 2025**: MSB Trust files Chapter 11 bankruptcy;

(ii) **July 21, 2025**: GSE Global LLC deeds property to MSB Trust;

(iii) **July 22, 2025**: Foreclosure sale occurs;

The Court concludes Mr. Barber acted in bad faith by attempting to trigger a second automatic stay affecting the same Properties retroactively knowing the Properties were not owned by MSB Trust at the time of commencement.

(B) The In Rem Order was effective and enforceable against MSB Trust, which immunized the Properties from further automatic stays;

(C) The conveyance to MSB Trust on July 21st constitutes a fraudulent conveyance and was therefore void and of no force or effect as to the Properties;

(D) The Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which introduced § 362(d)(4), applies in this case to prevent automatic stays from repeat bankruptcy filings affecting the same real property. The Court concludes Mr. Barber's repeat bankruptcy filings including the Properties–first on April 4th on behalf of both MSB Trust and Mr. Barber (Ch.11), and second on July 8th on behalf of MSB Trust (Ch.13)–falls squarely under BAPCPA § 362(d)(4). Had MSB Trust owned the Properties as of July 8th, which it did not, the Court concludes BAPCPA § 362(d)(4) would also have protected the Properties from the automatic stay.

3. **The July 21st Transfer Was a Fraudulent Conveyance.** The Court concludes that the deed by GSE Global, LLC, which Barber admitted owning an interest in, to the MSB Trust was a fraudulent conveyance. The transfer occurred 18 hours before the foreclosure sale to a

bankrupt debtor for the express purpose of attempting to bar the foreclosure sale through the automatic stay. This is a textbook fraudulent transfer designed with the "actual intent to hinder, delay, or defraud creditors" under 11 U.S.C. § 548 and Utah's fraudulent transfer laws. Judge Kevin Anderson's specific finding that Mr. Barber was using bankruptcy to "stymie and subject creditors to a multitude of unmerited delays" supports this conclusion. Abusing the bankruptcy system to defraud creditors is a federal crime under 18 U.S.C. § 152.

4. **Plaintiff Is a Bona Fide Purchaser Without Notice.** On two separate occasions, the Court previously found that Plaintiff was a bona fide purchaser for value (BFP) without notice. First, in its Order of Restitution (Dkt. 27, entered 9/3/25), and second in its Amended Order of Restitution (Dkt. 49, filed 9/22/25). Notwithstanding, the Court generously entertained Mr. Barber's (fourth) Emergency Motion (Dkt. 61, filed 9/30/25) on this issue and allowed Barber an evidentiary hearing, which the Court held Oct 14th. During the Hearing, which lasted the entire day, Mr. Barber presented no new, credible evidence on this issue. The Court concludes that per Utah Code Anno. 57-1-28(2)(c)(ii), there is a prima facie presumption that Plaintiff is a bona fide purchaser based on the recitals in the Trustee's Deed. The statute makes such recitals "conclusive evidence in favor of bona fide purchasers and encumbrancers for value and without notice." Despite ample opportunity, Defendant Barber has not rebutted this prima facie status. Plaintiff's principals did not have notice of the MSB Trust bankruptcy prior to the sale.[21] Plaintiff and the Johnsons paid fair value of $1,450,000 for the properties. Under *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 545 (1994),

[21] Which did not own the Properties anyways.

when state foreclosure procedures are followed, mere inadequacy of price is no basis for setting the sale aside.

5. **Stay Pending Appeal Must Be Denied.** The Defendant and movant, carries the burden of proof that a stay pending appeal is appropriate. For the reasons set forth below, the Court concludes Barber has utterly failed in this respect. The Court concludes that a stay pending appeal must be denied because it is an extraordinary and equitable remedy reserved for good-faith litigants—a standard Defendant cannot meet. Defendant's request is a bad-faith attempt to unlawfully regain possession of property he lost in a lawful foreclosure by misrepresenting the facts, law, and public record. Furthermore, a stay is unwarranted when considering the required legal factors:

   a. **No Likelihood of Success on the Merits.** The Court concludes Defendant has failed to satisfy this requirement. Mr. Barber presents no evidence that his appeal of an interlocutory order is likely to succeed. Defendant appeals a non-final order. Namely the Amended Order of Restitution. This is procedurally improper. To appeal an interlocutory order the appellant must first receive permission from the Court of Appeals by filing a petition for permission to appeal an interlocutory order. Because Barber has not done this, his appeal will be rejected. Substantively, his appeal is predicated on demonstrable falsehoods—that the Bankruptcy Court's In Rem Order did not apply to the MSB Trust (which specifically stipulated to its entry); the false claim that the In Rem Order was not recorded (which is irrelevant as to the Plaintiff's status as a BFP); and the false claim the MSB Trust owned the Properties

at any time. The Court concludes the appeal to be frivolous, made in bad-faith, with unclean hands, and founded on false factual grounds.

b. **No Irreparable Harm to Defendant.** The Court concludes Defendant has failed to satisfy this requirement. Mr. Barber presents no evidence that he will suffer irreparable harm. Any harm to Defendant is self-inflicted. His attempts to game the system have backfired spectacularly. The harmful consequences of his choices are his alone to bear, not the Plaintiff's. The loss of possession is the direct and foreseeable result of a lawful foreclosure that he and MSB Trust agreed to in a binding stipulation. This is not an irreparable injury warranting the Court's intervention.

c. **Substantial Harm to Plaintiff.** The Court concludes Defendant has failed to satisfy this requirement. Mr. Barber presents no evidence that Plaintiff will not suffer harm. Granting a stay would impose immediate and substantial harm on Plaintiff, an innocent bona fide purchaser. Plaintiff and the Johnsons paid $1,450,000 for the properties and will be denied the full use thereof. Plaintiff has and will continue to incur ongoing costs as a result of Barber's gamesmanship and delay tactics. The balance of harms weighs heavily in Plaintiff's favor.

d. **The Public Interest.** The Court concludes Defendant has failed to satisfy this requirement. Mr. Barber presents no evidence that public interests weigh in his favor and not the Plaintiff's. The public interest is served by upholding the finality of lawful foreclosure sales, protecting bona fide purchasers, pursuing the speedy eviction process established by the legislature for these situations, and deterring

vexatious and fraudulent litigation. Rewarding Defendant's conduct with a stay would undermine the integrity of the judicial process.

6. **Bond Requirement.** The Court concludes that Utah Code §§ 78B-6-812(3)(b) and 78B-6-808(4)(b) apply and mandate a bond to cover the "probable amount of costs, and damages that may be awarded to the other party." Given Barber's intent to delay and the ongoing costs and damages to Plaintiff (including carrying costs, lost opportunity costs, and legal fees), a substantial bond is required should Defendant attempt to appeal an adverse ruling. The bond must cover, in addition to significant attorneys' fees, lost income due to the properties being unavailable for use for the length of the proceedings.

**——————————END OF ORDER – SIGNATURE AT TOP——————————**

DATED October 27, 2025

**Pace Johnson Law Group**

*/s/Dastan M Dio/*
DASTAN DIO
*Attorney for Plaintiff(s)*

**CERTIFICATE OF SERVICE**

On October 27, 2025, the foregoing was served on all parties appearing in this matter via the

Court's e-filing system and/or direct email:

Max Warren Barber (*Pro Se*)
1028 South 1900 East
Salt Lake City, UT 84108
23blackbee@gmail.com

James A. Sorenson
Nathan L. Jepson
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, UT 84111
jsorenson@rqn.com
njepson@rqn.com
Attorneys for Sarah Barber (Navarah)

*/s/ Dastan M Dio/*