# EXHIBIT 1:

*FTC v Wasatch Credit Corp.* Case No. 2:99-cv-00579- JTG (D.Utah)- Permanent Injunction
(July 28th, 1999)| PACER (D. UTAH) OR FTC. gov/ court records



1

2 DEBRA A. VALENTINE
General Counsel
3
RECEIVED CLERK
4 GEORGE J. ZWEIBEL
KATHRYN C. DECKER                    JUL 28 1999
NADINE S. SAMTER
5 Federal Trade Commission
915 Second Avenue, Suite 2896 U.S. DISTRICT COURT
6 Seattle, WA 98174
(206) 220-6350
7

Attorneys for Plaintiff
8
UNITED STATES DISTRICT COURT
9 DISTRICT OF UTAH, CENTRAL DIVISION

10

11 FEDERAL TRADE COMMISSION,                    2-99CV579G

12                    Plaintiff,              Case No.

13                                            **STIPULATED FINAL
                                              JUDGMENT AND ORDER**
14              v.

15 WASATCH CREDIT CORP., a Utah
Corporation, WASATCH EQUITIES CORP., a
16 Utah Corporation, WASATCH LOANS, INC., a
Utah Corporation, WASATCH RECOVERY
17 CORP., a Utah Corporation, RHK FAMILY
TRUST, a Trust, and DAVID KNUDSON and
18 HOLLY KNUDSON, as Individuals and as
Trustees of the RHK FAMILY TRUST,
19

20                    Defendants.

21

22      Plaintiff, Federal Trade Commission ("Commission"), has filed a Complaint for a

23 permanent injunction and other equitable relief pursuant to Sections 5(a) and 13(b) of the Federal

24 Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b), and Section 108(c) of the

25 Truth in Lending Act ("TILA"), 15 U.S.C. § 1607(c), alleging that defendants have violated

26 TILA, 15 U.S.C. §§ 1601-1666j, as amended, including but not limited to the Home Ownership

27 and Equity Protection Act of 1994 ("HOEPA"), as amended, TILA's implementing Regulation Z,

28 12 C.F.R. 226, as amended, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as amended.

JUDGMENT AND ORDER - 1

1    Plaintiff and defendants, by and through their respective counsel, have agreed to entry of

2    this Stipulated Final Judgment and Order ("Order") by this Court, without trial or adjudication of

3    any issue of fact or law.  The said parties having requested the Court to enter this Order, it is

4    therefore ORDERED, ADJUDGED, AND DECREED as follows:

5                                            **FINDINGS**

6         1.    This Court has jurisdiction over defendants and the subject matter of this action.

7    Venue in the District of Utah is proper.

8         2.    The Complaint states a claim upon which relief may be granted under Sections

9    101 to 171 of TILA, 15 U.S.C. §§ 1601-1666j, and Sections 5(a) and 13(b) of the FTC Act, 15

10   U.S.C. §§ 45(a) and 53(b).

11        3.    The Commission has the authority under Sections 5(a) and 13(b) of the FTC Act,

12   15 U.S.C. §§ 45(a) and 53(b), and Section 108(c) of TILA, 15 U.S.C. § 1607(c), to seek the relief

13   it has requested.

14        4.    The activities of defendants are in or affecting commerce, as "commerce" is

15   defined in Section 4 of the FTC Act, 15 U.S.C. § 44

16        5.    Defendants, while neither admitting nor denying any of the allegations of

17   wrongdoing set forth in the Complaint, stipulate and agree to entry of this Order.

18        6.    Plaintiff and defendants waive all rights to seek judicial review or otherwise

19   challenge or contest the validity of this Order, and defendants waive any right that may arise

20   under the Equal Access to Justice Act, 28 U.S.C. § 2412.

21        7.    Entry of this Order is in the public interest.

22                                         **DEFINITIONS**

23        As used in this Order:

24        A.    The terms "amount financed," "annual percentage rate," "closed-end credit,"

25   "consumer," "consumer credit," "consummation," "credit," "creditor," "dwelling," "finance

26   charge," "mortgage," "open-end credit," "payment schedule," "person," "points and fees,"

27   "residential mortgage transaction," "reverse mortgage transaction," "security interest," and "total

28   of payments" are defined as set forth in Sections 103 and 128 of TILA, 15 U.S.C. §§ 1602 and

1  1638, and Sections 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33 of Regulation Z, 12 C.F.R.

2  §§ 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33.

3        B.     The term "HOEPA" means the Home Ownership and Equity Protection Act of

4  1994 which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and is

5  implemented by, inter alia, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and

6  226.32.

