DASTAN M. DIO
3556 S 5600 W, #1-852
SLC, UT 84120
*Specially Appearing Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER**, an individual;<br><br>Plaintiff(s),<br><br>vs.<br><br>**DAVID KNUDSON**, et al.,<br><br>Defendants. | **DASTAN M. DIO'S SECOND MOTION TO QUASH SERVICE OF PROCESS**<br><br><br>Case No. 2:25-cv-00681-HCN-DBP<br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Defendant Dastan M. Dio, specially appearing solely for the purpose of challenging service of process and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and expressly preserving and not waiving any defenses or objections including but not limited to lack of personal jurisdiction and insufficient service of process, respectfully moves this Court for an order quashing the Plaintiff's second purported service of process in this action.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) on the grounds that the purported service of process described in Plaintiff's Proof of Service (Doc. 149) was defective and fails to comply with the requirements of Federal Rule of Civil Procedure 4(e) and Utah Rule of Civil Procedure 4(d).

## I. INTRODUCTION

Defendant Dastan M. Dio specially appears, solely for the purpose of challenging service of process and personal jurisdiction pursuant to Federal Rules of Civil Procedure

12(b)(2) and 12(b)(5), and expressly preserves all defenses and objections, including but not limited to lack of personal jurisdiction and insufficient service of process.

The purported service of process upon Defendant is supported by the sworn declaration of "Julian Dotson c/o ONYX BLACK LLC 633N 400W. SLC UT 84113." However, when Mr. Dio attempted to verify Mr. Dotson's association with Onyx Black directly, he was surprised to learn that no one by that name works there or is otherwise associated with Onyx Black. He also learned that Onyx Black does not, and has never, offered service of process services. Mr. Dotson's declaration contains other materially false statements amounting to perjury (*see infra.*) and his declaration should be rejected by the Court as uncredible. The Court should consequently rule that Plaintiff has failed to demonstrate by preponderance that Mr. Dio was properly served and dismiss all claims against him with prejudice for lack of jurisdiction.

## II. STATEMENT OF FACTS

1. On January 27, 2026, Plaintiff filed a Return of Service (Doc. 149) claiming that Mr. Dio was served on that date via "Substitute Service" at his personal residence.

2. Plaintiff has not requested nor received Court permission for substituted service.

3. The Proof of Service states the documents were left "with (name) SISTER OF DASTAN DO" who he states is a "co/resident and roommate." See Dkt. 149 at 2, SUMMONS Returned Executed.

4. Mr. Dotson then offers a generic physical description that could fit any middle-aged woman.

5. His affidavit rests solely on hearsay from an un-identified individual who (conveniently) cannot be identified, and therefore contacted, to verify the truth of his statements.

6. As set forth in the accompanying Second Declaration of Dastan M. DIO (Ex.A):

    a. Defendant was never personally served with the summons and complaint in this action.

    b. Defendant's sister lives in Mtn Green, UT, not Lehi.

    c. No one by the name of "Julian Dotson" is employed or associated with Onyx Black LLC.

    d. Onyx Black LLC does not, and has never, offered service of process services.

7. Onyx Black's website only offers luxury transportation services for executives.

8. According to public business records on file with the State of Utah, Onyx Black's registered agent is "Harold Lazarus," not Julian Dotson.

9. Mr. Dotson has provided materially false statements in his Declaration of Substituted Service for Pace and Stacey Johnson.

10. The Declarations of Cody Kirkham and Tayler Feller directly contradict and refute Mr. Dotson's Declaration supporting service of Pace Johnson and Stacey Roberts. See Ex. C, Declaration of Cody Kirkham; see also Ex. D, Declaration of Tayler Feller.

11. Contrary to Mr. Dotson's declaration, Mr. Kirkham's declaration states the following:

    3. I have reviewed the Declaration of Julian Dotson.

    4. I reside at 1334 S. 960 E., Heber City, UT 84032 with my girlfriend.

    5. On January 25, 2026, an adult male came to our home to serve legal papers on Pace and Stacey Johnson.

    6. He did not give his name.

    7. He asked me if I was Mr. Johnson. I said no.

    8. **I told him I rent the home from Mr. Johnson, that he's the owner, and that he lives in Spain with his family, not here.**

    9. **Contrary to Mr. Dotson's sworn declaration, I never stated in any terms that we only rent a portion of the home, or that we share the**

> space with Mr. Johnson and his wife, or that they're co-residents or co-tenants.

10. I rent the entire home.

11. Only my girlfriend, myself and daughters reside there.

12. Mr. Johnson, his wife and his family do not reside here.

13. Tayler Feller's declaration corroborates Mr. Kirkham's and confirms that Mr. Dotson's declaration falsely state that the defendants were "co-residents," that they resided there, or that they "share the space" with the Defendants. **Ex.D**.

14. Public records also show that Mr. Dotson used to reside in Ogden, UT, until he was evicted and judgement entered against him on April 24, 2025, for $14,840.49 (**Ex.F**), but that he now resides in Sacramento, CA (**Ex.E**).

### III. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946).

When service of process is challenged, the burden is on the plaintiff to establish that service was proper. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). The plaintiff must demonstrate compliance with Rule 4 by a preponderance of the evidence.

### IV. ARGUMENT

**A.    The Purported Service Fails to Comply with Federal Rule 4(e)**

Federal Rule of Civil Procedure 4(e) governs service of process upon individuals within the United States. It provides that an individual may be served by:

4

>   (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The purported service in this case fails under each method.

**The Service Was Not Personal Service Under Rule 4(e)(2)(A).**

The Proof of Service does not claim that Defendant was personally handed the summons and complaint. The documents were again left with a third party. This is not personal service.

**No Credible, Verifiable Evidence of Proper Substituted Service Under Rule 4(e)(2)(B).**

Although the Proof of Service characterizes the service as "Substituted Service," it fails to meet the requirements of Rule 4(e)(2)(B). Substitute service is proper only when the documents are left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added).

There is no credible, independently verifiable evidence that Mr. Dotson did what he stated–that he went to Mr. Dio's personal residence, spoke with his sister (who currently lives in Mtn Green, UT, not Lehi), or left documents with her. His affidavit is worse than hearsay because it rests solely on purported statements from an un-named individual who conveniently cannot be identified or contacted to verify his statements are true.

However, there is undeniable evidence that Mr. Dotson (if that's even his real name) has perjured himself by claiming association with Onyx Black LLC, using its registered address as his own, and making false statements when he attempted serving Pace and Stacey Johnson.

The burden is on Plaintiff to show, by preponderance, that Mr. Dio was properly served. By relying exclusively on Mr. Dotson's declarations, which are not credible, Plaintiff has failed to satisfy his burden–albeit a low one.

"Without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Because Plaintiff failed to properly serve Mr. Dio, this Court lacks personal jurisdiction over Defendant, and the purported service must be quashed.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an order: (1) quashing the second purported service of process on Mr. Dio; and (2) dismissing all claims against Mr. Dio with prejudice.

DATED February 4, 2026,

        Respectfully submitted,

        */s/Dastan M Dio/*
        DASTAN M. DIO
        *Specially Appearing Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I caused a true and correct copy of the foregoing to be served upon the following through CM/ECF notice of electronic filing:

Max Warren Barber, individually and as
Trustee of the MSB Trust

        */s/Dastan M Dio*