FILED
2026 FEB 6 AM 11:38
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER**, individually and as Sole Trustee of the MSB Trust<br>Plaintiff,<br><br>v.<br><br>**DAVID L KNUDSON**, et al.,<br>Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANT DASTAN M. DIO'S SECOND MOTION TO QUASH SERVICE OF PROCESS [ECF 159]**<br><br>**Case No**: 2:25-cv-00681-HCN-DBP<br><br>**District Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Plaintiff opposes Defendant Dastan M. Do's Second Motion to Quash Service of Process. (ECF 159). Service was properly effected under Fed. R. Civ. P. 4(e)(2)(B).

**I. INTRODUCTION**

On January 27, 2026, Mr. Julian Dotson left copies of the Summons and First Amended Complaint at 591 W Horizon Dr, Lehi, Utah, with an adult female who identified herself as Defendant's sister and co-resident.[1] The exchange was recorded. Defendant has submitted a declaration challenging service at that address by asserting his sister resides in Mt Green, not Lehi. That position is contradicted by three categories of objective evidence:

---

[1] ECF No. 149 at 2, PageID.2204

1) **Contemporaneous recording;** The recording (Exhibit G to be filed conventionally with the court) corroborates the process server's return of service.

2) **Judicial admission.** In State court filings dated May 15, 2025, Defendant listed 591 W Horizon Dr, Lehi, as his residence. *See* Exhibit B. Defendant is estopped from disclaiming that representation for purposes of this Motion.

3) **Pending criminal charges.** Defendant faces six counts of Forgery (Third Degree Felony) in Utah County, including allegations that he used his sister's contact information in connection with fraudulent documents. *See* Exhibits C, D. Those charges are relevant to the weight accorded his declaration.

For the reasons set forth below, the Motion should be denied.

## II. STATEMENT OF FACTS

A. **The Service**

On January 27, 2026, Mr. Dotson served Defendant by leaving copies of the summons and First Amended Complaint at 591 W Horizon Dr, Lehi, UT 84043, with an adult female who identified herself as Defendant's sister and co-resident.[2]

Both the declaration filed with the return of service (ECF No. 149) and the digital recording (Exhibit G, to be filed conventionally with the court) establish the following:

1) **Door Answered:** A minor opened the door

---

[2] *See* ECF No. 149 at 2, PageID.2204

    2)    **Residence and Presence Confirmed:** The minor confirmed defendant lives there and stated he "in his room"

    3)    **Adult Female appeared:** She came to the door after the minor

    4)    **Relationship Identified:** When asked if she was Defendant's wife, she said she was not his wife but his "sister"

    5)    **Co-Residency confirmed:** She stated Defendant was her "roomate" and resided at the property

    6)    **Papers accepted:** She accepted the Summons and First Amended Complaint.

*See* Supplemental Declaration of Julian Dotson (Exhibit A); Digital Recording (Exhibit G, to be filed conventionally).

    **B.**    **Defendant's Judicial Admission**

Defendant has represented to Utah State Courts that 591 W Horizon Dr, Lehi, UT 84043 is his address; *In State of Utah v. Dastan Do,* Case No. 251401804, filed May 15, 2025, Defendant appeared pro se and listed this exact address as his residence.[3] This prior representation is inconsistent with Defendant's current position challenging service at that address (asserting his sister lives in Mountain Green, not Lehi).[4]

---

[3] *See* Exhibit B.

[4] *See* ECF No. 159 at 3, PageID.2412; ECF No. 159 at 5 PageID 2414

### C.      Defendant's Pending Forgery Charges

Defendant currently faces six counts of Forgery (Third Degree Felony) in the Fourth Judicial District Court, Utah County.[5]

The charging documents allege Defendant:

1)      Forged his ex-wife's signature on court documents

2)      "Self-notarized" fraudulent documents using his prior name "Dallin Durbano"

3)      Listed his sister's contact information to falsely verify the forged documents

4)      Filed the forged documents with the court

The charging documents are relevant to Defendant's assertion that his sister could not have accepted service at the Lehi address because she resides in Mountain Green, in light of the alleged use of his sister's contact information in the charged conduct.

### III. LEGAL STANDARDS

### A.      The Presumption of Valid Service

A properly executed return of service "constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) As adopted by courts within the Tenth Circuit An uncorroborated denial is insufficient to rebut the presumption. See *id.*

### B.      Abode Service Under Rule 4(e)(2)(B)

---

[5] *See* Information, Exhibit C; Case Filing History, Exhibit D.

Federal Rule of Civil Procedure 4(e)(2)(B) authorizes service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." No prior court order or motion is required; the Rule permits this method as of right.

