# EXHIBIT A:

Supplemental Declaration of Julian Dotson

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER**, individually and as Sole Trustee of the MSB Trust Plaintiff,<br><br>v.<br><br>**DAVID L, KNUDSON**, et al., Defendants | **SUPPLEMENTAL DECLARATION OF JULIAN DOTSON**<br><br>Case No. 2:25-cv-00681-HCN-DBP<br><br>Judge: Howard C. Nielson, Jr.<br>Magistrate Judge: Dustin B. Pead |

I, **JULIAN DOTSON**, declare under penalty of perjury as follows:

1. I am over the age of 18 and am not a party to this action. I submit this declaration in support of Plaintiff's Opposition to Defendant Dastan M. Dio's Second Motion to Quash.

2. **Regarding My Status:** I am a private individual. I am not a commercial process server, nor have I ever represented myself as holding a license. I did not list a license number on the Proof of Service because I do not possess one. I performed this service strictly as a private citizen, as permitted under Federal Rule of Civil Procedure 4(c)(2).

3. **Regarding the "c/o" Address:** On the Proof of Service, I listed my address as "c/o [Care Of] ONYX BLACK LLC." I did this for one specific reason: **to protect my personal safety and privacy.** I used this designation to provide a transparent, verifiable mailing address while strictly shielding my home residence from the Defendant. I never represented to the Defendant, his family, or the Court that I was an employee of Onyx

Black LLC. My sole intent was to prevent harassment and retaliation. Given that the Defendant has since vindictively filed my personal financial history and housing information on the public docket, my fear for my privacy was clearly justified.

4. **Regarding the Recording of Service:** During the service attempt on January 27, 2026, at 591 W Horizon Drive, Lehi, UT, I used my smartphone to document the interaction. To ensure the interaction remained calm and non-confrontational, I recorded discreetly rather than holding the phone up to film the occupants' faces directly. However, the device was active throughout the encounter and clearly captured the audio for verification purposes.

5. **Confirmation of Facts:** I have reviewed the recording, and it confirms the facts stated in my original affidavit:

   - A minor first answered the door, confirmed Dastan lived at the residence, and stated he was in his room.
   - An adult female subsequently came to the door.
   - When I asked if she was the Defendant's spouse, **she explicitly corrected me, stating she was not his wife, but his sister.**
   - She then confirmed she was his "roommate" and resided at the property before accepting the documents.

6. **Regarding the Johnson/Kirkham Service:** The declarations filed by Cody Kirkham and Tayler Feller regarding the service on Pace and Stacey Johnson contain material falsehoods. I possess digital recording evidence that directly refutes their claims. However, as this Motion pertains strictly to Dastan Dio, I am reserving the Johnson service evidence at this time but am prepared to submit it immediately upon the Court's request.

7. **Authentication of Exhibit G:** A true and correct copy of the digital recording of the

service on Dastan Dio (described in Paragraphs 4-5) is being manually filed with the

Court as **Exhibit G** to the Plaintiff's Opposition. I have reviewed the file contained on the

submitted media and confirm it is an exact, unaltered copy of the recording I made on

January 27, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** February 5, 2026

**JULIAN DOTSON**

3 of 3