FILED
2026 FEB 9 AM 12:28
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
4643-4645 South Highland Drive
Salt Lake City, Utah 84117
23blackbee@gmail.com
Pro Se Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust, <br><br> Plaintiff, <br><br> v. <br><br> DAVID KNUDSON, et al., <br><br> Defendants. | **PLAINTIFF OPPOSITION TO DEFENDANT JORGENSEN'S REQUEST FOR DISMISSAL FOR FAILURE TO SERVE (ECF 158)** <br><br> Case No. 2:25-cv-00681-HCN-DBP <br><br> District Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead |

Plaintiff Max Warren Barber respectfully requests that this Court **deny** Defendant Taytum Jorgensen's 'Request to Be Dismissed for Failure to Serve' (ECF 158). Defendant's request is a procedural nullity: it is predicated on a false factual premise, lacks any supporting legal authority, and fails to comply with the Local Rules of this Court.

Jorgensen was personally served by process server Julian Dotson on **January 15, 2026** nineteen days before the February 3, 2026 deadline set by this Court's Order (ECF 141). Jorgensen personally accepted service of the Summons and First Amended Complaint at that time. *See* Proof of Service (AO 440), filed concurrently herewith. Twenty days later, Jorgensen filed ECF 158 representing to this Court that "proper service has not been completed." ECF 158 at 1. The Court's own record will reflect otherwise.

Even if this Court were to reach the merits, ECF 158 fails on every level: it requests the wrong remedy (dismissal *with prejudice* when Rule 4(m) mandates *without prejudice*), cites no legal authority whatsoever, and does not comply with this Court's local rules governing motions.

**ARGUMENT**

**I.     ECF 158 Is Moot Because Jorgensen Has Been Properly Served**

Jorgensen's sole claim is that "proper service has not been completed." ECF 158 at 1. That is false.

On **January 15, 2026**, process server Julian Dotson personally served Defendant Taytum Jorgensen with the Summons and First Amended Complaint at 231 East 400 South, Suite 345, Salt Lake City, Utah 84111  the offices of the Pace Johnson Law Group. Jorgensen accepted service. *See* Proof of Service (AO 440), filed concurrently herewith. This service was completed **nineteen days before** the February 3, 2026 deadline established in this Court's Ruling & Order granting Defendants' motions to quash. ECF 141.

The timeline bears emphasis. On January 15, Jorgensen stood face-to-face with a process server, accepted legal documents into her hands, and was informed of the nature of the action. On February 4 (twenty days later ) she filed ECF 158 representing to this Court that "proper service has not been completed." The representation was not a matter of legal interpretation or honest mistake. It was a statement of fact, and it was false. Plaintiff respectfully submits that this Court is entitled to weigh that representation accordingly.

Federal Rule of Civil Procedure 4(l)(3) provides: "Failure to prove service does not affect the validity of service." The fact that proof of service had not yet been filed with the Clerk at the

time Jorgensen filed ECF 158 is immaterial. Service was valid and complete upon delivery to the defendant. The proof of service filed herewith confirms that fact.

ECF 158 is therefore moot and should be denied on that basis alone.

## II. Alternatively, ECF 158 Is Fatally Deficient

Even setting aside the mootness issue, ECF 158 fails independently on three grounds.

### A.    Jorgensen Requests the Wrong Remedy

Jorgensen requests "dismissal with prejudice." ECF 158 at 1. Federal Rule of Civil Procedure 4(m) does not authorize this remedy. Rule 4(m) provides that if a defendant is not served within the required time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Dismissal *with prejudice* for a service deficiency is "an abuse of discretion in the absence of a clear record of delay or contumacious conduct." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (internal quotation omitted). Jorgensen does not allege  and cannot show any delay or contumacious conduct. She identifies no prejudice. She cites no authority supporting dismissal with prejudice for a service issue.

### B.    ECF 158 Contains No Legal Authority

ECF 158 does not cite a single rule, statute, or case. It does not reference Federal Rule of Civil Procedure 4(m). It does not reference any provision of the DUCivR. It contains no legal analysis of any kind, merely a bare assertion that "the deadline to serve Defendant was February 3, 2026, and proper service has not been completed." ECF 158 at 1.

A motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1). ECF 158 fails even this minimal threshold.

    C.      ECF 158 Does Not Comply with DUCivR 7-1

The District of Utah's Local Rules require that "[e]ach motion . . . must be accompanied by a supporting memorandum of points and authorities." DUCivR 7-1(a)(2). ECF 158 contains no memorandum, no points, and no authorities. It is a two-sentence letter, not a properly supported motion.

Additionally, Jorgensen styles herself as "Specially Appearing Defendant." Federal courts do not recognize "special appearances." The concept was abolished by the Federal Rules of Civil Procedure, which provide for objections to personal jurisdiction through a motion to dismiss under Rule 12(b)(2). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1344 (3d ed.) ("The federal rules effectively abolished the distinction between general and special appearances."). Jorgensen's prior Motion to Quash (ECF 99) was already adjudicated by this Court's order at ECF 141.

    III. Good Cause Independently Supports an Extension Under Rule 4(m)

Even if this Court found a technical defect in service which it should not it retains broad discretion to extend the service deadline and maintain Jorgensen as a defendant under Rule 4(m). The Tenth Circuit has held that district courts may extend the time for service even in the absence of good cause. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The relevant factors all favor Plaintiff:

1.    **Actual Notice:** Jorgensen has had actual notice of this lawsuit since at least December 2, 2025, when she registered for E-Filing (ECF 98) and filed her Motion to Quash (ECF 99). She has actively participated in this litigation.

2.    **No Prejudice:** Jorgensen identifies no prejudice from any purported delay. She was personally served nineteen days before the deadline and accepted service.

3.    **Statute of Limitations:** Dismissal of claims against Jorgensen could implicate statute-of-limitations concerns, favoring extension.

4.    **Plaintiff's Diligence:** Plaintiff has diligently pursued service of all defendants in this multi-party action, as demonstrated by the extensive service record on the docket (ECF 145, 146, 149, 152).

## CONCLUSION

ECF 158 is moot. Jorgensen was personally served on January 15, 2026, nineteen days before the February 3, 2026 deadline. The proof of service is filed concurrently herewith. Alternatively, ECF 158 should be denied because it (1) requests a remedy — dismissal with prejudice — that Rule 4(m) does not authorize; (2) contains no legal authority; and (3) does not comply with DUCivR 7-1.

Plaintiff respectfully requests that the Court deny ECF 158 in its entirety.

DATED: February 8, 2026.                            Respectfully submitted,

                                                    /s/ Max Warren Barber
                                                    MAX WARREN BARBER

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2026, I caused the foregoing Opposition to be served upon all parties through the Court's CM/ECF system, which will send notification of electronic filing to all registered users.

/s/ Max Warren Barber