JAMIS JOHNSON
*Specially Appearing Defendant*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER**, an individual;<br><br>Plaintiff(s),<br><br>vs.<br><br>**DAVID KNUDSON**, et al.,<br><br>Defendants. | **DEFENDANT JAMIS JOHNSON'S MOTION TO QUASH SERVICE OF PROCESS**<br><br><br>Case No. 2:25-cv-00681-HCN-DBP<br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Defendant Jamis Johnson, specially appearing solely for the purpose of challenging service of process and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and expressly preserving and not waiving any defenses or objections including but not limited to lack of personal jurisdiction and insufficient service of process, respectfully moves this Court for an order quashing the purported service of process in this action.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) on the grounds that the purported service of process described in Plaintiff's Proof of Service (Doc. 54) was defective and fails to comply with the requirements of Federal Rule of Civil Procedure 4(e) and Utah Rule of Civil Procedure 4(d).

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Jamis Johnson, and the pleadings and papers on file in this action.

1

# I. INTRODUCTION

Defendant Jamis Johnson specially appears, solely for the purpose of challenging service of process and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and expressly preserves all defenses and objections, including but not limited to lack of personal jurisdiction and insufficient service of process.

The purported service of process upon Defendant was defective and should be quashed. Plaintiff claims to have served Defendant by leaving documents with an employee at a law firm where Defendant does not reside and who is not authorized to accept service. This method of service does not satisfy Federal Rule of Civil Procedure 4(e), which governs service upon individuals within the United States. Because service was never properly effected, this Court lacks personal jurisdiction over Defendant.

# II. STATEMENT OF FACTS

On October 21, 2025, Plaintiff filed a Proof of Service (Doc. 54) claiming that Defendant was served on that date via "Substitute Service" at the Pace Johnson Law Firm, 231 E 400 S Suite 345, Salt Lake City, Utah 84111. According to the Proof of Service, documents were left with "Mr. Pablo C.," who is described as an "Associate / Agent Accepted Service."

As set forth in the accompanying Declaration of Jamis Johnson:

1. Defendant was never personally served with the summons and complaint in this action.

2. Defendant has never retained the Pace Johnson Law Firm or any attorney at that firm to represent him in any matters brought by Plaintiff.

3. Defendant has never authorized Mr. Pablo C., or anyone else at the Pace Johnson Law Firm, to accept service of process on Defendant's behalf.

4. Defendant does not reside at the Pace Johnson Law Firm.

On November 21, 2025, Plaintiff filed a Request for Entry of Default (Doc. 73) against Defendant, claiming that Defendant's deadline to respond was November 11, 2025. Defendant did not respond because Defendant was never properly served and had no notice of this lawsuit.

### III. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946).

When service of process is challenged, the burden is on the plaintiff to establish that service was proper. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). The plaintiff must demonstrate compliance with Rule 4 by a preponderance of the evidence.

### IV. ARGUMENT

**A.    The Purported Service Fails to Comply with Federal Rule 4(e)**

Federal Rule of Civil Procedure 4(e) governs service of process upon individuals within the United States. It provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A)    delivering a copy of the summons and of the complaint to the individual personally;
>     (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The purported service in this case fails under each method.

### 1. The Service Was Not Personal Service Under Rule 4(e)(2)(A)

The Proof of Service does not claim that Defendant was personally handed the summons and complaint. The documents were left with a third party at a law firm. This is not personal service.

### 2. The Service Was Not Valid Substitute Service Under Rule 4(e)(2)(B)

Although the Proof of Service characterizes the service as "Substituted Service," it fails to meet the requirements of Rule 4(e)(2)(B). Substitute service is proper only when the documents are left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion *who resides there*." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added).

The Pace Johnson Law Firm is a commercial office building—not a dwelling or usual place of abode. Courts have consistently held that service at a defendant's place of business does not satisfy the substitute service provision. *See, e.g., Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) ("A place of business is not a 'usual place of abode' within the meaning of Rule 4(d)(1)."); *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 586 n.2 (9th Cir. 2010) ("[S]ervice at one's place of employment does not constitute valid service.").

Moreover, the recipient must "reside" at the dwelling or place of abode. Mr. Pablo C. is described as an "Associate" at the law firm—he clearly does not reside there. The purported substitute service is therefore invalid.

### 3. The Service Was Not Valid Service on an Agent Under Rule 4(e)(2)(C)

Service on an agent is valid only if the agent is "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). "An agent receiving service of process must actually be authorized to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

The designation "Associate / Agent Accepted Service" in the Proof of Service is legally meaningless. The mere act of accepting papers that someone hands you does not

create agency authority. Agency for receipt of service of process must be established *before* service is attempted—it cannot be created retroactively by the act of acceptance. *See National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) (agent for service must be "actually authorized to receive process").

There is no evidence in the record that Defendant ever appointed Mr. Pablo C., the Pace Johnson Law Firm, or any other person or entity as an agent for service of process. As stated in Defendant's Declaration, Defendant has never authorized anyone there to accept service on Defendant's behalf. The purported agency service is therefore invalid.

**B.     Utah State Law Does Not Validate the Service**

Under Rule 4(e)(1), service may be made by following state law. Utah Rule of Civil Procedure 4(d)(1)(A) provides for service upon an individual:

> *by delivering a copy of the summons and/or the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing, or by delivering a copy of the summons and/or the complaint to an agent authorized by appointment or by law to receive service of process.*

Utah R. Civ. P. 4(d)(1)(A). This language is nearly identical to Federal Rule 4(e)(2). For the same reasons discussed above, the purported service fails under Utah law as well.

**C.     Without Valid Service, This Court Lacks Personal Jurisdiction Over Defendant**

"Without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Because Plaintiff failed to properly serve Defendant, this Court lacks personal jurisdiction over Defendant, and the purported service must be quashed.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court enter an order: (1) quashing the purported service of process; (2) denying Plaintiff's Request for Entry

of Default (Doc. 73); and (3) requiring Plaintiff to properly serve Defendant in accordance with Federal Rule of Civil Procedure 4(e).

DATED February 11, 2026

Respectfully submitted,

*/s/Jamis Johnson /*
JAMIS JOHNSON
*Specially Appearing Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11th 2026, I caused a true and correct copy of the foregoing to be served upon the following through CM/ECF notice of electronic filing:

Max Warren Barber, individually and as
Trustee of the MSB Trust 1028 S. 1900 E.
Salt Lake City, UT 84108

*/s/Jamis Johnson*