FILED
2026 FEB 11 PM 11:41
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust<br>Plaintiff, | PLAINTIFF'S EVIDENTIARY OBJECTION TO NEW EXHIBITS IN DEFENDANTS' REPLY (ECF No. 156) |
|---|---|
| v. | Case No. 2:25-cv-00681-HCN-DBP |
| DAVID L, KNUDSON, et al.,<br>Defendants | Judge: Howard C. Nielson, Jr.<br>Magistrate Judge: Dustin B. Pead |

Pursuant to DUCivR 7-1(b)(3), Plaintiff Max Warren Barber objects to the new evidence offered for the first time in the Reply in Support of Motion to Dismiss (ECF No. 156) filed by Defendants Gravity Segregation II, LLC, Gravity Segregation, LLC dba Gravity Capital, LLC, and David Knudson (collectively, "Gravity Defendants") on February 4, 2026.

**I. TIMELINESS**

DUCivR 7-1(b)(3) provides: "If new evidence is offered in a reply, an evidentiary objection must be filed within 7 days after service of the reply." ECF No. 156 was filed and served via the CM/ECF system on February 4, 2026. This objection is filed within the seven-day period prescribed by the rule.

**II. IDENTIFICATION OF OBJECTIONABLE EVIDENCE**

The Gravity Defendants attached two new exhibits to their Reply that were not part of their original Motion to Dismiss (ECF No. 71), filed November 24, 2025, or any co-defendant's

motion (ECF No. 88). These exhibits were not part of the record before Plaintiff filed his Opposition (ECF No. 138) on January 21, 2026:

Exhibit 14 (ECF No. 156-1): "Findings of Fact and Conclusions of Law" entered by Judge Richard Daynes on October 28, 2025, in 1028 S 1900 E LLC v. Max Barber, et al., Third District Court Case No. 250906343 (the "Eviction Suit"). See ECF No. 156 at PageID.2249.[1]

Exhibit 15 (ECF No. 156-2): "Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Complaint for Unlawful Detainer" filed in the Eviction Suit on or about October 13, 2025. See ECF No. 156 at PageID.2251.[2]

### III. GROUNDS FOR OBJECTION

A.    New Evidence Improperly Introduced in Reply

Reply memoranda "must be limited to rebuttal of matters raised in the memorandum in opposition." DUCivR 7-1(b)(3)(B). New evidence introduced for the first time in reply deprives the opposing party of any opportunity to respond, challenge authenticity, or raise evidentiary

---

[1] The Gravity Defendants concede they "are not parties to the Eviction Suit." ECF No. 156 at PageID.2249. This concession is fatal to their issue preclusion argument, as the party-or-privity requirement is a mandatory element. *See Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) (requiring "the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication"); *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) ("One is not bound by a judgment in personam in a litigation in which he is not designated as a party." (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940))).

[2] Exhibit 15 is Plaintiff's own state court filing, offered against Plaintiff by nonparties to that proceeding to support an issue preclusion defense that the Gravity Defendants never raised in their Answer, never raised in their opening Motion to Dismiss, and raised for the first time in this Reply. Issue preclusion is an affirmative defense that must be raised in the answer. Fed. R. Civ. P. 8(c)(1) (requiring parties to "affirmatively state any avoidance or affirmative defense, including . . . estoppel . . . res judicata").

objections in the ordinary course of briefing. See Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) (arguments raised for the first time in reply are deemed waived); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995) (declining to consider new evidence and arguments raised for the first time in reply brief).

DUCivR 7-1(d) requires that "[w]hen evidence is cited in a motion, response, or reply, the relevant portions of the evidence must be attached or filed separately and contemporaneously with the document." Exhibits 14 and 15 should have been filed contemporaneously with the Gravity Defendants' original Motion to Dismiss (ECF No. 71) on November 24, 2025 — not introduced for the first time in reply more than two months later. The issue preclusion argument these exhibits are offered to support appeared nowhere in the opening brief. ECF No. 156 at PageID.2249-51 (Section III, "Plaintiff's Claims Are Barred by Issue Preclusion," appearing for the first time in reply).[3]

B.      Foundation and Authenticity

Plaintiff has had no opportunity to examine or challenge the foundation, authenticity, or admissibility of Exhibits 14 and 15 because they were introduced after the normal briefing sequence was complete. Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). The Gravity Defendants offered no authenticating declaration or affidavit in connection with these exhibits. See Fed. R. Evid.

---

[3] See also Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005) (surreply appropriate when movant raises new material in reply, because "arguments raised for the first time in a reply brief are generally deemed waived").

901(b)(1) (authentication by testimony of witness with knowledge); Fed. R. Evid. 902 (self-authentication requirements). The Reply's bare assertion that these are "true and correct cop[ies]" — without a supporting declaration under 28 U.S.C. Section 1746 — does not satisfy the authentication requirement. See ECF No. 156 at PageID.2249 (Exhibit 14), PageID.2251 (Exhibit 15).

