ANDREW R. WELCH, #14028
ANDREW J. SCHUMAN, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Telephone: 801.562.5555
Facsimile: 801.562.5510
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant Jared L. Anderson*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S. 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10,<br><br>Defendants. | **DEFENDANT JARED ANDERSON'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Case No. 2:25-cv-00681-HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Defendant Jared L. Anderson ("Defendant"), by and through his counsel of record, Andrew R. Welch and Andrew J. Schuman of the law firm Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum in opposition to the Supplemental Request for Judicial Notice ("Motion") [Dkt. 157] filed by Plaintiff Max Barber ("Plaintiff").

## RELIEF REQUESTED

Defendant respectfully requests that this Court deny Plaintiff's Motion in full for failing to satisfy Federal Rules of Evidence 201(b)(2) and 201(c)(2). Plaintiff filed this Motion seeking a second request for judicial notice of certain facts. This Motion rests on the same arguments Plaintiff raised in his Motion for Judicial Notice of Adjudicative Facts. [Dkt. 137]. Plaintiff's Motion should be denied for the same reasons raised in Defendant Jared Anderson's Opposition to Plaintiff's Motion for Judicial Notice of Adjudicative Facts. [Dkt. 151]. This Motion is duplicative and raises no new arguments that Plaintiff did not already raise in his first judicial notice request. The only purpose this Motion serves is to add 30 more facts to Plaintiff's 28 previously proposed bullet-point list of facts that he provided in his first request for judicial notice. Because Plaintiff's request for judicial notice fails to satisfy the requirements of Federal Rules of Evidence 201(b)(2) and 201(c)(2), this Motion should be denied.

## ARGUMENT

Under Fed. R. Evid. 201(b)(2), the Court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it [ ] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1265, n.10 (10th Cir. 2006) (quotation

171218290.1

marks omitted) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002). A high degree of indisputability of the adjudicative facts in question is an essential prerequisite to judicial notice. Fed. R. Evid. 201(a) advisory committee note. The law requires certainty before judicial notice is taken of adjudicative facts because judicial notice serves as a "substitute for the conventional method of taking evidence to establish facts." *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996) (citation and quotation marks omitted).

### A.  Judicial Notice is Improper Here Because Plaintiff Cannot Demonstrate that His Proposed Facts Have a Direct Relation to Matters at Issue.

"[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, **if those proceedings have a direct relation to matters at issue**." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (emphasis added). In *Hansen v. Harper Excavating, Inc.,* the Tenth Circuit took judicial notice of documents from its earlier case in the electronic database of the U.S. District Court for the District of Utah. 641 F.3d 1216 (10th Cir. 2011). The court determined that these facts were capable of ready and accurate determination by looking to sources whose accuracy cannot reasonably be questioned. *Id*. Similarly, the court in *Cricut, Inc. v. Enough for Everyone, Inc.*, took judicial notice of multiple filings in a previous suit in which both the plaintiff and defendant were parties. No. 2:21-CV-601-TS-DAO, 2022 WL 1664631, at *2 (D. Utah May 25, 2022).

In the present case, Plaintiff seeks to judicially notice a proposed list of 30 documents that are not relevant to the matters at issue in this litigation. The contents of the proposed documents include judgments, recorded instruments, various court filings, and various dockets of other cases. The various cases mentioned by Plaintiff name two Defendants in this matter as parties, but that is the extent of their relevance here. Plaintiff does not contend that issues in those prior lawsuits

171218290.1

impact his claims in this case, he just wants the Court to acknowledge that these two Defendants have been involved in court proceedings in the past. The Court should not take judicial notice of these prior actions because Plaintiff fails to explain how these prior proceedings are directly related to matters at issue in this case. Similarly, Plaintiff fails to explain how the recorded instruments showing entities formed by Defendants in this action are relevant to matters at issue here. The entities named by Plaintiff are not parties to this litigation, and Plaintiff has not alleged any claims against them. Absent a showing that these documents are directly related to matters at issue in this case, the Court should not take judicial notice of Plaintiff's proposed list of 30 documents.

In the Motion, Plaintiff argues that the list of 30 proposed documents offers relevant support for his 18 U.S.C. § 1961 RICO claim because the documents demonstrate an ascertainable structure, common purpose, and relationship among associates. The Court should reject Plaintiff's request to judicially notice these documents because Plaintiff is attempting to use judicial notice as a method to alleviate his burden of proof. The Plaintiff must prove the elements of a RICO claim by a preponderance of the evidence to win on the merits. *See CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076 (10th Cir. 2014). Plaintiff may not use judicial notice as a means of circumventing his burden of proof. Additionally, the documents Plaintiff requests this Court judicial notice are not directly related to matters at issue in this case because they have nothing to do with Plaintiff's RICO claim. These recorded instruments and prior proceedings do not offer support for Plaintiff's RICO claim and are therefore not related to matters at issue here. Although the documents may prove that two Defendants conducted business together prior to this litigation, this alone is not sufficient to be considered directly relevant to matters at issue in this case. Therefore, Plaintiff's request for judicial notice should be rejected by this Court.

