FILED
2026 FEB 17 PM 11:56
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City, Utah 84117
 (801) 518-1821
23blackbee@gmail.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust,, <br><br> Plaintiff <br><br> v. <br><br> DAVID L KNUDSON, et al., <br> Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO ECF NO. 153** <br><br> **Case No. 2:25-cv-00681-HCN-SBP** <br><br> **Judge: Howard C. Nielson, Jr.** <br> **Magistrate Judge: Dustin B. Pead** |

---

Plaintiff Max Warren Barber ("Plaintiff"), appearing pro se, moves this Court for leave to file a Surreply to Defendant Jared L. Anderson's Reply in Support of His Motion to Disqualify (ECF No. 153), pursuant to DUCivR 7-1(a)(9) and this Court's inherent authority. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

### I. The Court Should Grant Leave Because Anderson's Reply Raised
### Five New Arguments for the First Time

Anderson's Reply (ECF No. 153) raises five arguments and factual assertions that appeared nowhere in his opening Motion (ECF No. 122). Each deprived Plaintiff of any opportunity to respond in the standard briefing cycle:

      **1.**      **The Navarra Co-Trustee Argument.** Anderson asserts for the first time that Sarah G. Navarra is a co-trustee of the MSB Trust, citing a 2017 Certification of Trust (ECF No. 88-8 at PageID.1628). ECF No. 153 at 5-6, PageID.2232-33. ECF No. 122 contains no reference to Navarra, no reference to the 2017 Certification, and no challenge to Plaintiff's status as sole trustee.

      **2.**      **The Utah Code Section 75B-2-402 Argument.** Anderson compares for the first time California Probate Code Section 15209 with Utah Code Ann. Section 75B-2-402, arguing that Utah law prohibits the same person from serving as sole trustee and sole beneficiary. ECF No. 153 at 6, PageID.2233. ECF No. 122 cites neither statute.

      **3.**      **The Koch Fabrication Allegation.** Anderson accuses Plaintiff for the first time of fabricating a citation, asserting that "the exact language that Plaintiff quotes cannot be found anywhere in the Koch opinion." ECF No. 153 at 3, PageID.2230. ECF No. 122 contains no such accusation.

      **4.**      **The Trust Rights Catalogue.** Anderson catalogues the MSB Trust's legal rights and claims (ECF No. 153 at 8, PageID.2235), constituting judicial admissions that independently support Plaintiff's position. ECF No. 122 contains no such catalogue.

      **5.**      **The "Legal Impossibility" of Cure.** Anderson contends for the first time that cure under Fed. R. Civ. P. 17(a)(3) is a "legal impossibility." ECF No. 153 at 3, PageID.2230. ECF No. 122 advances no such contention.

      Every one of these arguments is wrong. The proposed Surreply demonstrates that Anderson's statutory argument applies the wrong code to the wrong type of trust, his co-trustee

assertion is defeated by a sworn resignation, his fabrication allegation mischaracterizes a standard paraphrase, his own admissions confirm the viability of the Trust's claims, and his "legal impossibility" argument ignores three available remedies.

Anderson's own counsel has since conceded the MSB Trust is an "irrevocable business trust" (ECF No. 161 at PageID.2445) -- a classification expressly excluded from the Utah Uniform Trust Code on which his disqualification theory depends. Utah Code Ann. Section 75B-1-101(38)(b)(vii).

## II.     The Governing Standard Requires Leave
##         When New Arguments Appear in a Reply

"[G]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). The Tenth Circuit has "repeatedly held that arguments raised for the first time in a reply brief are waived." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011); *accord M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). When a movant raises new arguments in reply, the non-movant "should have an opportunity to respond." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). This principle applies with particular force to a pro se litigant entitled to liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    Each New Argument Independently Warrants Leave

A.     The Navarra Co-Trustee Assertion Is New and Factually False

Anderson's opening Motion made no reference to Navarra, no reference to the 2017 Certification, and no challenge to Plaintiff's sole-trustee status. Plaintiff had no reason to address -- and no opportunity to rebut -- a factual assertion that did not exist until ECF No. 153.

The assertion is also false. Sarah G. Navarra resigned as co-trustee of the MSB Trust effective November 2024 -- before the foreclosure sale, before the bankruptcy filing, and before this litigation commenced. Declaration of Max Warren Barber ("Barber Decl.")  2. Barber has been the sole Trustee continuously since that resignation, and no replacement co-trustee was ever appointed. *Id.* Barber is the sole beneficiary of the MSB Trust, and no third-party interests are implicated. *Id.*

B.      The Statutory Argument Is New and Legally Wrong

Anderson's opening Motion cited no Utah statute and drew no comparison between Utah and California trust law. The Section 75B-2-402 argument appeared for the first time in ECF No. 153.

