FILED
2026 FEB 19 PM 6:19
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER,** individually and as Sole Trustee of the MSB TRUST **Plaintiff,**<br><br>v.<br><br>**DAVID KNUDSON,** et al.,<br>**Defendants** | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ANDERSON'S REPLY MEMORANDUM ECF 132**<br><br>Case No. 2:25-cv-00681-HCN-DBP<br><br>**Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Plaintiff Max Warren Barber ("Plaintiff"), proceeding *pro se*, respectfully submits this Reply Memorandum in support of his Motion For Leave to File Sur-reply (ECF No. 140) in response to Defendant Anderson's Opposition (ECF No. 161)

### I. INTRODUCTION

Anderson's Opposition (ECF No. 161) is its own refutation. In six pages devoted more to characterization than to analysis, Anderson demonstrates the need for a Sur-reply more persuasively than Plaintiff's Motion did.

Anderson concedes the central fact. His mapping table[1] confirms that the disputed arguments appear in his Reply (ECF No. 132). His Opposition then argues – repeatedly – that those arguments were "in reply to" and "appropriately responded to" Plaintiff's Opposition (ECF

---

[1] (ECF No. 161 at PageID.2448)

No. 116).[2] That concession is fatal to Anderson's position on this Motion. If Anderson's Reply introduced new analytical frameworks to "respond to" Plaintiff's Opposition, then Plaintiff requires a sur-reply to respond to those new frameworks. That is not a defect in Plaintiff's Motion; it is the textbook definition of when a sur-reply is warranted. Anderson's brief is the best evidence for granting the Motion.

Anderson cites no governing standard for when district courts should deny leave to surreply. He addresses only whether specific arguments were "previously raised" while ignoring the discretionary framework entirely – never discussing prejudice to the non-movant, narrow tailoring, or whether the interests of justice favor a response opportunity. An opposition that ignores the governing legal standard concedes it cannot satisfy that standard.

The standard favors Plaintiff. District courts "have discretion to permit surreply briefs, particularly when new issues are raised in a reply brief." *Green v. New Mexico Dep't of Labor*, 420 F.3d 1189, 1196 (10th Cir. 2005). New arguments in a reply brief "rob[] the appellee of the opportunity to demonstrate that the record does not support the appellant's factual assertions." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Anderson's own Opposition demonstrates that standard is met.

## II. ARGUMENT

    A.    **Mentioning a Topic in a Motion Is Not the Same as Asserting a New Legal Theory in a Reply**

Anderson obscures substantive shifts in legal theory behind a mapping table of conclusory labels.[3] The table purports to trace each "new" argument back to the Motion to

---

[2] ECF No. 161 at PageID.2446.
[3] ECF No. 161 at PageID.2448

Dismiss. It does not. In each instance, the table substitutes a general topic reference for the specific new legal framework that Anderson constructed in ECF No. 132. Anderson's analytical method – labeling both documents with the same topic heading and declaring them identical – would render every surreply motion meritless, because a reply brief always shares its topic with the underlying motion. The question is not whether the same topic appears in both filings. The question is whether the legal theory, analytical framework, or authority supporting that topic changed between filings. On each of the four disputed arguments, it did.

**1.      Issue Preclusion.**

Anderson contends he "argued issue preclusion based on the eviction action" in his Motion to Dismiss.[4] He did not. ECF No. 88 at PageID.1557 listed the elements of issue preclusion within its stay-violation argument – a passing reference embedded in a broader section, not an independent defense. ECF No. 132 elevated that reference into an independent affirmative defense – complete with four-element analysis, extended quotation of the state court findings, and a standalone dismissal request.[5] Listing elements and formally asserting issue preclusion as an independent ground for dismissal are different legal acts.

Issue preclusion requires identity of issues, privity, full and fair opportunity to litigate, and a final judgment on the merits. ECF No. 88 analyzed none of those elements. ECF No. 132 analyzed all four. The Motion to Dismiss sought dismissal for a stay violation; the Reply sought dismissal based on the affirmative defense of issue preclusion. These are distinct legal vehicles with distinct elements. Moving from a "stay violation" theory to an "issue preclusion" theory is not elaboration; it is a distinct legal theory. Anderson's table maps a topic heading to a

---

[4] ECF No. 161 at PageID.2446, Fact 4 (citing ECF No. 88 at PageID.1557)
[5] ECF No. 132 at PageID.2066-67

substantive defense and treats them as identical. They are not.

**2.   Conditions Precedent.**

Anderson's shifting position is itself proof that ECF No. 132 raised a new argument. In his Motion to Dismiss, Anderson argued that "Gravity Capital complied with this language on June 10, 2025" – acknowledging that conditions existed and claiming compliance.[6] In his Reply, Anderson reversed course entirely: "the Stipulation speaks for itself; and there is no provision that creates a condition precedent." [7] These positions are mutually exclusive. A party cannot simultaneously claim to have complied with conditions and deny that conditions exist. The Reply did not respond to Plaintiff's Opposition; it abandoned Anderson's original position and substituted a contradictory one. A contradictory position is a new argument by definition. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (courts may refuse to allow party to "play[] fast and loose" by asserting contradictory positions).

