FILED
2026 FEB 23 PM 12:32
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER,** individually and as Sole Trustee of the MSB Trust<br>**Plaintiff,**<br><br>v.<br><br>**DAVID L. KNUDSON,** et al.,<br>**Defendants** | PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE [ECF 157] AND IN RESPONSE TO DEFENDANTS' OPPOSITIONS [ECF 177 & 179]<br><br>**Case No.** 2:25-cv-00681-HCN-DBP<br><br>**Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Plaintiff Max Warren Barber, *pro se*, respectfully submits this Reply in support of his Supplemental Request for Judicial Notice [ECF 157], responding to Defendant Jared Anderson's Opposition [ECF 177] and the Gravity Defendants' Memorandum in Opposition [ECF 179].

## INTRODUCTION

Plaintiff's First Amended Complaint [ECF 17] alleges a RICO association-in-fact enterprise spanning decades. The Supreme Court requires proof of three elements to establish such an enterprise: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2009). ECF 157's thirty-one exhibits — drawn from PACER, the Utah

Division of Corporations, the Utah County Recorder, and the Utah Courts — document all three. Neither Opposition challenges the authenticity or accuracy of a single exhibit.

Defendants argue instead that these records are not "directly related to matters at issue."[1] But Anderson concedes at ECF 177, PageID.2778 that the documents "may prove that two Defendants conducted business together prior to this litigation." In a case alleging an association-in-fact enterprise, that concession resolves the relevance question.

Both Oppositions characterize ECF 157 as "duplicative" of ECF 137.[2] It is not. ECF 137 requested notice of 28 items; ECF 157 presents 31 additional exhibits — including eleven corporate records, nine county-recorded trustee/beneficiary transactions, and seven state court cases. Fed. R. Evid. 201(d) permits judicial notice "at any stage of the proceeding," and nothing prohibits supplemental requests presenting new evidence.[3]

**Note:** The Gravity Defendants "join and incorporate by reference" Anderson's arguments.[4] Plaintiff's responses to ECF 177 therefore apply with equal force to Gravity. Arguments unique to ECF 179 are addressed separately.

## I. DEFENDANTS CONCEDE THE DOCUMENTS' AUTHENTICITY AND ACCURACY

Neither Opposition challenges the authenticity, accuracy, or source of any exhibit. Anderson's Opposition [ECF 177] does not dispute that:

1) The federal court records in PACER are authentic (Items 1–2);

---

[1] ECF 177, PageID.2777; ECF 179, PageID.2806.
[2] ECF 177, PageID.2776; ECF 179, PageID.2806.
[3] ECF 157, PageID.2293.
[4] ECF 179, PageID.2806.

    2)  The Utah Division of Corporations records are accurate (Items 3–13);

    3)  The Utah County Recorder documents exist as stated (Items 14–22); or

    4)  The state court records are genuine (Items 23–30).

Anderson instead argues only that the documents "are not relevant to the matters at issue."[5] The Gravity Defendants' Opposition [ECF 179] "join[s] and incorporate[s] by reference" Anderson's arguments.[6] These Defendants likewise raise no challenge to the accuracy or authenticity of any exhibit.

    Accordingly, the threshold requirement of Fed. R. Evid. 201(b)(2) — that the facts be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned" — is met and uncontested. Under Fed. R. Evid. 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." That standard is satisfied here.

## II. THE DOCUMENTS ARE RELEVANT UNDER ST. LOUIS BAPTIST TEMPLE

### A.     Defendants Misrepresent ECF 157's Relevance

    The Gravity Defendants assert that "Plaintiff makes no attempt to demonstrate that the issues in those cases have any relevance to the present matter."[7] The record contradicts this claim. Section III of ECF 157, titled "RELEVANCE TO FIRST AMENDED COMPLAINT (ECF 17)," maps each document category to specific paragraphs of the operative complaint:[8]

---

[5] ECF 177, PageID.2777.
[6] ECF 179, PageID.2806.
[7] *Id.*
[8] ECF 157, PageID.2302–2305.

