FILED
2026 FEB 25 PM 10:44
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER**, individually and as Sole Trustee of the MSB Trust<br><br>Plaintiff,<br><br>v.<br><br>**DAVID L KNUDSON**, et al.,<br><br>Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANT JAMIS JOHNSON'S MOTION TO QUASH SERVICE OF PROCESS [ECF No. 168]**<br><br>**Case No**: **2:25-cv-00681-HCN-DBP**<br><br>**District Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Plaintiff Max Warren Barber, appearing pro se pursuant to 28 U.S.C. § 1654, respectfully submits this Opposition to Defendant Jamis Melwood Johnson's Motion to Quash Service of Process and Opposition to Request for Entry of Default [ECF No. 168].

**The defendant's motion is moot**.

Mr. Dotson personally served Defendant Jamis Melwood Johnson at the Pace Johnson Law Group office. The receptionist confirmed Mr. Johnson's identity and presence in the office. Subsequently, the defendant appeared at the reception, acknowledged his name, confirming his identity, accepted the Summons and First Amended Complaint in hand.[1]

---

[1] ECF No. 152 at PageID.2226, ¶¶ 7–8.

That service satisfies Fed. R. Civ. P. 4(e)(2)(A) and the Court's February 3, 2026 deadline.[2] Defendant's Motion to Quash addresses only the October 21, 2025 substitute service, omitting the January 28 personal service defendant accepted.[3] From the November 21, 2025 Request for Entry of Default to his February 11th filing, eighty-two days passed with no answer.

Defendant's declaration cannot be credited. sworn under penalty of perjury that he has "no legal relationship with Pace Johnson Law Firm" and he has "never retained" the firm "in this or any matter brought by Plaintiff."[4] That phrase—**brought by Plaintiff**—is surgically chosen.

It omits the case brought **against Plaintiff**: *1028 S 1900 E LLC v. Barber,* Case No. 250906343, where Jamis M. Johnson is plaintiff and retained Pace Johnson Law Group to represent him. Johnson is not an unsophisticated lay defendant unaware of the weight of sworn language; prior to his disbarment from the Utah State Bar in 2001, he practiced law for eighteen years.[5] The precision of each carefully bounded phrase in his declaration reflects that training. Defendants' sworn statement is contradicted by his own documents and must be accorded no weight.

## I. THE MOTION TO QUASH IS MOOT, JOHNSON WAS PERSONALLY RE-SERVED ON JANUARY 28, 2026

A. Personal Service Was Completed Under Fed. R. Civ. P. 4(e)(2)(A)

Once a plaintiff files proof of service under Fed. R. Civ. P. 4(l)(1), the burden shifts to the defendant to rebut with "strong and convincing evidence." *Constien v. United States,* 628 F.3d

---

[2] ECF No. 133.
[3] ECF No. 168 at PageID.2496; ECF No. 169 at PageID.2503.
[4] ECF No. 168-1 at PageID.2501, ¶¶ 4–5; *see also* ECF No. 168 at PageID.2496.
[5] Johnson's disbarment is a matter of public record. *See In the Matter of the Discipline of Jamis M. Johnson* (Utah Dec. 18, 2001); Angie Welling, *High Court Backs 2 Disbarments*, Deseret News (Dec. 19, 2001); Utah State Bar Public Discipline Information, utahbar.org/public-discipline-information.

1207, 1213 (10th Cir. 2010). Johnson has not met that burden—his uncorroborated declaration does not address the operative January 28 personal service.[6]

Server Julian Dotson's sworn declaration (ECF No. 152) establishes each element of Rule 4(e)(2)(A):

> (1) he arrived at the Pace Johnson Law Group office at approximately 1:15 PM;[7]
> (2) the receptionist confirmed Johnson was present and offered to retrieve him;[8]
> (3) Johnson came to reception and confirmed his identity when asked "Jamis?";[9] and
> (4) Dotson "personally served him with the Summons and First Amended Complaint in hand, and he accepted the documents."[10]

The receptionist's unprompted confirmation of Johnson's presence constitutes independent, third-party corroboration of his identity and location—corroboration that exists entirely apart from Dotson's account and that no self-serving counter-declaration can unilaterally erase.

Johnson's own declaration—filed February 11, 2026, fourteen days after the personal service—swears:

> "No process server, sheriff, or any other person ever personally delivered to me a copy of the summons or complaint in this matter." ECF No. 168-1 at PageID.2501, 3.

ECF No. 152 was on the public docket when he signed his declaration. He asserted the inverse of the documented record without providing an explanation.

### B.    A Plaintiff May Re-Serve a Defendant at Any Time Under Fed. R. Civ. P. 4

---

[6] ECF No. 168 at PageID.2496 (Johnson's motion does not address the January 28 service).
[7] ECF No. 152 at PageID.2226, 7.
[8] *Id.* 7.
[9] *Id.* 8.
[10] *Id.* 8.

