IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| **MAX WARREN BARBER,**<br><br>                                 **Plaintiff,**<br><br>vs.<br><br>**DAVID KNUDSON, et. al.,**<br><br>                                 **Defendants.** | **RULING & ORDER DENYING MOTION TO DISQUALIFY COUNSEL**<br><br>Case No.  2:25-cv-00681<br><br>**District Court Judge Howard C. Nielson**<br><br>**Magistrate Judge Dustin B. Pead** |

## BACKGROUND

The above entitled matter is before this court pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge Howard C. Nielson.[1] Currently pending is Plaintiff Max Warren Barber's Motion to Disqualify Counsel Steven R. Skirvin and Skirvin Law PLLC from representing Defendants David Knudson, Gravity Capital, Gravity Segregation and Gravity Segregation II, LLC (collectively "Gravity Defendants").[2] For the reasons stated herein, the court rules as follows and denies Plaintiff's Motion to Disqualify.[3]

## STANDARD OF REVIEW

The Tenth Circuit has identified a two-step process to be applied by courts determining whether to disqualify an attorney.

---

[1] ECF No. 15, Docket Text Order Referring Case.

[2] ECF No. 79, Plaintiff's Motion to Disqualify Counsel Steven R. Skirvin and Skirvin Law PLLC.

[3] *Quantama Park Townhomes Owners Association v. RBC Reale Estate Fin., Inc.* 365 F. Supp. 3d 1129, 1133 (D. Oregon Mar 18, 2019) ("A motion to disqualify is a nondispositive matter that a magistrate judge may determine unless the district court referred the matter only for a report and recommendation.").

1

> First, because attorneys are bound by the local rules of the court in which they appear the court must consider whether the attorney has violated the court's local rules on attorney conduct. If so, the court must then determine whether the violation merits disqualification based on applicable federal standards.[4]

"The court retains discretion to determine whether disqualification is warranted, but it must be mindful that a motion to disqualify can be used as a litigation strategy."[5]

## PENDING MOTION

I.   **Plaintiff's Motion to Disqualify Counsel**

Plaintiff moves to disqualify attorney Steven R. Skirvin and Skirvin Law PLLC from their representation the Gravity Defendants. As grounds for Mr. Skirvin's "mandatory" disqualification, Mr. Barber asserts: (1) Mr. Skirvin holds an improper dual role as general counsel for Summit Capital and as defense counsel for Gravity Defendants; (2) Mr. Skirvin faces personal RICO liability; (3) Mr. Skirvin is facilitating ongoing obstruction of this matter through the creation of a new entity, Summit 11 Inc; and (4) Mr. Skirvin is likely to be a necessary witness in this litigation.[6] Each ground for disqualification is addressed below.

A.   **Dual Role**

In this action, Mr. Skirvin is counsel for Gravity Defendants. Separately, Mr. Skirvin is counsel to Summit Capital, LLC, a private equity firm located in Orem, Utah.[7] Plaintiff argues Mr. Skirvin's "dual role" as both Summit Capital's general counsel and Gravity Defendants'

---

[4] *United States ex. rel. Tracy v. Emigration Improvement District,* 2016 U.S. Dist. LEXIS 103290, at *4 (D. Utah Aug. 4, 2016) (internal quotation and citation omitted).

[5] *Steven Volkswagen, Inc. v Zurich Am. Ins. Co.,* 2019 U.S. Dist. LEXIS 211541, at *3 (D. Kan. Dec. 9, 2019) (*citing Smith v. Whatcott,* 757 F.2d 1098, 1100 (10th Cir. 1985)).

[6] ECF No. 79.

[7] ECF No. 103-2 at ¶3, Declaration of Steven R. Skirvin; ECF No. 103-1 at ¶4, Declaration of David

defense counsel creates an irreconcilable conflict under Utah Rules of Professional Conduct 1.7.[8] Rule 1.7 governs concurrent conflicts of interest and prohibits an attorney's representation of a client if such representation is "directly adverse" to the representation of another client.[9]

It is unclear how Mr. Skirvin's role as counsel to both Gravity Defendants and Summit Capital, LLC, creates an irreconcilable conflict, or how the two entities are directly adverse. Mr. Skirvin served as in-house counsel to Gravity Capital from July 1, 2022, through July 15, 2025, prior to the date Mr. Barber's loan matured on June 22, 2022.[10] Mr. Skirvin is not an "operational" person and all services rendered are legal in nature.[11] Moreover, Summit Capital is not a manager or member of Gravity Capital and there is no contractual relationship between the two entities.[12] Mr. Barber fails to show a concurrent conflict of interest that would prohibit Mr. Skirvin's representation of the Gravity Defendants.

