FILED
2026 MAR 4 PM 3:13
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| **MAX WARREN BARBER**, individually and as Sole Trustee of the MSB Trust<br><br>Plaintiff,<br><br>v.<br><br>**DAVID L. KNUDSON**, et al.,<br><br>Defendants | REQUEST FOR ENTRY OF DEFAULT FOR DEFENDANTS<br><br>KARAN SALAS,<br>PACE WILLIAM JOHNSON,<br>STACY ROBERTS JOHNSON,<br>1028 S. 1900 E. LLC,<br>CR-TRUE LLC.<br><br>Case No: 2:25-cv-00681-HCN-DBP<br><br>**District Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff Max Warren Barber, *pro se*, respectfully requests that the Clerk of the Court enter the default of Defendants **Karan Salas, Pace William Johnson, Stacy Roberts Johnson, CR TRUE LLC, and 1028 S. 1900 E. LLC**.

In support of this Request, Plaintiff shows the Court as follows:

1. **Summons and Complaint Served:** Plaintiff filed an Amended Complaint in this action. Summonses were issued by the Clerk of Court.

2. **Proper Service Executed:** As documented on the docket, Plaintiff legally executed substitute service upon the above-named Defendants in compliance with Fed. R. Civ. P. 4(e)(2)(B) and 4(h)(1)(B), and Utah Rule of Civil Procedure 4(d)(1):

1

- **Karan Salas:** Served on January 24, 2026, via substitute service upon husband Jamis Johnson at her usual place of abode (1028 S. 1900 E., Salt Lake City, UT). [See ECF No. 146]. The 21 day deadline to respond was **February 17, 2026** (accounting for the February 16 federal holiday)

- **Pace William Johnson:** Served on January 25, 2026, via substitute service upon co-resident/tenant Cody Kirkham at his usual place of abode (1334 S. 960 E., Heber City, UT). [See ECF No. 146-1]. The 21-day deadline to respond was **February 17, 2026** (accounting for Sunday, Feb 15 and the Monday, Feb 16 federal holiday).

- **Stacy Roberts Johnson:** Served on January 25, 2026, via substitute service upon co-resident/tenant Cody Kirkham at her usual place of abode (1334 S. 960 E., Heber City, UT). [See ECF No. 146-2]. The 21-day deadline to respond was **February 17, 2026**. ( accounting for the Monday, Feb, 16 federal holiday)

- **CR TRUE LLC:** Served on February 3, 2026, via registered agent Pace Johnson Law Group. [See ECF No. 154]. The 21-day deadline to respond was **February 24, 2026**.

- **1028 S. 1900 E. LLC:** Served on February 3, 2026, via registered agent Pace Johnson Law Group. [See ECF No. 155]. The 21-day deadline to respond was **February 24, 2026**.

3. **Actual Notice and Strategic Default:** Defendants cannot claim a lack of actual notice regarding this litigation or the service of the Amended Complaint for three distinct reasons:

A.      **ECF Registration and Immediate Electronic Notice:**

Defendants Karan Salas, Pace William Johnson, and Stacy Roberts Johnson successfully moved to quash Plaintiff's prior, initial service attempt pursuant to this Court's January 12, 2026 Order (ECF No. 133).[1] Because they previously appeared and actively filed pleadings in this exact case, they are registered ECF users who receive automatic electronic notice of all filings in this case. Karan Salas, Pace William Johnson, and Stacy Roberts Johnson each formally filed an "Email Filing and Electronic Notification Form" (See ECF Nos. 92, 106, and 109, respectively), registering their primary email addresses to receive all electronic notices from the Court.

Consequently, they received immediate, automated Notice of Electronic Filing (NEF) moments after Plaintiff filed the updated, executed Proofs of Service regarding themselves (ECF Nos. 146, 146-1, and 146-2) and the LLCs (ECF Nos. 154 and 155).

