ANDREW R. WELCH, #14028
ANDREW J. SCHUMAN, #20370
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-4321
Telephone: 801.562.5555
Facsimile: 801.562.5510
Andrew.Welch@lewisbrisbois.com
Andrew.Schuman@lewisbrisbois.com
*Attorneys for Defendant Jared L. Anderson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB Trust,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, an individual; JARED L. ANDERSON, an individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORT, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company; GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company; 1028 S. 1900 E LLC, a Utah limited liability company; CR TRUE LLC, a Utah limited liability company; and DOES 1-10, | **ANDERSON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ANDERSON'S REPLY MEMORANDUM [ECF 153]**<br><br>Case No. 2:25-cv-00681-HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| Defendants. | |

Pursuant to DUCivR 7-1, Defendant Jared L. Anderson ("Anderson"), by and through his counsel of record Andrew R. Welch and Andrew J. Schuman of the law firm Lewis Brisbois Bisgaard & Smith, LLP, hereby submits Anderson's Response in Opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendant Anderson's Reply Memorandum [ECF 153].

**RELIEF REQUESTED AND GROUNDS**

Anderson respectfully requests that the Court deny Plaintiff's Motion for Leave to File Sur-Reply to Anderson's Reply Memorandum [ECF 153] (the "Plaintiff's Motion"). Plaintiff's Motion is based on the fallacy that Anderson raised new arguments in Anderson's Reply in Support of his Motion to Disqualify Non-Attorney Max Barber from Representing Plaintiff MSB Trust and to Strike All Pleadings asserting Rights on Behalf of the MSB Trust Filed by a Non-Attorney ("Anderson's Reply"). Plaintiff claims that Anderson raised for the first time the following issues: Max Barber's status as sole Trustee of MSB Trust, the applicability of Utah Code Ann. § 75B-2-402, the applicability of *Koch v. Koch Indus., Inc.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992), analysis of the MSB Trust's legal rights, and the applicability of Fed. R. Civ. P. 17(a)(3). Plaintiff's argument fails because these issues were not raised for the first time in Anderson's Reply and were instead brought in response to Plaintiff's Memorandum in Opposition to Defendant Anderson's Motion to Disqualify ("Plaintiff's Opposition") [ECF 139].

The Court should deny Plaintiff's Motion because Anderson's Reply did not raise any arguments that were not already raised in Plaintiff's Opposition or in Anderson's Motion to Disqualify Non-Attorney Max Barber from Representing Plaintiff MSB Trust and to Strike All

Pleadings asserting Rights on Behalf of the MSB Trust Filed by a Non-Attorney ("Anderson's Motion to Disqualify"). Indeed, Anderson's Reply responded to the arguments raised in Plaintiff's Opposition. Plaintiff now seeks a second opportunity to respond to the arguments in Anderson's Motion to Disqualify under the guise that Anderson raised certain arguments for the first time. Instead, the Court should reject Plaintiff's Motion on the basis that each of the allegedly "new" arguments were raised in direct response to an argument made in Plaintiff's Opposition.

## RECITATION OF RELEVANT FACTS

1. On January 5, 2026, Defendant Jared Anderson filed his Motion to Disqualify Non-Attorney Max Barber from Representing Plaintiff MSB Trust and to Strike All Pleadings asserting Rights on Behalf of the MSB Trust Filed by a Non-Attorney. *See* Dkt. No. 122.

2. On January 20, 2026, Plaintiff filed his Memorandum in Opposition to Defendant Anderson's Motion to Disqualify. *See* Dkt. No. 139.

3. Plaintiff's Opposition raises seven legal arguments in favor of his position. *Id*. at PageID. 2112.

4. Plaintiff's Opposition argues that Max Barber is the sole trustee and beneficiary of the MSB Trust. *Id*. at PageID. 2117.

5. Plaintiff's Opposition argues that California law permits pro se representation of a trust where the trustee is sole settlor and beneficiary. *Id*.

6. Under the heading "Introduction," Plaintiff's very first sentence cites *Koch v. Koch Indus., Inc.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992). *Id*. at PageID. 2111.

7. Plaintiff's Opposition discusses the legal rights of the MSB Trust and Max Barber. *Id*.

172986531.1

3

    at PageID. 2120.

8. Plaintiff cites Federal Rules of Civil Procedure 17(a)(3) in support of his Opposition. *Id.* at PageID. 2122.

9. On February 3, 2026, Defendant Jared Anderson filed his Reply in Support of his Motion to Disqualify Non-Attorney Max Barber from Representing Plaintiff MSB Trust and to Strike All Pleadings asserting Rights on Behalf of the MSB Trust Filed by a Non-Attorney. *See* Dkt. No. 153.

10. Anderson's Reply addresses all seven legal arguments raised in Plaintiff's Opposition. *Id.* at PageID. 2229-2230.

## **SUPPORTING AUTHORITY AND ARGUMENT**

While arguments raised for the first time in a reply brief would normally be disregarded, "courts make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the plaintiff's brief." *Ute Indian Tribe of Uintah & Ouray Indian Rsrv. v. Ure*, 737 F. Supp. 3d 1183, 1205 n.112 (D. Utah 2024) (quotation marks omitted) (quoting *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d at 119). In other words, it is axiomatic that "reply briefs reply to arguments made in the response brief." *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (emphasis in original); *accord Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993 (D. Colo. 2014); *Black & Veatch Corp. v. Aspen Ins. (Uk) Ltd.*, 378 F. Supp. 3d 975, 989 (D. Kan. 2019).

