FILED
2026 MAR 9 PM 12:24
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MAX WARREN BARBER**, individually and as Sole Trustee of the MSB Trust<br><br>Plaintiff,<br><br>v.<br><br>**DAVID L KNUDSON**, et al.,<br><br>Defendants | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT ANDERSON'S UNTIMELY EVIDENTIARY OBJECTIONS**<br><br>**[ECF 189]**<br><br>**Case No**: **2:25-cv-00681-HCN-DBP**<br><br>**District Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Plaintiff Max Warren Barber, *pro se*, respectfully submits this motion to Strike Defendant Jared Anderson's Untimely Evidentiary Objections (ECF No. 189).

## ARGUMENT

DUCivR 7-1(b)(2) is unambiguous: where a party files evidentiary objections as a separate document, the objection must be filed, "simultaneously with the response or reply." Defendant Anderson filed his opposition to ECF No. 157 on February 18, 2026 (ECF No. 177). He did not file ECF No. 189 until March 2, 2026 — twelve days later, and seven days after Plaintiff filed his consolidated reply (ECF No. 181). ECF No. 189 is therefore facially untimely.

ECF No. 189 also operates as an unauthorized sur-reply. Anderson may argue that ECF No. 189 was timely under DUCivR 7-1(b)(3), which permits a party to respond to evidentiary objections within seven days of their filing. That argument fails on the face of the record.

DUCivR 7-1(b)(3) applies only when new evidence is offered in a reply — it is not authorization to file new objections that was already before the party. Plaintiff filed no evidentiary objections in ECF No. 181.

ECF No. 181 was Plaintiff's consolidated reply brief responding to Anderson's opposition (ECF No.177). It contained no new evidence, no new exhibits, and no new evidentiary objections for Anderson to respond to.[1] There was nothing in ECF No. 181 that triggered the seven-day window under DUCivR 7-1(b)(3). Anderson had the 31 exhibits before him from the moment ECF No. 157 was filed on February 4, 2026 — twenty-six days before ECF No. 189. He addressed none of them on authentication or accuracy in his opposition (ECF No. 177).

ECF No. 189 is Anderson's evidentiary objections — filed twenty-six days after the exhibits were served and twelve days after his own opposition (ECF No. 177) — and DUCivR 7-1(b)(2) bars it on that basis alone.

Anderson's own prior filing confirms the defect. In ECF No.177, he characterized ECF No.157 as entirely "duplicative" and raising "no new arguments."[2] Twelve days later he filed a twelve-page document lodging thirty specific objections to those allegedly redundant exhibits.[3] A party who represents a filing contains nothing new does not then file thirty objections to its contents. That contradiction confirms the purpose ECF No. 189 serves and the reason DUCivR 7-1(b)(2) bars it.

The Court has inherent authority to strike filings that violate its local rules and to manage its docket to achieve the orderly disposition of cases. *Chambers v. NASCO,* Inc., 501 U.S. 32 (1991).

---

[1] ECF No. 181 at PageID.2821–2832.
[2] ECF No. 177 at PageID.2776.
[3] ECF No. 189 at PageID.2930–2938

## CONCLUSION

Plaintiff respectfully requests that the Court strike ECF 189 as untimely under DUCivR 7-1(b)(2).

DATED: March 9, 2026                                             Respectfully submitted,

<u>/s/ Max W. Barber</u>
Max Warren Barber
Pro Se Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I caused a true and correct copy of the **PLAINTIFFS MOTION TO STRIKE DEFENDANT ANDERSON'S UNTIMELY EVIDENTIARY OBJECTIONS[ECF 189]** to be served upon the following through CM/ECF notice of electronic filing: All counsel and parties of record registered on CM/ECF and First Class Mailing to non registered CM/ECF:

| | |
|---|---|
| **Steven R. Skirvin** steve@srslawpc.com gguelker@rlattorneys.com *Counsel of Gravity Defendants Gardner* | **Gary R. Guelker** *Counsel of Jeremy Shorts and David* |
| **Andrew R. Welch** (andrew.welch@lewisbrisbois.com) *Counsel of Jared L. Anderson* | **Andrew R. Welch** (andrew.welch@lewisbrisbois.com ) |
| **Adrian Isaac Johnson:** adrian.isaac.johnson@gmail.com | **Dastan M. D'O:** D_0001@icloud.com |
| **Karen Salas:** Karensalasutah@gmail.com | **Stacy Roberts Johnson** stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen** taytumannjorge@gmail.com |
| **Pace William Johnson** pace@pacejohnson.com Jamisjohnson@gmail.com | **Jamis Melwood Johnson** jamis@pacejohnson |

### VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:
I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

**CR TRUE LLC**
℅ Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

**1028 S. 1900 E. LLC**
℅ Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

*/s/ Max Warren Barber*