**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| MAX WARREN BARBER, <br><br> Plaintiff, <br><br> v. <br><br> DAVID KNUDSON, et al., <br><br> Defendants. | Case No.: 2:25-cv-00681-HCN-DBP <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT <br><br> District Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead |

This matter is before the Clerk on Plaintiff's Second Motion for Entry of Default Against Karan Salas, Pace William Johnson, Stacy Roberts Johnson, CR True LLC, and 1028 S. 1900 E. LLC.[1] Plaintiff filed an Amended Complaint in this action on September 17, 2025.[2] The Court extended the time for Plaintiff to effectuate service to February 3, 2026, against most of the above-named defendants except for CR True LLC and 1028 S. 1900 E. LLC.[3] Therefore, under the applicable Federal Rules of Procedure, Plaintiff needed to effectuate service on CR True LLC and 1028 S. 1900 E. LLC by approximately December 16, 2025, or otherwise move for an extension of time. Neither happened here. Therefore, without further guidance from the Court, the Clerk DENIES Plaintiff's Motion as to CR True LLC and 1028 S. 1900 E. LLC.

Turning to service of process for Karan Salas, Pace William Johnson, Stacy Roberts Johnson. Plaintiff has properly and timely served a copy of the summonses and Amended

---

[1] Docket No. 190.

[2] Docket No. 17.

[3] Docket No. 133.

Complaint on these defendants.[4] The time in which to file an Answer, or other responsive pleading, has passed. Accordingly, under Fed. R. Civ. P. 55(a) and DUCivR 55-1, the default of Defendants Karan Salas, Pace William Johnson, Stacy Roberts Johnson is hereby entered.

DATED this 19th day of March, 2026.

GARY P. SERDAR, CLERK OF COURT:

BY: _____

---

[4] Docket No. 190. *See* also Service was proper when the documents were left on the hood a vehicle. *Perry Design & Builds, P.C. v. J. Paul Builders, LLC,* 2025 WL 3718329 (D.Md., Dec. 23, 2025)(deciding service was proper by delivering the documents on the hood of the party's car at the home where the party resided); Personal service need not be face to face or hand to hand." *Villanova v. Solow*, No. Civ. A. 97–6684, 1998 WL 643686, at *2 (E.D.Pa. Sept.18, 1998) (deciding that personal service was effective where the defendant refused to open the door of his dwelling and the process server put the papers through the mail slot in the front door); *Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C. Cir.1983) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person."). Additionally, Defendants Karan Salas, Pace William Johnson, and Stacy Roberts Johnson are receiving electronic notification of filings in this case. *See* Docket Nos. 92, 106, 109. Therefore, they have received a copy of docket no. 190 and did not oppose it.