**THE UNITED STATE DISTRICT COURT**

**STATE OF UTAH**

| | |
|---|---|
| **MAX WARREN BARBER,** | **RULING & ORDER** |
| **Plaintiff,** | |
| | **Case No.  2:25-cv-00681** |
| **vs.** | |
| | **District Court Judge Howard C. Nielson Jr.** |
| **DAVID KNUDSON, et. al.,** | |
| **Defendants.** | **Magistrate Judge Dustin B. Pead** |

This case is referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).[1] Currently pending is: (1) Defendant Jared L Anderson ("Anderson") Motion to Disqualify Non-Attorney Plaintiff Max Warren Barber ("Mr. Barber") From Representing Plaintiff MSB Trust;[2] (2)  Defendants David Knudson, Gravity Capital LLC, Gravity Segregation LLC, and Gravity Segregation II LLC (collectively "Gravity Defendants") Motion In Support Of Defendant Anderson's Motion to Disqualify;[3] and (3) Mr. Barber's Motion For Leave to File

---

[1] ECF No. 15, Order Referring Case.

[2] ECF No. 122, Defendant Anderson's Motion to Disqualify Non-Attorney Max Warren Barber From Representing Plaintiff MSB Trust And To Strike All Pleadings Asserting Rights On Behalf Of The MSB Trust Filed By A Non Attorney.

[3] ECF No. 148, Gravity Defendants' David Knudson, Gravity Segregation LLC, Gravity Capital LLC, and Gravity Segregation II LLC Memorandum In Support Of Defendant Jared L. Anderson's Motion To Disqualify Non-Attorney Max Warren Barber From Representing Plaintiff MSB Trust And To Strike All Pleadings Asserting Rights On Behalf Of The MSB Trust. Filed By A Non-Attorney.

Sur-Reply to Anderson's Motion.[4] For the reasons set forth herein, the court now rules as follows.

## BACKGROUND

Plaintiff Max Warren Barber ("Mr. Barber") initiated this action in federal court, individually and as Trustee of the MSB Trust, on August 15, 2025.[5] Plaintiff asserts federal question jurisdiction under 28 U.S.C. §1331.[6] Mr. Barber filed his First Amended Complaint on September 17, 2025.[7]

## DISCUSSION

### As A Non-Attorney Mr. Barber Can Not Represent Plaintiff MSB Trust

Throughout his pleading and other filings on the docket, Mr. Barber characterizes the MSB Trust as a separate legal entity.[8] On July 29, 2025, the MSB Trust filed a Domestic Business Trust-Certificate of Registration with the State of Utah, identifying itself as a domestic

---

[4] ECF No. 178, Mr. Barber's Motion For Leave To File Sur-Reply To ECF No. 153.

[5] ECF No. 1, Complaint.

[6] ECF No. 1 at ¶11, Complaint; 28 U.S.C. § 1331 (federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.").

[7] ECF No. 17, Amended Complaint.

[8] ECF No. 17 at ¶ 16 ("the MSB Trust, [ ] holds legal title to the Properties."); ECF No. 116 ("The MSB Trust's July 8, 2025 filing (Case No. 25-23863) was an independent action by a separate legal entity."); *Id.* ("The Trust is a separate legal entity that filed its own independent petition."); *Id.* ("The Trust is a separate legal entity with its own automatic stay rights."); *Id.* ("These properties are covered by the automatic stay in the case [MSB Trust, Case No. 25-23863").

business trust and stating its purpose as "Business Investment, Commercial Real Estate Investment and Management for Profit."[9]

Pursuant to local rule DUCivR 83-1.3(c) "[a] corporation, association, partnership or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1."[10] Despite Mr. Barber's claims to the contrary,[11] none of which the court is persuaded by, the MSB Trust, as a separate legal entity, may only act through a licensed attorney.[12] Mr. Barber does not represent that he is a licensed attorney and he has not entered a Notice of Appearance with this court. As a result, Mr. Barber may not represent or submit filings on behalf of the MSB Trust and any pleadings he has already filed on MSB Trust's behalf must be stricken. Accordingly, Defendant Anderson and Gravity Defendants' Motions to Disqualify and Strike are GRANTED.[13] Mr. Barber's Motion to File A Sur-Reply is DENIED.[14]

---

[9] ECF No. 122-1, Domestic Business Trust- Certificate of Registration.

[10] DUCivR 83-1.3(c).

[11] ECF No. 138, Max. Barber's Memorandum In Opposition to Defendant Anderson's Motion to Strike.

[12] *United States v Lain,* 773 Fed. Appx. 476, 477 (10th Cir. 2019) ("Trust are artificial entities that exist independently of their trustee or trustees" and therefore "if the trustee is not a licensed attorney, he or she cannot represent the trust.") (citations omitted) (unpublished); *Klein v. Scogin,* 2012 U.S. Dist. LEXIS 163312, at *2 (D. Utah Oct. 10, 2012) (a trust may only act through a licensed attorney), *Report and Recommendation adopted,  Klein v. Scogin,* 2012 U.S. Dist. LEXIS 162224 (D. Utah Nov. 13, 2012); *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Alpha Land Company v. Little,* 238 F.R.D. 497 (E.D. Cal. 2006) ("[A] trust can only be represented by an attorney in federal court."); *see also* DUCivR 83-1.3, Attorneys Appearance.

[13] ECF No. 122; ECF No. 148.

[14] ECF No. 178.

4

**IT IS SO ORDERED**.

DATED: this 19th day of March, 2026.

BY THE COURT

_____

DUSTIN B. PEAD
Magistrate Judge
United States District Court