FILED
2026 MAR 20 PM 3:21
CLERK
U.S. DISTRICT COURT

MAX WARREN BARBER
Pro Se Plaintiff
4643-4645 South Highland Drive
Salt Lake City Utah 84117
801 518 1821
23blackbee@gmail.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust<br><br>Plaintiff,<br><br>v.<br><br>DAVID L KNUDSON, et al.,<br><br>Defendants | **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND ORDER (ECF 204) AND REQUEST FOR STAY PENDING DE NOVO REVIEW**<br><br>**Case No**: **2:25-cv-00681-HCN-DBP**<br><br>**District Judge:** Howard C. Nielson, Jr.<br>**Magistrate Judge:** Dustin B. Pead |

Plaintiff Max Warren Barber ("Plaintiff"), appearing *pro se,* respectfully objects to Magistrate Judge Pead's Ruling and Order (ECF 204) pursuant to 28 U.S.C. Section 636(b)(1) and Federal Rule of Civil Procedure 72(b). Plaintiff requests de novo review by this Court.

### **INTRODUCTION**

ECF 204 resolves a first-impression question – whether a sole trustee who is also the sole beneficiary may proceed pro se – without addressing the seven legal arguments Plaintiff presented in opposition (ECF 139), without providing the mandatory cure opportunity required

1

by Federal Rule of Civil Procedure 17(a)(3), and without considering the persuasive authority Plaintiff cited in support.

The order rests on a categorical rule -- that "artificial entities" must be represented by counsel under DUCivR 83-1.3(c)—applied without examining whether a trust with a sole trustee who is also the sole beneficiary qualifies as an "artificial entity" at all.

Nor did the order consider that Defendants' own documents establish Plaintiff's dual capacity. The March 2022 Business Loan Agreement defines Plaintiff separately as a "Guarantor" in his individual capacity, distinct from the Trust as "Borrower." ECF 1-10, PageID.102. The June 11, 2025 Stipulation identifies Plaintiff as "Co-Debtor, Max Warren Barber" individually, separate from the Trust as "Debtor." ECF 1-2, PageID.30. Plaintiff also executed a separate individual signature line on the loan documents. ECF 1-10, PageID.113.

These are Defendants' own instruments — they created Plaintiff's individual liability, and they cannot now claim all claims belong exclusively to the Trust. No published Tenth Circuit decision has extended the entity-representation bar to this configuration. This is a first-impression question that warrants de novo review by an Article III judge.

Plaintiff raises two independent grounds for reversal, either of which independently requires that ECF 204 be overruled.

### PROCEDURAL BACKGROUND

On August 15, 2025, Plaintiff initiated this action "individually and as Sole Trustee of the MSB Trust." ECF 1. The First Amended Complaint (ECF 17) asserts seventeen causes of action – including federal RICO claims, Sherman Act violations, TILA claims, and multiple state-law

torts – arising from a coordinated scheme to strip Plaintiff of more than $3.1 million in real property equity.

On or about January 5, 2026, Defendant Anderson filed a motion to disqualify Plaintiff from representing the MSB Trust and to strike all Trust pleadings. ECF 122. On January 28, 2026, the Gravity Defendants filed a joinder. ECF 148. On January 20, 2026, Plaintiff filed a fourteen-page opposition presenting seven independent legal arguments against disqualification. ECF 139.

On March 19, 2026, the Magistrate Judge entered ECF 204 -- a five-page order granting the motion to disqualify, striking all Trust pleadings, and denying Plaintiff's motion for leave to file a sur-reply (ECF 178). The order cites four cases — one unpublished and non-precedential, two from district courts, and one that is distinguishable — but does not address any of Plaintiff's seven arguments from ECF 139. It states only that the court was "not persuaded" by Plaintiff's claims. ECF 204, PageID.3073.

The order simultaneously denied Plaintiff's motion for leave to file a sur-reply (ECF 178), which would have addressed five categories of new arguments and new evidence that Anderson raised for the first time in his reply brief (ECF 153) – including the Utah Code Section 75B-2-402 statutory argument and a new factual claim about a co-trustee. Plaintiff was thus unable to respond to Anderson's new arguments, and the original arguments from ECF 139 were not addressed in the order.

