**RESNICK & LOUIS, P.C.**
GARY R. GUELKER (8474)
DAVID M. BERNSTEIN (8301)
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Telephone: 801.960.3655
Facsimile: 801.877.8576
gguelker@rlattorneys.com
dbernstein@rlattorneys.com
*Attorneys for Defendants Jeremy Shorts and David Gardner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole Trustee of the MSB TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, an individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, an individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, individual; JARED L. ANDERSON, individual; DASTAN M. D'O, an individual; DAVID GARDNER, an individual; JEREMY SHORTS, an individual; GRAVITY CAPITAL, LLC, a Utah limited liability company, GRAVITY FUNDING, LLC, a Utah limited liability company; GRAVITY SEGREGATION, LLC, a Utah limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company;1028 S 1900 E LLC, a Utah limited liability company; CR TRUE FLC, a Utah limited liability company and DOES 1-10<br>Defendants. | **DEFENDANTS JEREMY SHORTS AND DAVID GARDNER'S MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00681-HCN<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

## TABLE OF CONTENTS

**RELIEF REQUESTED AND GROUNDS FOR RELIEF** ........ **3**

**MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES** ........ **4**

**STANDARD OF REVIEW** ........ **9**

I. LEGAL STANDARD ........ 10

*A. Rule 12(b)(6)* ........ *10*

*B. Rule 12(b)(1)* ........ *11*

**ARGUMENT** ........ **11**

II. PLAINTIFF'S CLAIMS ARE BARRED BY THE JUDICIAL PROCEEDINGS PRIVILEGE... 11

III. THIS COURT SHOULD ABSTAIN UNDER THE YOUNGER DOCTRINE BECAUSE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS SHORTS AND GARDNER (AND THOSE ASSERTED AGAINST ALL DEFENDANTS THAT ARISE FROM THE SAME CONDUCT) DIRECTLY ATTACK THEIR CONDUCT IN A STATE COURT EVICTION PROCEEDING AND WOULD INTERFERE WITH IMPORTANT STATE JUDICIAL FUNCTIONS. ........ 13

*A. Plaintiff's Claims Implicate State Judicial Proceedings That Would Be Directly Interfered With* ........ *15*

*B. Plaintiff Had an Adequate Opportunity to Raise His Federal Claims in the State Proceedings* *15*

*C. No Exceptions to Younger Abstention Apply* ........ *16*

IV. ALTERNATIVELY, THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE ROOKER-FELDMAN DOCTRINE ........ 16

V. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS SHORTS AND GARDNER ARE ALSO BARRED BY RES JUDICATA ........ 17

VI. COUNTS IV, V, VIII, XI, XII, XV AND XVII CONSTITUTE IMPROPER COLLECTIVE PLEADING AND DO NOT GIVE SHORTS AND GARDNER FAIR NOTICE OF THE GROUNDS UPON WHICH THEY REST ........ 19

VII. ALL REMAINING CLAIMS FAIL AS A MATTER OF LAW ........ 20

VIII. INCORPORATION OF CO-DEFENDANTS' ARGUMENTS. ........ 21

IX. THE COURT SHOULD AWARD MOVING DEFENDANTS THEIR ATTORNEY FEES AND COSTS ASSOCIATED WITH THIS ACTION. ........ 22

**CONCLUSION** ........ **22**

Pursuant to D.U. Civ. R. 7-1 and Rules 7, 8, & 12 of the Federal Rules of Civil Procedure, Defendants Jeremy Shorts and David Gardner (collectively "Shorts and Gardner" or, alternatively, "Moving Defendants"), through their undersigned counsel, move to dismiss all claims that Plaintiff, Max Warren Barber, individually and as Trustee of the MSB Trust ("Plaintiff") asserts against them in the First Amended Complaint ("FAC"). Shorts and Gardner move to dismiss the FAC under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief and, in the alternative, under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. This Motion relies on the following Memorandum of Points and Authorities, the FAC, the Moving Defendants' Answers, all pleadings filed with the Court in this case, judicially noticeable facts from the related state court eviction proceeding (Third Judicial District Court Case No. 250906343 EV, hereinafter the "Eviction Suit"), and such other matters as the Court may properly consider.

