# EXHIBIT A

## (Docket No. 88-2, Declaration of Jared L. Anderson)

Andrew R. Welch, #14028
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
6550 S Millrock Dr., Ste. 200
Salt Lake City, Utah 84121
Telephone: (801) 251-7424
Email: andrew.welch@lewisbrisbois.com

*Attorneys for Defendant Jared L. Anderson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MAX WARREN BARBER, individually and as Trustee of the MSB TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID KNUDSON, an individual, et al.<br><br>Defendants. | **DECLARATION OF JARED L. ANDERSON**<br><br>Case No.: 2:25-cv-00681-HCN<br><br>Judge: Hon. Howard C. Nielson, Jr.<br><br>Magistrate Judge: Hon. Dustin B. Pead |

COMES NOW the undersigned, pursuant to Utah Code Ann. § 78B-18a-106, and upon his oath, does depose and say as follows:

1. I am an attorney licensed to practice in the State of Utah since October 20, 1998. I am a managing partner of Anderson, Fife, Marshall & Johnson, LC, where I have experience representing lenders, trustees, and parties in real estate and foreclosure matters.

2. I am the Substituted Trustee under the Deed of Trust described below. I make this declaration based on my personal knowledge and my review of records maintained in the ordinary course of my duties. If called as a witness, I could and would testify consistent with the matters set forth herein.

3. This lawsuit arises from a foreclosure sale of real properties located at 1028 South 1900 East, Salt Lake City, Utah 84108 ("1028 Property") and 1836 Yale Ave S., Salt Lake City, Utah 84108 ("Yale Ave Property") (collectively, the "Properties").

4. On or around March 22, 2022, Max W. Barber and Sara G. Navarra, as Trustees of the MSB Trust dated December 12, 2017 ("MSB Trust"), executed an Open-End Promissory Note in favor of Gravity Capital, LLC ("Gravity Capital") with a maximum principal balance of $1,200,000 and an initial advance amount of $332,000 (the "Loan"). Exhibit 1 to Declaration of David Knudson (Dkt. No. 71-3; p. 5 of 70).

5. The Loan was secured by the Properties. A Deed of Trust executed by the MSB Trust was recorded on March 23, 2022 as Entry No. 13917256 in Book 11320 at Page 2591 in the Salt Lake County Recorder's Office (the "Trust Deed"). The Trust Deed identifies the MSB Trust as Trustor, Gravity Capital as Beneficiary, and Kyle Fielding as Trustee. A true and correct copy of the Trust Deed is attached hereto as **Exhibit "B"**.

6. The MSB Trust defaulted under the Promissory Note by failing to make one or more regularly scheduled payments when due.

7. On August 18, 2023, I was substituted as Trustee under the Trust Deed. The Substitution of Trustee was recorded on August 21, 2023 as Entry No. 14143006, Book 11439, Page 6012. A true and correct copy of the referenced Substitution of Trustee is attached hereto as **Exhibit "C"**.

8. On August 21, 2023, I recorded a Notice of Default and Election to Sell Trust Property ("NOD"), giving notice of the MSB Trust's default and the election to sell the Properties. A true and correct copy of the referenced NOD is attached hereto as **Exhibit "D"**.

9. After the expiration of the statutory period, I served Notices of Trustee's Sale setting the foreclosure sale for January 9, 2024 at 9:30 a.m. A true and correct copy of the referenced notices are attached hereto collectively as **Exhibit "E"**.

10. Between December 2023 and October 2025, Max Barber filed multiple bankruptcy petitions in the United States Bankruptcy Court for the District of Utah. These filings are reflected in the court's docket records. Attached hereto as **Exhibit "F"** is a screenshot of online records of these filings.

11. Because of the repeated filings, I prepared and served at least six Notices of Trustee's Sale. The final notice, dated June 16, 2025, set the foreclosure sale for July 22, 2025 at 9:30 a.m. A true and correct copy of the referenced notices are attached hereto collectively as **Exhibit "G"**.

12. Beginning in April 2025, Gravity Capital, the MSB Trust, and Mr. Barber entered into a written stipulation in the bankruptcy case filed April 2, 2025 (Case No. 2:2025bk21749) (hereinafter the "April 2025 Chapter 13"), entitled "Stipulation Re: Motion for In Rem Relief from the Automatic Stay and the Co-Debtor Stay (Docket No. 47)" (hereafter, the "Stipulation"). I have reviewed the Stipulation. A true and correct copy of the referenced Stipulation is attached hereto as **Exhibit "H"**.

13. Under the Stipulation, Gravity Capital is identified as the secured creditor, the MSB Trust as the debtor, and Mr. Barber as a co-debtor. *See id.* at ¶ 1.

