**RESNICK & LOUIS, P.C.**
DAVID M. BERNSTEIN (8301)
GARY R. GUELKER (8474)
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
Telephone: 801.960.3655
Facsimile: 801.877.8576
gguelker@rlattorneys.com
dbernstein@rlattorneys.com
*Attorneys for Defendants Jeremy Shorts and David Gardner at the Law Offices of Jeremy M. Shorts, LLC dba Utah Eviction Law*

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MAX WARREN BARBER, an individual; and MAX WARREN BARBER as Sole ' Trustee of the MSB TRUST,,<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, an individual; JAMIS MELWOOD JOHNSON, individual; ADRIAN ISAAC JOHNSON, an individual; KAREN SALAS, individual; STACY ROBERTS JOHNSON, an individual; PACE WILLIAM JOHNSON, an individual; STEPHANIE STRASNICK JOHNSON, an individual; TAYTUM JORGENSEN, £ individual; JARED L. ANDERSON, individual; DASTAN M. D'O, individual; DAVID GARDNER, individual; JEREMY SHORT, individual; GRAVITY CAPITAL, LLC, a Utah limited liability company GRAVITY FUNDING, LLC, a Utah limited liability- company; GR.AVITY SEGREGATION, LLC, a Utah | **DEFENDANTS JEREMY SHORTS AND DAVID GARDNER'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00681-HCN<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| limited liability company; GRAVITY SEGREGATION II, LLC, a Utah limited liability company;1028 S 1900 E LLC, a Utah limited liability company; CR TRUE FLC, a Utah limited liability' companv" and DOES 1-10<br><br>Defendants. | |

Defendants Jeremy Shorts and David Gardner ("Defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 7; DUCivR 7-1(a)(5)(A), hereby submit this reply to rebut new arguments raised in Plaintiff's "Memorandum in Opposition to Defendants Jeremy Short (sic) and David Gardner's Motion to Dismiss" (the "Opposition"). All prior arguments from the Defendants Jeremy Shorts and David Gardner's Motion to Dismiss (the "Motion") and Co-Defendants' briefing are incorporated by reference and not repeated here.

## I. PROCEDURAL MATTERS

The Opposition is late-filed and should be disregarded. Defendants filed their Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) on March 24, 2026 (*See* Dkt. No. 209). Plaintiff's Opposition was due April 21, 2026, yet filed April 23, 2026 (*See* Dkt. No. 216), without any extension of time to file the Opposition being sought by Plaintiff or granted by the Court. Therefore, the Opposition should be disregarded.

## II. REBUTTAL TO PLAINTIFF'S PROCEDURAL ARGUMENTS

Plaintiff claims Defendants forfeited affirmative defenses (judicial proceedings privilege,

Younger abstention, Rooker-Feldman, res judicata) by failing to plead them in their Answers (*See* Dkt. Nos. 68 & 69). This is incorrect. Affirmative defenses may be raised by motion under Rule 12(b) even after an answer is filed. *See* Fed. R. Civ. P. 12(h)(2); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385 (1982) (forfeiture rule prevents ambush, not legitimate Rule 12 motions). Plaintiff's own Opposition concedes the Eviction Suit remains "currently pending," undermining any claim of finality or waiver.

