FILED
2026 JUN 25 PM 1:22
CLERK
U.S. DISTRICT COURT

Karen Salas, Pro Se
Specially Appearing Defendant
1028 S 1900 E
Salt Lake City, UT 84108
Karensalasutah@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust, <br><br> Plaintiff, <br><br> v. <br><br> DAVID L. KNUDSON, et al., <br><br> Defendants. | **DEFENDANT KAREN SALAS'S MOTION TO QUASH SECOND SERVICE OF PROCESS** <br> **and** <br> **VACATE DEFAULT JUDGMENT** <br><br> Case No. 2:25-cv-00681-HCN-DBP <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Dustin B. Pead |

Defendant Karen Salas, specially appearing under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and without waiving any defense, respectfully moves this Court to (1) quash the second purported service of process on Ms. Salas (ECF No. 143), and (2) vacate the Clerk's Entry of Default (ECF No. 203) as void for lack of personal jurisdiction.

This Motion is supported by the accompanying Declaration of Karen Salas.

### I. INTRODUCTION

Plaintiff has now tried — and failed — twice to serve Ms. Salas. The Court quashed his first attempt in January. ECF No. 133. The Court extended Plaintiff's time to serve Defendants to February 3, 2026. ECF No. 133.The second attempt, on January 24, 2026, fails and this is demonstrated on the face of Plaintiff's own paperwork. The address where Plaintiff's process server left the documents was not Ms. Salas's dwelling or usual place of abode. Further, the person to whom the server handed the papers, Jamis Johnson, told the server he was "not authorized" to accept service for Ms. Salas — a fact the server himself recorded in his sworn declaration. ECF No. 143 ¶ 14.  Moreover, Ms. Salas was outside the United States on the date of the attempted service and could not have been served personally or  acquiesced to service. Because Plaintiff did not validly serve Ms. Salas, the Court never acquired personal jurisdiction over her, and the Clerk's Entry of Default rests on no jurisdiction at all. It is void. Moreover, the time to serve Ms. Salas, February 3, 2026, has past and she may not be served again.

## II. STATEMENT OF FACTS

1. Plaintiff added Ms. Salas as a defendant in his First Amended Complaint on September 17, 2025. ECF No. 17. The summons issued the next day listed Ms. Salas at 357 S. 200 E., Ste 303, Salt Lake City, UT 84111. ECF No. 20.

2. The Court quashed Plaintiff's first round of service attempts on January 12, 2026, and extended Plaintiff's service window to February 3, 2026. ECF No. 133.

3. According to Plaintiff's Proof of Service (ECF No. 143), on January 24, 2026, process server Julian Dotson left the Summons and Amended Complaint at 1028 S. 1900 E., Salt Lake City, with Jamis Johnson. Mr. Dotson characterized that as "valid substituted service" under Federal Rule 4(e)(2)(B). Decl. of Julian Dotson ¶ 20, ECF No. 143.

4. On January 24, 2026, Ms. Salas's dwelling was 357 S. 200 E., #303, Salt Lake City (sometimes referred to as the "357 Apartment"). She shared that household with her husband, Jamis Johnson under a lease originated in 2018. Their lease did not expire until April 31, 2026 after which they moved out. Neither of them resided at 1028 S. 1900 E. (sometimes referred to as "1028 House"). Salas Decl. ¶¶ 3–4. After their lease expired, Ms. Salas and her husband, on May 1, 2026, moved to occupy the 1028 House. Further, the 1028 House could not have been occupied until May 1, 2026, because there was ongoing work on the House including refinishing the floors, painting and structural work on the garage, that prevented occupying the house.

5. Also, Ms. Salas was traveling in India from January 5 through February 5, 2026. She was not in the United States on January 24. Salas Decl. ¶ 5.  She could not have been served personally or acquiesced to service.

6. The process server, Mr. Dotson's, own declaration records that when he announced the service at the 1028 House, Mr. Johnson "verbally stated that he was 'not authorized' to accept service for Karen Salas." Dotson Decl. ¶ 14, ECF No. 143.

7. Ms. Salas has not appointed Mr. Johnson, or anyone else, as an agent to accept service of process on her behalf in this action. Salas Decl. ¶ 7.

8. The Clerk entered default against Ms. Salas on March 19, 2026. ECF No. 203.

### III. LEGAL STANDARD

Personal jurisdiction over a defendant requires valid service of process. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). When service is challenged, the plaintiff bears the burden of proving it was proper.

### IV. ARGUMENT

**A. Plaintiff's service fails every method available under Federal Rule 4(e).**

Federal Rule 4(e) authorizes three methods of serving an individual within the United States: (A) personal delivery; (B) leaving the documents at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivery to an agent authorized by appointment or by law to accept service. Plaintiff's service fails under each.

**1. It was not personal service.**

Plaintiff does not claim that Ms. Salas was personally handed anything. Further, on January 24, 2026, the date of alleged service, Ms. Salas was in India—she was there from January 5 to February 5, 2026.  Salas Decl. ¶ 5.  Personal service under Rule 4(e)(2)(A), was impossible.

**2. It was not valid substituted service.**

Substituted service is proper only when the documents are left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). The 1028 House where the papers were left on January 24, 2026, was not Ms. Salas's dwelling or usual place of abode. Her dwelling and place of abode was 357 S. 200 E., #303, where she lived with Jamis Johnson under a lease going back to 2918 and not expiring until April 31, 2026. Salas Decl. ¶¶ 3–4.

