Karen Salas, Pro Se
1028 S 1900 E
Salt Lake City, UT 84108
Karensalasutah@gmail.com
Specially Appearing Defendant, Pro Se

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAX WARREN BARBER, individually and as Sole Trustee of the MSB Trust,<br><br>Plaintif,<br><br>v.<br><br>DAVID L. KNUDSON, et al.,<br><br>Defendants. | **DECLARATION OF KAREN SALAS IN SUPPORT OF MOTION TO QUASH SECOND SERVICE OF PROCESS**<br>**and**<br>**VACATE DEFAULT JUDGMENT**<br><br>Case No. 2:25-cv-00681-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

I, Karen Salas, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Defendant Karen Salas named in the First Amended Complaint in this action. I am over eighteen, competent to testify, and have personal knowledge of the facts stated in this Declaration.

2.      I submit this Declaration in support of my Motion to Quash Second Service of Process. I appear for the limited purpose of challenging service of process and personal jurisdiction. Filing

this Declaration is not an acceptance of service. It is a statement, under oath, of the facts that show I was not served.

**My Residence and Usual Place of Abode**

3.    On January 24, 2026 — the date Plaintiff says he served me by substitute service — my dwelling and usual place of abode was 357 S. 200 E., #303, Salt Lake City, Utah, (sometimes referred to as the "347 Apartment").  I lived there with my husband, Jamis Johnson, under a lease that originated in 2018 and expired April 30, 2026.  On January 24, 2026, when the process server delivered papers to the house located at 1028 S 1900 E, Salt Lake City, UT 84108 (sometimes referred to a "1028 House"), I lived at the 357 Apartment.  Moreover, we could not have lived at the 1028 House on January 24, the date of attempted service because there was work ongoing in that house including refinishing the floors, painting, and structural work on the garage. After our lease expired on April 3o, we moved on May 1 from the 357 Apartment.

4.    Neither I nor Jamis Johnson resided at 1028 S. 1900 E., Salt Lake City, on January 24, 2026. The 1028 House was not my dwelling. It was not the household where Mr. Johnson and I lived.

**No Authorization To Accept Service For Me**

5.    No one delivered the Summons or First Amended Complaint to me on or about January 24, 2026, at the 1028 House or anywhere else—on that date I was in India.

6.    I have not appointed Jamis Johnson, or any other person, as an agent to accept service of process on my behalf in this action. When the process server, Julian Dotson, handed documents for me to Mr. Johnson on January 24, 2026, Mr. Johnson informed Mr. Dotson that he, Mr. Johnson, was not authorized to accept service on my behalf.

7.      I have reviewed the Declaration of Julian Dotson at ECF No. 143. He records at paragraph 14 that when he handed documents to Mr. Johnson and announced the service at the 1028 S 1900 E., Mr. Johnson stated to Mr. Dotson that he was "not authorized" to accept service for me. That is consistent with the fact that I never gave Mr. Johnson — or anyone else — that authority.

**My Travel**

8.      From January 5, 2026 through February 5, 2026, I was traveling outside the United States in India. I was not in Utah on January 24, 2026. I could not have been at  the 1028 House or my357 Apartment — or anywhere else in Utah — on that date. I did not get any notice of attempted service during this period and I did not acquiesce to service.

**My Prior Limited Appearance—Prior Motion to Quash Granted**

9.      I previously appeared in this matter for the limited purpose of moving to quash Plaintiff's first round of attempted service. The Court granted that motion on January 12, 2026. ECF No. 133. My appearance for that limited purpose was not a submission to this Court's jurisdiction, and I have not waived — and do not now waive — any defense based on insufficient service of process or lack of personal jurisdiction.

**Defenses**

10.     If properly served and required to respond on the merits, I deny the material allegations of the First Amended Complaint that pertain to me, and I will and do contest those allegations and assert all available defenses and reserve the right to assert more fully all defenses including affirmative defenses.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 23, 2026, at Salt Lake City, Utah.

*/s/ Karen Salas*
Karen Salas, Pro Se
Defendant Appearing Specially

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth above, I caused a true and correct copy of the foregoing DECLARATION OF KAREN SALAS IN SUPPORT OF MOTION TO QUASH SECOND SERVICE OF PROCESS and VACATE DEFAULT JUDGMENT to be served upon the following through CM/ECF notice of electronic filing:

Max Warren Barber
23blackbee@gmail.com
Pro Se Plaintiff

Adrian Isaac Johnson
[email on file with Clerk]
Pro Se Defendant

Dastan M. D'O
[email on file with Clerk]
Pro Se Defendant

Jamis Melwood Johnson
[email on file with Clerk]
Pro Se Defendant

Pace William Johnson
pace@pacejohnson.com
Pro Se Defendant

Stacy Roberts Johnson
stacyjrob@gmail.com
Pro Se Defendant

Stephanie Strasnick Johnson
[email on file with Clerk]
Pro Se Defendant

Taytum Jorgensen
[email on file with Clerk]
Pro Se Defendant

Steven R. Skirvin
steve@srslawpc.com
Counsel for:
       David L. Knudson
       Gravity Capital, LLC
       Gravity Segregation, LLC
       Gravity Segregation II, LLC

Andrew R. Welch
andrew.welch@lewisbrisbois.com
Counsel for:
       Jared L. Anderson

Andrew J. Schuman
andrew.schuman@lewisbrisbois.com
Counsel for:
       Jared L. Anderson

Gary R. Guelker
gguelker@rlattorneys.com
Counsel for:
       Jeremy Short
       David Gardner

Jeremy M. Shorts
jeremy@shortslaw.com
Counsel for:
       Jeremy Short


*/s/ Karen Salas*
Karen Salas