MAX WARREN BARBER
4645 S. Highland Drive.
Holladay, Utah 84117
Email: 23blackbee@gmail.com
Telephone: (801)- 518-1821
Plaintiff, pro se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MAX WARREN BARBER,<br>Plaintiff,<br><br>v.<br><br>DAVID KNUDSON, et al.,<br>Defendants. | **MOTION FOR PARTIAL RELIEF FROM FILING RESTRICTION (ECF 208)<br>AND<br>FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00681-HCN-DBP<br><br>District Judge: Howard C. Nielson, Jr.<br>Magistrate Judge: Dustin B. Pead |

Plaintiff Max Warren Barber, *pro se*, respectfully moves for partial relief from ECF 208 and for leave to file a Second Amended Complaint ("SAC") under Rule 15(a)(2) and DUCivR 15-1. The proposed SAC (Ex. A) is attached. DUCivR 15-1(b) exempts pro se parties from the redline requirement.

Judge Nielson's Standing Order (ECF 14, § II, at PageID.194) provides that where a plaintiff has has not filed a written motion for leave to amend before the Court grants a Rule 12(b)(6) motion, the Court will generally dismiss without leave to amend unless the basis for its ruling could not have been reasonably anticipated. Requests for leave made only in briefs

responding to motions to dismiss or at hearings are generally disregarded. Although ECF 14 exempts pro se litigants, Barber files this written motion out of an abundance of caution.

## I. BACKGROUND

1. ECF 208 (March 24, 2026) restricted new filings pending resolution of eleven motions.

2. ECF 221 (June 8, 2026) vacated the June 29 oral argument. The ten pending motions will now be resolved by written ruling with no specified timeline.

3. Three pending motions are dispositive: ECF 71 (Gravity/Knudson MTD), ECF 88 (Anderson MTD/MSJ), and ECF 209 (Shorts/Gardner MTD). Each is fully briefed.

4. Since the First Amended Complaint (ECF No. 17) ("FAC"), developments that had not yet occurred or been obtained independently justify amendment:

   a. Skirvin signed the Substitution of Trustee as "VP" of Gravity Capital (ECF 88-9, PageID.1630-32, filed Nov. 25, 2025), while Knudson later declared under penalty of perjury that Skirvin was "not operational" (ECF 103-1 ¶ 4 at PageID.1798, filed Dec. 2025);

   b. Adrian and Jamis Johnson testified under oath that they communicated directly with Knudson before the sale, testimony placed on this docket January 3, 2026 (ECF 120; SAC ¶¶ 69-70);

   c. Gravity's own motion to dismiss, filed November 24, 2025, admits that "[i]t set the minimum bid by its credit bid" (ECF 71 at PageID.1205), set at $650,000,

below the $729,929.26 payoff figure Gravity itself had calculated months earlier (SAC ¶¶ 81-82); and

d. post-filing public-records investigation culminated in Plaintiff's Supplemental Request for Judicial Notice (ECF 157, Feb. 4, 2026), documenting thirty years of Knudson-Johnson co-directorships, a recorded trustee relationship, and prior co-party litigation (SAC ¶¶ 140-143). Barber placed each item on the record as it became available. Consolidating the now-developed record into a single operative pleading serves judicial economy.

5. The SAC centers on the same core transaction as the FAC: the March 2022 loan, the breach of the court-approved Stipulation's conditions, the resulting July 2025 foreclosure sale during an automatic stay, and the dispossession of both Properties, but develops the factual record with evidence obtained after the FAC was filed. The proposed SAC asserts two RICO theories (§§ 1962(c), (d)) and federal statutory claims, and state-law claims across sixteen counts, one fewer than the FAC's seventeen.

## II. THE COURT SHOULD PARTIALLY LIFT ECF 208

The circumstances that justified ECF 208 have materially changed. The hearing has been vacated. No timeline has been set. The filing restriction now operates without a defined endpoint while three dispositive motions, directed at a complaint Barber seeks to replace, await written ruling.

Amendment advances ECF 208's purpose. The SAC supersedes the First Amended Complaint, mooting all three pending motions to dismiss: ECF 71 (Gravity/Knudson), ECF 88 (Anderson), and ECF 209 (Shorts/Gardner). *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (looking to the amended complaint on a Rule 12(b) motion because the amended complaint supersedes the original). The Court's pending-motion count, as identified in ECF 221, drops from ten to six: ECF 158 also resolves because the SAC drops Jorgensen. Upon granting leave, Plaintiff will withdraw ECF 137, reducing the pending count to five.

