# EXHIBIT 5

Dove-Barber correspondence re Stipulation conditions, accounting requests, and lien correction

To: Max Barber <23blackbee@gmail.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Good Morning,

Attached please find the proposed Order and Stipulation regarding the Motion for Relief for your review and signature. The offered terms are only valid up to today's hearing, and must be signed and returned to our office to be filed with the court prior to today's hearing at 1:30pm.

Mr. Dove has an appointment at 9:00am this morning but will call you afterwards to discuss with you.

Thank you,

Lexie Martin
Bankruptcy Case Manager | Kenyon D. Dove
**smith | knowles**

2225 Washington Boulevard, Suite 200

Ogden, Utah 84401

Ph 801-476-0303 | Fx 801-476-0399

THIS OFFICE COLLECTS DEBTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE

This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

[Quoted text hidden]

**Order and Stipulation re Motion for Relief.pdf**
61K

---

**Max Barber** <23blackbee@gmail.com> Wed, May 21, 2025 at 11:43 AM
To: Alexis Martin <amartin@smithknowles.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Mr Dove,
There are several discrepancies pertaining to this stipulation which I cannot agree to. It would have served us both better to have this stipulation yesterday to go over these points

1. Firstly the amount of 733K is still contested as per my exhibit M.2 Doc 33 in my emergency motion as it shows that Gravity payoff to Cottonwood title on April 24th (while automatic stay waas in play) was 622K. I am still unsure how Gravity has now amassed over 107K in a day as per the motion after REM filing during an automatic stay.
2. Per your own exhibit list in the Debtor's equity worksheet you have listed the Gravity amount as 565,507.31. Again the vast discrepancies between payoff is alarming and has contributed to the current situation. I am happy to continue to negotiate but will not stipulate to 733k with accruing interest and fees.
3. Are you against going forward with the stipulation stating we will set amounts with title?
4. Sarah Navarra cannot sign this because she is not a co-debtor as stated on the bankruptcy petition.
5. Given the events over the last week with the other creditor(hybrid) I cannot afford for them to use any information to continue to paint a false narrative from the proposed stipulation.

Please give me a call asap.

Thank you,

Max
[Quoted text hidden]

---

**Kenyon Dove** <kdove@smithknowles.com> Wed, May 21, 2025 at 12:31 PM
To: Max Barber <23blackbee@gmail.com>, Alexis Martin <amartin@smithknowles.com>

What if we just stipulate to in rem relief today and you agree to dismiss the motion as to my clients and I and we'll agree to schedule the sale sometime after July 7th. That will give you time to sell the property and still leaves the question open to resolve the total amount owed in advance of July 7th. Let me know ASAP. I think I can get my clients to do that for todays purposes.

[Quoted text hidden]

---

**Alexis Martin** <amartin@smithknowles.com> Wed, May 21, 2025 at 1:04 PM
To: Max Barber <23blackbee@gmail.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Hello Mr. Barber,

Attached please find the attached updated Stipulation. Mr. Dove will be calling you shortly to discuss.

Thank you,

Lexie Martin
Bankruptcy Case Manager | Kenyon D. Dove
**smith | knowles**

2225 Washington Boulevard, Suite 200

Ogden, Utah 84401

Ph 801-476-0303 | Fx 801-476-0399

THIS OFFICE COLLECTS DEBTS AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE

This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

---

**From:** Max Barber <23blackbee@gmail.com>
**Sent:** Wednesday, May 21, 2025 11:43 AM
**To:** Alexis Martin <amartin@smithknowles.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Updated Stipulation.pdf**
23K

---

**Max Barber** <23blackbee@gmail.com> Wed, May 21, 2025 at 1:22 PM
To: Alexis Martin <amartin@smithknowles.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

See agreed Stipulation .... Max
[Quoted text hidden]

---

**Agree Stipualtion Gravity - Barber.pdf**
146K

---

**Kenyon Dove** <kdove@smithknowles.com> Wed, May 21, 2025 at 1:35 PM
To: Max Barber <23blackbee@gmail.com>, Alexis Martin <amartin@smithknowles.com>

The hearing will be held online via Zoom – I've included the login information below, the court recommends logging on at least 10 minutes prior to make sure you are able to log in okay.

**JOIN NOW**

Meeting ID: **160 3007 6397**

Passcode/Participant ID: **6001201**

Or you can call in at 1-669-254-5252

[Quoted text hidden]

---

**Kenyon Dove** <kdove@smithknowles.com> Wed, May 21, 2025 at 3:25 PM
To: Max Barber <23blackbee@gmail.com>, Alexis Martin <amartin@smithknowles.com>

Hello Mr. Barber-

Thank you for your work on reaching the stipulation today. Will you please check with your title company to see if it is sufficient for Gravity Capital to provide a current payoff to resolve your concern about the amount of Gravity Capital's lien for underwriting purposes? I am concerned about recording an amended deed of trust affecting the priority of my client's lien on the properties.

I've requested a current more detailed payoff from my clients that I will forward to you to start the discussion regarding the payoff to my client. Can you provide something from the title company to verify that they are assisting with the closing when it happens?

