FILED
2026 AUG 25 AM 12:21
CLERK
U.S. DISTRICT COURT

Max Warren Barber
4645 S. Highland Drive
Holladay, Utah 84117
Telephone: (801) 518-1821
Email: 23blackbee@gmail.com
*Pro Se Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH,**

| | |
|---|---|
| **MAX WARREN BARBER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID L. KNUDSON, et al.,**<br>**Defendants.** | **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF 229]Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3),**<br><br>**Case No. 2:25-cv-00681-HCN-DBP**<br><br>**Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff Max Warren Barber respectfully objects to the Report and Recommendation (“R&R”) entered August 10, 2026 (ECF 229), recommending dismissal of all federal claims with prejudice and all state claims without prejudice. Plaintiff requests de novo review.

## INTRODUCTION

The R&R recommends dismissal on three premises. Each fails independently: the R&R analyzed a complaint that a pending amendment cures, misread the jurisdictional statute it cited, and resolved a factual question, one it acknowledged is “for the trier of fact”, against Plaintiff at the pleading stage.

*First*, the R&R analyzes only the First Amended Complaint ("FAC," ECF 17). Twelve days before the R&R issued, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("MFL," ECF 225) with the proposed SAC (ECF 225-1). The SAC cures the two structural deficiencies defendants identified: the capacity defect and the collective-pleading defect. (ECF 225, §§ IV.C, IV.D.) The R&R does not address the MFL. Under *Foman v. Davis*, 371 U.S. 178, 182 (1962) (briefed at ECF 225, § III), and *Seale v. Peacock*, 32 F.4th 1011 (10th Cir. 2022), leave must be freely granted absent futility. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465-67 (2000).[1]

*Second*, the R&R conflates "core" bankruptcy proceedings with "exclusive" jurisdiction, misapplies issue preclusion from a limited-jurisdiction eviction, and treats independent federal claims (RICO, Sherman Act, TILA, FDCPA) as dependent on the automatic stay.

*Third*, the R&R credits judicially noticed documents over well-pleaded allegations without Rule 12(d) conversion. Its own authority, *Gallegos v. Stokes*, 593 F.2d 372, 375 (10th Cir. 1979), holds loan purpose is "a factual issue for the trier of fact."

De novo review is warranted. The R&R does not cite any of Plaintiff's eight opposition filings (ECFs 116, 138, 140, 170, 171, 182, 182-1, 216) in its 37 pages, yet

[1] To the extent the R&R relies on ECF 204 (capacity order), Plaintiff incorporates by reference his pending Rule 72(b) objections (ECF 205). The capacity question does not affect these objections because each addresses independent legal errors.

it accepted Plaintiff's Motion for Judicial Notice (ECF 137), granting it in part (ECF 229, PageID.3650-3651), and analyzed the FAC throughout. The R&R's treatment of Plaintiff's capacity is inconsistent: it analyzed the FAC and granted Plaintiff's judicial notice motion while declining to address Plaintiff's substantive opposition filings.

The sur-reply record confirms this pattern. The Magistrate Judge granted Plaintiff's sur-reply to Anderson (ECF 183, granting ECF 140), then ignored it. The R&R never ruled on Plaintiff's sur-reply to Gravity (ECF 182), then adopted the preclusion defense that sur-reply rebutted. Under *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005), if the court declines to permit a sur-reply, it may not rely on the new material in reaching its decision.[2]

[2] The R&R contains thirteen citation and labeling errors: (1) "19 U.S.C. § 1962(d)" should be 18 U.S.C.; (2) *Moss v. Parr Waddoups* cited as "2021 UT 42", actually 2012 UT 42; (3) *Johnson v. Heath* dated "2002," F.4th did not exist until 2021; (4) *Montoya v. Chao* pinpoint "055" should be "955"; (5) "Fed. R. Civ. P. 201(b)", should be Fed. R. Evid. 201(b); (6) *Clinton v. Secretary Benefit Life*, the case is *Security* Benefit Life; (7) Count XII (Civil Conspiracy) omitted from the table of counts; (8) Count XIII mislabeled "Abuse of Power," the FAC alleges "Abuse of Process"; (9) "15 U.S.C. § 1603(a)," § 1603 uses numbered subsections, not letters; the correct cite is § 1603(1); (10) "Moffet v. Halliburton Energy Servicers", should be "Moffett v. Halliburton Energy Services" (two errors in one case name); (11) "GFF Corporation v. Association Wholesale Grocers", should be "Associated Wholesale Grocers"; (12) "City of Dotha", should be "City of Dothan"; (13) *Nero v. Oklahoma* LEXIS citation omits the year prefix.