7        C.     The term "HOEPA mortgage loan" means a consumer credit transaction

8  consummated on or after October 1, 1995, that is secured by the consumer's principal dwelling,

9  other than a residential mortgage transaction, a reverse mortgage transaction or an open-end

10  credit plan, in which: (1) the annual percentage rate at consummation of the transaction will

11  exceed by more than 10 percentage points the yield on Treasury securities having comparable

12  periods of maturity to the loan maturity as of the 15th day of the month immediately preceding

13  the month in which the application for the extension of credit is received by the creditor; or (2)

14  the total points and fees payable by the consumer at or before loan closing will exceed the greater

15  of 8% of the total loan amount or $400 (adjusted annually by the Board of Governors of the

16  Federal Reserve System ("FRB") on January 1 by the annual percentage change in the Consumer

17  Price Index that was reported on June 1 of the preceding year), which is covered by HOEPA,

18  pursuant to Section 129 of TILA, 15 U.S.C. § 1639, and Section 226.32 of Regulation Z, 12

19  C.F.R. § 226.32. As used herein, the "total loan amount" is calculated as described in Section

20  226.32(a)(1)(ii)-1 of the FRB Official Staff Commentary on Regulation Z, 12 C.F.R.

21  § 226.32(a)(1)(ii)-1, Supp. 1.

22        D.     The term "open HOEPA mortgage loan" means a HOEPA mortgage loan that, on

23  the date of entry of this Order, has not been paid off in full or foreclosed upon.

24        E.     The term "Regulation Z" means the regulation the FRB promulgated to implement

25  TILA and HOEPA, 12 C.F.R. 226, as amended. The term also includes the FRB Official Staff

26  Commentary on Regulation Z, 12 C.F.R. 226, Supp. 1, as amended.

27        F.     The term "TILA" means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, as

28  amended.

| | |
|---|---|
| 1 | **ORDER** |
| 2 | **I.** |
| 3 | **Injunction Against HOEPA and Related FTC Act Violations** |
| 4 | IT IS THEREFORE ORDERED that defendants, and each of them, their successors, |
| 5 | assigns, officers, agents, servants, employees, and all other persons or entities in active concert or |
| 6 | participation with them who receive actual notice of this Order by personal service or otherwise, |
| 7 | whether acting directly or through any business, entity, corporation, subsidiary, division or other |
| 8 | device, in connection with offering or making any HOEPA mortgage loan, are permanently |
| 9 | restrained and enjoined from: |
| 10 | A.    Failing to provide the notice required by Section 129(a)(1) of TILA, 15 U.S.C. |
| 11 | § 1639(a)(1), and Section 226.32(c)(1) of Regulation Z, 12 C.F.R. § 226.32(c)(1), and Section 5 |
| 12 | of the FTC Act, 15 U.S.C. § 45(a); |
| 13 | B.    Failing to disclose, or accurately disclose, the annual percentage rate, as required |
| 14 | by Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(2) of Regulation Z, |
| 15 | 12 C.F.R. § 226.32(c)(2), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); |
| 16 | C.    Failing to disclose, or accurately disclose, the regular payment amount, as |
| 17 | required by Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(3) of |
| 18 | Regulation Z, 12 C.F.R. § 226.32(c)(3), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); |
| 19 | D.    Failing to make any disclosure described in Section I.A through I.C of this Order |
| 20 | clearly and conspicuously in writing at least three days prior to consummation of a HOEPA |
| 21 | mortgage loan transaction, as required by Section 129(b)(1) of TILA, 15 U.S.C. § 1639(b)(1), |
| 22 | and Section 226.31(b) and (c)(1) of Regulation Z, 12 C.F.R. § 226.31(b) and (c)(1), and Section |
| 23 | 5(a) of the FTC Act, 15 U.S.C. § 45(a); |
| 24 | E.    Modifying or waiving the three-day waiting period between delivery of |
| 25 | disclosures required by HOEPA and consummation of a HOEPA mortgage loan transaction |
| 26 | without receiving a dated written statement that describes a bona fide personal financial |
| 27 | emergency, specifically modifies or waives the waiting period, and bears the signatures of all of |
| 28 | the consumers entitled to the waiting period, in violation of Section 129(b)(3) of TILA, 15 |

JUDGMENT AND ORDER - 4

1  U.S.C. § 1639(b)(3), and Section 226.31(c)(1)(iii) of Regulation Z, 12 C.F.R. § 226.31(c)(1)(iii),

2  and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

3      F.      Including a prohibited "balloon payment" provision, in violation of Section 129(e)

4  of TILA, 15 U.S.C. § 1639(e), and Section 226.32(d)(1) of Regulation Z, 12 C.F.R.

5  § 226.32(d)(1), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

6      G.      Including a prohibited "increased interest rate" provision, in violation of Section

7  129(d) of TILA, 15 U.S.C. § 1639(d), and Section 226.32(d)(4) of Regulation Z, 12 C.F.R.