### C.      Process Server Qualifications

Federal Rule of Civil Procedure 4(c)(2) provides: "Any person who is at least 18 years old and not a party may serve a summons and complaint." The Rule does not require licensure, employment verification, or a particular mailing address.

### D.      Judicial Estoppel

The Tenth Circuit applies judicial estoppel when three factors are met:

> "(1) whether the party's later position is 'clearly inconsistent' with its earlier position; (2) whether the party succeeded in persuading the court to accept that earlier position; and (3) whether the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." [6]

The doctrine precludes a party from asserting a position inconsistent with one successfully advanced in a prior proceeding.[7]

---

[6] *See Queen v. TA Operating, LLC*, 734 F.3d 1081, 1088 (10th Cir. 2013).
[7] *Id.* at 1087.

## IV. ARGUMENT

**A.     Service Was Proper Under Rule 4(e)(2)(B); the declaration (ECF 149) and Recording Establish Each Element**

Defendant claims Mr. Dotson's affidavit is "uncredible hearsay" because it relies on statements from an "un-identified individual."[8]

This is demonstrably false. Both the declaration filed with the return of service (ECF No. 149) and the digital recording (Exhibit G to be filed conventionally with the court) establish the following. The Supplemental Declaration of Julian Dotson (Exhibit A), authenticates and corroborates the recording. Together they objectively prove:

1) A minor answered the door and confirmed Defendant "lives here"
2) The minor stated Defendant was "in his room"
3) An adult female appeared and identified herself as Defendant's "sister"
4) She confirmed she was his "roommate" and resided at the property
   She accepted the papers

This objective evidence rebuts Defendant's denial.

Defendant's characterization of the affidavit as "hearsay" misunderstands both the nature of service affidavits and the rules of evidence. A return of service reflects the server's personal observations—what he saw, heard, and did.

---

[8] *See* ECF No. 159 at 2, PageID.2411;  *See also* ECF No. 159 at 5 PageID2414 (characterising the declaration as "worse than hearsay" and accusing Mr Dotson of perjury)

That is direct testimony about the server's own conduct. To the extent Defendant argues the sister's statements ("I am his sister," "I am his roommate") are hearsay, multiple exceptions apply: (1) **Present sense impression** under Fed. R. Evid. 803(1)—statements describing events while perceiving them; (2) **Not offered for truth**—the statements explain why the server reasonably believed he was at Defendant's dwelling and why leaving papers with the recipient satisfied Rule 4(e)(2)(B); and (3) **Verbal acts**—the sister's identification of herself as a co-resident is itself a fact relevant to whether abode service was proper, regardless of its ultimate truth.

The recording establishes each element of valid abode service under Rule 4(e)(2)(B):

    1) Element:    <u>Defendant's dwelling or usual place of abode</u>

        Evidence:    The minor confirmed Defendant lives at the address and that the Defendant was "in his room"; Defendant listed this address as his residence in State court. *See* Exhibit B.

    2) Element:    <u>Person of suitable age and discretion</u>

        Evidence:    An adult female received the documents.

    3) Element:    <u>Resides there</u>

        Evidence:    She identified herself as Defendant's "roommate" and confirmed that she resided at the property

Even if Defendant disputes his sister's residency, service remains valid because Mr. Dotson was entitled to rely on her representations. A process server is entitled to rely on the reasonable representations of a person at the door who identifies herself as a co-resident of suitable age and discretion. Once the adult female identified herself and her status as a co-resident, leaving the documents with her satisfied Rule 4(e)(2)(B). Defendant's uncorroborated denial does not meet the "strong and convincing" evidentiary standard. *O'Brien*, 998 F.2d at 1398.

### B. Defendant's Declaration Does Not Rebut the Prima Facie of Valid Service

Defendant declares that he was never personally served.[9] That assertion does not defeat service for two reasons.

**First,** personal service was not required. Rule 4(e)(2) permits service by personal delivery, abode service, or delivery to an agent. Plaintiff effected service by leaving the summons and complaint at Defendant's usual place of abode with a resident of suitable age and discretion, in accordance with Rule 4(e)(2)(B). Whether Defendant was personally handed the documents is not dispositive.

**Second,** an uncorroborated denial does not constitute the "strong and convincing evidence" necessary to overcome a properly executed return of service. *O'Brien*, 998 F.2d at 1398. Defendant's declaration is contradicted by the contemporaneous recording, the process

---

[9] *See* ECF No. 159-1 at 1, PageID.2416 and *See* ECF No. 159 at 3, PageID2412 (Statement of Facts 6(a)).

server's sworn return, and Defendant's prior judicial admission of residence at the Lehi address. Standing alone, the declaration is insufficient to rebut the presumption of valid service.