    C.    Prejudice

The introduction of new evidence in reply, supporting an entirely new affirmative defense (issue preclusion) not raised in the original Motion to Dismiss or in any Defendant's answer, prejudices Plaintiff by denying him the opportunity to respond in the normal briefing sequence. See Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005) (recognizing that new material in reply deprives the nonmovant of the opportunity to respond).[4]

    D.    Consideration of Exhibits 14 and 15 Would Require Conversion Under Rule 12(d)

---

[4] The evidentiary asymmetry is dispositive. Plaintiff filed sworn audio evidence on January 3, 2026, including Adrian Johnson's admission that Defendant Knudson was the source of insider sale information (*see* ECF No. 121 at PageID.2000, ¶ 4(C)), Jamis Johnson's admission that he personally called Knudson to arrange the purchase (*see* ECF No. 121 at PageID.2000, ¶ 4(A)), and Judge Daynes' on-the-record finding that Gravity Capital "did not do those things that were required" under the bankruptcy stipulation- "that's really a breach" (*see* ECF No. 121 at PageID.2001, ¶ 4(D)). All authenticated under 28 U.S.C. § 1746. The Gravity Defendants' seven-day objection window under DUCivR 7-1(b)(3) expired January 10, 2026. They filed nothing. Plaintiff then filed his Opposition (ECF No. 138) on January 21, 2026, attaching Knudson's own YouTube admissions (Exs. Z-1, Z-2, Z-3) as party-opponent statements under Fed. R. Evid. 801(d)(2)(A). That seven-day window expired January 28, 2026. They filed nothing. Not in a separate objection. Not in their Reply. ECF No. 156 contains zero objections under the Federal Rules of Evidence to any exhibit in Plaintiff's record. That evidence, the insider coordination, the breach finding, the YouTube admissions, stands unchallenged. Yet Defendants now ask this Court to credit their own unauthenticated exhibits, introduced for the first time at the one point in the briefing cycle where Plaintiff cannot respond.

The Gravity Defendants' issue preclusion argument necessarily requires this Court to consider matters outside the pleadings — namely, the record and findings of a separate state court proceeding. If the Court considers Exhibits 14 and 15 in ruling on the Motion to Dismiss, the motion "must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see Marquez v. Cable One, Inc., 463 F.3d 1118, 1121 (10th Cir. 2006) (Rule 12(d) conversion is mandatory when court considers matters outside the pleadings). Raising these materials in reply — where Plaintiff has had no discovery and no opportunity to develop the record — would deny Plaintiff the "reasonable opportunity" that Rule 12(d) requires.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

(a) SUSTAIN this evidentiary objection;

(b) DECLINE TO CONSIDER Exhibits 14 (ECF No. 156-1) and 15 (ECF No.156-2) in ruling on the Gravity Defendants' Motion to Dismiss (ECF No. 71); and

(c) In the alternative, if the Court is inclined to consider Exhibits 14 and 15, CONVERT the Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d) and afford Plaintiff a reasonable opportunity to conduct discovery and respond. See Fed. R. Civ. P. 12(d); Marquez, 463 F.3d at 1121.

DATED this 11th day of February, 2026.

Respectfully submitted,
*/s/ Max Warren Barber*
MAX WARREN BARBER

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2026, I electronically filed the foregoing PLAINTIFF'S EVIDENTIARY OBJECTION TO NEW EXHIBITS IN DEFENDANTS' REPLY (ECF No. 156) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

/s/ Max Warren Barber

**VIA EMAIL TO CLERK OF COURT (For Filing & ECF Distribution):**

I emailed the documents to utdecf_clerk@utd.uscourts.gov for filing. Upon entry, the Court's CM/ECF system will electronically serve the following registered counsel of record:

| | |
|---|---|
| **Steven R. Skirvin** steve@srslawpc.com | **Gary R. Guelker** gguelker@rlattorneys.com |
| *Counsel of Gravity Defendants* | *Counsel of Jeremy Shorts and David Gardner* |

**Andrew R. Welch**
(andrew.welch@lewisbrisbois.com )
*Counsel of Jared L. Anderson*

### PRO SE DEFENDANT(s) CM/ECF SYSTEM  /  EMAIL

| | |
|---|---|
| **Adrian Isaac Johnson:** adrian.isaac.johnson@gmail.com | **Dastan M. D'O:** D_0001@icloud.com |
| **Karen Salas:** Karensalasutah@gmail.com | **Stacy Roberts Johnson** stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen** taytumannjorge@gmail.com |
| **Pace William Johnson** pace@pacejohnson.com | |

### VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

| | | |
|---|---|---|
| **Jamis Melwood Johnson** 1028 South 1900 East Salt Lake City, UT 84108 | **1028 S 1900 E LLC** c/o Registered Agent 1028 South 1900 East Salt Lake City, UT 84108 | **CR TRUE LLC** c/o Pace Johnson Law Group 231 E 400 S, Suite 345 Salt Lake City, UT 84111 |