### B. Judicial Notice is Improper Here Because Plaintiff Cannot Prove that the Proposed 30 Facts are Indisputable.

Plaintiff's Motion should be rejected on the basis that each proposed fact that he seeks judicial notice on contains Plaintiff's own commentary. Plaintiff's Motion is a request for judicial notice that is better categorized as a request to accept his interpretation of law. As was argued in Defendant Jared Anderson's Opposition to Plaintiff's Motion for Judicial Notice of Adjudicative Facts, Plaintiff's proposed list of facts is the subject of reasonable dispute. [Dkt. 151].

The *Donaldson v. United States Dep't of Treasury* case is directly applicable to the present case due to the similar issues before this Court. *Donaldson v. United States Dep't of Treasury*, No. 17-1213-EFM-GEB, 2018 WL 1116675 at *2 (D. Kan. Mar. 1, 2018) (unpublished) *Id*. The plaintiff in *Donaldson* asked the court to take "mandatory judicial notice" of 35 numbered paragraphs. *Id*. at *1. The content of the 35 numbered paragraphs ranged from statutory excerpts to various statutes, dictionary definitions, and various publications. *Id*. The *Donaldson* court found that the plaintiff's "random, bullet-point recitation of the information included both in his Motion and Reply makes the information difficult to comprehend, at best. Plaintiff's submissions are more akin to arguments, in support of his own legal theories, rather than indisputable facts." *Id*. The *Donaldson* court noted that the plaintiff's interpretations of law in support of the facts for which he sought judicial notice were more appropriately suited for a dispositive motion, and not a request for judicial notice. *Id*. The court denied Plaintiff's request for judicial notice on the basis that the *Donaldson* plaintiff did not establish that the facts in question were "not subject to reasonable dispute." *Id* at *3.

Here, the Motion couples each proposed document with Plaintiff's interpretation of what the document proves. Plaintiff offers a proposed fact along with Plaintiff's analysis of the fact that

171218290.1

5

he requests this Court accept. Plaintiff's request for judicial notice is flawed in that the Court is asked to accept Plaintiff's interpretation of the significance of each document and the facts he believes the documents prove. Plaintiff does not simply request that the Court acknowledge the existence of the document, he requests that the Court acknowledge that Plaintiff is correct about what the document proves. If the Court were to grant Plaintiff's Motion, it would be unclear whether Plaintiff's legal commentary has been accepted by the Court along with his list of facts. Just like in *Donaldson*, Plaintiff's legal arguments have no place in a request for judicial notice. This Court should deny Plaintiff's Motion for the same reasons that the court in *Donaldson* denied the request for judicial notice there.

### C. Plaintiff Cannot Use the Ancient Documents Hearsay Exception to Support His Request for Judicial Notice.

Federal Rule of Evidence 803 recognizes twenty-four exceptions to the rule against hearsay. Pursuant to subsection (16), entitled Statements in Ancient Documents, "[a] statement in a document that was prepared before January 1, 1998, and whose authenticity is established," is an exception to the hearsay rule. Here, Plaintiff relies on Fed. R. Evid 803(16) to support his request that this Court take judicial notice of Plaintiff's proposed list of 30 documents. Plaintiff misapplies the Federal Rules of Evidence because Fed. R. Evid. 201 and Fed. R. Evid. 803 govern entirely different subject matter; Rule 201 governs judicial notice while Rule 803 governs hearsay exceptions. Plaintiff's attempt to use Rule 803 as support for his request for judicial notice fails because Rule 803 does not discuss judicial notice whatsoever. If Plaintiff's proposed documents were prepared before January 1, 1998, and Plaintiff can establish their authenticity, then they will not be considered hearsay. However, that analysis has no bearing on whether this Court should

171218290.1

6

grant Plaintiff's request for judicial notice. Therefore, this Court should reject Plaintiff's attempt to use Rule 803 as support for his Motion.

## CONCLUSION

Plaintiff's Motion should be denied because Plaintiff cannot meet his burden to show that his proposed facts for judicial notice are directly related to matters at issue in this litigation. Furthermore, Plaintiff's Motion is a request for judicial notice disguised as a mechanism to alleviate Plaintiff's burden of proving these disputed facts in support of his legal claims. Based on the foregoing, the Motion should be denied.

DATED: February 18, 2026    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew R. Welch*
ANDREW R. WELCH
ANDREW J. SCHUMAN
*Attorneys for Defendant Jared L. Anderson*

171218290.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2026, I caused a true and correct copy of the foregoing **DEFENDANT JARED ANDERSON'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** to be electronically filed through the Court's CM/ECF system which will send notification of such filing to the following:

Max Warren Barber
1028 South 1900 East
Salt Lake City, Utah 84108
Tel. No.: 801.518.1821
23blackbee@gmail.com
*Pro Se Plaintiff*

Steven R. Skirvin
Skirvin Law PLLC
3450 North Triumph Boulevard
Suite 102
Lehi, Utah 84043
steve@srslawpc.com
*Attorney for Defendant David Knudson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Tel. No.: 801.960.3655
gguelker@rlattorneys.com
*Attorney for Defendants*
*Jeremy Shorts and David Gardner*

*/s/ Cynthia Worne*

171218290.1