The argument is also wrong. The MSB Trust is a domestic business trust registered under the Utah Business Trust Registration Act, Utah Code Title 16, Chapter 15 -- a separate statutory framework from Title 75B (the Utah Uniform Trust Code). Business trusts are expressly excluded from the UTC's definitional reach: the Code defines "Trust" to exclude "a business trust providing for certificates to be issued to beneficiaries." Utah Code Ann. Section 75B-1-101(38)(b)(vii). Section 75B-2-402 does not apply to the MSB Trust. The proposed Surreply addresses this error in detail.

Moreover, Anderson's underlying premise -- that the MSB Trust is an "artificial entity" requiring counsel under DUCivR 83-1.3(c)(2) -- is foreclosed by controlling authority. DUCivR 83-1.3(c)(2) requires counsel for "a corporation, association, partnership, or other artificial entity." A trust is none of these.

The Supreme Court holds that "[t]raditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 382 (2016).

Because a trust is not a legal entity, it is not an "artificial entity" within DUCivR 83-1.3(c)(2)'s enumeration. Barber, as sole trustee, is the real party to the controversy and appears in his own name. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 465 (1980).

C.    The *Koch* Fabrication Allegation Is Baseless

Anderson asserts that "the exact language that Plaintiff quotes cannot be found anywhere in the Koch opinion." ECF No. 153 at 3, PageID.2230. *Koch v. Koch Industries, Inc.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992), states the court was "mindful that [a disqualification motion] can be used as a part of the litigation strategy or as a technique for harassing the other side." Plaintiff's paraphrase faithfully captured this holding. The Court should not be left with the misimpression that Plaintiff fabricated authority.

IV.    **The Court Should Consider the Surreply Before Ruling on ECF No. 160**

Plaintiff acknowledges that Anderson filed a Request to Submit for Decision (ECF No. 160). The proposed Surreply addresses arguments raised for the first time in ECF No. 153 -- arguments the Court has not yet had the opportunity to consider in adversarial briefing because

Plaintiff had no opportunity to respond before Anderson sought a ruling. Fairness and due process require that the Court consider Plaintiff's responsive arguments before deciding the Motion to Disqualify.

Plaintiff requests leave to file the following:

> **Exhibit 1:** Plaintiff's Surreply in Opposition to Defendant Anderson's Motion to Disqualify (ECF No. 122)

> **Exhibit 2:** Declaration of Max Warren Barber (with attached Exhibit 1: August 15, 2024 Amendment to Declaration of MSB Trust)

The proposed Surreply contains approximately 2,950 words, within the 3,100-word limit under DUCivR 7-1(a)(4)(D).

DATED this 17th day of February, 2026.                    Respectfully submitted,

                                                            */s/ Max Warren Barber*
                                                            MAX WARREN BARBER

### WORD COUNT CERTIFICATION

Pursuant to DUCivR 7-1(a)(6)(C), I, Max Warren Barber, certify that this Motion for Leave to File Surreply contains approximately 970 words and complies with DUCivR 7-1(a)(4).
/s/ Max Warren Barber

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically filed the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO ECF NO. 153, Exhibits, declaration in support, filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

| | | |
|---|---|---|
| **Steven R. Skirvin** steve@srslawpc.com | | **Gary R. Guelker** gguelker@rlattorneys.com |
| *Counsel of Gravity Defendants* | | *Counsel of Jeremy Shorts and David Gardner* |

**Andrew R. Welch**
(andrew.welch@lewisbrisbois.com )
*Counsel of Jared L. Anderson*

### PRO SE DEFENDANT(s) CM/ECF SYSTEM  /  EMAIL

| | | |
|---|---|---|
| **Adrian Isaac Johnson:** adrian.isaac.johnson@gmail.com | | **Dastan M. D'O:** D_0001@icloud.com |
| **Karen Salas:** Karensalasutah@gmail.com | | **Stacy Roberts Johnson** stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** stephanie.anne.strasnick@gmail.com | | **Taytum Jorgensen** taytumannjorge@gmail.com |
| **Pace William Johnson** pace@pacejohnson.com | | |

### VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

| | | |
|---|---|---|
| **Jamis Melwood Johnson** 1028 South 1900 East Salt Lake City, UT 84108 | **1028 S 1900 E LLC** c/o Registered Agent 1028 South 1900 East Salt Lake City, UT 84108 | **CR TRUE LLC** c/o Pace Johnson Law Group 231 E 400 S, Suite 345 Salt Lake City, UT 84111 |