**3.   Neutral Fiduciary Duty.**

Anderson's Opposition correctly notes that Plaintiff raised the "neutral fiduciary" concept in ECF No. 116, and that responsive discussion was permissible under *In re Gold Resource Corp. Securities Litigation*, 776 F.3d 1103, 1119 (10th Cir. 2015). Plaintiff acknowledges this. Responsive discussion is not the issue. The issue is that Anderson went beyond rebuttal and constructed an affirmative legal framework – citing *Russell v. Lundberg*, *Hansen v. Bank of New York Mellon*, and Utah Code Sections 57-1-21, 57-1-21.5, and 57-1-25 – for the sweeping proposition that a foreclosure trustee's duties run exclusively to the lender and never to the trustor.[8] None of those authorities appeared in ECF No. 88. A reply that says "Plaintiff's neutrality theory is wrong" is responsive. A reply that builds a multi-authority statutory and case

---

[6] ECF No. 88 at PageID.1559.
[7] ECF No. 132 at PageID.2068.
[8] ECF No. 132 at PageID.2064-65.

law framework establishing an entirely new theory of trustee duty is not responsive rebuttal; it is an affirmative legal theory introduced for the first time. The distinction matters because Plaintiff has had no opportunity to address those authorities or that framework.

Anderson's lead authority on neutral fiduciary duties is *In re Gold Resource Corp.* – the only binding Tenth Circuit precedent he cites on the point. His remaining authorities are district court or out-of-circuit holdings. That narrow foundation for such a broad proposition warrants, at minimum, an opportunity for response.

**4.        Section 362(k) Jurisdiction.**

Anderson's Motion to Dismiss mentioned 11 U.S.C. Section 362(k) and *In re Johnson*.[9] His Reply developed this passing reference into a full jurisdictional challenge with a new out-of-circuit authority: Price v. Rochford, 947 F.2d 829, 831 (7th Cir. 1991) that appeared nowhere in ECF No. 88, while elevating MBNA American Bank, N.A. v. Hill, 436 F.3d 104, 109 (2d Cir. 2006), from a parenthetical source within In re Johnson to independently cited authority.[10] When a movant introduces new authority from new circuits to support a jurisdictional theory that was merely referenced in passing in the opening motion, the non-movant is entitled to respond. That is the surreply standard. *Green*, 420 F.3d at 1196.

Anderson's own cited authorities confirm this. Both *Gold Resource Corp.* and *Ute Indian Tribe* – the two Tenth Circuit cases Anderson relies on – hold that replies may respond to arguments raised in the opposition. They do not hold that replies may introduce new legal frameworks with new authority from new circuits. Those cases establish the standard under which Anderson's Reply exceeded permissible scope. This is not an isolated occurrence. Anderson's Reply on the disqualification motion (ECF No. 153) similarly introduced new legal

---

[9] ECF No. 88 at PageID.1543, 1555
[10] ECF No. 132 at PageID.2065.

theories and authorities not raised in the opening Motion (ECF No. 122). Plaintiff filed a parallel motion for leave to surreply on that briefing, identifying those new arguments with the same specificity employed here. The consistency of Anderson's approach confirms it is strategic, not coincidental.

      **B.**    **All Four Discretionary Factors Favor Granting Leave**

Each discretionary factor independently favors leave.

**First,** new issues were raised: Anderson's Reply introduced issue preclusion as an independent affirmative defense, reversed his position on conditions precedent, constructed a multi-authority trustee-duty framework, and deployed new out-of-circuit authority on Section 362(k) jurisdiction.

**Second,** prejudice to the non-movant exists: without a surreply, Plaintiff cannot address four new legal theories and six new authorities that appeared for the first time in ECF No. 132.

**Third,** the proposed surreply is narrowly tailored to the specific new arguments identified in Plaintiff's Motion and totals 1,789 words – well within applicable limits.

**Fourth,** the interests of justice favor a response opportunity: the underlying motion seeks dismissal of Plaintiff's claims, and the new reply arguments bear directly on whether dismissal is warranted. A party facing dismissal based on legal theories first introduced in a reply brief is entitled to respond. *Green*, 420 F.3d at 1196.

      **C.**    **Anderson's Accusations of Bad Faith Lack Foundation and Violate Professional Norms**

Anderson uses the word "disingenuously" three times in six pages.[11]

---

[11] ECF No. 161 at PageID.2444-49.

He characterizes Plaintiff's Motion as "bad faith," "frivolous," and a "waste of this Court's precious resources." He opens with "Incredulously." This is advocacy by adjective, the signature of a brief that cannot prevail on its merits.

Reliance on characterization rather than analysis signals the absence of substantive authority. A litigant secure in his position addresses doctrine. Anderson addresses character. His mapping table, the only analytical content in the Opposition, contains no legal analysis, no case law application, and no engagement with the discretionary standard governing surreply motions. Adjectives fill the space that analysis could not.