| ECF 157 Section | ECF 17 Paragraphs | What the Documents Prove |
| --- | --- | --- |
| Items 1–2 (Federal convictions) | ¶¶ 3, 17, 19, 34 | Predicate acts — Johnson's 27-count fraud conviction; Knudson's FTC permanent injunction |
| Items 3–13 (Corporate records) | ¶¶ 31, 32, 33, 63 | Enterprise structure — seven co-directorships, same address (160 E 300 S), shared officers |
| Items 14–22 (County recordings) | ¶¶ 32, 33(b), 34 | Enterprise conduct — nine trustee/beneficiary transactions coordinated between Johnson and Knudson entities |
| Items 23–29 (State court records) | ¶¶ 34, 35 | Continuity — prior lawsuits naming Johnson and Knudson as co-parties or co-defendants |
| Item 30 (Securities fraud) | ¶¶ 33, 34 | Pattern — Johnson-Schwenke co-defendant status; probation violation |

The relevance mapping spans 2 pages of ECF 157. Counsel's claim of "no attempt" to demonstrate relevance is refuted by the document itself.

### B. The "Directly Related" Standard Is Easily Satisfied

Defendants rely on *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979), requiring a "direct relation to matters at issue."[9] This standard supports Plaintiff. The "matters at issue" include, per ECF 17 ¶ 31: An "association-in-fact" enterprise with "ascertainable structure, common purpose, and relationships among associates" under 18 U.S.C.

---

[9] ECF 177, PageID.2777; ECF 179, PageID.2807.

§ 1961(4)–(5) and 18 U.S.C. § 1962. The Supreme Court defined the evidentiary requirements for such an enterprise in *Boyle v. United States,* 556 U.S. 938, 946 (2009):

An association-in-fact enterprise must have at least three structural features: **(1)** a purpose, **(2)** relationships among those associated with the enterprise, and **(3)** longevity sufficient to permit these associates to pursue the enterprise's purpose. ECF 157's exhibits satisfy each element of the *Boyle* standard:

1. **Relationships:** Seven co-directorships at the same address (160 E 300 S) spanning 1986–1996 (Items 3–9); Knudson as Registered Agent for entities where Johnson served as Trustee (Items 12–13).[10]

2. **Purpose:** Nine recorded real estate transactions (1995–1997) in which Johnson served as Trustee and Holly Knudson/Wasatch Credit Corp. served as Beneficiary (Items 14–22), including a Scrivener's Affidavit referencing five additional Johnson-prepared documents (Item 20).[11]

3. **Longevity:** A documented pattern of association — from Lenders Title and Escrow Corp. (1994) through co-defendant lawsuits as late as 2002 and continuing through the present litigation — demonstrated by corporate registrations, recorded transactions, co-defendant lawsuits, and criminal convictions.[12]

---

[10] ECF 157, PageID.2295–2298.
[11] *Id.* at PageID.2298–2300.
[12] *Id.* at PageID.2295–2302.

Documents establishing the structure, relationships, and continuity of an alleged RICO enterprise are, by definition, "directly related to matters at issue" in a case alleging that enterprise. Defendants argue otherwise only by ignoring what this case is about.

C.     **The Gravity Defendants' "Other Litigation / Other Companies" Argument Ignores RICO Law**

The Gravity Defendants make two related assertions:

**First,** that "Plaintiff makes no attempt to demonstrate that the issues in those cases have any relevance to the present matter" and that "for each court record presented, the Request fails to satisfy the 'directly relevant' standard."[13]

**Second,** that "[s]imply because some defendants have been parties to other litigation or been involved in other companies does not establish relevance or any element of Plaintiff's RICO claim."[14] Both arguments are wrong — and the second reveals a fundamental misunderstanding of what RICO requires.

**On the first point**, it is false. As shown in § II.A above,[15] ECF 157 maps each document category to specific ECF 17 paragraphs with paragraph-level precision. To make this argument, Defendants must entirely ignore the paragraph-by-paragraph mapping expressly provided in § III.

**On the second point,** RICO is the one area of law where prior business relationships and co-defendant history are themselves elements of the claim. The Supreme Court held in *Boyle v.*

---

[13] ECF 179, PageID.2806–2807.
[14] *Id*. at PageID.2807.
[15] ECF 157 at PageID.2302–2305.

*United States,* 556 U.S. 938, 946 (2009), that an association-in-fact enterprise requires proof of "relationships among those associated with the enterprise" and "longevity sufficient to permit these associates to pursue the enterprise's purpose." See also *United States v. Turkette,* 452 U.S. 576, 583 (1981) (enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct").