No rule prohibits re-service. Fed. R. Civ. P. 4 authorizes service—it does not limit attempts. See *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995) (Rule 4(m) grants district courts broad flexibility to ensure service). Johnson himself cites *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. , 526 U.S. 344, 350 (1999): one becomes a party "only upon service of a summons." Plaintiff caused personal service of Johnson on January 28—two weeks before Johnson filed on February 11. By then, Johnson had already accepted the documents in person.

### C. Johnson Was Served Within the Court-Ordered Deadline

On January 12, 2026, the Court ordered Plaintiff to "properly serve Defendants" by February 3, 2026. ECF No. 133.[11] The defendant was served six days before that deadline. Any reading of ECF No. 133 as limited to the seven defendants whose motions were then pending finds no support in the text of that order, which used "Defendants" without qualification or carve-out. A defendant who remained silent while his family members and counsel litigated this case around him cannot invoke a narrow reading of the Court's order as a shield against service he voluntarily accepted in person.

### D. The Motion Seeks Relief That Is Moot

A motion is properly denied as moot when the court can grant "no effective relief." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013); *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015). Johnson seeks two forms of relief: quashing the October 21 service and directing Plaintiff to properly serve him.[12] Both have been overtaken by the January 28 personal service. Even if the October 21 service were defective, the remedy is re-service, not dismissal. Fed. R. Civ. P.

---

[11] ECF Nos. 86, 93, 96, 99, 101, 108, 111 (motions granted); ECF No. 133 (order setting February 3 deadline).
[12] ECF No. 168 at PageID.2499–2500.

4(m); see *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). That re-service is complete. Neither form of relief would alter Johnson's obligation to respond to the properly served First Amended Complaint. The motion must be denied.

### E. Johnson Has Waived Any Challenge to the January 28 Service

Johnson's omission independently forecloses any future challenge to the January 28 service. Under Rule 12(g)(2), a party that files a pre-answer motion may not thereafter raise a defense "that was available to the party but omitted from its earlier motion." Rule 12(h)(1)(A).

Johnson knew of that service when he filed ECF No. 168 he personally accepted the documents, yet omitted any challenge to it. By operation of the very rules his motion invokes, that defense is forfeited.[13] His use of the "Specially Appearing" caption adds nothing; a defendant fluent in civil procedure knows that Rule 12(g)(2) compels consolidation of all available defenses in a single pre-answer motion. The Court should deny the motion and deem the January 28 service unchallenged.

Johnson's Opposition [ECF No. 169] is likewise moot. It opposes a Motion for Entry of Default [ECF No. 73] that the Clerk denied on December 16, 2025 [ECF No. 112]. Filing an opposition to a motion the Clerk resolved two months earlier is not a timely response to an ongoing threat—it is a belated attempt to relitigate a closed issue.

### II. JOHNSON'S DECLARATION IS CONTRADICTED BY DOCUMENTARY EVIDENCE AND SHOULD BE GIVEN NO WEIGHT

---

[13] The waiver analysis provides an independent basis to deny the motion but is not necessary to the Court's ruling if the motion is denied as moot.

Johnson's declaration[14] cannot be credited. He is not an ordinary lay declarant; prior to his disbarment from the Utah State Bar in 2001, he practiced law for eighteen years and knows precisely what sworn statements require.[15] His declaration is contradicted at every material point by his own documents, the server's sworn account, and court records.

### A. Johnson's Declaration Is Contradicted by His Own Documents

Johnson makes two sworn denials that a single document refutes. First, he declares: "I have no legal relationship with Pace Johnson Law Firm."[16] Second, he states he has "never retained ... the Pace Johnson Law Firm ... to represent me in this or any matter brought by Plaintiff."[17]

Both denials collapse against the same exhibit. On October 29, 2025—eight days after the service he challenges—Johnson personally signed a Notice of Substitution of Counsel in 1028 S 1900 E LLC v. Barber, Case No. 250906343, appointing Dástan D'O of Pace Johnson Law Group as attorney of record. Utah R. Civ. P. 74(d) requires that notice to be "signed by former counsel, new counsel and the client."**(Exhibit A)** That filing: (1) names D'O as "Remaining Attorney for Plaintiffs"; (2) lists D'O's address as Pace Johnson Law Group, 231 East 400 South, Suite 345—the identical address Johnson claims no relationship with; and (3) bears the signature "/s/ Jamis Johnson" as "1028 S 1900 E, LLC, By: Jamis Johnson, Plaintiff."

The phrase "brought by Plaintiff" in Johnson's second denial is surgically chosen to exclude this case—because 1*028 S 1900 E LLC v. Barber* was brought *against* Plaintiff. Johnson is the plaintiff in that matter. His narrow denial omits the only relationship that matters.