---

Knudson.

[8] ECF No. 113 at 2, Plaintiff's Reply to Defendants' Opposition to Motion to Disqualify Counsel Steven Skirvin and Skirvin Law, PPLC.

[9] Utah Rule of Prof'l Conduct Rule 1.7.

[10] ECF No. 103 at ¶4.

[11] *Id.* In his affidavit, Plaintiff argues the President of Gravity Segregation LLC, Mr. David Knudson, "treated Skinner as an operational manager" by requesting attorney Skirvin to "direct foreclosure counsel, to which Skirvin responded, 'I sent him instructions to continue.'" ECF No. 79-1 at ¶ 5, Declaration of Max Warren Barber in Support of Motion to Disqualify Counsel. Plaintiff's statement, however, is speculative and based upon Mr. Barber's own interpretation of an email correspondence. It does not establish a legal conclusion or dispute the statements set forth in Mr. Knudson's declaration which, based on Mr. Knudson's personal knowledge as President of Gravity Segregation LLC, indicate Mr. Skirvin is not an "operational person". ECF No. 103-1 at ¶4.

[12] *Id.* at ¶5.

B.     **Personal Liability**

Mr. Barber asserts Mr. Skirvin faces personal RICO liability and as a result his representation of the Gravity Defendants presents a conflict pursuant to Utah Rules of Professional Conduct 1.7.[13]

As discussed above Rule 1.7 governs concurrent conflicts of interest.[14] Setting aside the question of how the Rule's prohibition on concurrent conflicts between clients applies to Mr. Skirvin's alleged personal RICO liability, the fact remains that Mr. Skirvin is not named as a party to this litigation and no claims have been brought against him.[15] Simply because Mr. Barber believes Mr. Skirvin to be liable, does not make it so.

C.     **Obstruction**

Next, Plaintiff argues Mr. Skirvin violated Utah Rules of Professional Conduct 3.3 by engaging in ongoing obstruction through the creation of an entity named Summitt 11, Inc.[16]

Rule 3.3 references candor toward the court and prohibits a layer from making false statements, failing to disclose controlling legal authority, or offering information into evidence that a lawyer knows to be false.[17] Mr. Barber does not identify under which provision of Rule 3.3 he proceeds; however, as set forth in the Declarations of Messrs. Knudson and Skirvin, neither have knowledge of Summit 11 Inc., or its incorporator Ms. Lisa Hill, and the Articles of

---

[13] ECF No. 79 at 3.

[14] Utah Rule of Prof'l Conduct Rule 1.7.

[15] ECF No. 1, Complaint; ECF No. 17, Amended Complaint.

[16] ECF No. 79 at 3.

[17] Utah Rules of Prof'l Conduct Rule 3.3.

Incorporation do not reflect any connection between Summit 11 Inc., the Gravity Defendants and Mr. Skirvin.[18]

### D.     Necessary Witness

Finally, Mr. Barber asserts Mr. Skirvin is likely to be a necessary witness in this action and must be disqualified under Utah Rules of Professional Conduct 3.7(a), prohibiting attorneys from advocating in a case in which they are likely to be a necessary witness.[19] Mr. Barber bases this claim on Mr. Skirvin's alleged involvement in Plaintiff's claims for RICO enterprise conspiracy, automatic stay violations, and civil conspiracy.[20] Yet, as discussed above, these claims are contested and at this preliminary juncture it is unclear what issues may be litigated. To require disqualification based on Plaintiff's assertion that counsel is involved in a cause of action which has not been developed and is currently subject to a motion to dismiss is premature. As a result, Mr. Barber has not met his burden of providing evidence to establish a prima facie case that a disqualifying conflict exists.[21]

---

[18] ECF No. 103-1 at ¶7; ECF No. 103-2 at ¶4; ECF No. 103, Exhibit 1, Articles of Incorporation.

[19] ECF No. 113 at 3; Utah Rules of Prof'l Conduct 3.7(a).

[20] ECF No. 113 at 4.

[21] *Volkswagen,* at *5.

## **ORDER**

As set forth above, Plaintiff fails to provide any facts which require the mandatory disqualification of attorney Skirvin or Skirvin Law, PLLC as counsel for the Gravity Defendants. Accordingly, Plaintiff's Motion to Disqualify is denied.[22]

DATED this 26th day of February, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[22] ECF No. 79.