**B.    Knowledge Imputed to the LLC Entities:**

While the defaulting LLC entities do not possess independent ECF registrations, their designated registered agent is the Pace Johnson Law Group. Because Defendant Pace William Johnson—who acts as the principal of this registered agent—is a registered ECF user who received electronic notification of the executed service upon the LLCs, his actual knowledge is legally imputed to the LLC entities under both state and federal law. It is a foundational rule of agency law within the Tenth Circuit that notice to, or knowledge possessed by, an agent acting within the scope of their authority is unequivocally imputed to the principal. *See, e.g.,* Restatement (Third) of Agency § 5.03 (Am. L. Inst. 2006). This is mirrored precisely in Utah state law. *See Wardley Better Homes & Gardens v. Cannon*, 61 P.3d 1009, 1016 (Utah 2002) ("Under Utah law, the knowledge of an agent concerning the business which he is transacting for his principal is to be imputed to his principal.")

---

[1] See ECF Nos. 93, 108, 111

Moreover, the Utah Revised Uniform Limited Liability Company Act strictly holds that an LLC "knows, has notice of, or receives a notification of" a fact based on the knowledge and notice of its agents. Utah Code Ann. § 48-3a-103.

**C.  Immediate Coordination and Acknowledgment of Service:**

Following the January 25, 2026 substitute service upon Pace and Stacy Johnson via Cody Kirkham, Mr. Kirkham and Tayler Feller were immediately coordinated with to sign sworn declarations acknowledging the service event — declarations subsequently filed by co-defendant Dastan Dio aka as Dastan D'o, in his *own* Motion to Quash (ECF No. 159) filed on February 4, 2026. Plaintiff addresses Dio's motion separately; as a threshold matter, Dio lacks standing to challenge service on behalf of co-defendants who are not his clients. The immediate procurement of these declarations by a coordinated co-defendant — notwithstanding the claim that Pace Johnson, an active Utah attorney and principal of his own law firm, now "lives in Spain with his family" (*see* Decl. of Cody Kirkham ¶ 8, ECF No. 159 at PageID.2412) — confirms that the Defendant network possessed actual knowledge of the executed service and the 21-day deadline to respond. *See Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945 (10th Cir. 1987).

**D.  Physical Evasion of Service:**

The record further establishes that Defendants physically evaded service. When server Julian Dotson announced he was serving legal process for Defendant Karan Salas upon her husband Jamis Johnson, both Jamis and Defendant Pace Johnson retreated to their vehicle. As Mr. Dotson deposited the documents inside the car, Pace Johnson attempted to slam the vehicle door on the server's arm. "Jamis Johnson and Pace Johnson then physically grabbed the documents and threw them out of the moving vehicle onto the ground as they drove away." *See*

Decl. of Julian Dotson ¶¶ 17–19, ECF No. 146 at PageID.2180–2181. This physical evasion corroborates the subsequent decision to ignore the docket entirely. The Tenth Circuit has held that a defendant's conduct is "culpable" when it displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).[2]

4.  **Failure to Plead or Defend:**

The 21-day deadline for each Defendant to serve and file an answer or otherwise respond to the Amended Complaint has expired. None of the listed Defendants have filed an Answer, a Motion to Dismiss, or any other responsive pleading authorized by the Federal Rules of Civil Procedure. Crucially, while three of the Defendants previously appeared to file motions to quash, the Tenth Circuit maintains that a prior appearance does not immunize a party from default if they subsequently fail to "plead or otherwise defend" against the operative complaint within the prescribed timelines. *See* Fed. R. Civ. P. 55(a); *cf. Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) (upholding default judgment where defendant failed to file a responsive pleading, demonstrating that actual notice and a prior appearance are insufficient to halt default proceedings if the rules are ignored).

5.  **No Servicemembers Civil Relief Act Exemption:**

Plaintiff declares, to the best of his knowledge and belief, that none of the defaulting individual Defendants are infants, incompetent persons, or currently serving in the military

---

[2] Plaintiff will further address the *Pelican* culpable-conduct factors in his motion for default judgment under Fed. R. Civ. P. 55(b).

service of the United States as defined by the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq.