Every allegedly "new" argument Plaintiff claims was raised for the first time in Anderson's Reply was raised to respond to an argument raised in Plaintiff's Opposition. Plaintiff's Motion misstates the standard for where new arguments in reply memoranda should be rejected. Plaintiff's

Motion argues that the five enumerated "new" arguments are nowhere to be found in Anderson's Motion to Disqualify. *See* Dkt. No. 178 at PageID. 2784. However, Plaintiff fails to acknowledge that Anderson may use reply memoranda to respond to the arguments raised in Plaintiff's Opposition. Each of the five "new" arguments cited in Plaintiff's Motion are responses to arguments raised in Plaintiff's Opposition.

First, Plaintiff's Motion argues that Anderson's Reply asserts for the first time that Sarah G. Navarra is a co-trustee of the MSB Trust. Dkt. No. 178 at PageID. 2784. Plaintiff's Opposition argues that Max Barber is the sole trustee of the MSB Trust. Dkt. No. 139 at PageID. 2117. Anderson's Reply discusses Sarah G. Navarra in response to the argument raised in Plaintiff's Opposition regarding Max Barber's sole trustee status.

Second, Plaintiff's Motion argues that Anderson's Reply compares Utah Code Ann. § 75B-2-402 to California law for the first time. Dkt. No. 178 at PageID. 2784. Plaintiff's Opposition argues that California law supports his argument that non-attorney representation of a trust is permissible where the trustee is sole settlor and beneficiary. Dkt. No. 139 at PageID. 2117. Anderson's Reply cites Utah Code Ann. § 75B-2-402 in response to Plaintiff's argument regarding the applicability of California law to the representation of a trust by a non-attorney in Utah.

Third, Plaintiff's Motion argues that Anderson's Reply asserts for the first time that Plaintiff misquoted *Koch v. Koch Indus., Inc.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992). Dkt. No. 178 at PageID. 2784. Plaintiff's Opposition cites *Koch* in support of his argument. Dkt. No. 139 at PageID. 2111. Anderson's Reply discusses *Koch* in response to the citation in Plaintiff's Opposition. Not only is Anderson correct that Plaintiff's quoted language from *Koch* is not found anywhere in the opinion, which Plaintiff admits, but a discussion of a case cited in Plaintiff's

172986531.1

5

Opposition cannot constitute a "new" argument for purposes of Plaintiff's Motion.

Fourth, Plaintiff's Motion argues that Anderson's Reply discusses the legal rights and claims of the MSB Trust for the first time. Dkt. No. 178 at PageID. 2784. Plaintiff's Opposition includes discussion of the legal rights of the MSB Trust. Dkt. No. 139 at PageID. 2120. The legal rights of the MSB Trust serve as the basis for Anderson's Motion to Disqualify and the arguments raised in Plaintiff's Opposition give rise to the discussion of such rights in Anderson's Reply.

Fifth, Plaintiff's Motion argues that Anderson's Reply discusses Fed. R. Civ. P. 17(a)(3) for the first time. Dkt. No. 178 at PageID. 2784. Plaintiff's Opposition cites Fed. R. Civ. P. 17(a)(3) in support of his argument that he may represent the MSB Trust as a non-attorney. Dkt. No. 139 at PageID. 2122. The discussion of Fed. R. Civ. P. 17(a)(3) in Anderson's Reply is strictly because Plaintiff's Opposition cited to the Rule. As Rule 17 is entirely inapplicable to whether a trust may be represented by a non-attorney, Anderson's Reply included such discussion.

Plaintiff's Motion marks the third time he has requested extraordinary relief from this Court on the basis that a Defendant raised novel arguments in reply memoranda. *See* Dkt. No. 182 and Dkt. No 140. Plaintiff's repeated requests demonstrate his intent to circumvent the Federal Rules of Civil Procedure by seeking multiple opportunities to respond to reply memoranda after Plaintiff already had an opportunity to raise arguments in opposition memoranda. This Court should reject Plaintiff's repeated requests for extraordinary relief on the basis that his arguments are duplicative and without merit. Based on Plaintiff's repeated attempts to circumvent the rules, Anderson is entitled to payment of his reasonable attorney fees and costs incurred in responding to Plaintiff's Motion.

172986531.1

## CONCLUSION

Based on the foregoing, Plaintiff's Motion should be denied on the basis that no new arguments were raised in Anderson's Reply. Anderson's Reply responded to arguments raised in Plaintiff's Opposition, and Plaintiff's Motion provides no justification for Plaintiff's requested extraordinary relief. Anderson is entitled to his reasonable attorney fees and costs incurred in filing this response because Plaintiff's Motion is duplicative and lacks supporting authority.

DATED: March 5, 2026  LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Andrew J. Schuman*
ANDREW R. WELCH
ANDREW J. SCHUMAN
*Attorneys for Defendant Jared L. Anderson*

172986531.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2026, I caused a true and correct copy of the foregoing **ANDERSON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT ANDERSON'S REPLY MEMORANDUM [ECF 153]** to be electronically filed through the Court's CM/ECF system which will send notification of such filing to the following:

Max Warren Barber
1028 South 1900 East
Salt Lake City, Utah 84108
Tel. No.: 801.518.1821
23blackbee@gmail.com
*Pro Se Plaintiff*

Steven R. Skirvin
Skirvin Law PLLC
3450 North Triumph Boulevard
Suite 102
Lehi, Utah 84043
steve@srslawpc.com
*Attorney for Defendant David Knudson*

Gary R. Guelker
Resnick & Louis, P.C.
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Tel. No.: 801.960.3655
gguelker@rlattorneys.com
*Attorney for Defendants*
*Jeremy Shorts and David Gardner*

                        */s/ Libby Craig*

172986531.1