## STANDARD OF REVIEW

This matter was referred to the Magistrate Judge under 28 U.S.C. Section 636(b)(1)(B). ECF 204, PageID.3071. Under that provision, a magistrate judge "shall file his proposed findings and recommendations" for dispositive matters. 28 U.S.C. Section 636(b)(1)(B). The district judge must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. Section 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

As set forth in Objection I below, ECF 204 is dispositive and subject to de novo review. Even if this Court determines that the order is nondispositive, it must be set aside if "clearly erroneous or contrary to law." 28 U.S.C. Section 636(b)(1)(A); Fed. R. Civ. P. 72(a). ECF 204 is contrary to law because it failed to apply the mandatory cure provision of Rule 17(a)(3), rests on non-precedential authority, and ignores binding and persuasive authority supporting the sole trustee/sole beneficiary exception. The result is the same under either standard.

Pro se filings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## OBJECTIONS

**I. The Magistrate Judge Exceeded His Statutory and Constitutional Authority by Entering a Final Order on a Dispositive Matter**

ECF 204 identifies its own jurisdictional basis as a referral under "28 U.S.C. Section 636(b)(1)(B)." ECF 204, PageID.3071. That provision governs dispositive pretrial matters.

4

Under Section 636(b)(1)(B), a magistrate judge may only "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court." 28 U.S.C. Section 636(b)(1)(B) (emphasis added).

This Court's own referral order confirms this limitation. ECF 15 refers the case to the Magistrate Judge "under 28:636(b)(1)(B), Magistrate Judge to handle case up to and including R&R on all dispositive matters." (emphasis added). The referral expressly caps the Magistrate Judge's authority at issuing Reports and Recommendations — not final orders.

Yet ECF 204 is styled as "RULING & ORDER" and concludes "IT IS SO ORDERED" -- the format of a final order, not a Report and Recommendation. ECF 204, PageID.3071, 3074. This format is inconsistent with the scope of authority set forth in ECF 15.

The Tenth Circuit has held that "magistrates are not Article III judicial officers" and their authority is "limited by the Constitution." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-63 (10th Cir. 1988). Most recently, in *Quint v. Vail Resorts*, 89 F.4th 803, 808 (10th Cir. 2023), the Tenth Circuit confirmed that motions with "an identical effect" to the dispositive motions listed in Section 636(b)(1)(A) must be treated as dispositive, and that "a dismissal of claims with prejudice ... constitutes the involuntary dismissal of an action." *Quint*, 89 F.4th at 808-09 (quoting *Ocelot Oil*, 847 F.2d at 1462-63). "The Constitution requires that Article III judges exercise final decisionmaking authority." *Id.* at 809.

ECF 204, PageID.3073 strikes all pleadings filed on the MSB Trust's behalf. This is the functional equivalent of an involuntary dismissal of all Trust claims — a categorically dispositive act. The Magistrate Judge's own referral classification confirms this is a dispositive matter requiring only proposed findings and recommendations, not a final order.

ECF 204 must be treated as an R&R, and this Court must conduct de novo review under 28 U.S.C. Section 636(b)(1)(C).

## II. The Order Fails on Five Independent Substantive Grounds

Even treating ECF 204 as a Report and Recommendation subject to de novo review, the order should be overruled on any of the following five independently sufficient grounds.

## A. The Court Struck All Trust Pleadings Without Providing the Mandatory Cure Opportunity Required by Rule 17(a)(3)

Federal Rule of Civil Procedure 17(a)(3) provides: "The court *may not dismiss* an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." (emphasis added).

The Tenth Circuit has interpreted this mandatory language to mean exactly what it says. In *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004), the court reversed a dismissal where the district court refused to allow substitution, emphasizing that Rule 17(a) should "not be applied in an overly formalistic manner." In *Scheufler v. General Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997), the court held that Rule 17(a) "is designed to prevent forfeiture." In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), the court held that dismissal is an "extreme sanction" that should not be imposed without considering less drastic alternatives.

ECF 204, PageID.3073 strikes all Trust pleadings without providing any cure opportunity. The order does not mention Rule 17(a)(3). No time was allowed for Plaintiff to retain counsel for the Trust, amend the complaint to proceed in individual capacity, or seek substitution as the real party in interest.