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

The Moving Defendants seek dismissal of the federal claims and state law claims alleged against them, with prejudice. Specifically, Shorts and Gardner move to dismiss with prejudice all claims asserted against them in Plaintiff's First Amended Complaint for Injunctive and Other Relief (the "FAC") under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff's FAC fails as a matter of law because (1) the subject Properties (defined infra), which gave rise to the Moving Defendants' representation of their client in the underlying Eviction Suit, never formed part of the bankruptcy estate; (2) a recorded in rem stay-relief order and binding stipulations authorized the foreclosure and Trustee's Deeds; (3) each count asserted against Shorts and Gardner either rests exclusively on the failed premise of a wrongful foreclosure or lacks the required elements and fair notice pleading; (4) the federal Younger Abstention Doctrine applies to this case and mandates dismissal of Plaintiff's FAC; (5) the Judicial Proceedings Privilege, under applicable

substantive Utah law, requires dismissal of Plaintiff's claims against the Moving Defendants; and (6) the doctrine of Res Judicata mandates dismissal of Plaintiff's claims in the FAC as a matter of law. These grounds, in conjunction with the facts and legal arguments set forth in Co-Defendants Jared Anderson and Gravity Capital, LLC's respective motions to dismiss filed herein, mandate dismissal of this case.

## MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's FAC alleges a convoluted scheme of predatory lending, fraud, and violations of federal bankruptcy law related to two properties (the "Properties") that Plaintiff owned through the MSB Trust. The FAC identifies the Moving Defendants solely as Utah-resident attorneys who allegedly "furthered the wrongful state court proceedings" (FAC ¶¶ 27-28). The FAC attributes no specific acts to them beyond this vague description and their inclusion in a purported "Legal Arm" of an alleged enterprise, which allegedly provides general "legal support" and forms "shell entities" (FAC ¶ 33(c)).

However, Moving Defendants were not involved in the underlying loan, bankruptcy proceedings, or foreclosure process, and limited their involvement to post-foreclosure representation of their client, 1028 S 1900 E, LLC ("1028 LLC") in the Eviction Suit that Shorts and Gardner filed on behalf of 1028 LLC, on August 1, 2025, to evict Plaintiff from the 1028 LLC Property. The Eviction Suit involved multiple motions, hearings, and rulings. It culminated in Findings of Fact and Conclusions of Law on October 28, 2025, which upheld the underlying July 22, 2025, foreclosure as valid and found no automatic stay violation because the Properties did not form part of the bankruptcy estate (Eviction Suit FOF/COL ¶¶ 13-14, 20, 35-38, 46, 52).

The FAC asserts federal claims (Counts II-V, VII-VIII) and state claims (Counts X-XIII, XV & XVII) against the Moving Defendants, many of which do not involve any allegations against the Moving

Defendants or seek to relitigate issues resolved in the Eviction Suit. As detailed below, the Court should abstain from allowing Plaintiff to relitigate these issue in Federal Court under the Younger abstention doctrine (as to any aspect of the underlying case which remains ongoing), the Rooker-Feldman doctrine (which bars review of state court judgments), and res judicata (which precludes relitigation of the same issues decided in the Eviction Suit). Even if jurisdiction exists, the Plaintiff's claims alleged in the FAC fail for lack of the required pleading specificity. Further, Utah's judicial proceedings privilege provides absolute immunity for the Moving Defendants' litigation conduct in the Eviction Suit. Accordingly, the Court should decline to exercise supplemental jurisdiction over the applicable state law claims and dismiss the FAC in its entirety.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. This matter arises from a foreclosure sale of real properties at 1028 South 1900 East, Salt Lake City, Utah 84108 (the "1028 Property") and 1836 Yale Ave S., Salt Lake City, UT 84108 (the "Yale Ave Property," together the "Properties"). See Declaration of Jared L. Anderson previously filed herein ("Anderson Decl."), ¶¶ 1-3, attached hereto as Exhibit A, and incorporated herein.

2. On March 22, 2022, Trustees of the MSB Trust executed a Promissory Note for up to $1,200,000 in favor of Gravity Capital, LLC, secured by the Properties via a Deed of Trust recorded March 23, 2022, See Exhibit. A, Anderson Decl., ¶¶ 4-5, Ex. "B".

3. The MSB Trust defaulted on the Note, See Ex. A, Anderson Decl., ¶ 6.

4. After substitution of trustee and notice of default in August 2023, notices of trustee's sale were served, with the final notice setting sale for July 22, 2025, See Exhibit A, Anderson Decl., ¶¶ 7-9, Exs. "C"-"E".

5. Mr. Barber filed multiple bankruptcies to delay foreclosure, including April 2, 2025 (Case No. 2:2025bk21749), leading to an In Rem Order on June 11, 2025, granting relief from automatic stay effective July 7, 2025, See Ex. A, Anderson Decl., ¶¶ 10-16, Exs. "F"-"I".

6. On July 8, 2025, MSB Trust filed bankruptcy (Case No. 2:2025bk23863), but Properties were titled in GSE Global LLC, a non-debtor. On July 21, 2025, a warranty deed purported to transfer them to MSB Trust, See Exhibit A, Anderson Decl., ¶¶ 19-21, Exs. "M"-"N".