14. The Stipulation states that "Debtor stipulates to immediate in rem Relief from the Automatic Stay and Co-Debtor Stay in favor [of] Gravity Capital, LLC," and further provides that "any Trustee's Sale set hereafter will be held after July 7, 2025." *Id.* at ¶. 2.

15. Paragraph 5 of the Stipulation provides that the stay relief also applies to any bifurcation or conversion of the case. *Id.* at ¶ 5.

16. On June 11, 2025, the Court in the April 2025 Chapter 13 entered its Order Approving Stipulation Re: Motion for In Rem Relief from the Automatic Stay and the Co-Debtor Stay (Docket No. 47) (the "In Rem Order"), which I reviewed in the course of my duties as Trustee. A true and correct copy of the referenced In Rem Order is attached hereto as **Exhibit "I"**.

17. In connection with the Stipulation, the parties submitted a proposed order that was not entered by the court in the April 2025 Chapter 13 case, but which provided that "[t]he recorded lien [an apparent reference to the Trust Deed] shall be amended to reflect the correct principal and/or balance owed." The proposed order further states that "[t]he Automatic Stay shall remain in effect for all parties except Gravity Capital, LLC to sell the properties, effective as of July 7, 2025." A true and correct copy of the referenced proposed order is attached hereto as **Exhibit "J"**.

18. On June 10, 2025, David Knudson, President of Gravity Capital, executed a Scrivener's Affidavit clarifying the open-end nature of the loan and the initial advance amount. The Affidavit was recorded June 17, 2025 as Entry No. 14398969, Book 11579, Page 5965. I have reviewed the recorded document. A true and correct copy of the referenced Scrivener's Affidavit is attached hereto as **Exhibit "K"**.

19. On June 17, 2025, the In Rem Order was recorded against the Properties as Entry No. 14398970, Book 11579, Page 5967. A true and correct copy of the recorded In Rem Order is attached hereto as **Exhibit "L"**.

20. On July 8, 2025, a bankruptcy petition was filed for the MSB Trust (Case No. 2:2025bk23863) (the "Subject Bankruptcy"). I became aware of this filing through the Bankruptcy

Court docket. A true and correct copy of the petition for the Subject Bankruptcy is attached hereto as **Exhibit "M"**.

21. From my review of real property records, at the time the petition in the Subject Bankruptcy was filed, the Properties were titled in GSE Global LLC, which was not a debtor in bankruptcy. A true and correct copy of the vesting deed by which GSE Global LLC took title to the Properties is attached hereto as **Exhibit "N"**.

22. From my review of real property records I understand that, on July 21, 2025, a Warrante [sic] Deed was executed purporting to convey the Properties from GSE Global LLC to Max W. Barber, as Trustee of the MSB Trust. A true and correct copy of the referenced Warrante Deed is attached hereto as **Exhibit "O"**.

23. Consistent with the June 16, 2025, Notice of Trustee's Sale, I conducted the public auction of the Properties on July 22, 2025, at 9:30 a.m. at the stairs of the entrance of the Third Judicial District Court.

24. On July 21, 2025, the day before the sale, attorney Steve Skirvin emailed me a copy of the In Rem Order and confirmed in writing that the automatic stay did not apply to the Properties despite the Subject Bankruptcy filing. A true and correct copy of the referenced email from Mr. Skirvin is attached hereto as **Exhibit "P"**.

25. In reliance on the language of the In Rem Order and Mr. Skirvin's written confirmation, I conducted the trustee's sale on July 22, 2025.

26. On July 23, 2025, I executed two Trustee's Deeds conveying the Properties to the successful bidders. I delivered the deeds by hand to Dave Knudson of Gravity Capital for

recordation. A true and correct copy of the referenced Trustee's Deeds are attached hereto as **Exhibit "Q"**.

27. As demonstrated by Exhibit "Q", I did not receive, acquire, or retain any ownership title, or equity in the Properties, and at no time did I accept or retain the same. I merely served as the foreclosing Trustee following my substitution as such.

28. I declare under criminal penalty under the law of Utah that the foregoing is true and correct.

SIGNED on the 25th day of November, 2025, at Provo, Utah.

Signed by:
Jared L. Anderson
8106FA6ADD9048E...

JARED L. ANDERSON

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2025, I electronically filed the foregoing DECLARATION OF JARED L. ANDERSON with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to the following:

**Via CM/ECF:**
Steven R. Skirvin
SKIRVIN LAW PLLC
3450 N Triumph Blvd., Suite 102
Lehi, Utah 84043
Email: steve@srslawpc.com
*Attorney for Defendant David Knudson*

**Via Email and U.S. Mail:**
Max Warren Barber
1028 S 1900 E
Salt Lake City, Utah 84108
Email: 23blackbee@gmail.com
*Pro Se Plaintiff*

/s/ Cynthia Worne