Plaintiff also asserts that extrinsic exhibits convert the Motion to one for summary judgment under Rule 12(d). Not so. The exhibits are matters of public record, court filings, and documents referenced in the FAC itself; the Court may consider them (through judicial notice or otherwise) without conversion. *Jacobsen v. Deseret Book Co*., 287 F.3d 936 (10th Cir. 2002). No discovery is needed; the pleadings and judicially noticeable materials cited in Defendants' Motion resolve the issues as a matter of law. *See* Fed. R. Civ. P. 201(b) (c) & (d) (federal courts may take judicial notice of adjudicative facts not subject to reasonable dispute at any stage of the proceeding). Further, Plaintiff's attempt to convert the Motion to a motion for summary judgment under Fed. R. Civ. P. 56 by filing his "Declaration of Max Warren Barber in Support of Plaintiff's Memorandum in Opposition to Motion to Dismiss (ECF 209)" ("Plaintiff's Declaration") (*See* Dkt. 217) fails for two reasons. First, Plaintiff's Declaration was filed late (on April 23, 2026, rather than the date the Opposition was due, i.e. April 21, 2026) and should be disregarded accordingly. Second, Plaintiff's Declaration is, in substance, merely another attempt to improperly re-litigate the underlying eviction and bankruptcy actions in a new forum, which should also be disregarded as previously set forth in Defendants' Motion -and the pending motions of the other Defendants herein.

## III. REBUTTAL TO PLAINTIFF'S JUDICIAL PROCEEDINGS PRIVILEGE ARGUMENT

Plaintiff invokes the bad-faith exception to the judicial proceeding privilege discussed in *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, 285 P.3d 1157. However, the bad faith exception is narrow and inapplicable in this action. Plaintiff's allegations concerning "concealment" and Defendants being the "legal arm" of a RICO conspiracy are a flagrant misrepresentation of what was simply zealous advocacy in the narrow scope of the underlying Eviction Suit (e.g. making court filings, attending hearings, procuring a judgment etc.). Notably absent from Plaintiff's FAC are any specific allegations of fact regarding Defendants' conduct or knowledge prior to their retention to prosecute the Eviction Suit. All Defendants' alleged conduct and communications occurred within the scope of Defendants' representation of their client in the Eviction Suit. No independent tortious acts outside the judicial proceeding are plausibly alleged. Thus, the fraud exception to the judicial proceedings privilege does not apply. Significantly, in the Utah Supreme Court noted in *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, 285 P.3d 1157 that the judicial proceeding privilege presumptively applies to all conduct and communications made by attorneys on behalf of their clients in the course of judicial proceedings. *Id.* at ¶¶ 35-37. Plaintiff's amorphous allegations of a RICO conspiracy do not overcome this presumption based upon the record in this case.

Additionally, Plaintiff's assertion that "Section 1964(c) authorizes '[a]ny person injured' to sue no attorney exception." is incorrect. *See* Opposition at p. 23 (citing *Sedima, S.P.R.L. v. Imrex Co*, 473 U.S. 479, 497 (1985) Plaintiff misstates the applicable law. *Abdene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 721 (E.D. La. 2011) notes that *Sedima* was written before an

amendment of RICO, so when *Sedima* says that "RICO is to be read broadly" with respect to its provisions that govern private rights of action, these should be focused on preserving civil RICO claims that are specifically asserted against a defendant that has been criminally convicted in connection with the same alleged securities fraud at issue rather than just any defendant. Defendants have not been criminally convicted, nor has Plaintiff so alleged in the FAC. Therefore, Plaintiff's attempt to use *Sedima* to assert an exception to the judicial proceedings privilege on this basis necessarily fails.

Finally, the judicial proceeding privilege applies to both Plaintiff's state and federal claims; no federal preemption exception exists here. Therefore, the judicial proceedings privilege fully protects Defendants, and Plaintiff's First Amended Complaint should be dismissed under Utah substantive law. *See, e.g.*, *Price v. Armour*, 949 P.2d 1251, 1256 (Utah 1997); and *Moss*, ¶¶ 35-37 (Utah law grants absolute immunity for attorneys' conduct related to judicial proceedings).