Plaintiff's own evidence confirms the point. When he was delivering the papers to the 1028 House, the process server, Mr. Dotson recorded Mr. Johnson's contemporaneous statement that he was "not authorized" to accept service for Ms. Salas. Dotson Decl. ¶ 14. Handing Mr. Johnson papers for his wife at another location location not her dwelling does not create

"authorization" or vest Mr. Johnson with authorization. He simply takes the papers handed him.

Ms. Salas did not live at 1028 S. 1900 E where Mr. Johnson was handed papers.

**3. It was not service on an authorized agent.**

Rule 4(e)(2)(C) authorizes service on "an agent authorized by appointment or by law." Mr. Johnson disclaimed authorization on the record as recorded by the process server. Dotson Decl. ¶ 14. And Ms. Salas has never appointed Mr. Johnson, or anyone else, to receive service for her in this action. Salas Decl. ¶ 7. There is no agency to support service under Rule 4(e)(2)(C).

**B. Utah law does not save the service.**

Federal Rule 4(e)(1) alternatively permits service under state law. Utah Rule of Civil Procedure 4(d)(1)(A) tracks Federal Rule 4(e)(2): personal delivery; leaving the papers at the individual's "dwelling house or usual place of abode with some person of suitable age and discretion there residing"; or delivery to an authorized agent. The two standards are materially identical. The service fails under Utah law for the same reasons it fails under Federal Rule 4(e).

**C. Without valid service, the Court has no personal jurisdiction, and the Clerk's default is void.**

Service of process is "fundamental to any procedural imposition on a named defendant." Murphy Bros., 526 U.S. at 350. Absent valid service — or consent, waiver, or forfeiture — a federal court has no power to exercise personal jurisdiction over a defendant. Omni Capital, 484 U.S. at 104. A default entered without jurisdiction is a nullity.

The Clerk relied in part on the fact that Ms. Salas "did not oppose" Plaintiff's request for default and on the fact that she received CM/ECF notifications tied to her earlier limited appearance. ECF No. 203. Neither of these will save the improper service. Actual notice through CM/ECF is not service. Omni Capital, 484 U.S. at 104. And a limited appearance to challenge

service is not a waiver of the requirement of proper service or an acquiescence to service — that is the purpose of this limited appearance—to object to service.

## V. CONCLUSION

Plaintiff has had two opportunities to serve Ms. Salas, and he has failed both. The Court quashed his first attempt in January. ECF No. 133. The Court extended Plaintiff's time to serve Defendants to February 3, 2026. ECF No. 133. The second attempt at service was on January 24, 2026. The papers were left at 1028 S. 200 E., Salt Lake City, which was not Ms. Salas's dwelling or usual place of abode. Her dwelling and usual abode was 357 S. 200 E., Salt Lake City, Utah, 8411. Moreover, the papers were left with Jamis Johnson who was not authorized to accept service for Ms. Salas which he told the process server. The process server's own declaration states that Mr. Johnson said that he was not autho0rized to accept service for Ms. Salas. The Court's extended service window expired on February 3, 2026. The Clerk's entry of default rests on an invalid service—the invalidity is demonstrated by Plaintiff's own evidence.  Moreover, Ms. Salas can no longer be served because the time has passed. Ms. Salas respectfully requests that the Court (1) quash the second purported service of process on Ms. Salas (ECF No. 143), and (2) vacate the Clerk's Entry of Default (ECF No. 203) as void for lack of personal jurisdiction.

DATED June 22, 2026.

Respectfully submitted,

 /s/ Karen Salas
Karen Salas, Pro Se
Specially Appearing Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, I caused a true and correct copy of the foregoing DEFENDANT KAREN SALAS'S MOTION TO QUASH SECOND SERVICE OF PROCESS and VACATE DEFAULT JUDGMENT to be served upon the following through CM/ECF notice of electronic filing:

Max Warren Barber
23blackbee@gmail.com
Pro Se Plaintiff

Adrian Isaac Johnson
[email on file with Clerk]
Pro Se Defendant

Dastan M. D'O
[email on file with Clerk]
Pro Se Defendant

Jamis Melwood Johnson
[email on file with Clerk]
Pro Se Defendant

Pace William Johnson
pace@pacejohnson.com
Pro Se Defendant

Stacy Roberts Johnson
stacyjrob@gmail.com
Pro Se Defendant

Stephanie Strasnick Johnson
[email on file with Clerk]
Pro Se Defendant

Taytum Jorgensen
[email on file with Clerk]
Pro Se Defendant

Steven R. Skirvin
steve@srslawpc.com
Counsel for:
    David L. Knudson
    Gravity Capital, LLC
    Gravity Segregation, LLC
    Gravity Segregation II, LLC

Andrew R. Welch
andrew.welch@lewisbrisbois.com
Counsel for:
      Jared L. Anderson

Andrew J. Schuman
andrew.schuman@lewisbrisbois.com
Counsel for:
      Jared L. Anderson

Gary R. Guelker
gguelker@rlattorneys.com
Counsel for:
      Jeremy Short
      David Gardner

Jeremy M. Shorts
jeremy@shortslaw.com
Counsel for:
      Jeremy Short


_____

Karen Salas