**III. THE FOMAN FACTORS FAVOR LEAVE**

Leave to amend "should freely [be] give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Tenth Circuit applies "the low threshold for amendment and low bar for surviving a motion to dismiss." *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020); *Chilcoat v. San Juan County*, 41 F.4th 1196, 1221 (10th Cir. 2022) (reversing denial). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). No *Foman* factor counsels denial here.

1. **Delay:** Untimeliness supports denial of leave where the movant has no adequate explanation for the delay or knew or should have known of the underlying facts but failed to include them. *See* Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993). Neither

circumstance is present. Indeed, "[l]ateness does not of itself justify the denial of the amendment." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1205 (10th Cir. 2006).

ECF 208 made the earlier amendment impossible. The evidence that distinguishes the SAC from the FAC became available only after the FAC was filed: Adrian and Jamis Johnson's testimony was placed on the docket January 3, 2026 (ECF 120); Skirvin's VP signature appeared as an exhibit to Anderson's own motion on November 25, 2025 (ECF 88-9); and the Supplemental Request for Judicial Notice documenting the enterprise's thirty-year history was filed February 4, 2026 (ECF 157). Barber placed each item on the record within weeks of receiving or compiling it, months before ECF 208 restricted further filings. This motion seeks leave to consolidate an already-noticed record into the operative complaint, not to introduce facts withheld from the Court. Barber identified amendment to individual capacity as a cure in his Rule 72(b) objection (ECF 205 at PageID.3090), filed four days before ECF 208 restricted further filings.

2. **Bad faith:** Bad faith is not present here. The SAC cures the two structural pleading defects defendants identified: the capacity defect (Part IV.C) and the collective-pleading defect (Part IV.D) and consolidates evidence already placed on the docket (Part III, Delay).

3. **Repeated Failure:** This is the first motion for leave. No prior amendment has been denied.

4. **Prejudice:** The burden of showing prejudice rests on the party opposing the amendment. No discovery has occurred, no scheduling order has been entered, and no trial date has been set. Defendants whose own filings supply the SAC's factual predicate cannot claim

surprise. *See Minter,* 451 F.3d at 1208, 1211 (reversing prejudice finding where defendant's own conduct created need for amendment; no prejudice where amended claims "track the factual situations set forth in [original] claims")

Only three defendant groups have tested the complaint's sufficiency: (1) Gravity (ECF 71), (2) Anderson (ECF 88), and (3) Shorts/Gardner (ECF 209). No other defendant has answered or moved on the merits. Three are in default (ECF 203). The remainder contest service (ECF 158, 159, 168) rather than the pleading. Nine individual pro se defendants are CM/ECF-registered and receive electronic notice of every filing (ECF 68, 69, 85, 92, 95, 106, 109, 167; ECF 100 (deficient)); the remainder have actual notice through their own active participation.

The entries of default against Pace Johnson, Salas, and Stacy Roberts Johnson (ECF 203) are undisturbed; the SAC asserts no new claims against defaulted defendants. *Cf. Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986). ECF 206 (default review as to 1028 S. 1900 E. LLC) remains pending; the SAC narrows claims against that entity from fourteen counts to four. The SAC drops the civil conspiracy and IIED claims, combines quiet title with unjust enrichment, and withdraws the TILA rescission remedy the FAC sought; limiting TILA relief to statutory damages and recoupment (SAC ¶¶ 187-189).

Five defendants are dropped: Jorgensen, Gravity Funding LLC, Gravity Segregation II LLC, CR True LLC, and Does 1-10. Eight defendants are added; relation back and notice are addressed below. Skirvin currently represents the Gravity Defendants in this action. His addition as a defendant may require separate counsel for the Gravity Defendants, but that consequence

follows from Skirvin's own conduct, not from the amendment. An amendment that drops two claims, drops five defendants, and adds only defendants already documented in the record does not support a finding of prejudice.