Thank you,

Kenyon

Kenyon D. Dove

**SMITH KNOWLES, PLLC**

2225 Washington Blvd., Ste 200

Ogden, Utah 84401

801-476-0303

---

**From:** Max Barber <23blackbee@gmail.com>
**Sent:** Wednesday, May 21, 2025 1:23 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Alexis Martin** <amartin@smithknowles.com> Thu, May 22, 2025 at 8:38 AM
To: Max Barber <23blackbee@gmail.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Good Morning Mr. Barber,

Attached please find a copy of the proposed Order on the Stipulation for your review and signature. Once we receive the signed Order back we can file it with the court.

[Quoted text hidden]

**Proposed Order.pdf**
321K

---

**Max Barber** <23blackbee@gmail.com> Thu, May 29, 2025 at 8:19 PM
To: Alexis Martin <amartin@smithknowles.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Hi Kenyon,

Wanted to get back to you earlier today.

Reconfirming as previous agreed

1. Amend the county recorder record lien amount to the $322,000 to reflect the original loan amount not the $1.2 million as it is today.

2. Day of last hearing we discussed you would go back to your clients to get a clear accounting as how they came to the balance, any further insure on that.

Ready to go

Thank you

Max
[Quoted text hidden]

---

**Alexis Martin** <amartin@smithknowles.com> Fri, May 30, 2025 at 10:27 AM
To: Max Barber <23blackbee@gmail.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Good Morning Mr. Barber,

As to the items you are reconfirming, yes it #1 regarding amending the lien is included in the Stipulation so once finalized we can review amending that with Gravity. As to #2, it is not enumerated in the stipulation, but we will contact Gravity regarding a clear accounting.

Just to confirm, do you approve us to affix your electronic signature to the Order so that we can get it finalized with the court. We have to have specific written consent before we can do so, and the court will not approve the order without your signature. If not, we plan on the hearing Monday going forward. Please let me know as soon as possible.

[Quoted text hidden]

---

**Max Barber** <23blackbee@gmail.com> Fri, May 30, 2025 at 12:22 PM
To: Alexis Martin <amartin@smithknowles.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Hi Kenyon

Will amend into the stipulation correctly for your review this afternoon

Regards,

Max
[Quoted text hidden]

**Correspondence with Gravity Council confirming agreement to delete the lien.**

Update (nothing received from Gravity) Inbox x

Summarize this email

**Max Barber** <23blackbee@gmail.com>
to Kenyon, bcc: me

Fri, Jun 13, 11:52 AM

Hi Kenyon,

Hope this finds you well.

Following up as the time has passed since we agreed your client would submit the 1.) detailed accounting they have on this file and 2.) the amendment to the Salt Lake County Recorders record on the properties (1028 South 1900 East SLC UT 84108 & 1836 East Yale Ave SLC UT 84108) to reflect the correct amount (not 1.2M).

I would still like to conclude this deal asap and close with the title company, let me know when we can get the above and we can move and finish this up.

Thank you,

Max Barber

**Kenyon Dove** <kdove@smithknowles.com>
to Alexis, me

Fri, Jun 13, 11:58 AM

My clients are recording a Scrivener's Affidavit with regard to the Deed of Trust clarification needed. We have also requested the payoff statement from them. We'll ask again so that we can forward that to you as soon as possible.

Thanks,

Kenyon D. Dove
**SMITH KNOWLES, PLLC**
2225 Washington Blvd., Ste 200
Ogden, Utah 84401
801-476-0303

---

**Max Barber** <23blackbee@gmail.com> Thu, May 29, 2025 at 8:19 PM
To: Alexis Martin <amartin@smithknowles.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Hi Kenyon,

Wanted to get back to you earlier today.

Reconfirming as previous agreed

1. Amend the county recorder record lien amount to the $322,000 to reflect the original loan amount not the $1.2 million as it is today.

2. Day of last hearing we discussed you would go back to your clients to get a clear accounting as how they came to the balance, any further insure on that.

Ready to go

Thank you

Max
[Quoted text hidden]

---

**Alexis Martin** <amartin@smithknowles.com> Fri, May 30, 2025 at 10:27 AM
To: Max Barber <23blackbee@gmail.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Good Morning Mr. Barber,

As to the items you are reconfirming, yes it #1 regarding amending the lien is included in the Stipulation so once finalized we can review amending that with Gravity. As to #2, it is not enumerated in the stipulation, but we will contact Gravity regarding a clear accounting.

Just to confirm, do you approve us to affix your electronic signature to the Order so that we can get it finalized with the court. We have to have specific written consent before we can do so, and the court will not approve the order without your signature. If not, we plan on the hearing Monday going forward. Please let me know as soon as possible.

[Quoted text hidden]

---

**Max Barber** <23blackbee@gmail.com> Fri, May 30, 2025 at 12:22 PM
To: Alexis Martin <amartin@smithknowles.com>
Cc: Kenyon Dove <kdove@smithknowles.com>

Hi Kenyon

Will amend into the stipulation correctly for your review this afternoon

Regards,

Max