## I. DISMISSAL WITH PREJUDICE IS PREMATURE BECAUSE PLAINTIFF'S PENDING AMENDMENT CURES EVERY DEFICIENCY THE R&R IDENTIFIED

Dismissal with prejudice is appropriate only where amendment would be futile. *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (reversing dismissal with prejudice where amendment could cure the deficiency). The SAC was lodged twelve days before the R&R issued and cures every deficiency identified. If granted, "the amended complaint supersedes the original." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (ECF 225, PageID.3317, citing *Miller* for the court's obligation to evaluate the amended complaint on a Rule 12(b) motion). The pending MTDs (ECFs 71, 88, 209) would be mooted.

Plaintiff complied with this Court's Standing Order (ECF 14, § II): he filed the MFL (ECF 225) with the proposed SAC (ECF 225-1) before the district judge heard argument on the pending motions. The MFL was lodged under ECF 208's filing restriction (PageID.3115), but that restriction was Magistrate Judge Pead's administrative order issued to resolve pending motions; the precondition for lifting it never occurred. ECF 14 is the district judge's standing order. Plaintiff followed it. The R&R recommended dismissal with prejudice without addressing the pending MFL.

## II. THIS COURT HAS CONCURRENT JURISDICTION OVER § 362(k) CLAIMS

The R&R concludes this Court "lacks subject matter jurisdiction" because § 362(k) proceedings are "core." (ECF 229, PageID.3652.) This conflates "core" with "exclusive." The statute says the opposite.

### A. The R&R Misidentifies a "July 9, 2025 Order" That Does Not Exist.

The R&R states Plaintiff alleges violation of "the Bankruptcy Court's July 9, 2025 order." (ECF 229, PageID.3651.) No such order exists. The In Rem Order was entered June 11, 2025; the bankruptcy petition was filed July 8, 2025. The FAC alleges defendants received *notice* on July 9 (ECF 17, ¶ 51), not that a court order issued. The automatic stay arises by operation of law under § 362(a) and requires no order. Recharacterizing a statutory-stay claim as one based on a specific "order" channeled the analysis toward exclusive bankruptcy jurisdiction.

### B. Section 1334(b) grants this Court "original but not exclusive" jurisdiction because "core" describes bankruptcy court authority, not a bar on district courts.

Section 1334(b): "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11." The R&R's principal authority, *In re Johnson*, 575 F.3d 1079, 1082-83 (10th Cir. 2009), held § 362(k) claims are "core," but "core" describes the bankruptcy court's authority to enter final orders, not a bar on district court jurisdiction. *In re Johnson* was decided on appeal from a district court. (ECF 116, PageID.1965; ECF 140, PageID.2130-2131.)

*Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34-35 (2014), confirms district courts may enter final judgment under § 1334(b). Supplemental jurisdiction under § 1367(a) independently applies: the stay violation arises from the same controversy as the RICO (§ 1331) and Sherman Act (§ 1337) claims. (ECF 116, PageID.1965; ECF 140, PageID.2131.) The R&R's sole additional authority, *Barnes-Mohammed*, 2026 U.S. Dist. LEXIS 70561, is an unadopted R&R by the same magistrate judge.

### C. The In Rem Order does not authorize the foreclosure because three Stipulation conditions were never fulfilled and the order was entered in a different case.