8  § 226.32(d)(4), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

9      H.      Engaging in a pattern or practice of extending credit to a consumer based on the

10 consumer's collateral if, considering the consumer's current and expected income, current

11 obligations, and employment status, the consumer will be unable to make the scheduled

12 payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h),

13 and Section 226.32(e)(1) of Regulation Z, 12 C.F.R. § 226.32(e)(1), and Section 5(a) of the FTC

14 Act, 15 U.S.C. § 45(a); and

15     I.      Failing to comply with any other provision of HOEPA.

16                                  **II.**

17              **Injunction Against TILA and Related FTC Act Violations**

18     IT IS FURTHER ORDERED that defendants, and each of them, their successors, assigns,

19 officers, agents, servants, employees, and all other persons or entities in active concert or

20 participation with them who receive actual notice of this Order by personal service or otherwise,

21 whether acting directly or through any business, entity, corporation, subsidiary, division or other

22 device, in connection with offering or extending consumer credit, are permanently restrained and

23 enjoined from:

24     A.      Failing to make TILA disclosures in writing before consummation of a consumer

25 credit transaction, as required by Sections 121(a) and 128(b)(1) of TILA, 15 U.S.C. §§ 1631(a)

26 and 1638(b)(1), and Sections 226.17(a) and (b) and 226.18 of Regulation Z, 12 C.F.R.

27 §§ 226.17(a) and (b) and 226.18, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

28

JUDGMENT AND ORDER - 5

1    B.    Failing to disclose, or accurately disclose, the identity of the creditor making the

2    disclosures, as required by Section 128(a)(1) of TILA, 15 U.S.C. § 1638(a)(1), and Section

3    226.18(a) of Regulation Z, 12 C.F.R. § 226.18(a), and Section 5(a) of the FTC Act, 15 U.S.C.

4    § 45(a);

5    C.    Failing to disclose, or accurately disclose, the amount financed, as required by

6    Section 128(a)(2) of TILA, 15 U.S.C. § 1638(a)(2), and Section 226.18(b) of Regulation Z, 12

7    C.F.R. § 226.18(b), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

8    D.    Failing to disclose, or accurately disclose, the finance charge, as required by

9    Sections 106 and 128(a)(3) of TILA, 15 U.S.C. §§ 1605 and 1638(a)(3), and Sections 226.4 and

10    226.18(d) of Regulation Z, 12 C.F.R. §§ 226.4 and 226.18(d), and Section 5(a) of the FTC Act,

11    15 U.S.C. § 45(a);

12    E.    Failing to disclose, or accurately disclose, the annual percentage rate, as required

13    by Sections 107 and 128(a)(4) of TILA, 15 U.S.C. §§ 1606 and 1638(a)(4), and Sections

14    226.18(e) and 226.22 of Regulation Z, 12 C.F.R. §§ 226.18(e) and 226.22, and Section 5(a) of

15    the FTC Act, 15 U.S.C. § 45(a);

16    F.    Failing to disclose, or accurately disclose, the payment schedule, as required by

17    Section 128(a)(6) of TILA, 15 U.S.C. § 1638(a)(6), and Section 226.18(g) of Regulation Z,

18    12 C.F.R. § 226.18(g), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

19    G.    Failing to disclose, or accurately disclose, the total of payments, as required by

20    Section 128(a)(5) of TILA, 15 U.S.C. § 1638(a)(5), and Section 226.18(h) of Regulation Z,

21    12 C.F.R. § 226.18(h), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

22    H.    Failing to disclose, or accurately disclose, whether or not a penalty may be

23    imposed if the obligation is prepaid in full, as required by Section 128(a)(11) of TILA, 15 U.S.C.

24    § 1638(a)(11), and Section 226.18(k)(1) of Regulation Z, 12 C.F.R. § 226.18(k)(1), and Section

25    5(a) of the FTC Act, 15 U.S.C. § 45(a);

26    I.    Failing to disclose, or accurately disclose, any dollar or percentage charge that

27    may be imposed before maturity due to a late payment, other than a deferral or extension charge,

28

JUDGMENT AND ORDER - 6

1  as required by Section 128(a)(10) of TILA, 15 U.S.C. § 1638(a)(10), and Section 226.18(l) of

2  Regulation Z, 12 C.F.R. § 226.18(l), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

3        J.     Failing to disclose, or accurately disclose, the fact that the creditor has or will

4  acquire a security interest in the consumer's principal dwelling, as required by Section 128(a)(9)

5  of TILA, 15 U.S.C. § 1638(a)(9), and Section 226.18(m) of Regulation Z, 12 C.F.R.

6  § 226.18(m), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

7        K.     Making any consumer credit disclosure that does not reflect the terms of the legal

8  obligation between the parties, in violation of Section 226.17(c)(1) of Regulation Z, 12 C.F.R.