### C. Defendant Is Judicially Estopped from Denying Residence at the Lehi Address

Defendant challenges service at the Lehi address, asserting that his sister lives in Mountain Green, not Lehi[10] thereby implying that 591 W Horizon Dr is not his dwelling or that the recipient was not a resident there. As set forth in the Statement of Facts, he previously represented to the Utah State Court that the Lehi address was his residence.[11]

All three factors for judicial estoppel are satisfied:

| Factor | Analysis |
| --- | --- |
| (1) Clearly inconsistent | Defendant's current position—challenging service at Lehi by asserting his sister lives in Mountain Green—is inconsistent with his prior representation to the State court that the Lehi address was his residence. |
| (2) Court accepted position | The State court accepted Defendant's filing listing that address; it became his address of record. |

---

[10] *See* ECF No. 159-1 ¶ 4
[11] *See* Exhibit B.

| Factor | Analysis |
|---|---|
| (3) Unfair advantage or detriment | Permitting Defendant to disclaim the address would allow him to avoid service of process based on a representation he made under penalty of law in another court. |

Judicial estoppel precludes a party from taking a position in one proceeding that is contrary to a position successfully asserted in another. *Queen*, 734 F.3d at 1087-88. Defendant is estopped from denying that 591 W Horizon Dr was his usual place of abode for purposes of Rule 4(e)(2)(B).

### D. Federal Rules Govern; No Court Order Was Required for Abode Service

Defendant argues that Plaintiff did not obtain court permission for substituted service.[12] That argument relies on Utah Rule of Civil Procedure 4(d)(4), which applies in state court. In this Court, the Federal Rules govern. Fed. R. Civ. P. 4(e)(2)(B) authorizes abode service without prior court approval; no motion or court order is required. Defendant's reliance on Utah procedure is misplaced.

### E. Mr. Dotson Satisfies Rule 4(c)(2); the "c/o" Designation Was Permissible and Transparent

---

[12] *See* ECF No. 159 at 2, PageID.2411

Defendant devotes substantial effort to proving that Onyx Black LLC is not a process-serving agency and does not employ Mr. Dotson.[13] This is a straw man argument that attacks a claim that was never made and is immaterial.

Rule 4(c)(2) sets forth the sole qualifications for a process server under the Federal Rules. Mr. Dotson is a private individual over 18 years old and not a party to this case. He never represented himself as a "licensed process server," nor did he list a license number on the Proof of Service.[14] As a private individual, he listed his address as "Julian Dotson c/o [Care Of] ONYX BLACK LLC."[15]

Mr. Dotson never stated, represented, or implied that he was an employee of Onyx Black LLC or that Onyx Black was a process-serving company in the Proof of Service or declaration.[16] The Proof of Service does not state that papers were served "courtesy of" Onyx Black; that is Defendant's mischaracterization.[17] The nature of Onyx Black LLC's business and these ad hominem attacks on the process server are immaterial and do not bear on whether service complied with Rule 4. Mr. Dotson satisfies the requirements of Rule 4(c)(2).

The "c/o" designation was an act of transparency; it provided a verifiable mailing address (a registered limited liability company, *see* ECF No. 159-2 at 1, PageID.2421) and did not misrepresent Mr. Dotson's role. Furthermore, this use of a mailing address was a prudent legal measure to protect his personal privacy from a litigious defendant. Defendant's subsequent

---

[13] *See* ECF No. 159 at 2-3, PageID.2411-12; ECF No. 159-1 at 1-2, PageID.2416-17
[14] *See* ECF No. 149 at 2, PageID.2204.
[15] *Id.*
[16] *See* ECF No. 149, PageID.2204-2206
[17] *See* ECF No. 159-1 at 2, PageID.2417.

conduct—specifically, his gratuitous submission of Mr. Dotson's personal financial and housing records into the public docket—fully vindicated Mr. Dotson's decision to shield his residential address.[18] The relevant considerations are the Rule's requirements and the record evidence: the executed return (ECF 149), Defendant's judicial admissions and the digital recording ( Exhibit G)

F. **Defendant Lacks Standing to Challenge Service on Other Defendants**

Defendant challenges the validity of service on defendants Pace and Stacey Johnson, citing declarations of Cody Kirkham and Tayler Feller.[19] A motion to quash service is personal to the movant. Defendant lacks standing to assert defects in service upon the Johnsons; that issue is between Plaintiff and those defendants.

The only question presented is whether service upon Defendant Do at 591 W Horizon Dr, Lehi, on January 27, 2026, was valid. The record establishes that it was. Should a party with standing to challenge service on the Johnsons properly raise that issue, Plaintill will produce the recording pertinent to that service as the rules and the Court may require.