The accusations also carry procedural consequences Anderson has not honored. If Anderson genuinely believed Plaintiff's Motion was filed in bad faith, Federal Rule of Civil Procedure 11(c)(2) required him to file a separate sanctions motion with a 21-day safe harbor period – not embed unsubstantiated accusations in an opposition brief. *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (safe harbor compliance is mandatory; warning letters do not substitute for service of the motion). Anderson has met none of Rule 11's procedural requirements. His accusations are therefore what they appear to be: rhetoric unaccompanied by procedure.

The record refutes Anderson's accusations on the merits. Plaintiff identified specific arguments in ECF No. 132 that were absent from ECF No. 88, cited the relevant PageID numbers, and explained why responsive briefing was necessary. Whether the Court agrees with Plaintiff's characterization is a matter of discretion. Disagreement on a procedural question does not constitute bad faith. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (pro se filings are "to be liberally construed" and "held to a less stringent standard than formal pleadings drafted by lawyers").

Anderson's Opposition devotes more words to character attacks than to analysis of the governing legal standard. The word "disingenuously" appears three times; the word "discretion" – the operative standard under *Green* – appears zero times. Anderson's brief cites *Green* only to argue that replies may respond to oppositions.[12] He never addresses the corollary: that when a reply exceeds responsive rebuttal and introduces new frameworks, a surreply is warranted for fairness. Anderson engages with half the standard and ignores the half that controls.

### III.  CONCLUSION

Anderson's Opposition confirms, rather than refutes, the need for a sur-reply. His mapping table proves the disputed arguments appear in ECF No. 132. His own characterization – that his arguments were "in reply to" and "appropriately responded to" Plaintiff's arguments – concedes that ECF No. 132 introduced new analytical frameworks that went beyond the Motion to Dismiss. His accusations substitute rhetoric for engagement with the governing standard. And his citations – *Gold Resource Corp.* and *Ute Tribe* – establish the very framework under which his own Reply exceeded permissible scope.

Anderson's Opposition spans six pages. Fewer than two address the substance of Plaintiff's Motion. The remainder is devoted to accusations of bad faith, incorporation of unrelated pending motions,[13] and the word "disingenuously." That allocation is revealing: Anderson cannot demonstrate on the merits that his Reply stayed within permissible scope, and resorts instead to characterization.

---

[12] ECF No. 161 at PageID.2446.

[13] ECF No. 161 at PageID.2445; Anderson incorporates his pending Motion to Disqualify (ECF No. 122) and the Gravity Defendants' supporting memorandum (ECF No. 148) as additional grounds for denying leave. That motion is pending — not granted. A party cannot bootstrap an unadjudicated disqualification motion to deny an unrelated procedural request. Whether Plaintiff may represent the MSB Trust is a separate question on a separate motion that does not bear on whether Anderson's Reply raised new arguments.

The proposed surreply (attached to ECF No. 140) is narrowly tailored to the specific new arguments raised in ECF No. 132 and is approximately 1,789 words – well within applicable limits. The standard is discretionary, and good cause exists. *Green*, 420 F.3d at 1196; *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (non-movant "should have an opportunity to respond" when reply raises new arguments).

Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 140).

DATED this 19th day of February, 2026

Respectfully submitted,

*/s/ Max Warren Barber*
MAX WARREN BARBER

**WORD COUNT CERTIFICATION**

Pursuant to DUCivR 7-1(a)(4)(D) and (a)(6), I certify that this Reply Memorandum contains 2,160 words, including headings, citations, and quotations, and excluding the caption, signature block, certificates, and certificate of service. This filing complies with the 3,100-word limit under DUCivR 7-1(a)(4)(D).
/s/ Max Warren Barber

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2026, I electronically filed the foregoing **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ANDERSON'S REPLY MEMORANDUM [ECF 132]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record and registered CM/ECF users:

<u>/s/ Max Warren Barber</u>

| | |
|---|---|
| **Steven R. Skirvin** steve@srslawpc.com | **Gary R. Guelker** gguelker@rlattorneys.com |
| *Counsel of Gravity Defendants* | *Counsel of Jeremy Shorts and David Gardner* |

**Andrew R. Welch** (andrew.welch@lewisbrisbois.com )
*Counsel of Jared L. Anderson*

### PRO SE DEFENDANT(s) CM/ECF SYSTEM  /  EMAIL

| | |
|---|---|
| **Adrian Isaac Johnson:** adrian.isaac.johnson@gmail.com | **Dastan M. D'O:** D_0001@icloud.com |
| **Karen Salas:** Karensalasutah@gmail.com | **Stacy Roberts Johnson** stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen** taytumannjorge@gmail.com |
| **Pace William Johnson** pace@pacejohnson.com | **Jamis Melwood Johnson** jamisjohnson@gmail.com |

### VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

| | |
|---|---|
| **1028 S 1900 E LLC** c/o Registered Agent 1028 South 1900 East Salt Lake City, UT 84108 | **CR TRUE LLC** c/o Pace Johnson Law Group 231 E 400 S, Suite 345 Salt Lake City, UT 84111 |