    The Gravity Defendants' own framing proves the point. That "some defendants have been parties to other litigation"[16] is evidence of relationships. That they have "been involved in other companies"[17] is evidence of association and structure. These are not incidental facts — they are the elements this Court must evaluate under 18 U.S.C. § 1961(4). Specifically, ECF 157 documents:

1) Seven co-defendant lawsuits spanning 1995–2002 in which Johnson and Knudson appeared as co-parties, co-defendants, or in which Johnson acted as attorney for Knudson's entity[18] — demonstrating ongoing relationships under *Boyle*, 556 U.S. at 946.

2) Seven shared corporate directorships (1986–1996) at the identical address (160 E 300 S, Salt Lake City)[19] — demonstrating organizational structure under *Turkette,* 452 U.S. at 583.

---

[16] ECF 179, PageID.2807.
[17] *Id.*
[18] ECF 157 at PageID.2300–2303 (Items 23–29).
[19] *Id.* at PageID.2295–2299 (Items 3–9).

    3) Nine trustee/beneficiary real estate transactions (1995–1997) in which Johnson served as Trustee and Knudson entities served as Beneficiary[20] — demonstrating common purpose under *Boyle,* 556 U.S. at 946.

In ordinary tort litigation, this argument might have force — prior lawsuits between strangers are irrelevant. But this is a RICO case. The prior lawsuits are not between strangers; they are between the same defendants alleged to constitute the same enterprise alleged in ECF 17 ¶ 31. Counsel's argument that this evidence "does not establish relevance or any element of Plaintiff's RICO claim"[21] asks the Court to ignore the very definition of "enterprise" under 18 U.S.C. § 1961(4).

    Anderson further argues that the entities named in ECF 157 "are not parties to this litigation, and Plaintiff has not alleged any claims against them."[22] This misses the point. An association-in-fact enterprise under § 1961(4) is proven precisely by showing relationships through associated entities — shell companies, shared directorships, and interlinked transactions. The entities are not defendants; they are the instrumentalities of the enterprise. That is why they are relevant.

**D.**    **Anderson's Own Cases Support Plaintiff's Position**

    Anderson cites *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216 (10th Cir. 2011), and *Cricut, Inc. v. Enough for Everyone, Inc.,* No. 2:21-CV-601-TS-DAO, 2022 WL 1664631 (D.

---

[20] *Id* at PageID.2299–2301 (Items 14–22).
[21] ECF 179, PageID.2807.
[22] ECF 177, PageID.2778.

Utah May 25, 2022) (unpublished).[23] Both cases granted judicial notice of other court proceedings. *Hansen* noticed documents from an earlier electronic case file (641 F.3d at 1216); *Cricut* noticed "multiple filings in a previous suit" involving the same parties (2022 WL 1664631, at *2).

ECF 157 requests the same: judicial notice of official records involving the same defendants. Anderson's own authorities confirm this is proper.

### III. ANDERSON'S CONCESSION ESTABLISHES THE DOCUMENTS' RELEVANCE

Anderson concedes the dispositive point. At ECF 177, PageID.2778, he acknowledges: "Although the documents may prove that two Defendants conducted business together prior to this litigation, this alone is not sufficient to be considered directly relevant to matters at issue in this case."

The Gravity Defendants, by incorporating Anderson's brief,[24] adopt this admission. An association-in-fact enterprise under 18 U.S.C. § 1961(4) requires proof of "relationships among those associated with the enterprise" and "longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle,* 556 U.S. at 946. Anderson concedes the documents prove exactly that. His remaining argument — that proof of business relationships "alone is not sufficient to be considered directly relevant" — inverts the standard.

---

[23] ECF 177, PageID.2777. Defendants cite *Tal v. Hogan* at "1265, n.10." ECF 177, PageID.2776. No footnote 10 in *Tal* addresses judicial notice. The passage appears at 1264 n.24. *See Western Watersheds Project v. Interior Bd. of Land Appeals*, No. 20-4120, slip op. at 4 n.1 (10th Cir. 2023) (citing *Tal* at 1264 n.24).
[24] ECF 179, PageID.2806.

Under *Boyle,* proof of inter-defendant business relationships is not merely sufficient for relevance; it is the required proof.