---

[14] ECF No. 168-1.
[15] *See In the Matter of the Discipline of Jamis M. Johnson* (Utah Dec. 18, 2001); Angie Welling, *High Court Backs 2 Disbarments*, Deseret News (Dec. 19, 2001); Utah State Bar Public Discipline Information, utahbar.org/public-discipline-information.
[16]  ECF No. 168-1 at PageID.2501,   4.
[17]  ECF No. 168-1 at PageID.2501,   5 (emphasis added).

**B.     Johnson's Email and Physical Presence Confirm His Connection to the Firm**

Johnson claims he has no "business presence" at the Pace Johnson Law Group office.[18] The record flatly contradicts him: (1) Server Dotson located Johnson at the firm using [jamis@pacejohnson.com](jamis@pacejohnson.com), ECF No. 152, ¶ 6; **Exhibit C**; (2) the receptionist confirmed Johnson was "in the office" and offered to retrieve him, ECF No. 152, ¶ 7; and (3) Johnson walked to reception when summoned and confirmed his identity, ECF No. 152, ¶ 8. Because Johnson's no "business presence" statement is flatly contradicted by these specific facts, it must be disregarded. See *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1169 n.6 (10th Cir. 2005) (Conclusory or self-serving affidavits that fail to set out specific facts may be ignored)

**C.     Johnson's Conduct Demonstrates Actual Notice and Strategic Delay**

Johnson's declaration states: "Prior to learning of Plaintiff's Request for Entry of Default filed on November 21, 2025, I had no actual notice of this lawsuit."[19] And separately: "I did not file a response to the complaint by November 11, 2025, because I was never properly served and had no knowledge of this lawsuit **until after that date**."[20]

Together, they avoid the precise date Johnson claims he first learned of this lawsuit. The omission is not accidental. Even measuring from November 21, 2025 – the filing date of the Request for Entry of Default he references, and therefore the calculation most favorable to him– 82 days elapsed without any answer, motion, or appearance of any kind until February 11, 2026.

---

[18] ECF No. 168-1 at PageID.2502, ¶ 8.
[19] ECF No. 168-1 at PageID.2502, ¶ 9
[20] *Id.* ¶ 11

The strategic omission of his discovery date confirms a pattern in Johnson's declaration: precision where it shields him, silence where specificity would expose his delay.

The claim of ignorance is, in any event, irreconcilable with the record. On October 21, 2025, Johnson personally accepted service on behalf of his wife Karen Salas, his daughter-in-law Stephanie Johnson, and his son Adrian Johnson at 1028 S 1900 E. **Exhibit D**.[21] His counsel Dástan D'O, his son Pace William Johnson, and two additional family members were served at the Pace Johnson Law Group office the same day.[22]

By December 1, 2025, all six had registered on CM/ECF, filed their own motions to quash, and were actively monitoring the docket.[23] Johnson shares a home, a firm, and an email domain with these co-defendants.

Although his family actively litigated this matter, he abstained from participating and failed to provide the Court with the single dispositive fact: the alleged date of discovery. The Court should accord his claim of ignorance the weight it deserves.

### III. ALTERNATIVELY, THE OCTOBER 21 SERVICE WAS ALSO VALID

Even setting aside the January 28 personal service, the October 21 substitute service was valid. The Proof of Service (ECF No. 54) reflects that documents were left with "Mr. Pablo C.," an "Associate / Agent," at the Pace Johnson Law Group office[24]—the same address where Johnson maintains an email account and appears in person. Pablo Darelli certifies service on

---

[21] ECF Nos. 56, 57, 59
[22] ECF Nos. 58, 60, 61
[23] ECF Nos. 85, 92, 95, 100, 106, 109
[24] ECF No. 168 at PageID.2496.

Pace Johnson Law Group filings in related proceedings **(Exhibit B)**, demonstrating his apparent authority to act on the firm's behalf.

Johnson declares he "never authorized Mr. Pablo C., the Pace Johnson Law Firm, or any other person or entity at that address to accept service of process" on his behalf, and that he "never appointed any agent for service of process."[25]

However Rule 4(e)(2)(C) does not require express appointment—it also reaches agents "authorized by law." An associate who routinely certifies service on behalf of a firm, at an address where the defendant regularly appears and maintains an email account, has apparent authority conferred by that course of conduct. The denial of express appointment does not extinguish apparent authority the record has already established.