## CONCLUSION

Federal Rule of Civil Procedure 55(a) provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

The rule uses the word "must" — when these prerequisites are met, the Clerk's duty is mandatory, not discretionary. Here, every prerequisite is satisfied:

| Defendant | Service Date | Method | Rule 12(a) Deadline | Response Filed |
| --- | --- | --- | --- | --- |
| Karan Salas | Jan. 24, 2026 | Rule 4(e)(2)(B) | Feb. 17, 2026 | **NONE** |
| Pace W. Johnson | Jan. 25, 2026 | Rule 4(e)(2)(B) | Feb. 17, 2026 | **NONE** |
| Stacy R. Johnson | Jan. 25, 2026 | Rule 4(e)(2)(B) | Feb. 17, 2026 | **NONE** |
| CR TRUE LLC | Feb. 3, 2026 | Rule 4(h)(1)(B) | Feb. 24, 2026 | **NONE** |
| 1028 S. 1900 E. LLC | Feb. 3, 2026 | Rule 4(h)(1)(B) | Feb. 24, 2026 | **NONE** |

1. **Service perfected.** Plaintiff served the Amended Complaint on all five Defendants — the individuals by substitute service under Fed. R. Civ. P. 4(e)(2)(B) on January 24–25, 2026, and the LLCs through their registered agent under Fed. R. Civ. P. 4(h)(1)(B) on February 3, 2026.

2. **Response deadline expired.** The 21-day period prescribed by Fed. R. Civ. P. 12(a)(1)(A)(i) expired February 17, and 24, 2026, respectively, as computed under Fed.

R. Civ. P. 6(a)(1)(C). No stipulation or court order extended any Defendant's time to respond.

3. **Total failure to defend.** No Defendant has filed an answer, a motion to dismiss, or any other responsive pleading. The docket confirms complete silence.

4. **SCRA compliance established.** The individual Defendants are not in military service as defined by 50 U.S.C. § 3931. The entity Defendants are business organizations to which the SCRA does not apply. *See* 50 U.S.C. § 3911(1).

5. **Local rule requirements met.** This Request complies with DUCivR 55-1: it identifies each Defendant, describes the method and date of service, is supported by a Declaration, and is accompanied by a proposed Clerk's Entry of Default.

Because every statutory and procedural prerequisite is satisfied, the Clerk must enter default against Defendants **Karan Salas, Pace William Johnson, Stacy Roberts Johnson, CR TRUE LLC, and 1028 S. 1900 E. LLC** pursuant to Fed. R. Civ. P. 55(a).

**In the Alternative:** Should the Court or Clerk find any procedural reason to decline entry of default, Plaintiff respectfully requests that the Court equitably order these Defendants to enter a formal appearance and file a responsive pleading within fourteen (14) days pursuant to Fed. R. Civ. P. 12(a)(4)(A), without the necessity or expense of further service of process, given their documented evasion of service and incontrovertible actual notice of these proceedings.

**DATED:** March 4, 2026            Respectfully submitted,
*/s/Max W. Barber*

**Max Warren Barber**

## WORD COUNT CERTIFICATION

Pursuant to DUCivR 7-1(a)(6)(C), I, Max Warren Barber, certify that this Request for Entry of Default contains approximately 1760 words and complies with DUCivR 7-1(a)(4).

*/s/ Max Warren Barber*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed the foregoing **Request for Entry of Default**, with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all registered participants, including:

- Karan Salas
- Pace William Johnson
- Stacy Roberts Johnson

## VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants by placing a true copy in the United States Mail, addressed as follows:

**1028 S. 1900 E. LLC**
℅ Registered Agent:
Pace Johnson Law Group
231 E. 400. S. Suite 345
Salt Lake City, UT 84111

**CR TRUE LLC**
℅ Registered Agent:
Pace Johnson Law Group
231 E. 400. S. Suite 345
Salt Lake City, UT 84111