Each of these alternatives was available and would have preserved the claims on the merits. The mandatory "may not dismiss" language of Rule 17(a)(3) compels a different result. Plaintiff raised this argument in ECF 139 at Section VII, PageID.2122, citing *Scheufler*, 126 F.3d at 1270. The order does not address it.

Even if this Court characterizes the defect as one of "capacity" under Rule 17(b) rather than "real party in interest" under Rule 17(a), the result is the same. The *Ehrenhaus* framework applies to both: dismissal — or its functional equivalent, striking all pleadings — is an "extreme sanction" that requires the court to consider less drastic alternatives before imposing it. 965 F.2d at 920. The court never considered any alternative.

**B. The Sole Trustee/Sole Beneficiary Exception Applies -- A First-Impression Question the Magistrate Judge Never Analyzed**

The entity-representation rule exists for a specific reason: to protect third-party beneficiaries, creditors, and adversaries from the unauthorized practice of law. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). Where a natural person is both the sole trustee and the sole beneficiary, that rationale disappears entirely. There are no "others" being represented. The sole trustee is protecting his own personal interest.

No published Tenth Circuit decision has applied the entity-representation bar to a sole trustee who is also the sole beneficiary. This is a first-impression issue in this Circuit. Plaintiff raised this argument in ECF 139 at Section III, PageID.2116, citing *Rowland* and *Aulisio*. The order does not address it.

Persuasive authority supports Plaintiff's position. In *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), the Second Circuit permitted pro se prosecution where the litigant was "the

sole beneficiary entitled to recovery," because "plaintiff's own interest [was] being litigated." In *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1519-20, 179 Cal. Rptr. 3d 408 (2014), the court held that "a sole trustee of a revocable living trust who is also the sole settlor and beneficiary ... does not appear in court proceedings concerning the trust in a representative capacity."

The purpose of the entity-representation bar is to prevent harm to third parties who might suffer from incompetent non-attorney representation. *See Rowland*, 506 U.S. at 202-03. When there is only one person -- who serves as sole trustee and sole beneficiary -- there are no third parties to protect. Requiring Plaintiff to hire an attorney to "represent" himself before himself serves no purpose other than imposing a financial barrier to access to the courts. *Cf.* 28 U.S.C. Section 1654 (securing the right of "parties" to "plead and conduct their own cases personally").

Plaintiff acknowledges that the Second Circuit declined to create a sole-owner exception for LLCs in *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). But *Lattanzio* is distinguishable on two grounds. First, an LLC is a statutory entity with independent legal existence created by state filing – a trust is a fiduciary relationship governed by its declaration. Second, the LLC form creates a liability shield that separates the owner's personal assets from entity creditors, justifying mandatory counsel to protect those creditors. A trust with a sole trustee/sole beneficiary has no such third-party creditors whose interests require protection. *Iannaccone* — from the same circuit — recognized this distinction when it permitted pro se prosecution by a sole beneficiary. 142 F.3d at 558. The two holdings are reconcilable: entity type matters.

The Ninth Circuit has articulated the governing test. In *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987), the court held that a trustee may not proceed pro se

unless he is "the actual beneficial owner of the claims being asserted." The court denied pro se status there because the trustee was "two steps removed from the real parties in interest" and had no personal beneficial stake. *Id.* at 697. A district court within the Tenth Circuit has applied this same test. In *Amoco Production Co. v. Aspen Group*, 25 F. Supp. 2d 1162, 1167 (D. Colo. 1998), the court struck the trustees' pro se filing specifically because they admitted they "do not have 'any beneficial interest'" in the trust. *Id.* Here, Plaintiff is the sole trustee and the sole beneficiary – he holds 100% of the beneficial interest. Under the *Pope* beneficial-owner test, Plaintiff satisfies the standard that both the *Pope* and *Amoco* trustees failed.

ECF 204 never addresses any of these distinctions. The order cites *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) — but *Harrison* involved a multi-member LLC, not a sole-owner trust. The order cites *United States v. Lain*, 773 Fed. Appx. 476 (10th Cir. 2019) — but *Lain* is unpublished and non-precedential under 10th Cir. R. 32.1(A). Neither case addresses the sole trustee/sole beneficiary configuration. The order does not cite, distinguish, or acknowledge *Aulisio*, *Pope*, or *Rowland* – all of which Plaintiff cited in his opposition (ECF 139) – nor does it address *Iannacone,* which Plaintiff cited in the sur-reply ( ECF 178-1) that the order simultaneously denied, or *Lattanzio*, the leading Second Circuit authority distinguishing trusts from LLCs.