7. The Properties sold at auction on July 22, 2025, with Trustee's Deeds executed July 23, 2025, See Exhibit A, Anderson Decl., ¶¶ 22-25, Ex. "Q".

**A. Post-Foreclosure Eviction Suit.**

8. On August 1, 2025, 1028 LLC initiated an eviction action against Mr. Barber, seeking to remove him from the 1028 Property. The action was commenced in the Third Judicial District Court, styled *1028 S 1900 E LLC v. Max Barber et al.*, Civil No. 250906343, before the Honorable Richard Daynes (the "Eviction Suit"). A true and correct copy of the Docket in the Eviction Suit is attached hereto as Exhibit "B" and incorporated herein.

9. On September 5, 2025, Plaintiff, Mr. Barber, filed Defendant's Emergency Motion to Stay Enforcement of Judgment and Motion to Set Aside Default Judgment (hearing requested) in the Eviction Suit, See Exhibit B, *at* p. 2 of 7.

10. An occupancy hearing was held on September 19, 2025, that resulted in the court issuing an Amended Order of Restitution Following Hearing wherein Mr. Barber, and the other defendant were ordered to "remove your unsecured and exempt personal property and restore possession of the premises to" 1028 S 1900 E LLC. A true and correct copy of the Amended Order of Restitution is attached hereto Exhibit "C" and incorporated herein.

11. On September 26, 2025, Plaintiff then filed a second motion to stay the reinstated/amended order of restitution, which was denied with the following minute-entry ruling entered on September 29, 2025:

Max Barber and co-defendant Sarah Barber have filed a second motion requesting relief and asserting the exact arguments that were previously briefed and in which oral argument was held on September 19, 2025. Based on the reasons as set forth below, the motion to stay enforcement of the Order of Restitution is Denied.

This Court found in its oral ruling that the bankruptcy court previously granted relief from the Automatic Stay of defendant's original bankruptcy filing in order to allow for the sale of the property at 1028 S 1900 E in Salt Lake City, Utah. The relief from the stay applied to any subsequent or bifurcated bankruptcy petitions. The sale took place and received a trust deed on July 23, 2025. Plaintiff as a bona fide purchaser from the sale of the property has sought possession of the property. While there has been a subsequent bankruptcy filing in the name of the trust which was previously listed as the owner of the property, this newer bankruptcy filing did not change the status of the real property in question or its relief from bankruptcy.

The second bankruptcy filing by the trust did not alter the previous order of relief from the stay or change the status of plaintiff as a bona fide purchaser. Therefore, for the reasons as set forth in the Plaintiff's Opposition to the Notice of Stay, and for the reasons as set forth in the Court's oral ruling on September 19, 2025, this second Motion to Stay Enforcement of the Order of Restitution is hereby Denied.

A true and correct copy of this minute entry is attached hereto as Exhibit "D" and incorporated herein.

12. On September 30, 2025, Plaintiff, Mr. Barber, filed an emergency motion for reconsideration and to quash the amended order of restitution. Exhibit B, p. 2 of 7.

13. An evidentiary hearing was held on October 14, 2025, to consider the emergency motion, which resulted in the following findings, as reflected by contemporaneous minute entry:

4:43 The Court finds no evidence of collusion with regard to the sale. The Court finds no evidence of any unclean hands with regard to the sale.
The Court finds no evidence of notice for the bankruptcy of the purchaser at the sale.
The Court finds that the Plaintiff [1028 LLC] is/was a bona-fide purchaser.

4:46 The Court does not find that the sale was void ab initio.

4:52 The motion to stay is denied.

A true and correct copy of the minutes of this Evidentiary Hearing is attached hereto as Exhibit "E" and incorporated herein.

14. On October 28, 2025, the court in the Eviction Suit entered its Findings of Fact and Conclusions of Law as to the Order Denying Defendant's Emergency Motions […] ("FOF & COL"). A true and correct copy of the FOF & COL is attached hereto as Exhibit "F" and incorporated herein.

15. The court's Findings of Fact and Conclusions of Law made several findings and conclusions with respect to the facts and circumstances surrounding the Subject Bankruptcy, the Property, and the foreclosure, as follows:

16. Title reports for both Properties, Barber's own testimony, and the July 21, 2025, warranty deed from GSE Global, LLC, to MSB Trust, **indisputably show the Properties were not owned by MSB Trust or Barber "as of the commencement" of its bankruptcy case.**

Ex. F, p. 7 of 20, at ¶¶13-19 (emphasis added).

17. The court in the Eviction Suit further ordered, adjudged and decreed that "[t]he transfer of property from GSE Global, LLC to MSB Trust on July 21, 2025, is declared VOID as a fraudulent conveyance." Ex. F. p 5 of 20, at ¶5.

18. The court in the Eviction Suit further ordered, adjudged and decreed that "The foreclosure sale conducted on July 22, 2025, is VALID and ENFORCEABLE." *Id.* at ¶ 3.