## IV. REBUTTAL TO PLAINTIFF'S YOUNGER ABSTENTION ARGUMENT

Plaintiff contends a private eviction does not trigger *Younger* and that a bad-faith exception applies. Both contentions are wrong. *Younger* applies to civil proceedings "uniquely in furtherance of the state courts' judicial functions," including eviction and property disputes. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Winn v. Cook*, 945 F.3d 1253 (10th Cir. 2019). Plaintiff's federal claims -specifically COUNT XIII (Abuse of Process) and all claims arising from the same conduct (including COUNTS II, III, IV, V, VIII, IX, X, XI, XII, XIV-

XVI, and the Prayer for Relief seeking to declare the foreclosure sale and Trustee's Deed "void ab initio")- arise entirely from Defendants' conduct in initiating, prosecuting and enforcing the Utah state court eviction proceeding. Under *Younger* and its progeny, the state-court Eviction Suit directly implicates Utah's important interest in adjudicating real-property rights. Plaintiff's improper attempt to obtain federal relief against the attorneys who prevailed in the state Eviction Suit (Defendants) would necessarily interfere with the state court's adjudication of possessory rights in real property (*See Huffman v. Pursue, Ltd*. 420 U.S. 592 (1975)) and should therefore be rejected by this Court.

The bad-faith exception to *Younger* is narrow and inapplicable in the instant case; the record demonstrates a legitimate eviction proceeding resolved on the merits. No evidence of harassment or patently unconstitutional conduct exists. Therefore, this Court should abstain. Moreover, Plaintiff had a full and fair opportunity to litigate any federal claims in the state-court system. Utah state courts are fully competent to adjudicate federal issues. *Middlesex Cnt. Ethics Comm. V. Garden State Bar Ass'n*. 457 U.S. 423 (1982). Plaintiff's attempts to transform the underlying Eviction Suit into a component of a RICO conspiracy does not entitle him to the proverbial "second bite" in federal court.

## V. REBUTTAL TO PLAINTIFF'S ROOKER-FELDMAN ARGUMENT

Plaintiff argues the Rooker-Feldman Doctrine does not apply because the state Findings of Fact and Conclusions of Law ("FOF/COL") post-date the federal complaint by 74 days. This misses the point. The doctrine bars claims that are *inextricably intertwined* with a state-court

judgment, regardless of precise timing, when the federal plaintiff is the state-court loser seeking to undo that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Graff v. Aberdeen Enterprises, II, Inc.*, 65 F.4th 500 (10th Cir. 2023). The Rooker-Feldman Doctrine focuses on the source of the alleged injury, not the precise date of the FOF/COL. In this regard, Plaintiff's argument is misguided and misleading. The injuries alleged arise directly from the state-court eviction proceeding and the judgment obtained by Defendants on behalf of their client. The relief sought would require this Court to review and reject the validity of the state-court's orders. The Eviction Suit judgment and orders awarding possession are final for Rooker-Feldman purposes, and Plaintiff's attempt to collaterally attack them here is barred.

## VI. REBUTTAL TO PLAINTIFF'S RES JUDICATA AND ISSUE PRECLUSION ARGUMENTS

Plaintiff asserts res judicata fails on every element. This is incorrect. The parties are in privity (Plaintiff and the Trust(s) he controls were parties or represented in the Eviction Suit). The claims arise from the same nucleus of facts (foreclosure, sale, and eviction). The state-court judgment is final and on the merits. Plaintiff's "pending" argument is self-defeating: if the case is still pending, Younger applies; if final, res judicata bars relitigation. *Kuhar v. Thompson Mfg. Co.*, 2024 UT 2 (Utah 2024); *Madsen v. Borthwick*, 769 P.2d 245 (Utah 1988). Issue preclusion likewise bars re-litigation of the validity of the sale and possession orders.

The final judgment in the state-court Eviction Suit precludes relitigation of the possessory rights, title issues, and related conduct that form the basis of Plaintiff's federal claims. Plaintiff has had a full and fair opportunity to raise every issue asserted in this action. The state-court

judgment resolved those issues on the merits and is entitled to preclusive effect.