5. **Relation Back and Notice.** Every claim arises from the same transaction or occurrence as the original Complaint (Aug. 15, 2025, ECF No 1): the March 2022 loan, the court-approved Stipulation, the July 2025 sale conducted in violation of the automatic stay, and the dispossession of both Properties. Rule 15(c)(1)(B) is satisfied. The claims against the eight added defendants are independently timely; no relation back under Rule 15(c)(1)(C) is required. Each has individualized conduct allegations in the SAC (SAC ¶¶ 158-168) and each has had notice of this action sufficient to defend on the merits without prejudice.

Skirvin is litigation counsel for Gravity Defendants and filed ECF 71. Anderson, Fife, Marshall & Johnson, LC is the firm of Jared Anderson, a named defendant who has been actively litigating this case since filing his motion (ECF 88).

Dove represented Gravity as bankruptcy counsel in the proceedings that are the subject of this lawsuit: he filed the motion for in rem relief, drafted the Stipulation on which the FAC's breach-of-contract claim rests (FAC ¶¶ 45-49), and cleared the foreclosure sale after receiving the stay notice (SAC ¶ 74). Smith Knowles PC is Dove's firm (SAC ¶ 11).

Pace Johnson Law Group LLC is owned by Pace Johnson, a named defendant served and in default (ECF No. 203), and serves as Registered Agent for 1028 S. 1900 E. LLC defendant (SAC ¶ 87).

Summit Operating LLC held both Manager positions at Gravity Segregation from 2011 (SAC ¶¶ 146, 149). David Lillywhite is Summit Operating's Governing Person (SAC ¶ 146), is identified as Director of Gravity Segregation in SEC filings (SAC ¶ 152). Joshua Lillywhite is Gravity's Senior Loan Officer (SAC ¶155). No added defendant will be surprised by claims arising from events which it participated in.

6. **Futility:** Addressed in Section IV.

## IV. THE SAC IS NOT FUTILE

A proposed amendment is futile if it "would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). The Court must accept all factual allegations as true, *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010), and consider the complaint "in its entirety." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Dismissal on an affirmative defense is proper "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). The SAC admits none.

Three independently sufficient sets of admissions establish plausibility:

**A. Enterprise coordination and the credit bid.**

Adrian Johnson testified that he and his father Jamis communicated directly with Knudson before the sale (ECF No. 120, Clips 2-3, 5, PageID.1994-95; SAC ¶¶ 69-70). These are party-opponent admissions under Fed. R. Evid. 801(d)(2). Separately, Gravity's own motion to dismiss admits that "[i]t set the minimum bid by its credit bid" (ECF No. 71 at PageID.1205;

SAC ¶ 81), set at $650,000 — nearly $80,000 below the $729,929.26 that Gravity's own counsel presented as the claimed debt in April 2025 (SAC ¶¶ 55, 81). Adrian Johnson was the sole bidder at $650,001, one dollar over the opening bid (SAC ¶ 82). Testimony of pre-sale coordination and an admission that the lender set the opening bid are not conclusory allegations; they are evidence already on this docket. The enterprise is pleaded at SAC ¶¶ 127-170.

**B. Officer status.**

Skirvin signed the Substitution of Trustee as "VP" of Gravity Capital (ECF 88-9, PageID.1631). Knudson then declared Skirvin "not operational" (ECF 103-1, ¶ 4 at PageID.1798). A notarized recorded instrument and a sworn declaration cannot both be true. The contradiction is direct evidence of Skirvin's participation in the operation or management of the enterprise, as pleaded at SAC ¶¶ 148, 150, 151.

**C. Capacity.**

The SAC eliminates the capacity problem that prompted ECF 204. The FAC asserted claims on behalf of MSB Trust. The SAC pleads Barber's individual injury, and capacity as the primary basis for every claim (SAC ¶¶ 1, 28-33). Barber personally guaranteed the Loan with "absolute" and "primary" liability, is defined as an individually-liable "Obligor" under the Business Loan Agreement, signed the Stipulation "as Trustee and Individually," is identified as "Co-Debtor" in the Stipulation, and occupied the 1028 Property as his residence when he was dispossessed (SAC ¶¶ 28-30). These are Barber's own injuries regardless of the Trust's status. Trust and successor capacity are pleaded only in the alternative under Fed. R. Civ. P. 17(a). The SAC does not require Barber to represent the Trust. Barber raised these individual-capacity

grounds in his pending Rule 72(b) objection (ECF 205 at PageID.3077-78), identifying the Guarantor, Obligor, and Co-Debtor designations in defendants' own instruments. The SAC pleads that basis fully. Anderson's characterization of MSB Trust as an "irrevocable business trust" (ECF 161, PageID.2445) independently undermines his statutory argument under Utah Code § 75B-1-101(38)(b)(vii). The Rule 72(b) objection remains pending and is unaffected by this motion. A complaint built on defendants' own sworn admissions is not futile.