The In Rem Order was entered in Case No. 25-21749 (Max Barber individually), not Case No. 25-23863 (MSB Trust). The Trust's July 8, 2025 filing triggered an independent stay. (ECF 116, PageID.1957; ECF 138, PageID.2098.) The Stipulation limits the stay lift to "any bifurcation or conversion of this case from one chapter to another." (ECF 116-2, PageID.1982, ¶ 5.) A new case by a different debtor is neither. (ECF 138, PageID.2098.) The R&R applies the order across cases without addressing this limitation. Its reliance on the state court's ruling that In Rem relief "applied to any subsequent or bifurcated bankruptcy petitions" (ECF 229, PageID.3654) compounds the error: a UD court has no authority over the scope of In Rem bankruptcy relief. See § III.A, *infra*.

Even within Case No. 25-21749, the order was conditional. Its title: "ORDER GRANTING IN REM RELIEF PURSUANT TO STIPULATION (DOCKET NO. 47)."

(ECF 88-15, PageID.1660.) Relief vests only through the Stipulation. The R&R says the proposed order "was ultimately not entered" (ECF 229, PageID.3641-42). The docket stamp refutes this: "Case 25-21749 Doc 47 Filed 05/29/25 Entered 05/29/25 16:25:28." (ECF 116-2, PageID.1980-1986.) Both defense teams filed the Stipulation with its Addendum. (ECF 71-8, PageID.1317-1323; ECF 88-14, PageID.1652-1658.) The word "addendum" does not appear in the R&R.

The Stipulation contains three unfulfilled conditions:

1. **¶ 4**: "Parties agree to discuss in good faith the final payoff amount due prior to July 7, 2025." Gravity's own counsel directed the opposite: "any discussion on numbers should wait until after the sale." (ECF 88-22, PageID.1701, defendants' own exhibit.)

2. **Addendum ¶ 1**: The Stipulation required Gravity to "amend the recorded lien to reflect a lien amount of approximately $332,000.00." (ECF 138, PageID.2096; ECF 140, PageID.2129.) The R&R characterizes Gravity's Scrivener's Affidavit as "consistent with the parties' unsigned proposed order" (ECF 229, PageID.3642). A scrivener's affidavit is not a lien amendment, release, or reconveyance; it is a unilateral statement of alleged clerical error. (ECF 138, PageID.2096.) Under Utah Code § 57-3-106(10), a scrivener's affidavit "may not be used to . . . alter an interest in real property." (ECF 116, PageID.1953.) The county records confirm: as of August 6, 2025, the $1,200,000 trust deeds remained recorded against both

properties, $2.4 million total, unreleased. (FAC Ex. D, ECF 35-3, PageID.273-274.) The R&R does not address § 57-3-106(10) or the county records.

**3. Addendum ¶ 3**: Stay lifts "immediately upon correction of the lien amount." Never corrected.

Anderson's own briefing confirms the conditions exist: in ECF 88 (PageID.1559) he argued Gravity "complied"; in ECF 132 he pivoted to arguing no conditions exist. (ECF 140, PageID.2128-2130.) Judge Daynes found: "Gravity Capital had a stipulation . . . that they would do certain things prior to the sale . . . and they did not do those things." (ECF 121, PageID.2001, Clip 1; ECF 116, PageID.1967.) The R&R accepts that Anderson relied on "the language of the In Rem Order and Steve Skirvin's written confirmation" (ECF 229, PageID.3643). But the In Rem Order grants relief "PURSUANT TO STIPULATION (DOCKET NO. 47)" (ECF 88-15, PageID.1660), directing Anderson to the conditions he never verified. The "written confirmation" came from the person who directed that the required accounting "wait until after the sale." (ECF 116, PageID.1943; ECF 140, PageID.2129-2130.)

### D. The Trust holds equitable interests in the Properties as Trustor under the Deed of Trust, regardless of bare legal title in GSE.

The R&R states "both Properties were titled in GSE Global LLC." (ECF 229, PageID.3642.) That is the wrong question. Section 541(a)(1) defines estate property as "all legal **or equitable** interests of the debtor in property." Bare legal title is not required. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983) ("Congress intended a broad range of property to be included in the estate.").