9  § 226.17(c)(1), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

10        L.     Failing to deliver the required notice of the right to rescind a consumer credit

11  transaction in which a security interest is or will be retained or acquired in the consumer's

12  principal dwelling, as required by Section 125(a) of TILA, 15 U.S.C. § 1635(a), and Section

13  226.23(b) of Regulation Z, 12 C.F.R. § 226.23(b), and Section 5(a) of the FTC Act, 15 U.S.C. §

14  45(a);

15        M.     Failing to deliver two copies of the required notice of the right to rescind to each

16  consumer entitled to rescind, as required by Section 125(a) of TILA, 15 U.S.C. § 1635(a), and

17  Sections 226.17(d) and 226.23(b) of Regulation Z, 12 C.F.R. §§ 226.17(d) and 226.23(b), and

18  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

19        N.     Disbursing money before the TILA rescission period has expired, in violation of

20  Section 125 of TILA, 15 U.S.C. § 1635, and Section 226.23(c) of Regulation Z, 12 C.F.R.

21  § 226.23(c), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

22        O.     Modifying or waiving a consumer's right to rescind without receiving a dated

23  written statement that describes a bona fide personal financial emergency, specifically modifies

24  or waives the right to rescind, and bears the signatures of all of the consumers entitled to rescind,

25  in violation of Section 125(d) of TILA, 15 U.S.C. § 1635(d), and Section 226.23(e) of Regulation

26  Z, 12 C.F.R. § 226.23(e), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

27

28

JUDGMENT AND ORDER - 7

1   P.   Engaging in any practice that deprives a consumer of the right to rescind, in

2   violation of Section 125(a) of TILA, 15 U.S.C. § 1635(a), and Section 226.23(a) of Regulation Z,

3   12 C.F.R. § 226.23(a), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

4   Q.   Retaining, collecting, or threatening to retain or collect any amount in connection

5   with a consumer credit transaction rescinded by a consumer pursuant to TILA, in violation of

6   Section 125(b) of TILA, 15 U.S.C. § 1635(b), and Section 226.23(d)(1) of Regulation Z, 12

7   C.F.R. § 226.23(d)(1), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

8   R.   Failing to retain evidence of compliance with Regulation Z, as required by Section

9   226.25(a) of Regulation Z, 12 C.F.R. § 226.25(a); and

10   S.   Failing to comply with any other provision of TILA or Regulation Z.

11                                        **III.**

12                          **Injunction Against FTC Act Violations**

13        IT IS FURTHER ORDERED that defendants, and each of them, their successors, assigns,

14   officers, agents, servants, employees, and all other persons or entities in active concert or

15   participation with them who receive actual notice of this Order by personal service or otherwise,

16   whether acting directly or through any business, entity, corporation, subsidiary, division or other

17   device, in connection with advertising, offering, brokering or extending credit, in or affecting

18   commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44, are

19   permanently restrained and enjoined from:

20   A.   Misrepresenting in any manner, directly or by implication, any material fact,

21   including but not limited to:

22        1.   Any credit cost or term, including but not limited to the annual

23             percentage rate or finance charge;

24        2.   The effects of entering into a business or commercial credit transaction;

25        3.   The effects of entering into a consumer credit transaction;

26        4.   Any aspect of the TILA right to rescind, including but not limited

27             to the requirement that the creditor return to the consumer all

28

JUDGMENT AND ORDER - 8

1    monies and property paid in connection with the transaction in the

2    event of rescission; and

3         5.    Whether the credit offered or extended is open-end credit;

4    B.    Engaging in any act or practice that deprives a consumer of the HOEPA waiting

5    period (15 U.S.C. § 1639(b)(1) and 12 C.F.R. § 226.31(c)(1)) or the TILA right to rescind (15

6    U.S.C. § 1635 and 12 C.F.R. § 226.23);

7    C.    Directing a consumer to falsely state the purpose of an extension of credit,

8    including but not limited to stating that the extension of credit is primarily for a business or

9    commercial purpose when, in fact, it is primarily for a personal, family or household purpose;

10    and

11    D.    Falsifying or altering material information in any document relating to a credit

12    transaction, including but not limited to information concerning the purpose of the extension of

13    credit.

14    **IV.**

15    **Performance Bond Requirement**

16    IT IS FURTHER ORDERED that defendants, whether directly or indirectly, in concert

17    with others, or through any intermediary, business entity or device, are permanently restrained

18    and enjoined from offering or extending any consumer credit, unless they first obtain a

19    performance bond in the principal amount of $250,000.