G. **Pending Criminal Charges Are Relevant to the Weight of Defendant's Declaration**

Defendant invites the Court to accord greater weight to his declaration than to the objective evidence of record. The pending criminal charges in Utah County are relevant to the weight accorded his declaration. *See* Exhibits C, D.

---

[18] *See* ECF No. 159 at 4, PageID.2413
[19] *See* ECF No. 159 at 3-4, PageID.2412-13

The Information alleges, among other things: use of multiple identities ("Dastan D'o" and "Dallin Durbano"); forgery of his ex-wife's signature on court documents; self-notarization of documents under an alias; use of his sister's contact information to verify fraudulent documents; and filing of forged documents with the court.

The allegation regarding his sister's contact information is pertinent to Defendant's assertion that his sister could not have accepted service at the Lehi address because she resides in Mountain Green. Defendant has not submitted a declaration from his sister; he offers only his own testimony as to her residence.

The absence of a sworn statement from the person whose residence Defendant relies on to challenge service is relevant to the weight accorded his position. The allegations in the Information–including use of his sister's contact information in connection with forged documents– are admissible for purposes such as intent, plan or absence of mistake under Fed. R. Evid. 404(b)(2), and bear on the weight the Court accords Defendant's declaration regarding his sister's residence. *See* Fed. R. Evid. 404(b)(2) (evidence of other acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

## V. CONCLUSION

The material facts are documented in the record. Service was properly effected under Fed. R. Civ. P. 4(e)(2)(B). The recording, Defendant's prior judicial admission, and the executed return establish valid service;

Defendant has not offered strong and convincing evidence to rebut the presumption. *O'Brien*, 998 F.2d at 1398. Judicial acceptance of Defendant's current inconsistent position would create the distinct perception that either the Utah State Court was misled when it accepted his Lehi residency in May 2025, or this Court is being misled now. Under the *Queen* and *Eastman* standards, the integrity of the judicial process demands that Defendant be held to his prior representation.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DENY** Defendant's Second Motion to Quash Service of Process [ECF 159];

2. **FIND** that service was properly effected upon Defendant Dastan M. Do under Fed. R. Civ. P. 4(e)(2)(B); and

3. **AWARD** Plaintiff the reasonable costs incurred in responding to the Motion, as the Motion relies on positions inconsistent with Defendant's prior judicial admissions and is unsupported by the record.

DATED: February 6, 2026                                                  Respectfully Submitted,

/s/ Max Warren Barber
MAX WARREN BARBER
Plaintiff, Pro Se

## WORD COUNT CERTIFICATION

Pursuant to DUCivR 7-1(a)(6)(C), the undersigned certifies that this **Plaintiff's Opposition to Defendant's Second Motion to Quash** contains **1,799** words, excluding the caption, signature block, certificate of service, and exhibits.                                /s/ Max Warren Barber

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2026, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT DASTAN M. DIO'S SECOND MOTION TO QUASH SERVICE OF PROCESS**
**t**o be served as follows:                                /s/ Max Warren Barber

### VIA EMAIL FILING TO CLERK OF COURT (For ECF Distribution):

I emailed the documents to utdecf_clerk@utd.uscourts.gov for filing. Upon entry, the Court's CM/ECF system will electronically serve the following registered counsel of record:

| | |
|---|---|
| **Steven R. Skirvin** steve@srslawpc.com | **Gary R. Guelker** gguelker@rlattorneys.com |
| *Counsel of Gravity Defendants* | *Counsel of Jeremy Shorts and David Gardner* |
| **Andrew R. Welch** (andrew.welch@lewisbrisbois.com ) *Counsel of Jared L. Anderson* | |

### PRO SE DEFENDANT(s) CM/ECF SYSTEM

| | |
|---|---|
| **Adrian Isaac Johnson:** adrian.isaac.johnson@gmail.com | **Dastan M. D'O:** D_0001@icloud.com |
| **Karen Salas:** Karensalasutah@gmail.com | **Stacy Roberts Johnson** stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen** taytumannjorge@gmail.com |
| **Pace William Johnson** pace@pacejohnson.com | |

### VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

| | | |
|---|---|---|
| **Jamis Melwood Johnson** 1028 South 1900 East Salt Lake City, UT 84108 | **1028 S 1900 E LLC** c/o Registered Agent 1028 South 1900 East Salt Lake City, UT 84108 | **CR TRUE LLC** c/o Pace Johnson Law Group 231 E 400 S, Suite 345 Salt Lake City, UT 84111 |