The remaining dispute is what legal weight these documents carry. That is a question for the Court, not a basis to deny judicial notice. See Fed. R. Evid. 201(a) advisory committee note.

### IV. PLAINTIFF REPEATEDLY DISCLAIMED SEEKING JUDICIAL NOTICE OF THE TRUTH OF THESE RECORDS

Both Defendants argue that Plaintiff is attempting to "prove his case without proving it"[25] and using judicial notice to "alleviate his burden of proof."[26]

Anderson cites *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076 (10th Cir. 2014),[27] for the proposition that RICO claims must be proven by a preponderance of the evidence. The Gravity Defendants cite *Missud v. Nevada,* 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012),[28] for the proposition that "[j]udicial notice is not available to demonstrate that Plaintiff's arguments and allegations against any defendants are true."

**Plaintiff agrees with both propositions.**

That is why ECF 157 expressly disclaims seeking the truth of any document, **six times.** *See* ECF 157 at **PageID.2294** (disclaiming truth, citing *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)); **PageID.2295** (*twice* — requesting notice of existence and content only); **PageID.2302** (deferring legal significance to summary judgment or trial); **PageID.2303** (limiting

---

[25] ECF 179, PageID.2807.
[26] ECF 177, PageID.2778.
[27] *Id.*
[28] ECF 179, PageID.2807.

request to existence of lawsuits, party identity, and judgments); **PageID.2305** (acknowledging limitation to adjudicative facts under Fed. R. Evid. 201(b)).

*CGC Holding* is not implicated because Plaintiff is not asking the Court to make any merits finding — only to notice that official records exist and say what they say. Whether those records prove RICO liability is a question for summary judgment or trial, exactly as ECF 157 states at PageID.2302.

*Missud* is likewise satisfied and is a Northern District of California decision, not binding in this Circuit. That court held judicial notice cannot prove allegations are "true." 861 F. Supp. 2d at 1054. ECF 157 requests the opposite: **notice of existence and content — not truth.**

Six separate disclaimers confirm this distinction. Both Oppositions further argue that ECF 157 contains "Plaintiff's own commentary"[29] and seeks "a court order affirming his own personal interpretations."[30] This conflates the *facts* sought to be noticed with the *relevance* discussion that accompanies them.

Consider Item 17: a Trustee's Deed recorded with the Utah County Recorder (Entry No. 7123, Book 3873, Page 820) showing Jamis M. Johnson, Esq. as Successor Trustee conveying property to Knute III, LLC — an entity for which David Knudson is the Registered Agent.[31] That is a county-recorded instrument, not "commentary," or "interpretation." It is a fact "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

---

[29] ECF 177, PageID.2779.
[30] ECF 179, PageID.2807.
[31] ECF 157-19, PageID.2376.

## V. THE *DONALDSON* COMPARISON IS INAPPOSITE

Anderson argues that ECF 157 mirrors the "random, bullet-point recitation" denied in *Donaldson v. United States Dep't of Treasury,* No. 17-1213-EFM-GEB, 2018 WL 1116675 (D. Kan. Mar. 1, 2018) (unpublished).[32] The comparison fails. In *Donaldson,* the plaintiff filed 35 paragraphs consisting of "statutory excerpts," "dictionary definitions," and "various publications" — none drawn from official court or government records — and the court found them to be "arguments, in support of his own legal theories, rather than indisputable facts." 2018 WL 1116675, at *2. ECF 157 could not be more different. Every item is:

a) Drawn from an official government repository (PACER, Utah Division of Corporations under Utah Code § 16-10a-120, the Utah County Recorder under Utah Code § 17-21-6, or the Utah Courts' Xchange platform);

b) Identified by specific record identifiers (case numbers, entity numbers, entry numbers, book and page references); and

c) Supported by attached exhibits (Exhibits 1–31).

These are not "arguments" or "legal theories." They are public records with verifiable provenance from repositories "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *Donaldson* is also an unpublished decision carrying no precedential weight. *See* 10th Cir. R. 32.1.

---

[32] ECF 177, PageID.2779.

### VI. Fed. R. Evid. 803(16) WAS PROPERLY INVOKED

Anderson argues that Plaintiff "misapplies the Federal Rules of Evidence" by citing Fed. R. Evid. 803(16) in a judicial notice request because "Rule 201 governs judicial notice while Rule 803 governs hearsay exceptions."[33] The Gravity Defendants echo this argument, asserting that Fed. R. Evid. 803 "is not relevant to a request for judicial notice nor does it mention judicial notice."[34] Anderson's challenge inadvertently concedes a critical point.