Service under Fed. R. Civ. P. 4(e)(2)(C) is valid upon delivery to "an agent authorized by appointment or by law to receive service of process." Utah R. Civ. P. 4(d)(1)(A) permits service by the same standard. The October 21 service was valid under either.[26]

## CONCLUSION

The Court may deny this motion on any of three independent grounds: (1) No Relief Available—the court can grant "no effective relief" because the January 28 personal service overtook every form of relief Johnson seeks. *Already,* 568 U.S. at 91. (2) Valid Service—ECF No. 152 establishes prima facie valid personal service under Rule 4(e)(2)(A); Johnson has offered no rebuttal. *Constien,* 628 F.3d at 1213. (3) Waiver—Rules 12(g)(2), 12(h)(1)(A);

---

[25] ECF No. 168-1 at PageID.2502, ¶¶ 6–7

[26] Fed. R. Civ. P. 4(e)(2)(C) permits service by delivery to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1) incorporates state law; Utah R. Civ. P. 4(d)(1)(A) permits service upon an individual by delivery to "an agent authorized by appointment or by law to receive process."

Johnson omitted any challenge to the January 28 service from his pre-answer motion and has forfeited that defense.

Johnson's Motion to Quash must be denied. He was personally served on January 28, 2026, within the Court's February 3 deadline. His declaration is contradicted by his own Substitution of Counsel, his firm email address, the server's sworn declaration, and the receptionist's independent corroboration. Plaintiff respectfully requests that the Court:

1. Deny the Motion to Quash Service of Process [ECF No. 168] as moot;

2. Deny the Opposition to Entry of Default [ECF No. 169] as moot;

3. Find that Plaintiff completed valid personal service on Johnson on January 28, 2026, pursuant to Fed. R. Civ. P. 4(e)(2)(A), and that Johnson has waived any challenge to that service under Rules 12(g)(2) and 12(h)(1);

4. Require Johnson to file a responsive pleading within fourteen (14) days of this Court's order, consistent with Fed. R. Civ. P. 12(a)(4)(A);[27] and

In the alternative, if the Court reaches the merits of the October 21, 2025 service:

5. Find that the October 21, 2025 substitute service was valid under Fed. R. Civ. P. 4(e).

DATED: February 25, 2026                                Respectfully submitted,

                                                        /s/ Max Warren Barber
                                                        MAX WARREN BARBER

---

[27] Rule 12(a)(4)(A): "Unless the court sets a different time, serving a motion under this rule alters these periods as follows: if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."

## EXHIBIT LIST

**Exhibit A:**
Notice of Substitution of Counsel, 1028 S 1900 E LLC v. Barber, Case No. 250906343
(Third Judicial District Court, Salt Lake County), filed October 29, 2025, signed by Jamis
Johnson

**Exhibit B:**
 Certificates of Service signed by Pablo Darelli on behalf of Pace Johnson Law Group in
related proceedings

**Exhibit C:**
 Evidence of Jamis Johnson's use of the email address jamis@pacejohnson.com

**Exhibit D:**
Proofs of Service for co-defendants Karen Salas (ECF No. 57), Stephanie Johnson (ECF No. 59), and Adrian Johnson (ECF No. 56), reflecting that Defendant Johnson personally accepted service on their behalf at 1028 S 1900 E on October 21, 2025

## WORD COUNT CERTIFICATION

Pursuant to DUCivR 7-1(a)(6)(C), I, Max Warren Barber, certify that this Opposition contains approximately 2,700 words and complies with DUCivR 7-1(a)(4)(A).
/s/ Max Warren Barber

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I caused a true and correct copy of the **PLAINTIFF'S OPPOSITION TO DEFENDANT JAMIS JOHNSON'S MOTION TO QUASH SERVICE OF PROCESS [ECF No. 168]** together with Exhibits A through D, to be served upon the following through CM/ECF notice of electronic filing: All counsel and parties of record registered on CM/ECF, and by First Class Mail to all non-registered parties:

/s/ Max Warren Barber

| | |
|---|---|
| Steven R. Skirvin steve@srslawpc.com \| Counsel of Gravity Defendants \| | Gary R. Guelker gguelker@rlattorneys.com Counsel of Jeremy Shorts & David Gardner |

Andrew R. Welch (andrew.welch@lewisbrisbois.com)
Counsel of Jared L. Anderson

| | |
|---|---|
| Adrian Isaac Johnson: | adrian.isaac.johnson@gmail.com \| |
| Dastan M. D'O: | D_0001@icloud.com |
| Karen Salas: | Karensalasutah@gmail.com \| |
| Stacy Roberts Johnson: | stacyjrob@gmail.com |
| Stephanie Strasnick Johnson: | stephanie.anne.strasnick@gmail.com \| |
| Taytum Jorgensen: | taytumannjorge@gmail.com |
| Pace William Johnson: | pace@pacejohnson.com \| |
| Jamis Melwood Johnson: | jamis@pacejohnson.com / Jamisjohnson@gmail.com |

VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

**1028 S 1900 E LLC**, c/o Registered Agent, 1028 South 1900 East, Salt Lake City, UT 84108

**CR TRUE LLC** c/o Pace Johnson Law Group, 231 E 400 S, Suite 345 Salt Lake City, UT 84111