A first-impression question deserves de novo consideration by the District Judge.

## C. The MSB Trust Is a Business Trust Excluded From the Utah Trust Code, and Defendants' Own Counsel Has Admitted This

The MSB Trust is registered as a Domestic Business Trust with the State of Utah. ECF 122-1, PageID.2019. Under Utah Code Section 75B-1-101(38)(b)(vii), business trusts "providing

for certificates to be issued to beneficiaries" are expressly excluded from the definition of "trust" under the Utah Uniform Trust Code.

Defendant Anderson has judicially admitted this classification. In ECF 161 at PageID.2445, opposing counsel characterized the MSB Trust as an "irrevocable business trust." Having obtained this Court's consideration of the disqualification motion on the basis that the MSB Trust is a business trust, Defendants cannot escape the statutory consequences of that classification. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (judicial estoppel prevents a party from assuming inconsistent positions in the same litigation). Plaintiff raised the estoppel argument in ECF 139 at Section IV, PageID.2118. The order does not address it.

Because the MSB Trust is excluded from the UTC, it is governed by its own declaration and common law. Utah Code Section 16-15-110. Under the Trust's declaration, Plaintiff is the sole trustee and sole beneficiary. The Trust's registration as a business trust providing for transferable certificates confirms it falls within the statutory exclusion.

This exclusion is dispositive. Plaintiff's sur-reply (ECF 178-1, PageID.2792) identified this statutory conflict when Anderson raised Utah Code Section 75B-2-402 for the first time in his reply brief (ECF 153). In ECF 153 at PageID.2233, Defendant Anderson cited Utah Code Section 75B-2-402 — a UTC provision — as the statutory basis for barring a sole trustee from also serving as sole beneficiary. But the UTC does not apply to the MSB Trust. Anderson's own characterization of the Trust as an "irrevocable business trust" (ECF 161, PageID.2445) confirms the classification that triggers the exclusion. Anderson cannot invoke a statute that, by its own terms, does not govern this Trust.

Moreover, the MSB Trust was originally created on December 12, 2017 as a family trust. ECF 88-13, PageID.1643 (identifying the borrowers as "Max W. Barber and Sara G. Navarra, Trustees of the MSB Trust dated December 12, 2017"). The Domestic Business Trust registration that ECF 204 relied upon was not filed until July 29, 2025 — seven days after the July 22 foreclosure sale that gives rise to this action. ECF 122-1, PageID.2019. A post-hoc registration cannot retroactively transform the Trust's character at the time the claims arose. Plaintiff raised this argument in ECF 139 at Section II, PageID.2116. The Order does not address it.

But even accepting the business trust classification, as shown above, it triggers the UTC exclusion that destroys Anderson's statutory argument.

DUCivR 83-1.3(c) requires attorney representation for "a corporation, association, partnership, or other artificial entity." The rule does not list "trust." Under the canon of *ejusdem generis*, "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001). The catch-all phrase "other artificial entity" should therefore be limited to entities of the same kind as those enumerated -- statutory business entities with independent legal existence and multiple stakeholders. A business trust governed by its declaration and common law, with a sole trustee who is also the sole beneficiary, does not fit this category.

**D. Plaintiff's Individual Claims Are Unaffected and Must Be Expressly Preserved**

ECF 204 orders that "any pleadings [Plaintiff] has already filed on MSB Trust's behalf must be stricken." ECF 204, PageID.3073. But Plaintiff filed this action "individually and as

Sole Trustee of the MSB Trust." ECF 17, Caption. The individual and Trust capacities are distinct.

The March 2022 Business Loan Agreement expressly distinguishes between the Trust and Plaintiff individually. The Agreement defines "Max W. Barber and Sara G. Navarra, Trustees of the MSB Trust dated December 12, 2017" as the "Borrower" and "Max W. Barber" separately as a "Guarantor," and designates both "together with the Borrowers" as "Obligors" who are "jointly and severally" liable. ECF 1-10, PageID.102. Plaintiff also executed a separate individual signature line. ECF 1-10, PageID.113. The loan documents themselves establish that Plaintiff is individually bound as a Guarantor -- creating personal liability and individual standing independent of the Trust. The June 11 Stipulation forming the basis of Count I was entered in Plaintiff's Chapter 13 bankruptcy (Case No. 25-21749).