19. The court in the Eviction Suit further ordered, adjudged and decreed that "The In Rem Order entered in Bankruptcy Case No. 25-21749 is binding upon MSB Trust and Defendant Max Barber and authorized the foreclosure sale." *Id.* at ¶ 6.

20. The court in the Eviction Suit further ordered, adjudged and decreed that "The

automatic stay in Bankruptcy Case No. 25-23863 had no effect on the foreclosure sale as the property was not property of the bankruptcy estate at the time of filing." *Id.* at ¶ 7.

21. The Eviction Suit is currently pending in the Third Judicial District – Salt Lake County District Court, Salt Lake, State of Utah before Judge Daynes; a status conference has been set for April 2, 2026. Exhibit B, p. 6 of 7.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required, the Rule demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. A claim is facially plausible only when the factual content alleged "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

However, the rule that courts must accept all factual allegations as true is inapplicable to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Further, determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court should first identify and disregard allegations that are conclusory or formulaic, because they "are not entitled to the assumption of truth." *Id.* When the remaining well-pleaded factual

allegations are taken as true, the court must then determine whether those facts "plausibly give rise to an entitlement to relief." *Id.*

## I. LEGAL STANDARD

### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court "accept[s] as true all well-pleaded factual allegations…and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957). It "cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'" *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Rather, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662. 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft, supra*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) is therefore appropriate where, as in this case, the complaint fails to provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Particularly concerning pro se plaintiffs, to "state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). While pleadings for pro se plaintiffs are construed liberally, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Id.*, quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).
In this case, the FAC, is replete with legal conclusions, lacks the required specificity as to Moving Defendants, and is legally deficient for the reasons described below.

**B. Rule 12(b)(1)**

The FAC alleges subject matter jurisdiction based upon federal questions. As shown herein, all Plaintiff's federal claims fail as a matter of law. Therefore, Moving Defendants request this Court decline to exercise supplemental jurisdiction over any surviving state law claims. 28 U.S.C. § 1367(c)(3). Such claims can and should be brought in the pending Eviction Suit.

## ARGUMENT

### II. PLAINTIFF'S CLAIMS ARE BARRED BY THE JUDICIAL PROCEEDINGS PRIVILEGE.

Moving Defendants further respectfully request that this Court dismiss Plaintiff's pro se FAC pursuant to Fed. R. Civ. P. 12(b)(6) as all of Plaintiffs' claims are barred by the judicial proceedings privilege under Utah state law. Defendants Shorts and Gardner were the attorneys of record for 1028 LLC in the underlying Eviction Suit, and they are protected from Plaintiffs' civil claims arising due to their legal representation of their client in this prior lawsuit. Plaintiff's FAC fails to specifically allege any conduct or communications by Shorts and Gardner beyond the scope of their representation of 1028 LLC in the Eviction Suit; therefore, the FAC should be dismissed pursuant to the judicial proceedings privilege established under Utah substantive law. The judicial proceedings privilege protects an attorney

against claims that arise from the attorney's involvement in a judicial proceeding, so long as the attorney's conduct is related to the subject matter of the proceeding. *See, e.g., Price v. Armour*, 949 P.2d 1251, 1256 (Utah 1997) (Affirming that, in Utah, "[t]he general rule is that judges, jurors, witnesses, litigants and counsel involved in a judicial proceeding have an absolute privilege against defamation."). The Utah Supreme Court, in *Moss v. Parr Waddoups Brown Gee & Loveless*, held that "an attorney acting within the law, in a legitimate effort to zealously advance the interests of his client, shall be protected from civil claims arising due to that zealous representation." 2012 UT 42, ¶¶ 35-37, 285 P.3d 1157 (internal citations and quotations omitted). The Court further noted:

> When an attorney takes actions or makes statements in the course of judicial proceedings, it is presumed that an attorney who is acting or communicating in relation to his representation of a client is acting on behalf of that client and for that client's interests. Lawyers necessarily exercise a wide degree of discretion in performing their duties in the course of judicial proceedings, and must be free to pursue the best course charted for their clients without the distraction of a vindictive lawsuit looming on the horizon. As noted by other courts, to hold otherwise would invite attorneys to divide their interest between advocating for their client and protecting themselves from a retributive suit. Thus, *the privilege presumptively attaches to conduct and communications made by attorneys on behalf of their clients in the course of judicial proceedings*.

*Id.*at 36 (internal citations and quotations omitted, emphasis added).