## VI. REBUTTAL TO PLAINTIFF'S UNAUTHORIZED REPRESENTATION ARGUMENT

Plaintiff claims the eviction judgment is void because the LLC was represented by a non-attorney. This is a collateral attack on a final state-court judgment that was never vacated. Utah law and the state-court record confirm proper representation and a valid judgment. The argument is barred by the Rooker-Feldman Doctrine and res judicata principles.

## VII. REBUTTAL TO PLAINTIFF'S AUTOMATIC STAY AND IN REM ORDER ARGUMENTS

Plaintiff's stay-violation theory rests on an equitable-interest theory that was fully litigated and rejected in the Eviction Suit and related bankruptcy proceedings. The In Rem Order and stipulation resolved any stay issues. The sale and eviction were lawful. Plaintiff's attempt to re-litigate these matters is precluded.

## VIII. REBUTTAL TO PLAINTIFF'S RICO AND REMAINING CLAIMS

The Opposition's predicate-act table and "Loan-to-Own" narrative do not cure Plaintiff's pleading deficiencies. No specific, plausible allegations tie Defendants to any RICO enterprise or pattern outside their role as counsel in the Eviction Suit. Accordingly, Plaintiff's collective pleading remains improper and the FAC should be dismissed on that basis.

## IX. COUNTS IV, V, VIII, XI, XII, XV AND XVII CONSTITUTE IMPROPER COLLECTIVE PLEADING AND DO NOT GIVE DEFENDANTS FAIR NOTICE OF THE GROUNDS UPON WHICH THEY REST.

Plaintiff's Opposition fails to cure the fact that the FAC is a clear example of improper collective pleading that fails to satisfy Rule 8(a). The allegations lump defendants together without differentiating which defendant did what. Such pleading is insufficient to state any plausible claim and warrants dismissal.

## X. ALL REMAINING CLAIMS FAIL AS A MATTER OF LAW.

All Plaintiff's remaining claims are premised entirely on the alleged invalidity of the underlying foreclosure sale and Trustee's Deeds. Because the automatic stay never applied to the Properties, and the foreclosure and related transfers were conducted pursuant to valid in rem relief confirmed by a binding stipulation, each claim independently fails and must be dismissed.

## XI. ATTORNEY FEES

Defendants respectfully renew their request that the Court award them their reasonable attorney fees and costs incurred in defending against Plaintiff's FAC. Under Utah law, a prevailing party is entitled to recover attorney fees where a claim is found to be without merit and not brought or asserted in good faith. See Utah Code Ann. § 78B-5-825. Plaintiff's FAC is precisely the type of pleading that warrants such an award. Similarly, Plaintiff's opposition to

fees is meritless. The FAC asserts groundless claims that warrant an award under Utah Code § 78B-5-825.

## CONCLUSION

Plaintiff's Opposition raises no new facts or law that overcome the multiple independent grounds for dismissal set forth in the Motion. The Motion should be granted, Plaintiff's claims dismissed with prejudice, and Defendants awarded their reasonable attorney fees and costs.

RESPECTFULLY SUBMITTED this 21st day of May 2026.

**RESNICK & LOUIS PC**

By: /s/ *David M. Bernstein*
David M. Bernstein
Gary R. Guelker
*Attorneys for Defendants Jeremy Shorts and David Gardner at the Law Offices of Jeremy M. Shorts, LLC dba Utah Eviction Law*

**CERTIFICATE OF SERVICE**

I certify that on May 21, 2026, I electronically transmitted a copy of the foregoing **DEFENDANTS JEREMY SHORTS AND DAVID GARDNER REPLY IN SUPPORT OF DEFENDANTS MOTION TO DISMISS** to be electronically filed and served upon the counsel of record to this case by utilizing the court's electronic filing service.

MAX WARREN BARBER. Pro Se
1028 S. 1900 E. SLC, UT 84108
Email: 23blackbee@gmail.com
Ph: 1 (801)518-182r

*/s/ Flor Hernandez*
RESNICK & LOUIS, P.C.