**D. SAC cures the two structural pleading defects defendants identified.**

The pending motions raise arguments on the merits, including whether the automatic stay applied, whether TILA covers this loan, and whether preclusion bars relitigation. Those arguments are appropriately addressed through briefing on the operative complaint rather than through denial of leave. The FAC had two pleading issues defendants raised. The SAC cures both.

*First*, the capacity defect that prompted ECF 204 is resolved (Part IV.C above). *Second*, the collective-pleading defect raised by all three motions to dismiss is eliminated. The FAC asserted counts "against all defendants" without differentiating each defendant's conduct. Anderson noted he "is mentio[n]ed by name in only these three paragraphs" out of 118 (ECF 88 at PageID.1545). Shorts and Gardner argued that "there are no factual allegations establishing either an 'association' between the individual Defendants" (ECF 209 at PageID.3135) The Gravity Defendants noted that "no specific allegation of wrongdoing is made against Gravity Segregation II, LLC" (ECF 71 at PageID.1188). The SAC provides a per-defendant participation

summary identifying each defendant's specific conduct (SAC ¶¶ 158-168), names specific defendants in every count with supporting allegations.

The SAC also addresses the Rule 9(b) particularity concerns raised in ECF 71 (PageID.1194-95), where Gravity argued that "[t]he RICO causes of action are formulaic recitations of elements" that "utterly fail[] to satisfy Rule 9(b)" (PageID.1193-94), and that "the entire Complaint is based almost entirely on allegations of fraud" requiring 9(b) specificity "for each claim that sounds in fraud regardless of how it is captioned" (PageID.1195). The SAC cures this across the board. The RICO predicates are narrowed to three specific wire fraud acts, each pleaded with the date, parties, transmission medium, and content (SAC ¶¶ 108-110). A standalone fraud count isolates the specific misrepresentation, reliance, and damages with the particularity Rule 9(b) demands (SAC ¶¶ 198-199). ECF/PageID citations to the underlying documents accompany each allegation.

**CONCLUSION**

The Court should grant partial relief from ECF 208, grant leave to file the proposed SAC, and set a response schedule. The SAC rests on defendants' own admissions, eliminates three pending motions, and serves the interests of justice. *Foman*, 371 U.S. at 182.

DATED this 29th day of July, 2026.

Respectfully submitted

*/s/ Max Warren Barber*
Max Warren Barber, Pro Se

**WORD COUNT CERTIFICATION**

This motion contains approximately 2,674 words, excluding the caption, signature block, certificates, this certification, and exhibits, and complies with DUCivR 7-1(a)(4).

*/s/ Max Warren Barber*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2026, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system on all counsel of record and via email on all pro se parties registered for electronic notification.

**Steven R. Skirvin**
**steve@srslawpc.com**
*Counsel of Gravity Defendants*

**Gary R. Guelker**
**gguelker@rlattorneys.com**
*Counsel of Jeremy Shorts & David Gardner*

**Andrew R. Welch**
**(andrew.welch@lewisbrisbois.com)**
*Counsel of Jared L. Anderson*

**Adrian Isaac Johnson:**
adrian.isaac.johnson@gmail.com

**Dastan M. D'O:**
D_0001@icloud.com

**Karen Salas:**
Karensalasutah@gmail.com

**Stacy Roberts Johnson**
stacyjrob@gmail.com

**Stephanie Strasnick Johnson:**
stephanie.anne.strasnick@gmail.com

**Taytum Jorgensen**
taytumannjorge@gmail.com

**Pace William Johnson**
pace@pacejohnson.com
Jamisjohnson@gmail.com

**Jamis Melwood Johnson**
jamis@pacejohnson.com

**VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:**

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

**CR TRUE LLC**
% Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

**1028 S. 1900 E. LLC**
% Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

*/s/ Max Warren Barber*