The Deed of Trust names the MSB Trust as Trustor and Gravity Capital as Beneficiary. (ECF 88-2, ¶ 5.) The Promissory Note names the Trust's Trustees as Borrower. (ECF 1-10, PageID.94.) As Trustor, the Trust holds the equity of redemption, an equitable interest vesting in the estate under § 541(a)(1) regardless of bare legal title. (ECF 216, PageID.3231-3232.) The R&R did not address the "or equitable" language or *Whiting Pools*.

Defendants cannot foreclose under a deed naming the Trust as trustor while denying the Trust holds any property interest. If the Trust has no interest, there is no trustor, and nothing to foreclose. Section 362(a)(4) bars "any act to . . . enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4) (ECF 216, PageID.3231). Gravity is judicially estopped from denying the Trust's interest: the Stipulation identifies the MSB Trust as "Debtor" and the Properties as collateral. (ECF 88-2, ¶¶ 12-14; ECF 216, PageID.3233.) *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (ECF 216, PageID.3233). Plaintiff's individual standing is independent: he signed as "Guarantor" (ECF 1-10, PageID.114) and is named "Co-Debtor" on the Stipulation (ECF 1-2, PageID.30). (ECF 216, PageID.3229.)

The GSE premise defeats the R&R's own In Rem analysis. If the properties belonged to GSE, the In Rem Order could not have attached; in rem relief reaches only estate property. The Stipulation itself confirms the interest: Gravity agreed it is "secured by real properties, in which the Debtor and Co-Debtor claim some interest." (ECF 1-2, PageID.31, ¶ 1; ECF 116-2, PageID.1982, ¶ 1.) The R&R cannot hold that the In Rem Order authorized the foreclosure (requiring the Trust to hold an interest) and that the properties were not estate property (requiring the Trust to hold none).

The R&R lists Max's personal bankruptcy history (ECF 229, PageID.3640), but the MSB Trust had never previously filed bankruptcy. (ECF 116, PageID.1951.) One listed case (25bk26244, October 2025) postdates the July 22 sale and could not have been filed to "forestall" a completed foreclosure. The R&R does not address this.

## III. THE R&R'S PRECLUSION AND DEPENDENCY HOLDINGS EACH FAIL INDEPENDENTLY

### A. The R&R's Jurisdiction and Preclusion Holdings Are Internally Contradictory.

The R&R holds this Court "lacks subject matter jurisdiction" over § 362(k) claims because they are "core." (ECF 229, PageID.3651-3652.) It then gives preclusive effect to a state UD court's determination of the same questions. (ECF

229, PageID.3652-3654.) UD jurisdiction is limited to possession. Utah Code § 78B-6-801; *Sovereen*, 595 P.2d at 853; *Osguthorpe*, 2010 UT 29, ¶ 23 (both briefed at ECF 182-1, PageID.2843). The R&R's preclusion holding rests on an attorney-drafted order applying three federal statutes the UD court had no authority to adjudicate:

| UD Court Determination | Federal Statute Applied | Exclusive Jurisdiction |
|---|---|---|
| Properties not "property of the estate" (ECF 229, PageID.3646, ¶¶ 18-19) | 11 U.S.C. § 541(a)(1) | District court — § 1334(e)(1) |
| Transfer "VOID as a fraudulent conveyance" (ECF 229, PageID.3653) | 11 U.S.C. § 548 | Bankruptcy court — § 157(b)(2)(H), (F) |
| Automatic stay "had no effect" (ECF 229, PageID.3647, ¶¶ 41-42) | 11 U.S.C. § 362 | Bankruptcy court — § 157(b)(2)(G) |

*In re Hafen*, 616 B.R. at 576-78. (ECF 116, PageID.1958-1960, 1965; ECF 140, PageID.2128.)

If this Court, an Article III court with original jurisdiction under 28 U.S.C. § 1334(b), lacks jurisdiction over these questions, then the UD court, limited to possession under § 78B-6-801, certainly does not. The R&R cannot strip jurisdiction from this Court while conferring it on a state court of lesser authority. Preclusion cannot arise from determinations the adjudicating court had no power to make. Even accepting the R&R's jurisdictional holding, dismissal with prejudice is improper: a court that lacks jurisdiction cannot reach the merits. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006).