20    A.    Each bond shall be conditioned upon defendants' compliance with TILA,

21    HOEPA, Regulation Z, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the provisions of this

22    Order.  Each bond shall be deemed continuous and remain in full force and effect for a five (5)

23    year period from the date a defendant first offers or extends consumer credit, after which this

24    bonding requirement will terminate as to new loans, but shall remain in full force and effect for

25    an additional three (3) years as to loans written within the five-year period.  Each bond shall cite

26    this Order as the subject matter of the bond, and shall provide surety thereunder against financial

27    loss due, in whole or in part, to any material violation of TILA, HOEPA, Regulation Z, Section

28    5(a) of the FTC Act, or any provision of this Order;

JUDGMENT AND ORDER - 9

1        **B.**     Each bond shall be an insurance agreement providing surety for financial loss

2  issued by a surety company that is admitted to conduct surety business in each of the states in

3  which any defendant does business and that holds a Federal Certificate of Authority As

4  Acceptable Surety On Federal Bond and Reinsuring. Defendants shall be deemed to be doing

5  business in each state in which any defendant, or any entity through which a defendant is offering

6  or extending consumer credit, maintains an office or contacts any consumer. Such bond shall be

7  in favor of both (1) the Commission for the benefit of consumers injured due, in whole or in part,

8  to any material violation of TILA, HOEPA, Regulation Z, Section 5(a) of the FTC Act, or any

9  provision of this Order, and (2) any consumer so injured. Each bond shall be executed in favor of

10  the Commission or in favor of any injured consumer if the Commission or the consumer

11  demonstrates to this Court, or a Magistrate thereof, by a preponderance of the evidence, that a

12  defendant has violated any condition of the bond;

13        **C.**     Defendants shall not disclose the existence of any performance bond required by

14  Section IV of this Order to any consumer to whom consumer credit is offered or extended

15  without also disclosing clearly and prominently, at the same time, in writing:

16              AS REQUIRED BY ORDER OF THE U.S. DISTRICT COURT IN

17              SETTLEMENT OF CHARGES OF FALSE AND MISLEADING

18              REPRESENTATIONS AND FAILURE TO DISCLOSE

19              MATERIAL INFORMATION IN THE OFFERING AND

20              EXTENDING OF CONSUMER CREDIT;

21        **D.**     Defendants shall provide a copy of each bond required by Section IV of this Order

22  to Regional Director, Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, WA

23  98174, at least ten (10) days prior to the commencement of any activity or business for which the

24  bond is required; and

25        **E.**     The bond required by Section IV of this Order shall be in addition to, and not in

26  lieu of, any other bond required by law.

27

28

JUDGMENT AND ORDER - 10

## V.

### Payment of Consumer Redress

IT IS FURTHER ORDERED that defendants, their successors and assigns, jointly and severally, shall pay redress to consumers in the amount of $55,000. Defendants shall transfer the sum of $55,000 into an escrow account designated by plaintiff, on or before five (5) days after the date of entry of this Order. This sum shall be used to provide redress to consumers who obtained HOEPA mortgage loans between October 1, 1995, and the date of entry of this Order, and to pay any attendant expenses of administration. The FTC shall determine, in its sole discretion, which consumers are eligible for redress as well as the amounts to be paid.

A.     If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable, any funds not so used shall be deposited into the United States Treasury. Defendants shall be notified as to how funds are disbursed, but shall have no right to contest the manner of distribution chosen by the Commission.

B.     Notwithstanding any other provision of this Order, defendants agree that if they fail to meet the payment obligations set forth in Section V of this Order, defendants shall pay the costs and attorneys fees incurred by the Commission and its agents in any attempts to collect amounts due pursuant to this Order. The facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to Section V of this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

## VI.

### Reformation of Contracts

IT IS FURTHER ORDERED that, on or before fourteen (14) days after the date of entry of this Order, for each open HOEPA mortgage loan that is wholly or partially owned by any defendant on the date of entry of this Order, defendants, their successors and assigns, shall:

A.     If  the note or contract contains a "balloon payment" provision in violation of Section 129(e) of TILA, 15 U.S.C. § 1639(e), and Section 226.32(d)(1) of Regulation Z, 12 C.F.R. § 226.32(d)(1), reform the note or contract by nullifying that provision and, without

1  altering any other provision, extending the term of the loan such that the outstanding principal

2  balance will be due not sooner than five years after the date of the note or contract;

3        **B.**    If the note or contract provides for an increase in the interest rate in the event of

4  default in violation of Section 129(d) of TILA, 15 U.S.C. § 1639(d), and Section 226.32(d)(4) of

5  Regulation Z, 12 C.F.R. § 226.32(d)(4), reform the note or contract by nullifying that provision;

6  and

7        **C.**    Mail or deliver to each consumer obligated in a note or contract reformed pursuant

8  to Section VI of this Order a clear and conspicuous written notice describing each change made

9  in the note or contract and stating that each nullified provision will not be enforced by any party,

10  and that does not contain any other information.