Plaintiff cited Fed. R. Evid. 803(16) and Fed. R. Evid. 901(b)(8) to demonstrate that the ancient documents (1986–1997) satisfy authentication and hearsay requirements[35] — removing potential evidentiary objections in addition to establishing judicial notice under Fed. R. Evid. 201(b)(2).

Plaintiff is not using Fed. R. Evid. 803(16) "as support for" judicial notice[36] — Plaintiff is demonstrating these records face no evidentiary barrier at all.

If the documents satisfy Fed. R. Evid. 803(16) and Fed. R. Evid. 901(b)(8), they are admissible at trial regardless of judicial notice. Anderson never contests these qualifications.

### VII. THE GRAVITY DEFENDANTS' REMAINING ARGUMENTS ARE ADDRESSED ABOVE

The Gravity Defendants' Opposition [ECF 179], beyond incorporating Anderson's brief and their prior opposition to ECF 137 [ECF 150],[37] raises few independent arguments — each

---

[33] ECF 177, PageID.2780.
[34] ECF 179, PageID.2808.
[35] ECF 157 PageID.2295
[36] ECF 177, PageID.2780.
[37] ECF 179, PageID.2806.

addressed in §§ II.C and IV above. ECF 157 presents 31 new exhibits not contained in ECF 137, rendering ECF 150's objections inapplicable. The Gravity Defendants' remaining assertions — that the Request is an "improper attempt to 'supplement'" the Motion[38] and "an end run around the requirement that Plaintiff prove his claims"[39] — are answered by the Rule itself. Fed. R. Evid. 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." A supplemental request is not an "end run" — it is the process contemplated by the Rule.

## CONCLUSION

The sole dispute is whether RICO enterprise evidence is "directly related" to a RICO enterprise case. It answers itself. For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Supplemental Request for Judicial Notice [ECF 157] and take judicial notice of:

**(a)** The existence and authenticity of the public records identified in ECF 157, § II;

**(b)** The content of those records as maintained in official repositories; and

**(c)** The existence of the facts contained in those records that are capable of accurate determination from sources whose accuracy cannot reasonably be questioned.

Neither Opposition challenges the authenticity, accuracy, or official provenance of any exhibit. Defendants have now had their opportunity to be heard under Fed. R. Evid. 201(e) and have raised no factual challenge to any document.

DATED this 23rd day of February, 2026

Respectfully Submitted,
/s/ Max W. Barber
Max W. Barber

---

[38] *Id.*
[39] *Id.*

## WORD COUNT CERTIFICATION

Pursuant to DUCivR 7-1(a)(4), the undersigned certifies that this Reply contains 3,018 words, excluding the caption, signature block, certificate of service, and this certification.

/s/ *Max Warren Barber*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2026, I caused a true and correct copy of the foregoing **PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE [ECF 157] AND IN RESPONSE TO DEFENDANTS' OPPOSITIONS [ECF 177 & 179] t**o be served as follows:

/s/ Max Warren Barber

| | |
|---|---|
| Steven R. Skirvin steve@srslawpc.com | Gary R. Guelker gguelker@rlattorneys.com |
| Counsel of Gravity Defendants Gardner | Counsel of Jeremy Shorts and David |

Andrew R. Welch (andrew.welch@lewisbrisbois.com) Counsel of Jared L. Anderson

| | |
|---|---|
| **Adrian Isaac Johnson:** adrian.isaac.johnson@gmail.com | **Dastan M. D'O:** D_0001@icloud.com |
| **Karen Salas:** Karensalasutah@gmail.com | **Stacy Roberts Johnson** stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen** taytumannjorge@gmail.com |
| **Pace William Johnson** pace@pacejohnson.com | **Jamis Melwood Johnson** Jamisjohnson@gmail.com |

VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID: I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

| | |
|---|---|
| **1028 S 1900 E LLC** c/o Registered Agent 1028 South 1900 East Salt Lake City, UT 84108 | **CR TRUE LLC** c/o Pace Johnson Law Group 231 E 400 S, Suite 345 Salt Lake City, UT 84111 |