The Stipulation expressly identifies Plaintiff as "Co-Debtor, Max Warren Barber" in his individual capacity, separate from the Trust as "Debtor." ECF 1-2, PageID.30.

Plaintiff is individually bound by and has individual standing to enforce the Stipulation. And the personal injuries alleged — forcible entry into Plaintiff's family home, emotional distress to Plaintiff, interference with Plaintiff's individual sale contracts —belong to Plaintiff alone, not to any trust.

Of the seventeen counts in the First Amended Complaint, at least fifteen are assertable by Plaintiff in his individual capacity:

1. The Truth in Lending Act claim (Count VII) and FDCPA claim (Count VIII) protect Plaintiff as the individual consumer who signed the loan documents in his personal

capacity and was the individual target of unlawful debt collection. ECF 1-10, PageID.113; ECF 17 at paragraphs 38-39, 94-96.

2. The RICO claims (Counts IV, V) allege injury to Plaintiff's individual "business and property" under 18 U.S.C. Section 1964(c).

3. The Sherman Act claim (Count VI) alleges direct antitrust injury to Plaintiff.

4. The personal torts -- IIED (Count XIV), trespass (Count XVI), abuse of process (Count XIII) -- are exclusively individual claims. A trust cannot suffer emotional distress, be trespassed upon, or be the target of process abuse.

5. Tortious interference (Count XV) is based on Plaintiff's individual contracts for the $3.3 million sale.

Even if this Court upholds the disqualification, the order must expressly preserve all of Plaintiff's individual claims under 28 U.S.C. Section 1654. The current order contains no such carve-out, creating ambiguity that Defendants will exploit in connection with their pending motions to dismiss (ECF 71, ECF 88). Plaintiff raised the individual claims argument in ECF 139 at Section V, PageID.2120. The order does not address it.

**E. The Order's Primary Authority Is Unpublished, Non-Precedential, and Unverifiable**

ECF 204, PageID.3073 relies principally on *United States v. Lain*, 773 Fed. Appx. 476, 477 (10th Cir. 2019). Under 10th Cir. R. 32.1(A), unpublished opinions "are not precedential" and "may be cited for their persuasive value" only. A dispositive ruling that strips a pro se litigant of all trust claims should not rest on non-binding authority – particularly when the litigant presented seven arguments supported by published authority– including binding Supreme Court and Tenth Circuit precedent– that the order never addresses.

13

The remaining authorities cited in ECF 204, PageID.3073 -- *Klein v. Scogin*, 2012 U.S. Dist. LEXIS 163312 (D. Utah Oct. 10, 2012), and *Alpha Land Company v. Little*, 238 F.R.D. 497 (E.D. Cal. 2006) – are non-binding district court opinions. None addresses the sole trustee/sole beneficiary scenario.

## III. Concession

Defendants are correct that the MSB Trust filed a Certificate of Registration with the State of Utah as a business trust. This registration does not, however, transform the Trust into an "artificial entity" within the meaning of DUCivR 83-1.3(c). A business trust remains a fiduciary relationship governed by its declaration and common lawn — not a statutory entity with independent legal personality like a corporation, partnership, or LLC. Regardless, this concession does not affect the dispositive questions before the Court: whether the sole trustee/sole beneficiary exception applies, whether Rule 17(a)(3) required the court to provide a cure opportunity, and whether Plaintiff's individual claims survive.

## REQUEST FOR INTERIM RELIEF

A. The Order Has No Present Legal Effect. Because ECF 204 was entered under a Section 636(b)(1)(B) referral, it constitutes, at most, a proposed recommendation subject to this Court's de novo determination under Section 636(b)(1)(C). Until this Court rules on Plaintiff's objections, the order should be treated as an R&R with no independent legal force. *Ocelot Oil Corp.*, 847 F.2d at 1461-63.