In the present matter, Shorts and Gardner, who had no prior involvement or dealings with any other party related to the underlying loans, bankruptcy proceedings or foreclosure sale, represented their client in the Eviction Suit. The Eviction Suit was successful and resulted in the eviction of Plaintiff from the 1028 Property. Plaintiff's current lawsuit is precisely the type of vindictive lawsuit that the judicial proceedings privilege is intended to protect against. After Plaintiff received the unfavorable ruling, he filed this retributive suit against Shorts and Gardner. However, Plaintiff has identified nothing in his FAC that does not fall within the judicial proceedings privilege. All the Moving Defendant's actions that Plaintiff cited to in the FAC involved Shorts and Gardner's advocacy on behalf of their client.

Therefore, the judicial proceedings privilege attaches to the conduct and communications made by Shorts and Gardner on behalf of 1028 LLC in the course of the underlying judicial proceedings. *E.g., Bennett v. Jones, Waldo, Holbrook & McDonough,*70 P.3d 17, 32, 34 (Utah 2003) (Affirming that the scope of the judicial proceedings privilege is broad and applies to statements during the course of litigation and conduct in connection with the litigation, including the use of the legal process itself.). The public policy behind this privilege is best articulated by the Utah Supreme Court in *Moss*: attorneys Shorts and Gardner needed to be able to zealously advocate for their client "without the distraction of a vindictive lawsuit looming on the horizon." 2012 UT at ¶ 36.

Finally, Plaintiffs' FAC fails to specifically allege any conduct or communications by Shorts and Gardner beyond the scope of their successful representation of client in the Eviction Suit. Specifically, Plaintiff has not identified any action of Shorts and Gardner, or either of them, where they acted outside the scope of 1028 LLC's interests in the Eviction Suit or acted in their own interests. As such, the judicial proceedings privilege bars all of Plaintiff's claims in this case, and Defendants Shorts and Gardner respectfully request that this Court grant their Rule 12(b)(6) motion to dismiss on that basis.

## III. THIS COURT SHOULD ABSTAIN UNDER THE YOUNGER DOCTRINE BECAUSE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS SHORTS AND GARDNER (AND THOSE ASSERTED AGAINST ALL DEFENDANTS THAT ARISE FROM THE SAME CONDUCT) DIRECTLY ATTACK THEIR CONDUCT IN A STATE COURT EVICTION PROCEEDING AND WOULD INTERFERE WITH IMPORTANT STATE JUDICIAL FUNCTIONS.

The Younger abstention doctrine, grounded in principles of equity, comity, and federalism, requires federal courts to refrain from interfering with state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) ("[T]he concept of comity . . . [is] a proper respect for state functions, a recognition

of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."). Although the doctrine originated in the criminal context, the Supreme Court has extended it to certain categories of civil proceedings, including those "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)).

In the Tenth Circuit, abstention is required when three conditions are satisfied: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). All three requirements are met here. Defendants Shorts and Gardner represented their client in filing and successfully litigating the Eviction Suit action against Plaintiff in Utah state court (Case No. 250906343 EV), resulting in a judgment in favor of their client. Plaintiff's federal claims—specifically COUNT XIII (Abuse of Process (Utah Law) against Shorts, Gardner, and others, ¶¶ 106–107, alleging misuse of the state eviction process "for an ulterior purpose" by filing a sworn declaration that "intentionally concealed the bankruptcy stay to deceive the Court") and all claims asserted against "All Defendants" or "Individual Defendants" that arise from the same conduct (including COUNTS II (Declaratory Judgment), III (Willful Violation of the Automatic Stay), IV–V (RICO), VIII (FDCPA), IX (Wrongful Foreclosure), X (Quiet Title), XI (Slander of Title), XII (Civil Conspiracy), XIV–XVI (IIED, Tortious Interference, Trespass), and the declaratory/injunctive relief in the Prayer for Relief, ¶¶ A–D, seeking to declare the July 22, 2025 foreclosure sale and resulting Trustee's Deed "void ab initio" and to quiet title)—arise entirely from Shorts and Gardner's conduct in initiating, prosecuting, and enforcing that state proceeding (including the "sworn declaration that

intentionally concealed the bankruptcy stay," ¶ 62, 107) and seek relief that would interfere with the state court's judgment and orders, regarding in rem property specifically withing the Utah Third District State Court's jurisdiction. Moreover, this case is still active, with a status conference scheduled for April 2, 2026.

### A. Plaintiff's Claims Implicate State Judicial Proceedings That Would Be Directly Interfered With

The state-court Eviction Suit constitutes a civil proceeding directly implicated by Plaintiff's federal claims. Plaintiff's FAC in this Court is, in substance, a collateral attack on Shorts and Gardner's actions in initiating and prosecuting that case, and on the resulting state-court judgment. Federal relief against the prevailing attorneys would necessarily interfere with the state court's adjudication of possessory rights in real property and any related enforcement proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604–*05 (1975)* (applying *Younger* principles to civil enforcement actions).