B. Issue Preclusion Fails on Every Element.

Issue preclusion requires four elements; the asserting party bears the burden on each. *Kuhar v. Thompson Mfg., Inc.*, 2024 UT 12, ¶ 12, 552 P.3d 174, 178; *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000). Gravity itself cited *Kuhar* for the preclusion elements (ECF 156, PageID.2249), then conceded on the same page that "The Gravity Defendants are not parties to the Eviction Suit," failing its own test. (ECF 182-1, PageID.2841.) The R&R declares all four "satisfied" (ECF 229, PageID.3654) without analyzing any individually, citing *Moss v. Parr Waddoups* with the wrong year (2021 UT 42; actually 2012 UT 42). The R&R's own authority undermines its conclusion. *Moss* rejected preclusion because the issue was never actually litigated, "none of [the defenses] dealt with the discovery order[s]." 2012 UT 42, ¶ 25. The R&R repeats that error: it declares all four elements "satisfied" without analyzing whether any federal claim was actually litigated in the UD. None was. The § 548 determination was inserted by counsel, not adjudicated by the court. See *infra*. Plaintiff briefed preclusion's failure across five ECFs (116, 140, 171, 182-1, 216); the R&R cites none.

The R&R also applies the wrong doctrine: its assertion that Plaintiff "had an opportunity to raise" these claims as "counterclaims, or post-judgment challenges in the state forum" (ECF 229, PageID.3654) is the test for *claim* preclusion. *Issue* preclusion requires the issue was *actually litigated and necessarily determined*. *Dodge*, 203 F.3d at 1198 (briefed at ECF 171, PageID.2690; ECF 182-1,

PageID.2843). Unlawful detainer has no jurisdiction over RICO, Sherman Act, TILA, FDCPA, or § 362(k) claims. Utah Code § 78B-6-811; *Osguthorpe*, 2010 UT 29, ¶ 23 (briefed at ECF 182-1, PageID.2843).

**The § 548 determination, the foundation of the preclusion holding, was jurisdictionally barred and fabricated.** The R&R gives preclusive effect to the UD court's declaration that the GSE-to-MSB transfer was "VOID as a fraudulent conveyance" under § 548. (ECF 229, PageID.3653.) That determination fails twice.

*First*, the UD court had no jurisdiction to make it. Fraudulent conveyance avoidance is a core proceeding under §§ 157(b)(2)(H), (F); only the trustee may bring § 548 actions; § 1334(e)(1) grants exclusive jurisdiction over estate property. See § III.A, *supra*. A state judgment cannot preclude claims the rendering court lacked competency to adjudicate. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985). (ECF 216, PageID.3221.)

*Second*, the court never made it. The October 14, 2025 minute entry records five findings, none declaring a transfer void or applying § 548. (ECF 182-2, PageID.2856.) Counsel, charged by criminal Information with six counts of forgery (Case No. 251401804; ECF 162-3; 162-4), expanded five findings into forty-six paragraphs, inserting the § 548 determination. (ECF 182-1, PageID.2847-2849.) Co-defendant Navarra's independent counsel confirmed: the proposed order

contained "many findings . . . which were never made by this Court." (Navarra Obj. at 2, Oct. 27, 2025; ECF 216, PageID.3221.) A determination the UD court had no jurisdiction to make and never made cannot support preclusion.