11                                               **VII.**

12                     **Truthfulness of Financial Statements**

13        IT IS FURTHER ORDERED that, within three (3) business days after the date of entry of

14  this Order, defendants David Knudson and Holly Knudson shall each submit to the Commission

15  a sworn statement, in the form shown in Attachments A and B to this Order, that shall reaffirm

16  and attest to the truthfulness, accuracy, and completeness of the Financial Statements that they

17  executed on _____, 1999, and the related documents previously submitted to the

18  Commission (together designated the "Financial Statement") on behalf of defendants Wasatch

19  Credit Corp., Wasatch Equities Corp., Wasatch Loans, Inc., Wasatch Recovery Corp., and RHK

20  Family Trust.  The Commission's agreement to this Order is expressly premised upon the

21  truthfulness, accuracy, and completeness of defendants' financial condition as represented in the

22  Financial Statements referenced above, which contain material information upon which the

23  Commission relied in negotiating and agreeing to the terms of this Order, including the amount

24  of monetary redress and the terms of the consumer redress payments stated in this Order.

25        **A.**    If, upon motion by the Commission, this Court finds that any defendant failed to

26  file the sworn statement required by Section VII this Order, filed a Financial Statement that failed

27  to disclose any material asset or materially misrepresented the value of any asset, or made any

28  other material misrepresentation in or omission from the Financial Statement, the judgment

JUDGMENT AND ORDER - 12

1  herein shall be reopened for the purpose of determining an appropriate additional amount for

2  defendants to pay as redress to consumers in accordance with Section V of this Order.

3      **B.**    For purposes of determining the amount of redress: (1) if the Financial Statement

4  failed to disclose a material asset or materially misrepresented the value of an asset, forfeiture of

5  the asset, or the fair market value (or difference in fair market value) thereof, calculated as of the

6  date of entry of this Order, shall constitute an appropriate amount of redress; and (2) if the

7  Financial Statement failed to report the transfer of any asset to another person, the fair market

8  value of the asset shall constitute an appropriate amount of redress.  If defendants cannot pay the

9  fair market value of the asset, and such transfer was not to a *bona fide* purchaser for value, this

10  Court shall impose a constructive trust for the benefit of injured consumers over the asset, and

11  the asset shall be conveyed by the transferee to the Commission; *provided, however,* that in all

12  other respects, this Order shall remain in full force and effect unless otherwise ordered by this

13  Court.

14                                      **VIII.**

15                  **Commission's Authority to Monitor Compliance**

16      IT IS FURTHER ORDERED that the Commission is authorized to monitor defendants'

17  compliance with this Order by all lawful means, including but not limited to the following

18  means:

19      **A.**    The Commission is authorized, without further leave of court, to obtain

20  discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil

21  Procedure, Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R.

22  Civ. P. 45, for the purpose of monitoring and investigating defendants' compliance with any

23  provision of this Order;

24      **B.**    The Commission is authorized to use representatives posing as consumers and

25  suppliers to any defendant, defendants' employees, or any other entity managed or controlled in

26  whole or in part by any defendant, without the necessity of identification or prior notice; and

27      **C.**    Nothing in this Order shall limit the Commission's lawful use of compulsory

28  process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to investigate

JUDGMENT AND ORDER - 13

1  whether any defendant has violated any provision of this Order or Section 5 of the FTC Act, 15

2  U.S.C. § 45.

3                                   **IX.**

4                        **Record Keeping Requirements**

5        IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of

6  this Order, defendants, their successors and assigns, in connection with any business where:

7            (1)    any individual defendant is the majority owner of the business or

8                   directly or indirectly manages or controls the business, and where

9            (2)    the business is engaged in offering or extending consumer credit

10  are hereby permanently restrained and enjoined from failing to retain for a period of five (5)

11  years following the date of their creation, unless otherwise specified:

12        A.    Each disclosure statement, notice or other document provided by or on behalf of a

13  defendant to any consumer pursuant to any provision of TILA, HOEPA or Regulation Z,

14  including but not limited to Sections 226.18, 226.23, and 226.32 of Regulation Z, 12 C.F.R.