B. In the Alternative, Plaintiff Requests a Stay of the Striking of Trust Pleadings. Should this Court treat ECF 204 as a presently operative order, Plaintiff respectfully requests that the

14

striking of Trust pleadings be stayed pending de novo review. Plaintiff does not seek a stay of the case itself — only preservation of the status quo regarding the pleadings until this Court resolves these objections. The relevant factors weigh in Plaintiff's favor:

*Likelihood of success on the merits:* Plaintiff has raised substantial questions -- including a first-impression issue in the Tenth Circuit, a mandatory-cure provision the order never addressed, and a statutory exclusion Defendants' counsel has conceded − warranting de novo review.

*Irreparable harm:* If the Trust pleadings are treated as stricken during the pendency of this objection, Defendants will seek to leverage the narrowed complaint in connection with their pending motions to dismiss (ECF 71, ECF 88). Lost legal positions cannot be remedied by damages.

*No harm to Defendants:* Maintaining the status quo during the brief period required for de novo review imposes no burden on Defendants.

*Public interest:* The public interest favors resolution on the merits, not on procedural technicalities. *Esposito*, 368 F.3d at 1276.

## CONCLUSION

Plaintiff respectfully requests that this Court:

1. Treat ECF 204 as a Report and Recommendation and conduct de novo review under 28 U.S.C. Section 636(b)(1)(C);

2. Overrule ECF 204 and deny Defendants' motions to disqualify (ECF 122, ECF 148);

15

3. In the alternative, if this Court upholds the disqualification of Plaintiff from representing the MSB Trust, provide Plaintiff forty-five (45) days under Rule 17(a)(3) to cure -- either by retaining counsel for the Trust, amending the complaint to proceed in individual capacity, or substituting as the real party in interest;

4. Expressly preserve all of Plaintiff's individual claims regardless of the outcome on Trust representation;

5. Stay the striking of Trust pleadings under ECF 204 pending this Court's de novo review; and

6. Grant leave to file the sur-reply (ECF 178) that was denied by ECF 204, so that the Court may consider Plaintiff's response to the new arguments and evidence Defendant Anderson raised for the first time in his reply brief (ECF 153); and

7. Grant such other and further relief as this Court deems just and proper.

Plaintiff respectfully preserves all arguments raised herein and in his prior filings (ECF 139, ECF 172, ECF 178) for appellate review in the event this Court declines to grant relief. Plaintiff requests a written ruling on these objections.

DATED this 20th day of March, 2026.                    Respectfully submitted,

*/s/ Max Warren Barber*
MAX WARREN BARBER

16

## WORD COUNT CERTIFICATION

Pursuant to DUCivR 7-1(b)(2), I certify that the foregoing memorandum contains approximately 4100  words, excluding the caption, signature block, certificates, and table of contents.

*/s/ Max Warren Barber*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2026, I caused the foregoing **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND ORDER (ECF 204) AND REQUEST FOR STAY PENDING DE NOVO REVIEW**to be served via the Court's CM/ECF system on all counsel of record and via email on all pro se parties registered for electronic notification.

| | | |
|---|---|---|
| **Steven R. Skirvin** | &#124; | **Gary R. Guelker** |
| **steve@srslawpc.com** | &#124; | **gguelker@rlattorneys.com** |
| *Counsel of Gravity Defendants* | &#124; | *Counsel of Jeremy Shorts & David Gardner* |
| | &#124; | |
| **Andrew R. Welch** | &#124; | |
| (**andrew.welch@lewisbrisbois.com**) | &#124; | |
| *Counsel of Jared L. Anderson* | | |
| **Adrian Isaac Johnson:** | &#124; | **Dastan M. D'O:** |
| adrian.isaac.johnson@gmail.com | &#124; | D_0001@icloud.com |
| **Karen Salas:** | &#124; | **Stacy Roberts Johnson** |
| Karensalasutah@gmail.com | &#124; | stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:** | &#124; | **Taytum Jorgensen** |
| stephanie.anne.strasnick@gmail.com&#124; | &#124; | taytumannjorge@gmail.com |
| **Pace William Johnson** | &#124; | **Jamis Melwood Johnson** |
| pace@pacejohnson.com | &#124; | jamis@pacejohnson |
| Jamisjohnson@gmail.com | &#124; | |

## VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

**CR TRUE LLC**
℅ Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

**1028 S. 1900 E. LLC**
℅ Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

*/s/ Max Warren Barber*

18