Further, the state proceedings (i.e. the Eviction Suit) implicate important state interests. Utah has a compelling interest in the prompt and orderly resolution of landlord-tenant disputes and the enforcement of property rights through its unlawful detainer statutes. *See* Utah Code Ann. §§ 78B-6-801 et seq. These are quintessential areas of traditional state concern involving the administration of justice and the finality of state-court judgments regarding real property. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987) (recognizing state interest in civil proceedings regulating property and judicial functions); *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977). Permitting this federal action to proceed against the very attorneys who prevailed in the state Eviction Suit would undermine the integrity of Utah's judicial process, especially in light of the upcoming status conference on April 2, 2026.

### B. Plaintiff Had an Adequate Opportunity to Raise His Federal Claims in the State Proceedings

Plaintiff had a full and fair opportunity to litigate any constitutional, statutory, or other federal claims—including any allegations of attorney misconduct or due process violations—as defenses, counterclaims, or through post-judgment motions and appeals in the state-court system. Utah state courts are fully competent to adjudicate federal issues. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Plaintiff's choice not to prevail on (or raise) those issues in the state forum does not entitle him to a second bite at the apple in federal court.

### C. No Exceptions to Younger Abstention Apply

The narrow exceptions to Younger abstention—bad-faith prosecution, harassment, or a patently unconstitutional state statute or procedure—do not apply. *Younger*, *supra*, 401 U.S. at 53–54; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1316 (10th Cir. 1997). The state Eviction Suit was a legitimate civil act resolved on the merits in favor of the Moving Defendants' client. Plaintiff's dissatisfaction with the outcome does not create an exception. Because all elements of the Younger doctrine are satisfied, this Court must abstain from exercising jurisdiction over Plaintiff's claims against Defendants Shorts and Gardner and over all claims against "All Defendants" or "Individual Defendants" that arise from the same state-court conduct. Therefore, dismissal (or, alternatively, a stay) is required.

## IV. ALTERNATIVELY, THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman doctrine prohibits federal district courts from exercising appellate jurisdiction over state-court judgments. *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Plaintiff is the losing party in the Eviction Suit prosecuted by Shorts and Gardner in Utah state court. The injuries Plaintiff alleges in this case (including loss of equity, emotional distress, failure of the $3.3 million sale contract, and the clouds on title asserted in COUNTS II, IX–XVI and the Prayer for Relief) arise directly from that state-court proceeding and the judgment obtained by Shorts and Gardner on behalf of their client. The relief sought in this federal action would require this Court to review and reject the validity or propriety of the state-court's orders in the ongoing Eviction Suit. Plaintiff's claims against Shorts and Gardner—and all claims against "All Defendants" that seek to unwind the same state-court effects—are therefore barred by the Rooker-Feldman doctrine, providing an independent ground for dismissal for lack of subject matter jurisdiction.

## V. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS SHORTS AND GARDNER ARE ALSO BARRED BY RES JUDICATA

Applicable Utah substantive law recognizes two branches of res judicata: claim preclusion and issue preclusion (collateral estoppel). *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 21, ¶ 19 (citing *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988)). For claim preclusion, three elements must be met: (1) both cases involve the same parties or their privies; (2) the claim alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action; and (3) the first suit resulted in a final judgment on the merits. *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988). The final judgment entered in the state-court Eviction Suit (Case No. 250906343 EV) precludes relitigation in this Court of the possessory rights, title issues, and related conduct that form the basis of Plaintiff's federal claims against Shorts and Gardner. Plaintiff had a full and fair opportunity to raise every issue now asserted here—including challenges to the validity of the foreclosure sale, the Trustee's Deed,

the eviction process, and any alleged concealment of the bankruptcy stay—as defenses, counterclaims, or post-judgment challenges in the state forum. The state-court judgment resolved those issues on the merits and is entitled to preclusive effect. Any attempt to obtain declaratory, injunctive, or damages relief that would undo or collaterally attack that judgment (including via abuse of process allegations directed at Shorts and Gardner's filing of the "sworn declaration that intentionally concealed the bankruptcy stay," FAC ¶ 107) is barred.

When the MSB Trust filed bankruptcy on July 8, 2025, both Properties were titled in GSE Global LLC, a separate non-debtor entity. The last-minute deed Plaintiff executed on July 21, 2025, mere hours before the trustee's sale—was a post-petition transfer that could not bring the Properties into the bankruptcy estate or retroactively extend stay protection. Because the MSB Trust had no interest in the Properties as of the petition date, the Properties were not part of the bankruptcy estate and therefore not protected by the automatic stay.