**Parties.** The UD was a possessory action between 1028 S 1900 E LLC and Max Barber. None of the eighteen defendants were parties. Gravity, the party asserting preclusion, conceded: "The Gravity Defendants are not parties to the Eviction Suit" (ECF 156, PageID.2249). That concession is fatal: the party-or-privity requirement is mandatory. *Dodge*, 203 F.3d at 1198; *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) ("One is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (ECF 171, PageID.2691; ECF 182-1, PageID.2844). *Taylor* identified six, and only six, narrow exceptions; none apply. (ECF 182-1, PageID.2844.) Gravity then denied Judge Daynes made the breach finding at all, "this alleged statement is not included in the Findings" (ECF 156, PageID.2250), but the oral ruling is transcribed under oath (ECF 121, PageID.2001, Clip 1). Gravity added that even if Daynes made the finding, it "would not be binding upon Gravity in any event" (ECF 156, PageID.2250). Short and Gardner likewise admitted they "were not involved in the underlying loan, bankruptcy proceedings, or foreclosure process" and "limited their involvement to post-foreclosure representation" in the UD. (ECF 209, PageID.3127.) No defendant can claim preclusion from a proceeding to which the

asserting party was not a party and the UD attorneys disclaim involvement in everything else.

**Forfeiture.** Preclusion was first raised in Gravity's Reply (ECF 156), never in the MTDs or answers, an affirmative defense Rule 8(c)(1) requires in the answer. Plaintiff objected (ECF 171, PageID.2691) and briefed forfeiture under *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (ECF 182-1, PageID.2847). The R&R addressed neither.

**Yale Avenue.** The eviction named only the 1028 Property. The 1836 Yale Avenue Property was never before that court. (ECF 216, PageID.3221.)

**Void ab initio.** The UD proceedings violated the automatic stay and are void. *Kalb v. Feuerstein*, 308 U.S. 433, 440 (1940) (briefed at ECF 116, PageID.1966); *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990) (briefed at ECF 116, PageID.1960; ECF 140, PageID.2128). Void proceedings cannot generate preclusive findings.

C. RICO, Sherman Act, TILA, and FDCPA each arise from independent federal statutes and predate the bankruptcy.

The R&R asserts "all Plaintiff's remaining federal claims are premised on this court finding a violation of the automatic stay." (ECF 229, PageID.3668.) Four claims refute this.

**RICO.** The R&R dismissed for "formulaic recitations" and no enterprise allegations (ECF 229, PageID.3657), after denying ECF 157, 31 exhibits documenting seven Johnson-Knudson co-directorships (1986-1996), nine recorded trustee-beneficiary transactions, seven co-party lawsuits, Johnson's 27 federal convictions, and Knudson's permanent FTC injunction, as "untethered to a motion" under DUCivR 7-1(a)(8), a joinder rule, not the governing standard. Judicial notice is mandatory under Fed. R. Evid. 201(c)(2). The R&R granted ECF 137 (same form, same party) without explaining the inconsistency. It denied the enterprise evidence, then dismissed for lack of it. Multiple predicates predate the bankruptcy by decades. *H.J. Inc.*, 492 U.S. at 239-43 (ECF 116, PageID.1969).

**Sherman Act.** Bid-rigging is per se illegal regardless of the stay. *Socony-Vacuum Oil Co.*, 310 U.S. 150, 218 (1940) (FAC ¶ 87, fn.13). Independent jurisdiction under 28 U.S.C. § 1337. The record contains direct evidence: Knudson sent a known bidder a false sale date of "Aug 15th" instead of July 22 (FAC ¶ 55; Ex. F, ECF 35-5). Jamis Johnson, "called [Knudson] probably that evening" (ECF 121, PageID.2000, Clip 5). Adrian Johnson, "let's call Dave. Let's see if Dave has any foreclosures" (Clips 2-3). Adrian Johnson was the sole bidder. (FAC ¶ 54.) Prearranged bidding constitutes direct evidence of conspiracy. *United States v. Metro. Enters., Inc.*, 728 F.2d 444, 451 (10th Cir. 1984) (substantial proof, direct or circumstantial, supported bid-rigging conviction) (ECF 138, PageID.2103). The R&R characterizes this as "circumstantial" (ECF 229, PageID.3660), does not address

FAC Exhibit F, concedes per se treatment (fn.115) but requires "harm to consumers", the two standards are mutually exclusive. *Northern Pacific Ry.*, 356 U.S. at 5 (cited in the R&R, ECF 229, fn.115).