15  §§ 226.18, 226.23, and 226.32; each waiver received pursuant to Sections 226.23(e) or

16  226.31(c)(1)(iii) of Regulation Z, 12 C.F.R. §§ 226.23(e) or 226.31(c)(1)(iii); each worksheet or

17  other calculation tool used to produce TILA or HOEPA disclosures, including but not limited to

18  computer programs and software; and all other records necessary to demonstrate defendants'

19  compliance with TILA, HOEPA, and Regulation Z; *provided, however,* that nothing in Section

20  IX.A of this Order shall be construed to supersede or limit defendants' ongoing obligation to

21  retain evidence of compliance with Regulation Z pursuant to Section 226.25(a) of Regulation Z,

22  12 C.F.R. § 226.25(a), and Section II.R of this Order;

23        B.    Each disclosure statement, notice or other document provided by or on behalf of a

24  defendant to any person pursuant to any provision of the Real Estate Settlement Procedures Act,

25  12 U.S.C. §§ 2601-2617, as amended, or its implementing Regulation X, 24 C.F.R. 3500, as

26  amended, including but not limited to all good faith estimates and settlement statements,

27  regardless of whether they are the final versions thereof;

28

JUDGMENT AND ORDER - 14

1       C.     Each credit application, report from a consumer reporting agency, property

2  appraisal, and other document obtained concerning any applicant or application;

3       D.     Each note, contract, security agreement, mortgage, deed of trust, other document

4  signed by the borrower or prepared in connection with the transaction (whether signed or not),

5  and other document relating to the servicing of an account, the collection of a delinquent or slow

6  account or foreclosure, as well as each rider, amendment or other document that modifies any of

7  the foregoing;

8       E.     Each loan register, ledger or other document that lists (chronologically,

9  alphabetically or otherwise) loans made by any defendant, including such information as

10  borrowers' names, loan numbers, loan types, dates of consummation, and/or loan amounts;

11       F.     Each written statement concerning a defendant's policies, procedures or practices

12  in connection with extending credit, including but not limited to compliance with TILA, HOEPA

13  or Regulation Z;

14       G.     Each printed advertisement and promotional item relating to credit, including but

15  not limited to newspaper and magazine advertisements, pamphlets, brochures, flyers, mailers,

16  and signs;

17       H.     Each audio and video tape used to advertise or promote credit, and a printed

18  transcript for each such audio and video tape;

19       I.     In printed form, each advertisement and promotional item relating to credit posted

20  in any Internet news group, on the World Wide Web, on any electronic bulletin board system, in

21  any online interactive conversational space or chat room, in the classified advertising section of

22  any online service, or in any other location accessible by modem communications, including an

23  indication of the online location where the material was posted;

24       J.     Each complaint or refund request received in connection with an extension of

25  credit and the response thereto; and

26       K.     Each signed statement secured by any defendant pursuant to Section X of this

27  Order.

28

JUDGMENT AND ORDER - 15

# X.

## Distribution of Order

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, defendants, their successors and assigns, shall:

A.       Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business where:

        (1)       any individual defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where

        (2)       the business is engaged in offering or extending consumer credit; and

B.       Maintain for a period of five (5) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Section X.A of this Order.

# XI.

## Compliance Reporting by Defendants

IT IS FURTHER ORDERED that, to assist the Commission in monitoring defendants' compliance with this Order, defendants, their successors and assigns:

A.       For a period of five (5) years from the date of entry of this Order, shall notify the Commission of the following:

        1.       Any changes in defendant's residence, mailing addresses, or telephone numbers, within ten (10) days of the date of such change;

        2.       Any changes in defendant's employment status (including self-employment) within ten (10) days of the date of such change. Such notice shall include the name and address of each business that defendant is affiliated with or employed

JUDGMENT AND ORDER - 16

by, a statement of the nature of the business, and a
statement of defendant's duties and responsibilities in
connection with the business or employment; and

3.   Any proposed change in the structure of any business entity
owned or controlled by any individual defendant, such as
creation, incorporation, dissolution, assignment, sale,
merger, creation, dissolution of subsidiaries, proposed
filing of a bankruptcy petition, or change in the corporate
name or address, or any other change that may affect
compliance obligations arising out of this Order, thirty (30)
days prior to the effective date of any proposed change;
*provided, however,* that, with respect to any such proposed
change about which such defendant learns less than thirty
(30) days prior to the date such action is to take place,
defendant shall notify the Commission as soon as is
practicable after learning of such proposed change;

B.   One hundred eighty (180) days after the date of entry of this Order, shall provide a
written report to the Commission, sworn to under penalty of perjury, setting forth in detail the
manner and form in which such defendant has complied and is complying with this Order.  This
report shall include but not be limited to:

1.   Defendant's then-current residence address, mailing addresses, and
telephone numbers;

2.   Defendant's then-current employment, business addresses
and telephone numbers, a description of the business
activities of each employer, and defendant's title and
responsibilities for each employer;

JUDGMENT AND ORDER - 17

3.     A copy of each acknowledgment of receipt of this Order obtained by defendant pursuant to Section X of this Order; and

4.     A statement describing the manner in which defendant has complied and is complying with the provisions of Sections I through X of this Order;

C.     For a period of five (5) years from the date of entry of this Order, upon written request by a representative of the Commission, shall submit additional written reports (under oath, if requested) and produce documents on fifteen (15) days' notice with respect to any conduct subject to this Order;

D.     For the purposes of Section XI of this Order, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employer" includes any individual or entity for whom any defendant performs services as an employee, consultant, broker, or independent contractor; and

E.     For purposes of the compliance reporting required by Section XI of this Order, the Commission is authorized to communicate directly with any defendant.