Further, Plaintiff cannot appeal to this Court for a contrary ruling or declaration, as this matter is *res judicata* and, more specifically, barred by issue preclusion. Again, the elements of issue preclusion are as follows:

> (1) the issue decided in the prior adjudication is identical to the one presented in the instant action; (2) the party against whom issue preclusion is asserted was a party, or in privity with a party, to the prior adjudication; (3) the issue in the first action was completely, fully, and fairly litigated; and (4) the first suit resulted in a final judgment on the merits.

*Kuhar v. Thompson Mfg., Inc.*, 2024 UT 12, ¶ 12, 552 P.3d 174, 178, reh'g denied (June 21, 2024). Here, Plaintiff raised the issue of the automatic stay and his claim that the trustee's sale was void *ab initio* in the Eviction Suit. Those issues were not decided in his favor. On September 29, 2025, Judge Daynes ruled as follows:

> This Court found in its oral ruling that the bankruptcy court previously granted relief

> from the Automatic Stay of defendant's original bankruptcy filing in order to allow for the sale of the property at 1028 S 1900 E in Salt Lake City, Utah. The relief from the stay applied to any subsequent or bifurcated bankruptcy petitions. The sale took place and received a trust deed on July 23, 2025.
>
> . . .
>
> The second bankruptcy filing by the trust did not alter the previous order of relief from the stay or change the status of plaintiff as a bona fide purchaser.

SOF ¶11; Exhibit D.

Moreover, the court in the Eviction Suit held an evidentiary hearing on October 14, 2025, to consider both issues and ruled that the trustee's sale was not void *ab initio*. Ex. A.3, p. 3 of 3. It further held that "[t]he transfer of property from GSE Global, LLC to MSB Trust on July 21, 2025, is declared VOID as a fraudulent conveyance." SOF ¶17, Exhibit F, p. 5 of 20 ¶5.

Plaintiff is bound by these determinations. The only "void" act arising from these circumstances is Plaintiff's eleventh-hour attempt to manufacture stay protection by transferring the Properties from GSE Global to the MSB Trust after the Subject Bankruptcy was filed. Such a post-petition transfer was a nullity and could not expand the scope of the automatic stay or retroactively bring the Properties into the bankruptcy estate. His claim of a violation of the automatic stay is baseless and entirely contrived, resting solely on his own last-minute, ineffective maneuver to create stay protection where none existed.

For the foregoing reasons, Defendants Shorts and Gardner respectfully request that the Court dismiss all claims asserted against them—and all claims asserted against "All Defendants" or "Individual Defendants" that arise from the same state-court eviction conduct—with prejudice under Fed. R. Civ. P. 12(b)(6).

## VI. COUNTS IV, V, VIII, XI, XII, XV AND XVII CONSTITUTE IMPROPER COLLECTIVE PLEADING AND DO NOT GIVE SHORTS AND GARDNER FAIR NOTICE OF THE GROUNDS UPON WHICH THEY REST.

Plaintiff's FAC is a clear example of improper "collective pleading," which this Court has stated "does not meet the requirements of Rule 8." *Silver v. Fairbank*, No. 2:22-CV-00140, 2022 WL 2657225, at *2 (D. Utah July 8, 2022). Indeed, at the motion to dismiss phase, "[t]he court must be able to draw a reasonable inference that the individual defendant is liable for the alleged misconduct. The allegations *must show 'which defendant is alleged to have done what' to whom and 'what the misconduct is*.'" *Fucci v. Bowser*, No. 2:20-CV-00004, 2022 WL 2529548, at *2 (D. Utah July 7, 2022) (emphasis added; noting that the defendant in question was simply "lumped together with others" improperly); *see also Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013) (holding that collective pleading "allegations are too conclusory, vague and confusing to give each 'defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").

For example, while the FAC alleges Shorts and Garder somehow associated with other individual Defendants and that their association "constitutes an 'Enterprise' affecting interstate commerce," FAC, ¶ 79, there are no *factual allegations* establishing either an "association" between the individual Defendants or the formation of an "Enterprise" thereon. This method of pleading—asserting multiple causes of action "against all defendants" without differentiating between them or identifying what conduct by each defendant gives rise to liability—fails to satisfy the basic pleading requirements of Rule 8(a). Such collective allegations are insufficient to state any plausible claim for relief against Shorts and Gardner and warrant dismissal of the FAC as to the collective "Against-All-Defendants" claims.

## VII. ALL REMAINING CLAIMS FAIL AS A MATTER OF LAW.

All remaining claims in the FAC against Shorts and Gardner—including Counts II, IV, V, VIII, IX, X, XI, XII, XV, and XVII—are premised entirely on the alleged invalidity of the underlying foreclosure

sale and Trustee's Deeds. As demonstrated in Section II, above, the automatic stay never applied to the Properties, and the foreclosure and related transfers were conducted pursuant to valid in rem relief (the In Rem Order), confirmed by a binding stipulation. Because the underlying premise of these claims is legally and factually invalid, each claim independently fails and must be dismissed.