**TILA.** Arose at loan origination in March 2022, three years before any bankruptcy. The FAC alleges Plaintiff informed Defendants: "I live in the 1028 S 1900 E" (FAC ¶ 38; Ex. N, ECF 36-3), and was "directed . . . to sign documents falsely stating the proceeds were 'solely and exclusively for business and commercial purposes'" (FAC ¶ 39; Ex. J). The R&R does not address Ex. N. It credits the "Business Loan Agreement" label (ECF 229, PageID.3662) and Schedule A/B (ECF 71-14), but reciting a loan document's label on a bankruptcy schedule is the characterization the FAC alleges is fraudulent. 365-day occupancy renders the label a factual nullity; Knudson's permanent FTC injunction prohibits him from applying it to consumer loans. (ECF 138, PageID.2104-2106; FAC Ex. H.) The limitations analysis (ECF 229, PageID.3664) repeats this circularity.

**FDCPA.** Anderson is a successor trustee collecting for the lender, a limited-purpose debt collector under *Obduskey*, 139 S. Ct. at 1038 (§ 1692f(6)); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). The R&R concluded defendants "collected the debt in their own names" (ECF 229, PageID.3666). A successor trustee enforcing a deed of trust for a lender collects a debt "owed or due another" by definition. 15 U.S.C. § 1692a(6). The R&R dismissed without citing

*Obduskey*, SCOTUS authority raised at ECF 116, and cites the wrong section ("§ 1692(a)(6)(A)" rather than § 1692a(6)(A)). (ECF 229, PageID.3666, fn.142.)

Rule 8(d)(2)-(3) permits alternative and inconsistent theories. The R&R treats all federal claims as a single stay-dependent unit.

**The theory was not briefed.** Anderson argued only that claims against *him* rest on the foreclosure. (ECF 88, PageID.1553-1559.) Gravity limited stay-dependency to six of seventeen counts (ECF 71, pp.10-21). The R&R expanded both into a universal cascade no party advanced. *Day v. McDonough*, 547 U.S. at 210 (sua sponte action requires fair notice); *Curley*, 246 F.3d at 1281-82 (sua sponte dismissal only when "patently obvious" plaintiff cannot prevail). The R&R undermines its own theory by analyzing each claim independently for sixteen pages. (ECF 229, PageID.3655-3670.)

## IV. THE R&R RESOLVED FACTUAL DISPUTES AT THE 12(b)(6) STAGE BY CREDITING DOCUMENTS PLAINTIFF ALLEGES ARE FRAUDULENT

At the 12(b)(6) stage, courts "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### A. The R&R resolved loan purpose against Plaintiff by crediting the document label Plaintiff alleges is fraudulent.

The R&R's own authority holds loan purpose is "a factual issue for the trier of fact." *Gallegos*, 593 F.2d at 375. The R&R resolved it against Plaintiff by crediting the "Business Loan Agreement" label (ECF 229, PageID.3662), the very label Plaintiff alleges is fraudulent (ECF 17, ¶¶ 37, 39). See § III.C, *supra*.

### B. The R&R credited extrinsic materials to resolve factual disputes without converting to summary judgment under Rule 12(d).

Anderson styled his motion "to Dismiss, **or Alternatively, for Summary Judgment**" with 23 exhibits. The R&R used those materials without conversion. It credited extrinsic materials (Schedule A/B, the Business Loan Agreement, Anderson's declaration, state court findings) to resolve factual disputes in defendants' favor, without the "reasonable opportunity" Rule 12(d) requires. Plaintiff raised this in three filings: ECF 116, PageID.1948-1949 (citing *Reed*, 923 F.3d 729, 753 (10th Cir. 2019)); ECF 171, PageID.2694 (citing *Marquez*, 463 F.3d 1118, 1121 (10th Cir. 2006)); ECF 182-1, PageID.2849-2850 (citing *Lowe*, 143 F.3d 1378, 1381 (10th Cir. 1998)). The R&R addressed none. Judicial notice permits consideration of a document's existence, not "to prove the truth of matters asserted therein." *Tal*, 453 F.3d at 1265 n.24 (cited in the R&R, ECF 229, PageID.3650); *Cuervo*, 112 F.4th at 1315.