## XII.

### Access to Business Premises

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, for the purpose of further determining compliance with this Order, defendants, their successors and assigns shall permit representatives of the Commission, within three (3) business days of receipt of written notice from the Commission:

A.     Access during normal business hours to any office or facility storing documents of any corporate defendant or any business where:

(1)     any individual defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where

(2)     the business is engaged in offering or extending consumer credit.

JUDGMENT AND ORDER  -  18

1  In providing such access, defendants shall permit representatives of the Commission to inspect

2  and copy all documents relevant to any matter contained in this Order, and shall permit removal

3  by a third-party copying service of documents selected by Commission representatives, for a

4  period not to exceed five (5) business days, so that the documents may be copied; and

5        B.        To interview the officers, directors, and employees, including all personnel

6  involved in responding to consumer complaints or inquiries, and all sales personnel, whether

7  designated as employees, consultants, independent contractors or otherwise, of any business to

8  which Section XII.A of this Order applies, concerning matters relating to compliance with this

9  Order. The person interviewed may have counsel present. *Provided* that, upon application of the

10  Commission and for good cause shown, the Court may enter an *ex parte* order granting

11  immediate access to a defendant's business premises for the purposes of inspecting and copying

12  all documents relevant to any matter contained in this Order.

13                                    **XIII.**

14                              **Mailing of Notices**

15        IT IS FURTHER ORDERED that all notices and reports required by this Order shall be

16  made in writing and sent by first class United States mail to Regional Director, Federal Trade

17  Commission, 915 Second Avenue, Suite 2896, Seattle, WA 98174.

18                                    **XIV.**

19                     **Continuing Jurisdiction of Court**

20        IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all

21  purposes, including construction, modification, and enforcement of this Order.

22                                    **XV.**

23              **Acknowledgment of Receipt of Order by Defendants**

24        IT IS FURTHER ORDERED that, within five (5) business days after receipt by each

25  defendant of this Order as entered by the Court, each defendant shall submit to the Commission a

26  truthful sworn statement, in the form shown in Attachments C and D to this Order, that shall

27  acknowledge receipt of this Final Order.

28

JUDGMENT AND ORDER - 19

1    JUDGMENT IS THEREFORE ENTERED under the terms and conditions recited above,

2  each party to bear its own costs and attorney fees incurred in connection with this action.

3

4  SO ORDERED, this 23rd day of August, 1999.

5

6                                    _J. Thomas Greene_

7                                    UNITED STATES DISTRICT JUDGE

8

9      The parties hereby stipulate and agree to the terms and conditions set forth above and

10  consent to entry of this Stipulated Final Judgment and Order.

11

12  DATE: _July 14, 1999_

13

14

15                    FEDERAL TRADE COMMISSION:

16

17                    _George J. Zweibel_
                      George J. Zweibel

18

19                    _Kathryn C. Decker_
20                    Kathryn C. Decker

21

22                    _Nadine S. Samter_
                      Nadine S. Samter
23                    Attorneys for Plaintiff
                      Federal Trade Commission

24

25                    DEFENDANTS:

26                    WASATCH CREDIT CORP.

27

28                    By: _____
                      [NAME, TITLE] Pres.
                      Wasatch Credit Corp.

JUDGMENT AND ORDER - 20

WASATCH EQUITIES CORP.

By: _____
[NAME, TITLE]
Wasatch Equities Corp.

WASATCH LOANS, INC.

By: _____
[NAME, TITLE]
Wasatch Loans, Inc.

WASATCH RECOVERY CORP.

By: _____
[NAME, TITLE]
Wasatch Recovery Corp.

RHK FAMILY TRUST

By: _____
DAVID KNUDSON, Trustee for RHK Family
Trust

By: _____
HOLLY KNUDSON, Trustee for RHK Family
Trust

_____
DAVID KNUDSON, Individually

_____
HOLLY KNUDSON, Individually

JUDGMENT AND ORDER - 21

1

2    Chris L. Schmutz
     Attorney for Defendants
3    265 East 100 South, Suite 300
     Salt Lake City, UT 84111
4    (801) 364-0256

5

6    Mark J. Griffin
     Russell S. Walker
7    Woodbury & Kesler, PC
     Attorneys for Defendants
8    265 East 100 South, Suite 300
     Salt Lake City, UT 84111
9    (801) 364-1100

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT AND ORDER - 22