## VIII. INCORPORATION OF CO-DEFENDANTS' ARGUMENTS.

Shorts and Gardner hereby incorporate by this reference all relevant arguments made by co-Defendants David Knudson, Gravity Segregation II, LLC, and Gravity Segregation dba Gravity Capital, LLC in their Motion to Dismiss the First Amended Complaint Under Rules 12(b)(1) and 12(b)(6) [Docket No. 71]; and co-Defendant Jared L. Anderson in his Motion to Dismiss or Alternatively, Motion for Summary Judgment [Docket No. ] including, without limitation:

As to Defendants David Knudson and the Gravity Defendants:

a. Argument § I.B. – The Court should decline to exercise supplemental jurisdiction over any surviving state law claims;
b. Argument § I.C. – arguing that the heightened pleading standard of Fed. R. Civ. P. 9(b) should apply to Plaintiff's pleading, including Counts I, III, IV, V, VII, VIII, and X.
c. Argument § II. – arguing Plaintiff's Count I is not facially plausible, given the lack of well-pled facts;
d. Argument § III. – including the Bankruptcy Court's determination that Plaintiff's allegations concerning violations of the automatic stay (Exhibit B) are either not violations or, if they were, would be claims properly adjudicated in Utah state court;
e. Argument § V. –The inapplicability of the FDCPA to commercial debt and the absence of debt collector status (Count VIII);

As to Defendant Jared L. Anderson:

f. Argument § II. -This Court Lacks Jurisdiction Over Alleged Violations of the Automatic Bankruptcy Stay;

g. § III. -The Automatic Stay was Never in Effect as to the Subject Properties, and the Foreclosure was Lawful;

h. § IV – All Remaining Claims Fail as a Matter of Law;

i. § V. – Counts IV, V, VIII, XI, XII and XVII Constitute Improper Collective Pleading and do not Give Mr. Anderson Fair Notice of the Grounds on Which They Rest.

To the extent the reasoning, evidence, or authorities cited by Shorts and Gardner's Co-Defendants further support dismissal, Moving Defendants adopt them as if fully set forth herein.

## IX. THE COURT SHOULD AWARD MOVING DEFENDANTS THEIR ATTORNEY FEES AND COSTS ASSOCIATED WITH THIS ACTION.

Shorts and Gardner respectfully request that the Court award them their reasonable attorney fees and costs incurred in defending against Plaintiff's FAC. Under Utah law, a prevailing party is entitled to recover attorney fees where a claim is found to be without merit and not brought or asserted in good faith. *See* Utah Code Ann. § 78B-5-825; *Bresee v. Barton*, 2016 UT App 220, ¶¶ 44-47, 387 P.3d 536, 550–51, *cert. denied*, 393 P.3d 283 (Utah 2017). Plaintiff's FAC is *precisely* the type of pleading that warrants such an award. As set forth above, all claims against Shorts and Gardner fail as a matter of law, are premised on an incorrect and misleading factual or legal premise, improperly lump them with Co-Defendants, and attempt to impose liability on them. The FAC unnecessarily multiplies this litigation, forcing Shorts and Gardner to incur legal expenses defending claims that were frivolous on their face. Thus, attorney fees should be awarded, as will be established by separate declaration of counsel.

## CONCLUSION

Based on the foregoing, Shorts and Gardner request that this Court 1) grant this Motion, 2) dismiss with prejudice Plaintiff's federal and state law claims made against Shorts and Gardner all of which are challenged herein, 3) if any state law claims survive, decline to exercise supplemental

jurisdiction, 4) grant attorney fees and costs to Shorts and Garnder, and therefore dismiss Shorts and Gardner from this action entirely. Alternatively, should this Court retain jurisdiction, Shorts and Gardner request the Court require Plaintiff to amend the FAC to allege sufficient factual allegations of each defendant's wrongdoing with the level of specificity appropriate for the respective cause of action.

RESPECTFULLY SUBMITTED this 24th day of March 2026.

**RESNICK & LOUIS PC**

By: *David M. Bernstein*
David M. Bernstein
Gary R. Guelker, Esq.
*Attorneys for Defendants Jeremy Shorts and David Gardner at the Law Offices of Jeremy M. Shorts, LLC dba Utah Eviction Law*

## CERTIFICATE OF SERVICE

I certify that on March 24, 2026, I electronically transmitted a copy of the foregoing **DEFENDANTS JEREMY SHORTS AND DAVID GARDNER'S MOTION TO DIMSISS** to be electronically filed and served upon the counsel of record to this case by utilizing the court's electronic filing service.

MAX WARREN BARBER. Pro Se
1028 S. 1900 E. SLC, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801)518-182r

*/s/ Flor Hernandez*
RESNICK & LOUIS, P.C.