The R&R's own authority confirms the error. It cites *Fuqua v. Santa Fe County Sheriff's Office*, 157 F.4th 1288 (10th Cir. 2025), for the proposition that judicially noticed documents "control" over contradicted allegations. (ECF 229,

PageID.3638 n.16.) *Fuqua* held the opposite: using extrinsic evidence to "undermine and attack the veracity of the complaint" is "simply inappropriate on a motion to dismiss," 157 F.4th at 1300, and "disregarding extrinsic evidence at the motion-to-dismiss stage was especially important 'in the face of a direct claim to the contrary in the complaint,'" *id.*[3]

CONCLUSION

De novo review compels rejection. The R&R ignored eight opposition filings and a pending amendment. It cited its own unadopted R&Rs over binding authority. It invoked *Fuqua* for the opposite of its holding. It misidentified a nonexistent "July 9, 2025 order." It applied preclusion from a proceeding whose parties, issues, and jurisdiction do not overlap with this case, using a forfeited defense built on findings drafted by counsel charged by criminal Information with six counts of forgery. It resolved factual disputes by crediting documents the FAC alleges are fraudulent, without conversion or discovery. It contains thirteen citation errors.

Plaintiff requests that the Court:

1. Reject the R&R in its entirety;

2. Grant the MFL (ECF 225) and accept the SAC as the operative complaint, mooting the pending MTDs;

[3] See § III.C, *supra* (RICO), for the ECF 157 analysis.

3. In the alternative:

(a) Deny dismissal of Count III (§ 362(k)), concurrent jurisdiction under § 1334(b);

(b) Reject issue preclusion;

(c) Deny dismissal of Counts IV-VIII, each arises from an independent federal statute;

(d) Retain supplemental jurisdiction under 28 U.S.C. § 1367;

(e) Preserve the without-prejudice nature of any state claim dismissal, *Brereton*, 434 F.3d at 1216-17.

Plaintiff preserves all arguments raised in the MFL (ECF 225), the SAC (ECF 225-1), and all prior filings.

4. Grant such other relief as the Court deems just.

**CERTIFICATE OF WORD COUNT**

Pursuant to DUCivR 72-2(a) and DUCivR 7-1(a)(6)(C), the undersigned certifies that this memorandum contains approximately 4,555 words, excluding the caption, signature block, and certificates, and complies with the 4,650-word limit.

Dated: August 24, 2026 Respectfully submitted,

*/s/ Max Warren Barber*

MAX WARREN BARBER

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record and via email on all pro se parties registered for electronic notification.

| | |
|---|---|
| **Steven R. Skirvin**<br>**steve@srslawpc.com**<br>*Counsel of Gravity Defendants David Gardner* | **Gary R. Guelker**<br>**gguelker@rlattorneys.com**<br>*Counsel of Jeremy Shorts &* |
| **Andrew R. Welch**<br>**(andrew.welch@lewisbrisbois.com)**<br>*Counsel of Jared L. Anderson* | |
| **Adrian Isaac Johnson:**<br>adrian.isaac.johnson@gmail.com | **Dastan M. D'O:**<br>D_0001@icloud.com |
| **Karen Salas:**<br>Karensalasutah@gmail.com | **Stacy Roberts Johnson**<br>stacyjrob@gmail.com |
| **Stephanie Strasnick Johnson:**<br>stephanie.anne.strasnick@gmail.com | **Taytum Jorgensen**<br>taytumannjorge@gmail.com |
| **Pace William Johnson**<br>pace@pacejohnson.com<br>Jamisjohnson@gmail.com | **Jamis Melwood Johnson**<br>jamis@pacejohnson |

**VIA U.S. MAIL, FIRST-CLASS POSTAGE PREPAID:**

I served the following Defendants (including those in Default/Failure to Appear) by placing a true copy in the United States Mail, addressed as follows:

**CR TRUE LLC**
% Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

**1028 S. 1900 E. LLC**
% Pace Johnson Law Group
231 E. 400 S. Suite 345
Salt Lake City, UT 84111

*/s/ Max Warren Barber*